IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : Chapter 11 |
| NORTHWESTERN CORPORATION, | : |
| | : Bankruptcy Case No. 03-12872 |
| Debtor. | : |
| | : |
| MAGTEN ASSET MANAGEMENT | : |
| CORPORATION and LAW DEBENTURE | : |
| TRUST COMPANY OF NEW YORK, | : |
| | : Adversary No. 04-53324 |
| Plaintiffs, | : |
| | : Civil Action No. 04-1494-JJF |
| v. | : |
| | : |
| NORTHWESTERN CORPORATION, | : |
| | : |
| Defendant. | : |

Elio Battista, Jr., Esquire and Mark J. Packel, Esquire of BLANK ROME LLP, Wilmington, Delaware.
Of Counsel: Bonnie Steingart, Esquire, and Garry Kaplan, Esquire of FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP, New York, New York.
Attorneys for Plaintiff Magten Asset Management Corporation.

Kathleen M. Miller, Esquire of SMITH, KATZENSTEIN & FURLOW, LLP, Wilmington, Delaware.
Of Counsel: Amanda D. Darwin, Esquire, John V. Snellings, Esquire, and Lee Harrington, Esquire of NIXON PEABODY LLP, Boston, Massachusetts.
Attorneys for Plaintiff Law Debenture Trust Company of New York.

William E. Chipman, Jr. Esquire and Scott D. Cousins, Esquire of GREENBERG TRAURIG, LLP, Wilmington, Delaware.
Of Counsel: Adam D. Cole, Esquire of GREENBERG TRAURIG, LLP, New York, New York.
Attorneys for Defendant.

**MEMORANDUM OPINION**

September 22, 2005
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is the Motion Of Magten Asset Management Corporation And Law Debenture Trust Company Of New York To Withdraw The Reference To Bankruptcy Court And For Consolidation With Civil Action Number 04-1256 Pending In This District. (D.I. 1.) For the reasons set forth below, the Court will grant the Motion To Withdraw The Reference and deny the Motion To Consolidate with leave to renew at the status conference to take place on Friday, October 21, 2005.

## BACKGROUND

On September 14, 2003, NorthWestern Corporation ("NorthWestern") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On April 16, 2004, Plaintiffs brought this adversary action alleging a fraudulent transfer of assets from NorthWestern's wholly-owned subsidiary Clark Fork and Blackfoot LLC ("Clark Fork") to NorthWestern.

On May 20, 2004, Plaintiff Magten Asset Management Corporation ("Magten") filed a complaint in Montana state court against Paul Hastings Janofsky & Walker LLP ("Paul Hastings"), the law firm that represented both NorthWestern and Clark Fork in the allegedly fraudulent transfer. On June 24, 2004, that case (the "Paul Hastings proceeding") was removed to the Montana Federal District Court. On September 8, 2004, the Montana

1

District Court transferred the Paul Hastings proceeding to the Delaware District Court, noting, among other considerations, that there was a substantial overlap of issues between that case and the adversary action that is the subject of the instant motion. The Paul Hastings proceeding is now pending before this Court as Civil Action No. 04-1256-JJF. Magten has demanded a jury trial in that case.

## PARTIES' CONTENTIONS

By their Motion, Plaintiffs contend that discretionary withdrawal of the reference is warranted because the causes of action in the instant adversary action and the Paul Hastings proceeding are inextricably intertwined. Therefore, withdrawal of the reference and consolidation of the two cases in this Court would promote judicial efficiency and uniformity, and foster economical use of the parties' resources.

In response, NorthWestern contends that Plaintiffs have not demonstrated cause to withdraw the reference. NorthWestern contends that withdrawal would undermine the goal of providing uniformity in bankruptcy administration, encourage forum shopping, unnecessarily diminish the parties' resources, and delay the bankruptcy process.

## DISCUSSION

Pursuant to 28 U.S.C. § 1334(b), district courts "have

original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Pursuant to 28 U.S.C. § 157(a), each district court may refer cases under title 11 to the Bankruptcy Court for disposition. Under Section 157(d), however, the referred proceeding can be withdrawn from the Bankruptcy Court and returned to the District Court. Section 157(d) provides for both mandatory withdrawal and discretionary withdrawal. In this case, Plaintiffs seek withdrawal only under the standards for discretionary withdrawal.

In providing for discretionary withdrawal, Section 157(d) states: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." The requirement that cause be shown "creates a 'presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court, unless rebutted by a contravening policy.'" Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec., 106 B.R. 367, 371 (D. Del. 1989)(citations omitted).

The Court of Appeals for the Third Circuit has set forth five factors that a district court should consider in determining whether "cause" exists for discretionary withdrawal. These factors include: (1) promoting uniformity of bankruptcy

3

administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal. In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990).

The Court concludes that Plaintiffs have shown sufficient cause to support discretionary withdrawal of the reference to the Bankruptcy Court. In reaching this determination, the Court concludes that the factors set forth in In re Pruitt weigh in favor of withdrawal. The claims in this case are based on the same underlying transaction and are virtually identical to the claims in the Paul Hastings proceeding currently pending before the Court. Resolving both of these proceedings in a single forum will ensure a uniform resolution of the issues and will promote the economical use of the parties' resources and the resources of this Court and the Bankruptcy Court by reducing the possibility of duplicative proceedings.

In addition, the Court is satisfied that Plaintiff's Motion To Withdraw The Reference is not motivated by forum shopping. The Paul Hastings proceeding is before this Court because it was removed from Montana state court and transferred to this District upon the motion of Paul Hastings, the defendant in that case.

Finally, the Court concludes that the Motion To Withdraw The

Reference is timely. It was made at a relatively early stage in the proceedings and significant discovery has not yet occurred in either case. Accordingly, the Court will grant Plaintiff's Motion for withdrawal.

Having withdrawn this matter, the Court will order a status conference to take place on Friday, October 21, at 9:30 a.m.. At that conference, the Court will address matters pending in this case and the Paul Hastings proceeding, including whether the cases will be consolidated for trial or only for pre-trial and discovery purposes.[1]

## CONCLUSION

For the reasons discussed, the Court will grant the Plaintiff's Motion To Withdraw The Reference To Bankruptcy Court (D.I. 1) and deny the Plaintiff's Motion For Consolidation With Civil Action Number 04-1256 (D.I. 1) with leave to renew at the October 21, 2005 status conference.

An appropriate order will be entered.

---

[1] The Court also intends to discuss at that status conference, all other related cases pending before this Court.

5