IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORTHWESTERN CORPORATION,<br><br>   Reorganized Debtor. | Chapter 11<br><br>Case No. 03-12872 (JLP) |
| MAGTEN ASSET MANAGEMENT<br>CORPORATION AND LAW DEBENTURE<br>TRUST COMPANY OF NEW YORK<br><br>   Plaintiffs,<br><br>v.<br><br>NORTHWESTERN CORPORATION, *et al.*<br><br>   Defendant. | Adversary No. 04-53324<br><br>Civil Action No. 04-1494-JJF |

**MOTION OF THE PLAN COMMITTEE FOR AN ORDER SUBSTITUTING THE PLAN COMMITTEE FOR THE OFFICIAL COMMITTEE, OR IN THE ALTERNATIVE, TO INTERVENE IN ADVERSARY PROCEEDING**

The Plan Committee (the "Plan Committee"), successor to the Official Committee of Unsecured Creditors (the "Official Committee") and appointed in the chapter 11 case of NorthWestern Corporation ("NOR" or the "Reorganized Debtor"), pursuant to Section 7.9 of Northwestern's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan"), by its undersigned counsel, hereby files this motion (the "Motion") to substitute the Plan Committee in place of the Official Committee as an intervening party in the above-captioned adversary proceeding (the "Adversary Proceeding") pursuant to Rule 7025 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 25 of the Federal Rules of Civil Procedure (the "Federal Rules") or, in the alternative, for entry of

an order granting the Plan Committee the right to intervene in the Adversary Proceeding pursuant to Bankruptcy Rule 7024, Federal Rule 24, and sections 105(a) and 1109(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and states as follows:

## JURISDICTION

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.     On September 14, 2003, NOR filed with the Bankruptcy Court a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

3.     The Official Committee was appointed by the Office of the United States Trustee on September 30, 2003.

4.     The Official Committee was the body specifically charged with representing the interests and protecting the rights of NOR's unsecured creditors during its chapter 11 case, including the holders of both its senior and subordinated unsecured public debt instruments having a total face amount in excess of $1.2 billion.

5.     On April 16, 2004, Magten Asset Management Corporation ("Magten") and Law Debenture Trust Company of New York ("Law Debenture," collectively with Magten, the "Plaintiffs"), commenced the Adversary Proceeding in the Bankruptcy Court, by jointly filing a complaint[1] (the "Complaint") [04-53324 Bankr. Docket No. 1] in which they alleged that NOR was the recipient of substantial assets fraudulently transferred from Clark Fork and Blackfoot LLC ("Clark Fork"), a subsidiary of NOR.  By

---

[1] Subsequently, on October 4, 2004, the Plaintiffs filed an amended complaint adding an additional count allegedly arising under the Public Utility Holding Company Act [04-53324 Bankr. Docket No. 27].

the Adversary Proceeding, the Plaintiffs are attempting to strip NOR's estate of a material portion of its assets—and seek, among other things, (a) the avoidance of the alleged fraudulent transfer and (b) the imposition of a constructive trust over the transferred assets for the benefit of Clark Fork's creditors.

6.  Subsequently, on May 19, 2004, the Official Committee filed a Motion to Intervene in the Adversary Proceeding [04-53324 Bankr. Docket No. 7] citing its fundamental interest in and fiduciary duty to ensure that assets belonging to NOR's estate remain available for satisfaction of creditor claims.

7.  On June 16, 2004, the Bankruptcy Court entered an order allowing the Official Committee to intervene as of right in the Adversary Proceeding (the "Intervention Order") [04-53324 Bankr. Docket No. 14]. A copy of the Intervention Order is attached as Exhibit "A."

8.  On October 8, 2005, the Bankruptcy Court issued a decision [03-12872 Bankr. Docket No. 2276] confirming the Plan and overruling multiple objections to the Plan. Such ruling was implemented by order dated October 19, 2004 [03-12872 Bankr. Docket No. 2238] (the "Confirmation Order").

9.  On October 25, 2004, Magten filed its Notice of Appeal of the Confirmation Order [03-12872 Bankr. Docket No. 2266]. The appeal of the Confirmation Order remains pending, with parties having briefed both a motion to dismiss on the grounds of equitable mootness as well as the substantive issues raised by the appeal.

10. Shortly after entry of the Confirmation Order, the Plan became effective on November 1, 2004 (the "Effective Date"), and was substantially consummated by

December 29, 2004, as evidenced by the Notice of Substantial Consummation of the Debtors' Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code filed on December 29, 2004 [03-12872 Bankr. Docket No. 2519].

11. Upon the Effective Date, as provided by Section 7.9 of the Plan, the Plan Committee was formed to oversee the claims reconciliation and settlement process.[2] The Plan also provides, pursuant to Section 14.10 of the Plan, that the Official Committee continues to exist with respect to matters, such as the Adversary Proceeding, which were pending as of the Effective Date and to which the Official Committee was party.

12. The Plan further provides that the Debtor is required to distribute surplus shares available in the Disputed Claims Reserve[3] on a *pro rata basis* to holders of Allowed Class 7 and 9 Claims after the Effective Date in accordance with Section 7.7 of the Plan. See Plan at § 7.7.[4] The Plan Committee represents such holders with respect to, among other matters, ensuring that such post-Effective Date distributions are made.

---

[2] The Plan Committee consists of three members, Avenue Capital Group, Fortress Investment Group LLC and Harbert Distressed Investment Master Fund Ltd., who are either former members of the Official Committee or entities who hold unsecured Allowed Class 7 Claims. More specifically, Avenue Capital was a former member of the Official Committee.

[3] All capitalized terms used herein but not defined shall have the meanings ascribed to them in the Plan.

[4] Section 7.7 of the Plan provides as follows: "The following assets shall constitute Surplus Distributions: (i) Unclaimed Property; and (ii) to the extent that a Disputed Claim is not Allowed or becomes an Allowed Claim in an amount less than the Disputed Claim Amount, any excess of the amount of Cash or New Common Stock in the Disputed Claims Reserve attributable to such Disputed Claim over the amount of Cash or New Common Stock actually distributed on account of such Disputed Claim plus any interest, dividends or other Distributions earned thereon. On each Subsequent Distribution Date, the holders of Allowed Claims shall receive a Pro Rata Share in the Surplus Distributions attributable to such holders' Class; provided, however that the Reorganized Debtor shall not be under any obligation to make Surplus Distributions on a Subsequent Distribution Date unless the aggregate market value of the Surplus Distributions (which value shall be based on the intrinsic value as of the Effective Date) to be distributed on such Subsequent Distribution Date exceeds $50,000 in any Class; provided, further that if the Final Distribution required under this Plan is less than $25,000 in aggregate market value in any Class such Surplus Distributions shall revest in Reorganized Debtor. Plan at § 7.7.

13.     On November 17, 2004, the Plaintiffs filed a motion to withdraw the reference to the Bankruptcy Court and for consolidation with civil action number 04-1256 already pending with this Court (the "Motion to Withdraw") [04-53324 Bankr. Docket Nos. 36, 38].  In connection with the Motion to Withdraw, the Plaintiffs filed a motion to stay the Adversary Proceeding pending resolution of the Motion to Withdraw (the "Stay Motion") [04-53324 Bankr. Docket No. 39].  Subsequently, on December 7, 2004, the Bankruptcy Court granted the Stay Motion pending final resolution of the appeal of the Confirmation Order [04-53324 Bankr. Docket No. 52].

14.     On December 8, 2004, this Court issued a decision and entered an order granting the Motion to Withdraw and assigned civil action number 04-1494 to the Adversary Proceeding [04-1494 Docket Nos. 11, 12].

15.     To date, the Adversary Proceeding remains stayed pending resolution of the Confirmation Order appeal.  However, a review of the docket indicates that the parties have held a Rule 26(f) conference and are on the verge of commencing discovery based on recent letters addressed to and filed with this Court proposing discovery schedules, including a proposed scheduling order that provides for, *inter alia*, certain discovery deadlines.  See 04-1494 D.I. 37 and 38, copies of which are attached hereto as Exhibit "B."  Subsequently, on or about January 18, 2006, the parties served their initial disclosures.  In addition, on or about January 26, 2006, the Plaintiffs served the First Request for Production of Documents for Defendant Northwestern Corporation.

## RELIEF REQUESTED

16.     To ensure that the interests of the creditors represented by the Official Committee are protected and to avoid collateral litigation, the Plan Committee seeks an order (i) amending the Intervention Order by substituting the Plan Committee for the

Official Committee pursuant to Bankruptcy Rule 7025, Federal Rule 25 and section 105(a) of the Bankruptcy Code so that the Plan Committee may participate as a party for all purposes in the Adversary Proceeding, (ii) directing the parties to serve all papers filed in this Adversary Proceeding on counsel for the Plan Committee, (iii) permitting counsel for the Plan Committee to participate in and have access to all discovery, and (iv) naming the Plan Committee as a mandatory party for purposes of any settlement negotiations.[5]

17.   In the alternative, by this Motion, the Plan Committee seeks an order (i) granting the Plan Committee the right to intervene and participate in this Adversary Proceeding pursuant to Bankruptcy Rule 7024, Federal Rule 24(a)(1) and sections 105(a) and 1109(b) of the Bankruptcy Code for all purposes, (ii) directing the parties to serve all papers filed in this Adversary Proceeding on counsel for the Plan Committee, (iii) permitting counsel for the Plan Committee to participate in and have access to all discovery, and (iv) naming the Plan Committee as a mandatory party for purposes of any settlement negotiations.

## ARGUMENT

18.   The primary purpose of the Plan Committee is to oversee the "[C]laims reconciliation and settlement process." Plan at § 7.9.  The Plan Committee, as successor to the Official Committee, has both a fundamental interest and fiduciary duty to protect the interests of NOR's unsecured creditors during the final stages of NOR's chapter 11 case, including ensuring that assets earmarked for distribution on account of allowed creditor claims are used for such purpose.  Because the instant Adversary Proceeding directly impacts recoveries to creditors with allowed unsecured claims pursuant to

---

[5]   Copies of the proposed forms of order are attached hereto as Exhibits "C" and "D."

Section 7.7 of the Plan, it implicates directly the Plan Committee's interest and fiduciary duty as successor to the Official Committee. Accordingly, it is appropriate to either substitute the Plan Committee in place of the Official Committee for the purpose of allowing it to participate as a party in the Adversary Proceeding, or allow the Plan Committee to intervene, as of right for all purposes, as a party in interest.

### A. As the Successor to the Official Committee, the Plan Committee Should be Permitted to Participate in This Adversary Proceeding

19. Federal Rule 25(c), made applicable to this Adversary Proceeding by Bankruptcy Rule 7025, provides that "[i]n case of any transfer of interest, the action may be continued by . . . the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."

20. During NOR's chapter 11 case, the Official Committee was the body specifically charged with representing the interests and protecting the rights of NOR's unsecured creditors, including the holders of both its senior and subordinated unsecured public debt instruments. Pursuant to the Section 14.10 of the Plan, the Official Committee continues in existence for the purpose of participating in the Adversary Proceeding, to which it is a party. However, all of the Official Committee members resigned on or before the Effective Date. As a practical matter, the Plan Committee has served as the post-Effective Date successor to the Official Committee and operates to protect the rights and interests of the same unsecured creditor body.

21. Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, this

Court has expansive equitable power to fashion any order or decree to ensure that the interests of any intervening party are fully protected.

22. To ensure that the interests of the constituents of the Official Committee and the Plan Committee are fully protected, the Plan Committee submits that the relief proposed by this Motion is the most efficient and effective means to protect the interests of unsecured creditors for the limited purpose of participating in the Adversary Proceeding. Thus, it is appropriate for this Court to substitute the Plan Committee in place of the Official Committee as a party in interest in the Adversary Proceeding for all purposes by amending the Intervention Order and granting the related relief.

B. **Alternatively, the Plan Committee May Intervene as of Right**

23. By this Motion, as an alternative to substituting the Plan Committee for the Official Committee, the Plan Committee seeks to intervene and participate in the Adversary Proceeding for all purposes pursuant to Bankruptcy Rule 7024, Federal Rule 24(a)(1) and sections 105(a) and 1109(b) of the Bankruptcy Code.

24. Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

25. Section 1109(b) of the Bankruptcy Code provides as follows:

> A party in interest, *including* the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in any case under this chapter. (emphasis added).

The phrase "party in interest" is not defined in the Bankruptcy Code. The word "including" as used in section 1109(b) is not interpreted in a limiting manner and parties

other than those listed may come within the meaning of "party in interest." 11 U.S.C. § 102(3) (stating that "'includes' and 'including' are not limiting"). See In re Amatex Corp., 755 F.2d 1034, 1042 (3d Cir. 1988) ("it is clear... that the term 'party in interest' is not limited by the small list of examples in § 1109(b)... [a]nd courts have not viewed the examples of parties in interest as being exhaustive"); In re Camden Ordnance Mfg. Co. of Ark., Inc., 245 B.R. 794, 807 (E.D. Pa. 2000) ("Section 1109(b) of the Bankruptcy Code provides a non-exclusive list of 'parties of interest'").

26.  Further, section 1109(b) has been interpreted broadly and "was designed to insure that all who have a sufficient stake in the outcome of a [bankruptcy] proceeding be heard." In re Orlando Investors, L.P., 103 B.R. 593, 597 (Bankr. E.D. Pa. 1989). The Court of Appeals for the Third Circuit has interpreted the phrase "party in interest" to refer to anyone who "has a sufficient stake in the proceeding so as to require representation." Amatex, 755 F.2d at 1042-44 (holding that future asbestos claimants were sufficiently affected by the reorganization proceedings to be "parties in interest" and remanding to reconsider motion to intervene); see also Unofficial Committee of Zero Coupon Noteholders v. The Grand Union Company, 179 B.R. 56, 59 (D. Del. 1995) (holding that unofficial committee of debtor's parent company's noteholders, while not creditors or equity security holders of the debtor's estate, had a sufficient practical stake in the outcome of the proceedings at hand to be a "party in interest" and give it standing to object pursuant to section 1109(b)); In re Citizens Loan & Thrift Co., 7 B.R. 88, 90-91 (Bankr. N.D. Iowa 1980) (granting state's motion to intervene in bankruptcy proceeding finding that state auditor's duty of supervision of industrial loan companies imposed by state law was sufficient to warrant "party in interest" classification).

27. Federal Rule 24, made applicable to this Adversary Proceeding by Bankruptcy Rule 7024, provides in pertinent part:

> (a) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Thus, to intervene as of right, the party's motion must be "timely" and a statute of the United States must confer such right.

28. The Plan Committee submits that its Motion is timely and that it has the unconditional right to intervene in this proceeding pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code, Bankruptcy Rule 7024, Federal Rule 24 and Third Circuit precedent. "Timeliness" is not just a function of counting days; it is determined by a totality of circumstances. U.S. v. Alcan Aluminum, Inc., 25 F.3d 1174, 1181 (3rd Cir. 1994). This requires a court to consider the stage of proceeding, prejudice that delay may cause parties, and reason for delay, if any. See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369 (3rd Cir. 1995) (noting that even after four years the critical question remains "what proceedings of substance on the merits have occurred?"). Thus in Mountain Top, the Court found the intervenor's motion to be timely because "there were no depositions taken, dispositive motions filed, or decrees entered during the four year period in question" and therefore could not find that the requested intervention would prejudice the parties. Id. at 371. Here, the Adversary Proceeding is still in its initial stages, and it has been stayed, as described above. Further,

the Plan Committee seeks only to intervene in place of its predecessor, the Official Committee. Accordingly, the parties would not be prejudiced by the Plan Committee's intervention and there can be no question that the Plan Committee's Motion is timely.

29.     The Plan Committee is clearly a "party in interest" for purposes of section 1109(b) because the outcome of the Adversary Proceeding will directly and materially impact the interests of the Plan Committee and its constituents who are to receive all amounts ultimately distributable as "Surplus Distributions," as described in footnote 4 above. As a party in interest, the Plan Committee has the absolute right to intervene in this proceeding. Third Circuit precedent, and the law of this case, clearly establish that a section 1109(b) "party in interest" has the absolute right to intervene in an adversary proceeding under Fed. R. Civ. P. 24(a)(1). See In re Marin Motor Oil, Inc., 689 F.2d 445, 453-57 (3d Cir. 1982) (affirming district court's judgment that section 1109(b) parties in interest have an absolute right to intervene in adversary proceedings). See also Phar-Mor, Inc. v. Coopers & Lybrand (In re Phar-Mor, Inc.), 22 F.3d 1228, 1231 (3d Cir. 1994) (extending Marin's interpretation of "§ 1109(b) to intervention in non-core, 'related to' proceedings pending in a federal district court"); In re G-I Holdings, Inc., 292 B.R. 804, 806 n.1 (Bankr. D.N.J. 2003) (granting intervention to official asbestos claimant's committee recognizing "the unconditional right of a party in interest to intervene" in adversary proceedings) (citing In re Caldor Corp., 303 F.3d 161, 169 (2d Cir. 2002) (holding that "the phrase 'any issue in a case' [found in section 1109] plainly grants [parties in interest] a right to raise, appear and be heard on any issue regardless whether it arises in a contested matter or an adversary proceeding"); Morse Operations v. Meridian Bank (In re Lease-A-Fleet, Inc.), 1993 WL 102041, *2 (Bankr. E.D. Pa. March

19, 1993) (interpreting Marin's reading of section 1109 as "allowing *any* party in interest or creditor to intervene in *any* matter in a bankruptcy case, including *any* adversary proceeding, at *any* time") (emphasis added); In re Allegheny Int'l, Inc., 107 B.R. 518, 525 (W.D. Pa. 1989) (applying Marin in determining that an equity committee, as a section 1109 party in interest, possesses an unqualified right to intervene in adversary proceedings).

30.     Moreover, the Bankruptcy Court has already recognized the Plan Committee's important role in the final states of this chapter 11 case by entering an order on July 1, 2005, granting the Plan Committee's request to intervene in connection with another adversary proceeding involving the same parties.  See 05-50866 Bankr. Docket No. 11.  A copy of the July 1, 2005 order is attached hereto as Exhibit "E."

31.     Because of the potential impact on the recoveries to the Plan Committee's constituents pursuant to Section 7.7 of the Plan, the Plan Committee has an immediate, direct interest in the outcome of the Adversary Proceeding which is not otherwise represented here.  Indeed, NOR has no beneficial interest in the stock held in reserve to satisfy Magten and Law Debenture's disputed claims, only creditors holding allowed claims do.  Thus, it is imperative that such creditors be represented in this Adversary Proceeding by the entity appointed to do so (the Plan Committee) and not by a mere custodian (NOR).

## WAIVER OF BRIEF

32.    The Plan Committee requests that this Court deem the contents of this Motion to be sufficient for purposes of satisfying the brief requirement in Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware.  The relief requested in this Motion raises no novel issues of law.

WHEREFORE, the Plan Committee respectfully requests that this Court grant the relief requested by the Motion and grant the Plan Committee such other and further relief as is just and proper.

Dated: February 1, 2006

By: *[signature]*

THE BAYARD FIRM

Neil Glassman (#2087)
Charlene D. Davis (#2336)
Eric M. Sutty (#4007)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 650-5000

and

PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP
Alan W. Kornberg
Margaret A. Phillips
Ephraim I. Diamond
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

Attorneys for the Plan Committee