# EXHIBIT "B"



**BLANK ROME** LLP
COUNSELORS AT LAW

*Phone:* *(302) 425-6467*
*Fax:* *(302) 425-6464*
*Email:* *dube@blankrome.com*

January 9, 2006

**VIA CMF AND HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Court
 for the District of Delaware
844 King Street
Wilmington, DE 19801

>      Re:  • *Magten Asset Management Corp. and Law Debenture Trust Co. v. Northwestern Corp.*; C.A. No. 04-1494-JJF
>           • *Magten Asset Management Corp. v. Paul Hastings Janofsky & Walker, LLP*; C.A. No. 04-1256-JJF
>           • *Magten Asset Management Corp. v. Mike J. Hanson and Ernie J. Kindt*; C.A. No. 05-0499-JJF

Your Honor:

   We write on behalf of Magten Asset Management Corp. and Law Debenture Trust, the plaintiffs in the above-captioned actions. On January 4, 2006, the parties conferred in accordance with Fed. R. Civ. P. 26(f). All parties agree that discovery in the above cases should proceed on a consolidated basis.

   However, the parties disagree on when that discovery should commence and how long it should take:

**Defendants' Position**

   It is the defendants' view that discovery should not commence until the Court has held a scheduling conference pursuant to Fed. R. Civ. P. 16 and entered a scheduling order. With respect to the terms of a scheduling order, the defendants propose a twelve-month period of discovery. With respect to C. A. No. 05-0499-JJF transferred to this District from the District of Montana, the defendants' position is that discovery should not begin until the Court has expressly lifted the stay pending transfer that was imposed by the transferring district.



The Honorable Joseph J. Farnan, Jr.
January 9, 2006
Page 2

### Plaintiffs' Position

It is the plaintiffs' position that the status conference held on October 21, 2005 satisfied the requirements of Rule 16 and that, by requesting and obtaining the Court's permission to proceed with another round of mediation, both the defendants and the Court recognize that the stay of the Montana action is no longer in effect. Since the parties have satisfied their obligations under Fed. R. Civ. P. 26(f), discovery under the applicable rules can and should proceed immediately. In this regard, the plaintiffs propose a six-month period for discovery that would allow approximately four months for fact discovery, followed by approximately two months for expert reports and discovery.

The plaintiffs therefore respectfully propose and submit the attached form of Scheduling Order for the Court's consideration, and anticipate that the defendants will submit their proposed version under separate cover. The plaintiffs' version contains blanks for those dates and times that are dependant upon the Court's calendar.

Counsel is available by telephone, should Your Honor have any questions.

Respectfully submitted,

Dale Dubé

Dale R. Dubé (#2863)

- and -

Bonnie Steingart
FRIED, FRANK, HARRIS, SHRIVER &
  JACOBSON LLP
One New York Plaza
New York, NY 10004

DRD:pb
Attachment
cc:   Clerk of Court (via CMF)
      Bijan Amini, Esquire  (via Federal Express)
      Jessie H. Austin, III, Esquire  (via Federal Express)
      Elio Battista, Jr. Esquire



The Honorable Joseph J. Farnan, Jr.
January 9, 2006
Page 3

    Kimberly A. Beatty, Esquire (via Federal Express)
    John Brewer, Esquire
    William E. Chipman, Jr., Esquire (via hand delivery)
    Alicia B. Davis (via hand delivery)
    Robert J. Dehney, Esquire (via hand delivery)
    Nancy E. Delaney, Esquire (via Federal Express)
    Karol K. Denniston, Esquire (via Federal Express)
    David L. Finger, Esquire (via hand delivery)
    Dennis E. Glazer, Esquire (via Federal Express)
    Miriam Harwood, Esquire (via Federal Express)
    David A. Jenkins, Esquire (via hand delivery)
    Stanley T. Kaleczyc, Esquire (via Federal Express)
    Gary Kaplan, Esquire
    Denise Seastone Kraft, Esquire (via hand delivery)
    Adam G. Landis, Esquire (via hand delivery)
    Curtis S. Miller, Esquire (via hand delivery)
    Kathleen M. Miller, Esquire (via hand delivery)
    Joseph D. Pizzurro (via Federal Express)
    Steven J. Reisman, Esquire (via Federal Express)
    Avery Samet, Esquire (via Federal Express)
    John V. Snellings, Esquire (via Federal Express)
    Paul Spagnoletti, Esquire (via Federal Express)
    D. Scott Tucker, Esquire (via Federal Express)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION and LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWESTERN CORPORATION,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:   C.A. No. 04-1494-JJF<br>:<br>:<br>:<br>:<br>: |
| MAGTEN ASSET MANAGEMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PAUL HASTINGS JANOFSKY & WALKER, LLP,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:   C.A. No. 04-1256-JJF<br>:<br>:<br>:<br>:<br>: |
| MAGTEN ASSET MANAGEMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MIKE J. HANSON and ERNIE J. KINDT,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:   C.A. No. 05-0499-JJF<br>:<br>:<br>:<br>:<br>: |

## RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

120087.01600/40158995v.1

IT IS ORDERED that:

1. **Consolidated Discovery.** Discovery in all of the above-captioned cases shall proceed immediately, on a consolidated basis.

2. **Pre-Discovery Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 shall be exchanged by January 20, 2006.

3. **Joinder of Other Parties.** All motions to join other parties shall be filed on or before February 28, 2006.

4. **Discovery.**

    (a) On or before March 20, 2006, the parties shall: (i) complete the production of documents; (ii) complete responses to contention interrogatories; and (iii) identify the fact witnesses each party anticipates presenting at trial.

    (b) There shall be a maximum of twenty-five (25) interrogatories, including contention interrogatories, for each side.

    (c) There shall be a maximum of twenty-five (25) requests for admission by each side.

    (d) Fact discovery will close on May 8, 2006.

    (e) Opening expert reports required by Fed. R. Civ. P. 26(a)(2) from the party bearing the burden of proof on an issue shall be served by June 5, 2006.

    (f) Rebuttal expert reports shall be served by June 26, 2006.

    (g) Any party desiring to depose an expert witness shall notice and complete said deposition no later than July 14, 2006, unless otherwise agreed in writing by the parties or ordered by the Court.

5. **Discovery Disputes.** Unless otherwise ordered by the Court or by a Special

2

Master appointed by the Court:

(a) A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages. An Answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

(b) All papers shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

(c) Upon receipt of the Answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the parties have completed briefing.

(d) Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

(e) There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

6. **Amendment of the Pleadings.** All motions to amend the pleadings shall be filed on or before April 3, 2006.

7. **Case Dispositive Motions.** Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before August 28, 2006. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.

8. **Applications by Motion.**

(a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules

3

of Civil Practice of the United States District Court for the District of Delaware. Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

    (b)  No facsimile transmissions will be accepted.

    (c)  No telephone calls shall be made to Chambers.

    (d)  Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

9.   **Pretrial Conference and Trial.** After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

_____  
DATE

_____  
HON. JOSEPH J. FARNAN, JR.  
UNITED STATES DISTRICT JUDGE

# Greenberg Traurig

January 10, 2006

**VIA ECF AND HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

Re: *Magten Asset Management Corp., et al. v. NorthWestern Corp.,*
C.A. No. 04-1494-JJF
*Magten Asset Management Corp. v. Paul Hastings Janofsky & Walker, LLP,* C.A. No. 04-1256-JJF
*Magten Asset Management Corp. v. Mike J. Hanson and Ernie J. Kindt,* C.A. No. 05-0499-JJF

Dear Judge Farnan:

This firm is co-counsel to NorthWestern Corporation ("NorthWestern"), along with the firm of Curtis, Mallet-Prevost, Colt & Mosle, in connection with C.A. No. 04-1494-JJF, referenced above. We write in regard to the proposed consolidation and discovery procedures in the above-referenced actions (the "Actions"), and in response to the letter dated January 9, 2006 sent to Your Honor by counsel for plaintiffs Magten Asset Management Corporation ("Magten") and Law Debenture Trust (collectively, "Plaintiffs").

As reported to the Court by Plaintiffs, the parties held a Rule 26(f) conference on January 4, 2006. The parties are in agreement that the three above-referenced actions should be consolidated for purposes of discovery and other pre-trial proceedings. In addition, the parties have agreed to exchange Initial Disclosures by January 20, 2006, limited to those matters set forth in Fed. R. Civ. P. 26(a)(1)(A),(C), and (D), except that defendants in C.A. No. 05-0499-JJF (the "Hanson and Kindt Action"), having previously served their Initial Disclosures in that action prior to the time it was transferred to this District, are not required to serve any additional disclosures.

There remains disagreement, however, with respect to the appropriate amount of time which should be allowed for completion of discovery in the Actions, and certain other procedural matters. In order to resolve these issues, NorthWestern respectfully requests that the Court schedule a conference with the parties pursuant to Fed. R. Civ. P. 16 (the "Rule 16 Conference").

The defendants in the three actions referenced above have conferred, and have jointly agreed upon a proposed Scheduling Order for discovery and other pre-trial matters in the Actions, which is enclosed herewith, and which defendants respectfully request be approved by the Court. Defendants' proposed Scheduling Order provides, *inter alia,* for completion of fact discovery within twelve months following the Rule 16 Conference, plus an additional two months for completion of expert discovery.

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SILICON VALLEY
TALLAHASSEE
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliances
Tokyo-Office/Strategic Alliance

Greenberg Traurig, LLP | Attorneys at Law | Brandywine Building | 1000 West Street | Suite 1540 | Wilmington, DE 19801
Tel 302.661.7000 | Fax 302.661.7360

www.gtlaw.com

Plaintiffs have demanded that discovery commence immediately, and have proposed an unreasonably short period of time for the completion of discovery in the three Actions, namely, four months for fact discovery (including document production, depositions, and the exchange of and response to written discovery requests) plus two additional months for expert discovery, for a total of six months. The abbreviated schedule for completion of discovery in all three actions is particularly surprising in light of the fact that plaintiff Magten previously agreed to a longer period for discovery in the individual Hanson and Kindt Action, prior to the time it was transferred to this Court. In that single action, Magten agreed to a total discovery period of thirteen months – eight months for fact discovery, plus five additional months for expert discovery. Defendants' proposed fourteen-month period for completion of fact and expert discovery in all three consolidated actions is entirely reasonable, particularly in light of the previous schedule agreed to in the Hanson and Kindt Action. Clearly, completion of discovery in three consolidated actions cannot be relegated to a shorter time period than that which was previously agreed to for one of the actions standing alone.

Another matter that requires resolution is the appointment of a Special Master. The parties are in agreement that a Special Master should be appointed for purposes of coordinating discovery in the Actions. NorthWestern and the other defendants have agreed to Your Honor's proposed appointment of Judge Bechtle. Magten, however, has opposed Judge Becthle's appointment. We respectfully request that this issue be taken up for discussion at the Rule 16 Conference as well.

If Your Honor has any questions with regard to the foregoing, please feel free to contact me or Joseph D. Pizzurro, Esq., 212-696-6196.

Respectfully submitted,

Victoria Counihan

cc:  Clerk of Court (*Via* ECF)
 Dale R. Dube, Esq. (*Via* E-Mail: dube@blankrome.com)
 Bonnie Steingart, Esq. (*Via* E-Mail: steinbo@friedfrank.com)
 Gary L. Kaplan, Esq. (*Via* E-Mail: kaplaga@friedfrank.com)
 Kathleen M. Miller, Esq. (*Via* E-Mail: kmiller@skfdelaware.com)
 Bijan Amini, Esq. (*Via* E-Mail: bamini@samlegal.com)
 Amanda Darwin, Esq. (*Via* E-Mail: adarwin@nixonpeabody.com)
 John V. Snellings, Esq. (*Via* E-Mail: jsnellings@nixonpeabody.com)
 Stanley T. Kaleczyc, Esq. (*Via* E-Mail: stan@bkbh.com)
 Kimberly Beatty, Esq. (*Via* E-Mail: kim@bkbh.com)
 Denise Seastone Kraft, Esq. (*Via* E-Mail: dkraft@edwardsangell.com)
 Paul Spagnoletti, Esq. (*Via* E-Mail: paul.spagnoletti@dpw.com)
 Joseph D. Pizzurro, Esq. (*Via* e-Mail: jpizzurro@cm-p.com)
 Steven J. Reisman, Esq. (*Via* E-Mail: sreisman@cm-p.com)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION and LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWESTERN CORPORATION,<br><br>Defendant. | C.A. No. 04-1494-JJF |
| MAGTEN ASSET MANAGEMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PAUL HASTINGS JANOFSKY & WALKER, LLP,<br><br>Defendant. | C.A. No. 04-1256-JJF |
| MAGTEN ASSET MANAGEMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MIKE J. HANSON and ERNIE J. KINDT,<br><br>Defendants. | C.A. No. 05-0499-JJF |

## RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1. **Consolidation of Actions and Commencement of Discovery.** The above-captioned cases (the "Consolidated Actions") shall be consolidated solely for purposes of

2644959v2                                                                                              1

discovery and other pre-trial proceedings. Except as provided otherwise below, discovery shall commence following the date on which this Court holds a conference with the parties to the Consolidated Actions pursuant to Fed. R. Civ. P. 16 (the "Rule 16 Conference"), and in accordance with any Scheduling Order entered by the Court thereafter, provided that the Court lifts any and all existing stays previously entered in any of the Consolidated Actions.

2. **Pre-Discovery Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and Local Rule 16.2 of the United States District Court for the District of Delaware (the "Local Rules") shall be exchanged by January 20, 2006, subject to the following limitations: (a) no copies or description of documents pursuant to Rule 26(a)(1)(B) shall be required; (b) defendants in CA No.05-0499-JJF, having previously served their Initial Disclosures (the "Hanson & Kindt Disclosures") prior to transfer of such action to this District, shall not be required to serve additional Initial Disclosures; (c) to the extent that information has already been provided in the Hanson & Kindt Disclosures, defendants in the other Consolidated Actions shall not be required to provide duplicative information in their Initial Disclosures.

3. **Joinder of Other Parties.** All motions to join other parties shall be filed on or before February 28, 2006.

4. **Discovery.**

(a) Fact discovery shall be completed on or before twelve (12) months from the date of the Rule 16 Conference.

(b) Each party shall be entitled to serve a maximum of twenty-five (25) interrogatories upon any other party in the Consolidated Actions.

(c) Expert reports required by Fed. R. Civ. P. 26(a)(2) shall be served on or before ten (10) months from the date of the Rule 16 Conference.

(d) Rebuttal expert reports shall be served on or before eleven (11) months from the date of the Rule 16 Conference.

(e) Expert discovery shall be completed on or before fourteen (14) months from the date of the Rule 16 Conference.

5.   **Discovery Disputes.**  Unless otherwise ordered by the Court or by a Special Master appointed by the Court, disputes between the parties relating to discovery in the Consolidated Actions shall be resolved in accordance with the applicable provisions of the Federal Rules of Civil Procedure and the Local Rules.

6.   **Amendment of the Pleadings.**  All motions to amend the pleadings shall be filed on or before February 28, 2006.

7.   **Case Dispositive Motions.**  Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before sixteen (16) months from the date of the Rule 16 Conference.

8.   **Applications by Motion.**

(a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules. Any non-dispositive motion shall contain the statement required by Local Rule 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b) No facsimile transmissions will be accepted.

(c) No telephone calls shall be made to Chambers.

(d) Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil a@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

9. **Pretrial Conference and Trial.** After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

10. **Prior Dates Superceded.** All other dates previously stipulated or entered with regard to discovery or other pre-trial matters in any of the Consolidated Actions are superceded by this Scheduling Order.


_____            _____
DATE                                    HON. JOSEPH J. FARNAN, JR.
                                        UNITED STATES DISTRICT JUDGE