IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| NORTHWESTERN CORPORATION, ) | |
| ) | Case No. 03-12872 (JLP) |
| Reorganized Debtor. ) | |
| ) | |
| MAGTEN ASSET MANAGEMENT ) | |
| CORPORATION AND LAW DEBENTURE ) | |
| TRUST COMPANY OF NEW YORK ) | Adversary No. 04-53324 |
| ) | |
| Plaintiffs, ) | Civil Action No. 04-1494-JJF |
| ) | |
| v. ) | |
| ) | Re: Docket Item No. 53 |
| NORTHWESTERN CORPORATION, *et al.* ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR EXPEDITED CONSIDERATION OF MOTION OF
THE PLAN COMMITTEE FOR AN ORDER SUBSTITUTING THE
PLAN COMMITTEE FOR THE OFFICIAL COMMITTEE, OR IN THE
ALTERNATIVE, TO INTERVENE IN ADVERSARY PROCEEDING**

The Plan Committee (the "Plan Committee"), successor to the Official Committee of Unsecured Creditors (the "Official Committee") and appointed in the chapter 11 case of NorthWestern Corporation ("NOR" or the "Reorganized Debtor") pursuant to Section 7.9 of Northwestern's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan"), by its undersigned counsel, hereby files this motion (the "Motion") pursuant to Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") seeking expedited consideration of the Motion of the Plan Committee for an Order Substituting the Plan Committee for the Official Committee, or in the Alternative, to Intervene in Adversary

615862v1

Proceeding (the "Motion to Substitute"), filed contemporaneously herewith, and in support thereof respectfully represents:

## BACKGROUND[1]

1. On September 14, 2003, NOR filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. The Official Committee was appointed by the Office of the United States Trustee on September 30, 2003.

3. On April 16, 2004, Magten Asset Management Corporation ("Magten") and Law Debenture Trust Company of New York ("Law Debenture," collectively with Magten, the "Plaintiffs"), commenced an adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court against NOR, by jointly filing a complaint (the "Complaint") in which they alleged that NOR was the recipient of substantial assets fraudulently transferred from its subsidiary.

4. On May 19, 2004, the Official Committee filed a Motion to Intervene seeking to intervene in the Adversary Proceeding to ensure that assets belonging to NOR's estate remain available for satisfaction of creditor claims.

5. On June 16, 2004, the Bankruptcy Court entered an order allowing the Official Committee to intervene as of right in the Adversary Proceeding (the "Intervention Order").

6. On October 19, 2004, the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order").

---

[1] A more detailed statement of the background is provided in the Motion to Substitute filed contemporaneously herewith.

615862v1

2

7.  On October 25, 2004, Magten filed its Notice of Appeal of the Confirmation Order. The appeal of the Confirmation Order remains pending.

8.  On November 1, 2004, the Plan became effective (the "Effective Date"). On the Effective Date, as provided by Section 7.9 of the Plan, the Plan Committee was formed to oversee the claims reconciliation and settlement process.[2] The Plan also provides, pursuant to Section 14.10 of the Plan, that the Official Committee continues to exist with respect to matters, such as the Adversary Proceeding, which were pending as of the Effective Date and to which the Official Committee was party.

9.  The Plan further provides that the Debtor is required to distribute surplus shares available in the Disputed Claims Reserve[3] on a *pro rata basis* to holders of Allowed Class 7 and 9 Claims after the Effective Date in accordance with Section 7.7 of the Plan. The Plan Committee represents such holders with respect to ensuring that such post-Effective Date distributions are made.

10. On November 17, 2004, the Plaintiffs filed a motion to withdraw the reference to the Bankruptcy Court of the Adversary Proceeding and for consolidation with civil action number 04-1256 already pending with this Court (the "Motion to Withdraw"). In addition, the Plaintiffs filed a motion to stay the Adversary Proceeding pending resolution of the Motion to Withdraw (the "Stay Motion").

11. On December 7, 2004, the Bankruptcy Court granted the Stay Motion pending final resolution of the appeal of the Confirmation Order.

---

[2] The Plan Committee consists of three members, Avenue Capital Group, Fortress Investment Group LLC and Harbert Distressed Investment Master Fund Ltd., who are either former members of the Official Committee or entities who hold unsecured Allowed Class 7 Claims. More specifically, Avenue Capital was a former member of the Official Committee.

[3] All capitalized terms used herein but not defined shall have the meanings ascribed to them in the Plan.

12. On December 8, 2004, this Court issued a decision and entered an order granting the Motion to Withdraw and assigned civil action number 04-1494 to the Adversary Proceeding.

13. To date, the Adversary Proceeding remains stayed pending resolution of the Confirmation Order appeal.

## RELIEF SOUGHT

14. By the Motion, the Plan Committee seeks expedited consideration of the Motion to Substitute because the parties have begun engaging in discovery in the Adversary Proceeding. Review of the docket shows that, on January 4, 2006, the parties held a Rule 26(f) conference. On January 10, 2006, the defendants submitted collectively a proposed scheduling order that provides for, *inter alia*, certain discovery deadlines. On or about January 18, 2006, the parties served their initial disclosures. In addition, on or about January 26, 2006, the Plaintiffs served the First Request for Production of Documents for Defendant Northwestern Corporation.

15. During NOR's chapter 11 case, the Official Committee was the body specifically charged with representing the interests and protecting the rights of NOR's unsecured creditors, including the holders of both its senior and subordinated unsecured public debt instruments. Pursuant to the Section 14.10 of the Plan, the Official Committee continues in existence for the purpose of participating in the Adversary Proceeding, to which it is a party. However, all of the Official Committee members resigned on or before the Effective Date. As a practical matter, the Plan Committee has served as the post-Effective Date successor to the Official Committee and operates to protect the rights and interests of the same unsecured creditor body.

16. Because of the potential impact on the recoveries to the Plan Committee's constituents pursuant to Section 7.7 of the Plan, the Plan Committee as the successor to the Official Committee, has an immediate, direct interest in the outcome of the Adversary Proceeding which is not otherwise represented in the Adversary Proceeding. Thus, it is

imperative that such creditors be represented in this Adversary Proceeding by the Plan Committee, the entity appointed to do so.

17. The Plan Committee must have access to and receive service of the documents and discovery in the Adversary Proceeding to ensure that its constituents are protected adequately. Its involvement in the Adversary Proceeding at this juncture is crucial. In addition, expedited consideration of the Motion to Substitute will foster judicial economy by allowing the Plan Committee to participate in discovery in the first instance and prevent duplication of effort.

18. Based on the foregoing, expedited consideration of the Motion to Substitute is necessary to ensure that the Plan Committee's involvement in the Adversary Proceeding occur in a timely manner to prevent any prejudice to the parties.

WHEREFORE, the Plan Committee respectfully requests that this Court grant the relief requested by the Motion and grant the Plan Committee such other and further relief as is just and proper.

Dated: February 1, 2006

THE BAYARD FIRM

By: _____
Neil Glassman (#2087)
Charlene D. Davis (#2336)
Eric M. Sutty (#4007)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 650-5000

and

PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP
Alan W. Kornberg
Margaret A. Phillips
Ephraim I. Diamond
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

Attorneys for the Plan Committee