

**BLANK ROME LLP**
COUNSELORS AT LAW

*Phone:* *(302) 425-6467*
*Fax:* *(302) 425-6464*
*Email:* *dube@blankrome.com*

February 6, 2006

**VIA CMF AND HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Court
  for the District of Delaware
844 King Street
Wilmington, DE 19801

Re:
- *Magten Asset Management Corp. and Law Debenture Trust Co. v. Northwestern Corp.*; C.A. No. 04-1494-JJF
- *Magten Asset Management Corp. v. Paul Hastings Janofsky & Walker, LLP*; C.A. No. 04-1256-JJF
- *Magten Asset Management Corp. v. Mike J. Hanson and Ernie J. Kindt*; C.A. No. 05-0499-JJF

Your Honor:

    We write on behalf of plaintiff Magten Asset Management Corporation. On January 25, 2006, the Court entered an order anticipating the appointment of John E. James as Special Master in the above-referenced actions (the "Actions") and setting a deadline for any objections to such an appointment. We are pleased to advise the Court that neither Magten nor its co-plaintiff, Law Debenture Trust Company of New York, have any objection to the appointment of Mr. James. We respectfully urge the Court to confirm that appointment so that Mr. James can begin serving in that capacity and assist in moving the Actions forward.

    In that regard, we wish to bring to the Court's attention three unresolved threshold issues related to discovery in the Actions, so that the Court may either rule on them or refer them expressly to the Special Master for action following confirmation of his appointment.

    First, as we have previously advised the Court by letter dated January 9, 2006, D.I. 92 (in 05-499), the defendants in 05-0499 have taken the position that the discovery stay entered in the District of Montana incident to the transfer of that action to the District of Delaware remains in effect and that they are thus not obligated to provide any discovery whatsoever. Since then, these defendants have further taken the position that the Montana stay order somehow exempts them from any obligation to respond to Rule 45 subpoenas seeking discovery from them as non-



The Honorable Joseph J. Farnan, Jr.
February 6, 2006
Page 2

party witnesses with respect to the other Actions. Since it appears clear that these parties have no intention of ever providing discovery absent an express directive resolving this issue, we respectfully renew our request that the Court expressly vacate the stay entered in connection with the transfer to Delaware or refer that issue to the Special Master for a determination.

As we also noted in the January 9 letter, the parties held their 26(f) conference but could not reach agreement on an appropriate discovery schedule. We respectfully renew our request that the Court approve the form of Scheduling Order proposed by plaintiffs, a courtesy copy of which is attached hereto as Exhibit A.

Finally, on February 2, 2006, defendant Northwestern filed a motion for protective order, D.I. 55-56, which seems to seek a stay of virtually all discovery not only in 04-1494, but in the other two Actions to which it is not a party. Given the futility of the last round of mediation urged by the defendants, as well as their conduct with respect to discovery in these Actions to date, we are concerned that this latest motion is simply calculated to interpose further delay. For now, we note only that Northwestern's latest motion is entirely inconsistent both with its position on discovery expressed to us during the 26(f) conference and with the written representations it subsequently made to the Court as to its views on an appropriate discovery schedule. D.I. 38. We will respond in full to this motion as provided by the applicable local rules on Monday, February 13, but wanted to draw the Court's attention to the pendency of this motion before that time so that the Court may determine whether to refer the issue to the Special Master at the same time it confirms the Special Master's appointment.

Counsel is available by telephone, should Your Honor have any questions.

Respectfully,

*Dale Dubé*

Dale R. Dubé (#2863)

DRD/pb
cc:    Clerk of Court (via CMF)
        Bijan Amini, Esquire (via e-mail)
        Elio Battista, Jr., Esquire
        Kimberly A. Beatty, Esquire (via e-mail and Federal Express)
        John W. Brewer, Esquire
        Victoria W. Counihan, Esquire (via e-mail and hand delivery)



**BLANK ROME LLP**
COUNSELORS AT LAW

The Honorable Joseph J. Farnan, Jr.
February 6, 2006
Page 3

Amanda Darwin, Esquire  (via e-mail and Federal Express)
Robert J. Dehney, Esquire  (via e-mail and hand delivery)
Nancy E. Delaney, Esquire  (via e-mail and Federal Express)
Dennis E. Glazer, Esquire  (via e-mail and Federal Express)
Miriam K. Harwood, Esquire  (via e-mail and Federal Express)
David A. Jenkins, Esquire  (via e-mail and hand delivery)
Stanley T. Kaleczyc, Esquire  (via e-mail and Federal Express)
Gary L. Kaplan, Esquire
Denise Seastone Kraft, Esquire  (via e-mail and hand delivery)
Dennis A. Meloro, Esquire  (via e-mail and hand delivery)
Curtis S. Miller, Esquire  (via e-mail and hand delivery)
Kathleen M. Miller, Esquire  (via e-mail and hand delivery)
Jordanna L. Nadritch, Esquire
Joanna I. Palacios, Esquire
Joseph D. Pizzurro, Esquire  (via e-mail and Federal Express)
Steven J. Reisman, Esquire  (via e-mail and Federal Express)
Avery Samet, Esquire  (via e-mail and Federal Express)
John V. Snellings, Esquire  (via e-mail and Federal Express)
Paul Spagnoletti, Esquire  (via e-mail and Federal Express)
Bonnie Steingart, Esquire