**EXHIBIT A**

# THE OFFICIAL PLAN COMMITTEE OF NORTHWESTERN CORPORATION

## Chapter 11 Case No. 03-12872 (Judge John L. Peterson)

### FIRST AMENDED AND RESTATED BY-LAWS

1. PLAN COMMITTEE

    1.1 <u>Formation of Plan Committee</u>. Pursuant to Section 7.9 of the First Amended Plan of Reorganization (the "Plan") filed in the chapter 11 case of NorthWestern Corporation (the "Debtor") on or before the Effective Date,[1] the Plan Committee shall be formed and constituted. The Plan Committee shall consist of such number of members each of whom holds an unsecured Class 7 Allowed Claim or unsecured Class 9 Allowed Claim, as of the Record Date against the Debtor (each, a "Qualified Unsecured Creditor") as shall be determined by the Plan Committee from time to time (each, a "Member"). The initial Member of the Plan Committee shall be appointed by the members of the Creditors Committee.

    Each Member shall from time to time designate an individual, who shall be any authorized employee or agent of such Member, to serve as its representative on the Committee.

    1.2 <u>Chairperson</u>. The Members shall select a Chairperson (the "Chair") from among its Members. In the event the Chair resigns or for any other reason is unable to serve, the majority of the Members entitled to vote shall choose a successor. Additionally, such a majority may at any time replace the Chair for cause.

---

[1] Capitalized terms not otherwise defined herein shall have such meaning as set forth in the Debtor's First Amended Plan of Reorganization, as amended or supplemented from time to time.

1.3     Purpose.  The purpose of the Plan Committee shall be to assist, advise and monitor the Reorganized Debtor's claims reconciliation and settlement process.

1.4     Advisors.  The Plan Committee may retain both legal and financial advisors to assist and advise it as to its duties.

1.5     Compensation and Expenses.  The Members shall serve without compensation for the performance of service as Members, except that they shall be reimbursed by the Reorganized Debtor for direct, reasonable out of pocket expenses incurred by such Members in connection with their duties as Members, including the reasonable fees and expenses of their advisors; provided that the Reorganized Debtor shall only be obligated to pay for one legal counsel and one financial advisor for the Plan Committee as a whole.

1.6     Change in Investment Position; Resignation.  A Member shall promptly notify the Chair or counsel retained by the Plan Committee, if any ("Counsel"), in writing if it ceases to be a Qualified Unsecured Creditor or if it ceases to hold securities distributed in respect of its unsecured Class 7 Allowed Claim or unsecured Class 9 Allowed Claim under the Plan. Such Member thereupon shall be deemed to have resigned from the Plan Committee and neither such Member nor its assignee, if any, shall have the right to designate a successor. Each Member shall have the ability to trade, purchase, sell or otherwise dispose of its claims against or interests in the Debtor or the Reorganized Debtor in accordance with applicable law and these By-Laws including any orders entered or to be entered by the Bankruptcy Court.

1.7     Substitutions and Vacancies.  Each Member may change or substitute its representatives at any time or, in the event any representative of a Member resigns, dies, is no longer employed by or is no longer an agent of the Member represented, or for any other reason

2

is unable to serve, to designate a successor representative or alternate, as the case may be, which shall be any authorized employee or agent of such Member.

1.8     Replacements and Additions. Upon the resignation or removal (pursuant to applicable law) of a Member, the Plan Committee may replace such Member with another Qualified Unsecured Creditor. Until a vacancy on the Plan Committee is filled, the Plan Committee may perform all of its functions with its reduced number (disregarding such vacancy for purposes of determining a quorum and a majority). In addition, the Plan Committee may designate additional Qualified Unsecured Creditors as Members subject to the maximum number determined in accordance with Section 1.1 above.

1.9     Duration. The Plan Committee shall cease to exist upon the Final Distribution Date; provided, however, that indemnity provisions set forth in Section 1.11 hereto shall continue in force until the 2nd anniversary of the Final Distribution Date.

1.10    Claims Reconciliation Procedures.

    1.10.1.1    Notice of Proposed Settlement. In connection with any proposed settlement in excess of $100,000, the Reorganized Debtor shall provide the Plan Committee with notice of such proposed settlement and its terms (the "Notice") at least ten (10) days prior to (i) the filing of a motion seeking Bankruptcy Court approval of the proposed settlement and (ii) the execution of any material agreement relating to the proposed settlement. Term sheets executed by the Reorganized Debtor shall expressly state that the settlement terms are expressly subject to Bankruptcy Court approval and shall not be binding on the Debtor or Reorganized Debtor or any party thereto until such order is obtained and entered by the Bankruptcy Court. Such Notices shall be provided as and when settlement terms are negotiated consistent with the terms set forth above.

    1.10.1.2    Contents of Notice. Each Notice shall contain the following information for each of the proposed settlements set forth therein: (i) Proof of Claim amount; (ii) Scheduled Amount, if any; (iii) Settlement Amount and (iv) summary of reasons the Reorganized Debtor believes the settlement is appropriate, including a brief outline of applicable legal theories, if any.

3

    1.10.1.3 <u>Settlement Procedures</u>. As provided in Section 1.10.1.1, upon receipt of a Notice, the Plan Committee shall have ten (10) business days in which to review such proposed settlements. If the Plan Committee objects to any such settlement, the Plan Committee and the Reorganized Debtor shall negotiate in good faith to resolve outstanding issues. If the parties cannot resolve their dispute, the Reorganized Debtor may file an application with the Bankruptcy Court seeking approval of such disputed settlement under Bankruptcy Rule 9019 standards and the Plan Committee reserves its rights to object to such settlement.

  1.11 <u>Liability; Indemnification</u>. Neither the Plan Committee, nor any of its Members or designees, nor any duly designated agent or representative of the Plan Committee, nor their respective employees, shall be liable for the act or omission of any other member, designee, agent or representative of the Plan Committee, nor shall any Member be liable for any act or omission taken or omitted to be taken in its capacity as a Member, other than acts or omissions resulting from such Member's willful misconduct or gross negligence. The Reorganized Debtor shall indemnify and hold harmless the Plan Committee and its Members and designees, and any duly designated agent or representative thereof (in their capacity as such) ("Indemnified Person"), from and against and with respect to any and all liabilities, losses, damages, claims, costs and expenses, including but not limited to, attorneys' fees, arising out of or due to their actions or omissions, or direct consequences of such actions or omissions with respect to the Reorganized Debtor, the administration of the Plan or these By-Laws, other than as a result of their violation of applicable securities laws related to the purchase, sale or ownership of securities of the Reorganized Debtor by an Indemnified Person, or their willful misconduct or gross negligence.

2. MEETINGS AND ACTION BY THE PLAN COMMITTEE.

  2.1 <u>Calling and Notice</u>. The Plan Committee shall meet at least once semiannually and at such other times as the Chair deems necessary. Meetings of the Plan Committee may be

called by the Chair or by Counsel, at the direction of the Chair, and shall be called by either Counsel or the Chair upon the request of a majority of the voting Members. Notice of the time and place of each meeting of the Plan Committee shall be given to each Member reasonably (under the circumstances) in advance of such meeting. No notice of an adjourned meeting need be given, other than by announcement at the meeting at which the adjournment is taken and by reasonable notice (under the circumstances) to any Members who were not present at such meeting. The Plan Committee shall endeavor, whenever feasible, to determine at each meeting when the next meeting shall be held. If feasible, each notice of a meeting shall be in writing or email; if not feasible, notice may be given orally, by telephone or otherwise.

2.2   Place of Meetings; Meetings by Conference Call. Meetings of the Plan Committee shall be held at such place designated by the Chair or by Counsel. As necessary and appropriate in the judgment of the Chair or Counsel, meetings may be conducted by telephone conference call.

2.3   Quorum. A majority of all voting Members (other than any Members who have resigned or been removed) shall constitute a quorum for the transaction of business at any meeting. A quorum shall include any voting Members attending by telephone connection.

2.4   Voting; Polling by Telephone. Each voting Member shall be entitled to one vote, and may attend and vote (a) in person by its representative or (b) through a designated alternate or counsel. Action of the Plan Committee shall be authorized by the vote of a majority of the Members present at the time of the vote if there is a quorum. The designation of alternates at meetings may be in such form, written or oral, as may be acceptable to the Chair, upon advice of Counsel. Telephone votes solicited pursuant to this Section shall be given full voting effect, and may be counted in computing a quorum in respect of the relevant action. Attendance at meetings

5

of the Plan Committee shall be limited to Members, their respective counsel, professionals or agents employed or retained by the Plan Committee, and other persons invited by the Plan Committee for special or limited purposes. The Plan Committee may elect to meet in executive session, which shall be open only to all Members, their respective counsel, and professionals employed by the Plan Committee.

2.5    <u>Action Without Meeting; Action Without Vote</u>. Any action required or permitted to be taken by the Plan Committee, may be taken without a meeting provided that a reasonable effort is made to contact each voting Member for its vote, and further provided that the action voted on is approved by no less than a majority of the Members of the Plan Committee. Such polling shall be conducted by the Chair or by counsel upon the direction of the Chair.

2.6    <u>Conflicts of Interest</u>. In the event that any matter under review or consideration by the Plan Committee may involve a conflict of interest with respect to any Member, such Member shall disclose such conflict, shall abstain from voting on the matter if determined by a majority of the Plan Committee then present to involve a conflict of interest requiring abstention, and, upon such determination, may be excluded by vote of a majority of the Members then present and not subject to such conflict of interest from that portion of the meeting at which such matter is considered. Only for the purpose of a vote under this Section to exclude a Member from a meeting, any Member not allowed to vote shall be counted for a quorum. A determination of the existence of a conflict of interest shall be made by a majority of the Members present and not subject to the alleged conflict of interest, upon advice of Counsel.

Each Member of the Plan Committee retains the right to appear in the Debtor's chapter 11 case in respect of its own interests and to take a position different from that of the

Plan Committee, <u>provided, however</u>, that no Member shall purport to represent or speak for the Plan Committee in connection therewith.

The Plan Committee hereby authorizes Counsel, and any other professionals retained by the Plan Committee in accordance with Section 1.4 hereof (collectively, the "Professionals"), following appropriate direction from the Plan Committee, to investigate, analyze and, if authorized by the Plan Committee to object to any claims settlement and, if necessary, file such objection with the Bankruptcy Court.

3. ACTION BY REPRESENTATIVES OF THE PLAN COMMITTEE

3.1 <u>Chair</u>. The Chair shall preside at all meetings of the Plan Committee, and subject to the control of the Plan Committee, shall have such powers and duties as are set forth in these By-Laws or as the Plan Committee assigns to it.

3.2 <u>Professionals</u>. The Professionals shall act at the request of the Plan Committee or the Chair, and shall perform the duties specified in these By-Laws or as may be requested by the Chair or the Plan Committee.

3.3 <u>Secretary</u>. There shall be no secretary for the Plan Committee. In lieu thereof, Counsel shall, at the request of any Member, keep the minutes of all or any meetings of the Plan Committee and shall be responsible for giving notice of meetings of the Plan Committee. Unless requested by any Member, no minutes will be kept of any meeting of the Plan Committee. Minutes of each meeting at which minutes are taken shall be circulated to all Members for their review, and shall be adopted by a majority of the Members present at the meeting which is the subject of such minutes. Subject to changes approved by the Plan Committee, the minutes generally shall be limited to a concise statement of the action taken at a meeting and a brief

7

statement of any significant items discussed by the Plan Committee, but without any details of such discussion. The minutes shall list the Members present.

3.4 <u>Amendments</u>. These By-Laws may be amended, repealed or adopted by the vote of a majority of the Members of the Plan Committee entitled to vote.

4. <u>INFORMATION</u>.

4.1 <u>Confidentiality</u>. All (a) information, documents and matters of whatever nature and kind disclosed by the Reorganized Debtor to the Plan Committee which are identified by the Reorganized Debtor in writing as being confidential (subject to the right of a Member to seek an order of the Bankruptcy Court declaring that such information, documents or matters are not confidential), (b) information or documents generated by the Plan Committee, by any of the Professionals or by any Member or counsel for use by the Plan Committee and which are identified by the Plan Committee or any Member in writing as confidential, (c) communications among Members in their capacity as such and which such Members have agreed shall be confidential, and (d) deliberations occurring, or statements made by Members, at any Plan Committee meeting and which the Plan Committee has determined shall be confidential (collectively, "Confidential Material"), will, except as otherwise provided herein, be kept confidential and not be disclosed in any manner whatsoever. Notwithstanding the foregoing, Confidential Material may be disclosed (w) to a Member's directors, officers, employees, members, principals, professional advisors, agents or other representatives who, in the disclosing Member's judgment, need to know such information (it being understood that such directors, officers, employees, members, principals, professional advisors, agents and representatives shall be informed by the Member of the confidential nature of such information and shall undertake to be bound by these rules of confidentiality), (x) to governmental or regulatory or self-regulatory

8

authorities as deemed necessary by counsel to the disclosing Member, (y) to any third party if such Member is obligated by law to do so other than any disclosure obligation that may arise by reason of trading in the securities of the Reorganized Debtor while in possession of material, non-public information (in which event such Member shall promptly advise counsel to the Plan Committee of such disclosure or prospective disclosure prior to it being disclosed or, if not practicable, as soon as possible thereafter but not later than two (2) business days after such disclosure) or (z) to the extent such Confidential Material becomes generally available to the public other than as a result of disclosure by the Plan Committee, any of the Members (or their representatives, agents or advisors) or their Screening Representatives or the professionals for the Plan Committee.

Notwithstanding a Member's resignation or removal from the Plan Committee, such Member and its representatives shall remain bound by the provisions of this Section 4.

4.2   Non-Public Information. By its agreeing to serve on the Committee, each Member (a) acknowledges that information received from the Reorganized Debtor as a Member of the Plan Committee ("Information") may constitute material, non-public information under applicable securities laws and that there exist federal and state securities laws that may restrict or eliminate the Member's ability to sell or purchase securities of the Reorganized Debtor or communicate such information to any other person under circumstances in which it is reasonably foreseeable that such person is likely to purchase or sell such securities and (b) agrees to maintain such Information as constitutes material, non-public information in confidence and to comply with its obligations with respect to such Information under applicable securities laws. Any Member designating a Screening Representative (as defined below) shall cause such Screening Representative to be bound by the provisions of this Section 4.2.

4.3     Screening Representatives.  By notice in writing to the Chair and the Reorganized Debtor, a Member may designate a representative or advisor of the Member (a "Screening Representative") to receive Information on its behalf.  A Screening Representative of a Member may be changed by a similar notice given as aforesaid.  If a Screening Representative is so designated by a Member, the Reorganized Debtor, or the Chair if such Information is first provided by the Reorganized Debtor to the Chair, shall cause all Information to be delivered only to the such Screening Representative.

The Screening Representative shall forward Information to the Member or its representative on the Committee or shall refrain from doing so as agreed between the Screening Representative and the Member, it being agreed that the decision of the Screening Representative to forward the Information to the Member shall not relieve the Member of its obligations under Section 4.2.  Without limitation of the rights and responsibilities of a Member under these By-Laws, a Member may, in its discretion and in order to comply with the provisions of Section 4.2, designate a person to be its representative on the Plan Committee solely for purposes of the matter or matters to which any Information relates and to direct that its Screening Representative forward such Information to such representative but to no other representative of such Member.

In the event that a Member and its Screening Representative determine that any Information shall not be forwarded to the Member or its representative (including any representative designated as described in the preceding paragraph), the Screening Representative shall so inform the Chair.  In such a case, such Member shall abstain from voting on the matter to which such Information relates if it is determined by a majority of the Plan Committee then present that the Member does not have sufficient information to vote on such matter being considered.

10

Notwithstanding that a Member may be excluded from voting on a matter under this Section, such Member shall be counted for purposes of determining the presence of a quorum.

5. MISCELLANEOUS

5.1 Binding Effect of Plan Committee. Any decision made by the Plan Committee regarding conflicts of interest as set forth in Section 2.6 or abstention from voting as set forth in Section 4.3 shall be binding on each Member.

5.2 Robert's Rules. If not set forth in these By-Laws, any procedures with respect to Plan Committee meetings shall be governed by Robert's Rules of Order.

FEB-25-2005 13:12     WILMINGTON TRUST                    1 302 636 4148    P.02/02

THESE FIRST AMENDED AND RESTATED BY-LAWS have been adopted this 25th day of February, 2005.

                                        CHAIRMAN OF THE PLAN COMMITTEE

                                        By: _____/s/ Sandra R. Ortiz_____
                                            Wilmington Trust Company, as Trustee
                                            Sandra R. Ortiz
                                            Senior Financial Services Officer

ACKNOWLEDGED AND AGREED TO:

NORTHWESTERN CORPORATION

By /s/ [signature]

12

Doc #:NYB:921097.1

TOTAL P.02