## Exhibit A

## CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

FRANKFURT   MUSCAT
HOUSTON    NEWARK
LONDON     PARIS
MEXICO CITY STAMFORD
MILAN      WASHINGTON

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
VOICE MAIL 212-696-6028
E-MAIL INFO@CM-P.COM
INTERNET WWW.CM-P.COM

WRITER'S DIRECT:
TELEPHONE 212-696-6196
E-MAIL: JPIZZURRO@CM-P.COM

January 27, 2006

Alan W. Kornberg, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064

Re:   *In re NorthWestern Corporation*,
      Bankruptcy Case No. 03-12872 (JLP)

Dear Alan:

We write on behalf of NorthWestern Corporation ("NorthWestern") in response to your letter dated January 23, 2006 (the "Letter"), addressed to NorthWestern's Board of Directors (the "Board").

NorthWestern has at all times acted in a manner consistent with its obligations under the Plan, and we reject your allegations to the contrary. Nevertheless, we feel it necessary to reply only to a few of your unfounded accusations.

First, the comments concerning the structure of the January 2005 proposed settlement with Magten Asset Management Corporation ("Magten") do not merit a detailed discussion at this point in time. The structure of that former proposed settlement is no longer viable, despite the appeal of the order denying approval of the settlement, given the distribution of shares and cancellation of warrants that have already occurred pursuant to the Plan. We do not agree, however, with what appears to be an ever-expanding interpretation of the Plan Committee's "rights" with respect to the approval of proposed settlements under the terms of the Plan and the Plan Committee's By-Laws. While the Plan Committee has the right to object to proposed settlements, it does not have the power to preclude NorthWestern from negotiating or entering into settlements, subject to the approval of the Bankruptcy Court.

With regard to the Plan Committee's motion for surplus distributions, the Bankruptcy Court has denied the Plan Committee's request and determined that no distributions of shares held in reserve for disputed claims will be permitted until resolution of the Magten litigation. While the Plan Committee is not pleased with this outcome, NorthWestern must comply with the decision of the Bankruptcy Court. NorthWestern acted responsibly and in a

2674593v1

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

manner consistent with its duties under the Plan in connection with the surplus distribution motion: NorthWestern advised the Court of the status of remaining claims and applicable reserves from which such claims could be satisfied, and stood ready to make any distribution, partial or otherwise, which the Bankruptcy Court directed. There is no basis upon which the Plan Committee can accuse NorthWestern of any improper conduct.

To the contrary, it is the Plan Committee which bears responsibility for the denial of its request for a surplus distribution of the shares held in reserve. As the Bankruptcy Court made clear at the January 11, 2006 hearing, the Plan Committee's continued obstruction of any resolution of the QUIPS claims has directly resulted in the Court's refusal to permit the distribution of any purported "surplus" from the disputed claims reserve while those claims remain outstanding.

The Plan Committee's actions have put NorthWestern in the unenviable position of expending corporate resources in order to preside over a battle between competing third parties rather than one that is worth waging for the sake of NorthWestern's own economic interests and all of its shareholders. While the Plan Committee has consistently opposed any resolution of the Magten litigations – including now raising the specter of threatened action against the Board if it settles contrary to the Plan Committee's wishes – it does so at the expense of the Reorganized Debtor, which bears the full burden and potentially enormous cost of defending numerous protracted litigations. Despite the Plan Committee's vehement advocacy of its own interests, the Board simply cannot ignore its obligations to the corporation itself and all of its shareholders in order to appease the Plan Committee by placing the interests of former unsecured creditors above all others.

Nevertheless NorthWestern understands the interests of the Plan Committee in seeking to maximize the return for its constituents. NorthWestern is committed to achieving the best possible resolution or settlement of the Magten litigation. To that end NorthWestern looks forward to any constructive input from the Plan Committee, including suggestions for ways to minimize the financial burden of the continuing litigation.

In sum, NorthWestern has at all times acted responsibly and with the utmost good faith and consideration of both its obligations under the Plan and its general corporate governance obligations to all of its constituencies, and it will continue to do so.

Sincerely,

Joseph D. Pizzurro

cc: Thomas J. Knapp, Esq. (By E-Mail: tom.knapp@northwestern.com)
(NorthWestern Corporation)

Jesse H. Austin, III, Esq. (By E-Mail: jessaustin@paulhastings.com)
Karol K. Denniston, Esq. (By E-Mail: kdenniston@paulhastings.com)
(Paul, Hastings, Janofsky & Walker LLP)

2674593v1

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

    Steven J. Reisman, Esq. (By Hand Delivery)
     (Curtis, Mallet-Prevost, Colt & Mosle LLP)

    Filiberto Agusti, Esq. (By E-Mail: FAgusti@steptoe.com)
     (Steptoe & Johnson LLP)

2674593v1