9/

THE MONTANA POWER COMPANY

TO

THE BANK OF NEW YORK

Trustee

*Indenture*
(For Unsecured Subordinated Debt Securities
relating to Trust Securities)

Dated as of November 1, 1996

## TABLE OF CONTENTS

PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

RECITAL OF THE COMPANY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARTICLE ONE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Definitions and Other Provisions of General Application . . . . . . . . . . . . . . . . . . . . . . . . 1
    SECTION 101.  Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
        Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        Additional Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        Affiliate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        Authenticating Agent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        Authorized Officer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        Board of Directors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        Board Resolution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        Business Day . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        Commission . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        Company . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        Company Request or Company Order . . . . . . . . . . . . . . . . . . . . 3
        Corporate Trust Office . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        corporation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        Defaulted Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        Dollar or $ . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        Event of Default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        Government Obligations . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        Governmental Authority . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        Guarantee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        Holder . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        Indenture . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        Interest Payment Date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        Maturity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        Officer's Certificate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        Opinion of Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        Outstanding . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        Paying Agent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        Person . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        Place of Payment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        Predecessor Security . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        Preferred Securities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        Property Trustee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        Redemption Date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        Redemption Price . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        Regular Record Date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        Required Currency . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Note:  This table of contents shall not, for any purpose, be deemed to be part of the Indenture.

ii

Responsible Officer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
Securities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
Security Register and Security Registrar . . . . . . . . . . . . . . . . . . . . . 6
Senior Indebtedness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Special Record Date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Stated Maturity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Successor Corporation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Trust . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Trust Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Trust Indenture Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Trustee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
United States . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
SECTION 102. Compliance Certificates and Opinions . . . . . . . . . . . . . 8
SECTION 103. Forms of Documents Delivered to Trustee . . . . . . . . . . . . 8
SECTION 104. Acts of Holders . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
SECTION 105. Notices, etc. to Trustee and Company . . . . . . . . . . . . . . 11
SECTION 106. Notice to Holders of Securities; Waiver . . . . . . . . . . . . . 12
SECTION 107. Conflict with Trust Indenture Act . . . . . . . . . . . . . . . . . 12
SECTION 108. Effect of Headings and Table of Contents . . . . . . . . . . . . 12
SECTION 109. Successors and Assigns . . . . . . . . . . . . . . . . . . . . . . . 12
SECTION 110. Separability Clause . . . . . . . . . . . . . . . . . . . . . . . . . 13
SECTION 111. Benefits of Indenture . . . . . . . . . . . . . . . . . . . . . . . . 13
SECTION 112. Governing Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
SECTION 113. Legal Holidays . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

ARTICLE TWO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Security Forms . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
SECTION 201. Forms Generally . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
SECTION 202. Form of Trustee's Certificate of Authentication . . . . . . . . . 14

ARTICLE THREE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

The Securities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
SECTION 301. Amount Unlimited; Issuable in Series . . . . . . . . . . . . . . . 15
SECTION 302. Denominations . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
SECTION 303. Execution, Authentication, Delivery and Dating . . . . . . . . . 18
SECTION 304. Temporary Securities . . . . . . . . . . . . . . . . . . . . . . . . . 20
SECTION 305. Registration, Registration of Transfer and Exchange . . . . . . 21
SECTION 306. Mutilated, Destroyed, Lost and Stolen Securities . . . . . . . . 22
SECTION 307. Payment of Interest; Interest Rights Preserved . . . . . . . . . . 23
SECTION 308. Persons Deemed Owners . . . . . . . . . . . . . . . . . . . . . . 24
SECTION 309. Cancellation by Security Registrar . . . . . . . . . . . . . . . . . 24
SECTION 310. Computation of Interest . . . . . . . . . . . . . . . . . . . . . . . 24
SECTION 311. Payment to Be in Proper Currency . . . . . . . . . . . . . . . . . 25
SECTION 312. Extension of Interest Payment . . . . . . . . . . . . . . . . . . . 25
SECTION 313. Additional Interest. . . . . . . . . . . . . . . . . . . . . . . . . . . 25

iii

ARTICLE FOUR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Redemption of Securities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26
    SECTION 401.  Applicability of Article . . . . . . . . . . . . . . . . . . . . . . . . 26
    SECTION 402.  Election to Redeem; Notice to Trustee . . . . . . . . . . . . . . . . 26
    SECTION 403.  Selection of Securities to Be Redeemed . . . . . . . . . . . . . . . . 26
    SECTION 404.  Notice of Redemption . . . . . . . . . . . . . . . . . . . . . . . . . 27
    SECTION 405.  Securities Payable on Redemption Date . . . . . . . . . . . . . . . . 28
    SECTION 406.  Securities Redeemed in Part . . . . . . . . . . . . . . . . . . . . . . 28

ARTICLE FIVE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Sinking Funds . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28
    SECTION 501.  Applicability of Article . . . . . . . . . . . . . . . . . . . . . . . . 28
    SECTION 502.  Satisfaction of Sinking Fund Payments with Securities . . . . . . . . . 29
    SECTION 503.  Redemption of Securities for Sinking Fund . . . . . . . . . . . . . . . 29

ARTICLE SIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Covenants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30
    SECTION 601.  Payment of Principal, Premium and Interest . . . . . . . . . . . . . . 30
    SECTION 602.  Maintenance of Office or Agency . . . . . . . . . . . . . . . . . . . . 30
    SECTION 603.  Money for Securities Payments to Be Held in Trust . . . . . . . . . . . 31
    SECTION 604.  Corporate Existence . . . . . . . . . . . . . . . . . . . . . . . . . . 32
    SECTION 605.  Maintenance of Properties . . . . . . . . . . . . . . . . . . . . . . . 33
    SECTION 606.  Annual Officer's Certificate as to Compliance . . . . . . . . . . . . . 33
    SECTION 607.  Waiver of Certain Covenants . . . . . . . . . . . . . . . . . . . . . . 33
    SECTION 608.  Restriction on Payment of Dividends . . . . . . . . . . . . . . . . . . 33
    SECTION 609.  Maintenance of Trust Existence . . . . . . . . . . . . . . . . . . . . . 34
    SECTION 610.  Rights of Holders of Preferred Securities . . . . . . . . . . . . . . . . 34

ARTICLE SEVEN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Satisfaction and Discharge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35
    SECTION 701.  Satisfaction and Discharge of Securities . . . . . . . . . . . . . . . . 35
    SECTION 702.  Satisfaction and Discharge of Indenture . . . . . . . . . . . . . . . . 37
    SECTION 703.  Application of Trust Money . . . . . . . . . . . . . . . . . . . . . . . 38

ARTICLE EIGHT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Events of Default; Remedies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38
    SECTION 801.  Events of Default . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38
    SECTION 802.  Acceleration of Maturity; Rescission and Annulment . . . . . . . . . . 40
    SECTION 803.  Collection of Indebtedness and Suits for Enforcement by Trustee . . . . 41
    SECTION 804.  Trustee May File Proof of Claim . . . . . . . . . . . . . . . . . . . . 42
    SECTION 805.  Trustee May Enforce Claims Without Possession of Securities . . . . . . 42
    SECTION 806.  Application of Money Collected . . . . . . . . . . . . . . . . . . . . . 43

iv

SECTION 807. Limitation on Suits ............................... 43
SECTION 808. Unconditional Right of Holders to Receive Principal,
Premium and Interest ........................... 44
SECTION 809. Restoration of Rights and Remedies ................. 44
SECTION 810. Rights and Remedies Cumulative ................... 44
SECTION 811. Delay or Omission Not Waiver ..................... 45
SECTION 812. Control by Holders of Securities ................... 45
SECTION 813. Waiver of Past Defaults .......................... 45
SECTION 814. Undertaking for Costs ............................ 46
SECTION 815. Waiver of Stay or Extension Laws .................. 46

ARTICLE NINE ................................................ 46

The Trustee ................................................. 46
SECTION 901. Certain Duties and Responsibilities ................. 46
SECTION 902. Notice of Defaults ............................... 47
SECTION 903. Certain Rights of Trustee ......................... 47
SECTION 904. Not Responsible for Recitals or Issuance of Securities ... 48
SECTION 905. May Hold Securities ............................. 49
SECTION 906. Money Held in Trust ............................. 49
SECTION 907. Compensation and Reimbursement ................. 49
SECTION 908. Disqualification; Conflicting Interests............... 50
SECTION 909. Corporate Trustee Required; Eligibility ............. 50
SECTION 910. Resignation and Removal; Appointment of Successor ... 51
SECTION 911. Acceptance of Appointment by Successor ........... 53
SECTION 912. Merger, Conversion, Consolidation or Succession to Business ....... 54
SECTION 913. Preferential Collection of Claims Against Company ...... 54
SECTION 914. Co-trustees and Separate Trustees.................. 55
SECTION 915. Appointment of Authenticating Agent ............... 56

ARTICLE TEN ................................................ 58

Holders' Lists and Reports by Trustee and Company ............... 58
SECTION 1001. Lists of Holders ................................ 58
SECTION 1002. Reports by Trustee and Company ................. 58

ARTICLE ELEVEN ............................................ 59

Consolidation, Merger, Conveyance or Other Transfer .............. 59
SECTION 1101. Company May Consolidate, etc., Only on Certain Terms ........ 59
SECTION 1102. Successor Corporation Substituted ................ 59

ARTICLE TWELVE ........................................... 60

Supplemental Indentures ...................................... 60
SECTION 1201. Supplemental Indentures Without Consent of Holders .......... 60
SECTION 1202. Supplemental Indentures With Consent of Holders ........... 62

SECTION 1203. Execution of Supplemental Indentures ...................... 63
SECTION 1204. Effect of Supplemental Indentures ....................... 63
SECTION 1205. Conformity With Trust Indenture Act ...................... 63
SECTION 1206. Reference in Securities to Supplemental Indentures .............. 64
SECTION 1207. Modification Without Supplemental Indenture ................. 64

ARTICLE THIRTEEN ....................................... 64

Meetings of Holders; Action Without Meeting ........................... 64
SECTION 1301. Purposes for Which Meetings May Be Called ............. 64
SECTION 1302. Call, Notice and Place of Meetings .................... 64
SECTION 1303. Persons Entitled to Vote at Meetings .................. 65
SECTION 1304. Quorum; Action .............................. 65
SECTION 1305. Attendance at Meetings; Determination of Voting Rights;
              Conduct and Adjournment of Meetings .................. 66
SECTION 1306. Counting Votes and Recording Action of Meetings .......... 67
SECTION 1307. Action Without Meeting ......................... 68

ARTICLE FOURTEEN ...................................... 68

Immunity of Incorporators, Stockholders, Officers and Directors ................. 68
SECTION 1401. Liability Solely Corporate ......................... 68

ARTICLE FIFTEEN ....................................... 68

Subordination of Securities ................................... 68
SECTION 1501. Securities Subordinate to Senior Indebtedness .............. 68
SECTION 1502. Payment Over of Proceeds of Securities .................. 69
SECTION 1503. Disputes with Holders of Certain Senior Indebtedness .......... 71
SECTION 1504. Subrogation ................................ 71
SECTION 1505. Obligation of the Company Unconditional ................. 71
SECTION 1506. Priority of Senior Indebtedness Upon Maturity .............. 72
SECTION 1507. Trustee as Holder of Senior Indebtedness ................. 72
SECTION 1508. Notices to Trustee to Effectuate Subordination .............. 72
SECTION 1509. Modification, Extension, etc. of Senior Indebtedness .......... 73
SECTION 1510. Trustee Has No Fiduciary Duty to Holders of Senior Indebtedness ... 73
SECTION 1511. Paying Agents Other Than the Trustee ................... 73
SECTION 1512. Rights of Holders of Senior Indebtedness Not Impaired .......... 74
SECTION 1513. Effect of Subordination Provisions; Termination .............. 74

Testimonium ......................................... 75

Signatures and Seals ..................................... 75

Acknowledgements ..................................... 76

THE MONTANA POWER COMPANY

Reconciliation and tie between Trust Indenture Act of 1939
and Indenture, dated as of _____.

| Trust Indenture Act Section | | Indenture Section |
|---|---|---|
| §310 | (a)(1) | 909 |
| | (a)(2) | 909 |
| | (a)(3) | 914 |
| | (a)(4) | Not Applicable |
| | (b) | 908 |
| | | 910 |
| §311 | (a) | 913 |
| | (b) | 913 |
| | (c) | 913 |
| §312 | (a) | 1001 |
| | (b) | 1001 |
| | (c) | 1001 |
| §313 | (a) | 1002 |
| | (b) | 1002 |
| | (c) | 1002 |
| §314 | (a) | 1002 |
| | (a)(4) | 606 |
| | (b) | Not Applicable |
| | (c)(1) | 102 |
| | (c)(2) | 102 |
| | (c)(3) | Not Applicable |
| | (d) | Not Applicable |
| | (e) | 102 |
| §315 | (a) | 901 |
| | | 903 |
| | (b) | 902 |
| | (c) | 901 |
| | (d) | 901 |
| | (e) | 914 |
| §316 | (a) | 812 |
| | | 813 |
| | (a)(1)(A) | 802 |
| | | 812 |
| | (a)(1)(B) | 813 |
| | (a)(2) | Not Applicable |
| | (b) | 808 |
| §317 | (a)(1) | 802 |
| | (a)(2) | 804 |
| | (b) | 605 |
| §318 | (a) | 107 |

INDENTURE, dated as of November 1, 1996, between THE MONTANA POWER COMPANY, a corporation duly organized and existing under the laws of the State of Montana (herein called the "Company"), having its principal office at 40 East Broadway, Butte, Montana 59701, and THE BANK OF NEW YORK, a corporation duly organized and existing under the laws of the State of New York, having its principal corporate trust office at 101 Barclay Street, New York, New York 10286, as Trustee (herein called the "Trustee").

### RECITAL OF THE COMPANY

The Company has duly authorized the execution and delivery of this Indenture to provide for the issuance from time to time of its unsecured subordinated debentures, notes or other evidences of indebtedness (herein called the "Securities"), in an unlimited aggregate principal amount to be issued in one or more series as contemplated herein; and all acts necessary to make this Indenture a valid agreement of the Company have been performed.

For all purposes of this Indenture, except as otherwise expressly provided or unless the context otherwise requires, capitalized terms used herein shall have the meanings assigned to them in Article One of this Indenture.

### NOW, THEREFORE, THIS INDENTURE WITNESSETH:

For and in consideration of the premises and the purchase of the Securities by the Holders thereof, it is mutually covenanted and agreed, for the equal and proportionate benefit of all Holders of the Securities or of any series thereof, as follows:

### ARTICLE ONE

### Definitions and Other Provisions of General Application

SECTION 101. *Definitions.*

For all purposes of this Indenture, except as otherwise expressly provided or unless the context otherwise requires:

(a) the terms defined in this Article have the meanings assigned to them in this Article and include the plural as well as the singular;

(b) all terms used herein without definition which are defined in the Trust Indenture Act, either directly or by reference therein, have the meanings assigned to them therein;

(c) all accounting terms not otherwise defined herein have the meanings assigned to them in accordance with generally accepted accounting principles in the United States, and, except as otherwise herein expressly provided, the term "generally accepted accounting principles" with respect to any computation required or permitted hereunder shall mean such accounting principles as are generally accepted in the United States at the date of such

-2-

computation or, at the election of the Company from time to time, at the date of the execution and delivery of this Indenture; provided, however, that in determining generally accepted accounting principles applicable to the Company, the Company shall, to the extent required, conform to any order, rule or regulation of any administrative agency, regulatory authority or other governmental body having jurisdiction over the Company;

(d)   unless the context otherwise requires, any reference to an "Article" or a "Section" refers to an Article or Section, as the case may be, of this Indenture; and

(e)   the words "herein", "hereof" and "hereunder" and other words of similar import refer to this Indenture as a whole and not to any particular Article, Section or other subdivision.

Certain terms, used principally in Article Nine, are defined in that Article.

"Act", when used with respect to any Holder of a Security, has the meaning specified in Section 104.

"Additional Interest" has the meaning specified in Section 313.

"Affiliate" of any specified Person means any other Person directly or indirectly controlling or controlled by or under direct or indirect common control with such specified Person. For the purposes of this definition, "control" when used with respect to any specified Person means the power to direct the management and policies of such Person, directly or through one or more intermediaries, whether through the ownership of voting securities, by contract or otherwise; and the terms "controlling" and "controlled" have meanings correlative to the foregoing.

"Authenticating Agent" means any Person (other than the Company or an Affiliate of the Company) authorized by the Trustee pursuant to Section 915 to act on behalf of the Trustee to authenticate one or more series of Securities.

"Authorized Officer" means the Chairman of the Board, the President, any Vice President, the Treasurer, any Assistant Treasurer, or any other officer or agent of the Company duly authorized by the Board of Directors to act in respect of matters relating to this Indenture.

"Board of Directors" means either the board of directors of the Company or any committee thereof duly authorized to act in respect of matters relating to this Indenture.

"Board Resolution" means a copy of a resolution certified by the Secretary or an Assistant Secretary of the Company to have been duly adopted by the Board of Directors and to be in full force and effect on the date of such certification, and delivered to the Trustee.

"Business Day", when used with respect to a Place of Payment or any other particular location specified in the Securities or this Indenture, means any day, other than a

-3-

Saturday or Sunday, which is not a day on which banking institutions or trust companies in such Place of Payment or other location are generally authorized or required by law, regulation or executive order to remain closed, except as may be otherwise specified as contemplated by Section 301.

"Commission" means the Securities and Exchange Commission, as from time to time constituted, created under the Securities Exchange Act of 1934, as amended, or, if at any time after the date of execution and delivery of this Indenture such Commission is not existing and performing the duties now assigned to it under the Trust Indenture Act, then the body, if any, performing such duties at such time.

"Company" means the Person named as the "Company" in the first paragraph of this Indenture until a successor Person shall have become such pursuant to the applicable provisions of this Indenture, and thereafter "Company" shall mean such successor Person.

"Company Request" or "Company Order" means a written request or order signed in the name of the Company by an Authorized Officer and delivered to the Trustee.

"Corporate Trust Office" means the office of the Trustee at which at any particular time its corporate trust business shall be principally administered, which office at the date of execution and delivery of this Indenture is located at 101 Barclay Street, New York, New York 10286.

"corporation" means a corporation, association, company, joint stock company or business trust.

"Defaulted Interest" has the meaning specified in Section 307.

"Dollar" or "$" means a dollar or other equivalent unit in such coin or currency of the United States as at the time shall be legal tender for the payment of public and private debts.

"Event of Default" with respect to Securities of a particular series has the meaning specified in Section 501.

"Government Obligations" means:

(a) direct obligations of, or obligations the principal of and interest on which are unconditionally guaranteed by, the United States and entitled to the benefit of the full faith and credit thereof; and

(b) certificates, depositary receipts or other instruments which evidence a direct ownership interest in obligations described in clause (a) above or in any specific interest or principal payments due in respect thereof; provided, however, that the custodian of such obligations or specific interest or principal payments shall be a bank or trust company (which may include the Trustee or any Paying Agent) subject to

-4-

Federal or State supervision or examination with a combined capital and surplus of at least 550,000,000; and provided, further, that except as may be otherwise required by law, such custodian shall be obligated to pay to the holders of such certificates, depositary receipts or other instruments the full amount received by such custodian in respect of such obligations or specific payments and shall not be permitted to make any deduction therefrom.

"Governmental Authority" means the government of the United States or of any State or Territory thereof or of the District of Columbia or of any county, municipality or other political subdivision of any of the foregoing, or any department, agency, authority or other instrumentality of any of the foregoing.

"Guarantee" means the guarantee agreement delivered from the Company to a Trust, for the benefit of the holders of Preferred Securities issued by such Trust.

"Holder" means a Person in whose name a Security is registered in the Security Register.

"Indenture" means this instrument as originally executed and delivered and as it may from time to time be supplemented or amended by one or more indentures supplemental hereto entered into pursuant to the applicable provisions hereof and shall include the terms of a particular series of Securities established as contemplated by Section 301.

"Interest Payment Date", when used with respect to any Security, means the Stated Maturity of an installment of interest on such Security.

"Maturity", when used with respect to any Security, means the date on which the principal of such Security or an installment of principal becomes due and payable as provided in such Security or in this Indenture, whether at the Stated Maturity, by declaration of acceleration, upon call for redemption or otherwise.

"Officer's Certificate" means a certificate signed by an Authorized Officer and delivered to the Trustee.

"Opinion of Counsel" means a written opinion of counsel, who may be counsel for the Company or other counsel acceptable to the Trustee.

"Outstanding", when used with respect to Securities, means, as of the date of determination, all Securities theretofore authenticated and delivered under this Indenture, except:

(a) Securities theretofore canceled by the Trustee or delivered to the Trustee for cancellation;

(b) Securities deemed to have been paid in accordance with Section 701; and

-5-

(c) Securities which have been paid pursuant to Section 306 or in exchange for which or in lieu of which other Securities have been authenticated and delivered pursuant to this Indenture, other than any such Securities in respect of which there shall have been presented to the Trustee proof satisfactory to it and the Company that such Securities are held by a bona fide purchaser or purchasers in whose hands such Securities are valid obligations of the Company;

provided, however, that in determining whether or not the Holders of the requisite principal amount of the Securities Outstanding under this Indenture, or the Outstanding Securities of any series, have given any request, demand, authorization, direction, notice, consent or waiver hereunder or whether or not a quorum is present at a meeting of Holders of Securities, (x) Securities owned by the Company or any other obligor upon the Securities or any Affiliate of the Company or of such other obligor (unless the Company, such Affiliate or such obligor owns all Securities Outstanding under this Indenture, or (except for purposes of actions to be taken by Holders of more than one series voting as a class under Section 812) all Outstanding Securities of each such series, as the case may be, determined without regard to this provision) shall be disregarded and deemed not to be Outstanding, except that, in determining whether the Trustee shall be protected in relying upon any such request, demand, authorization, direction, notice, consent or waiver or upon any such determination as to the presence of a quorum, only Securities which the Trustee knows to be so owned shall be so disregarded; provided, however, that Securities so owned which have been pledged in good faith may be regarded as Outstanding if the pledgee establishes to the satisfaction of the Trustee the pledgee's right so to act with respect to such Securities and that the pledgee is not the Company or any other obligor upon the Securities or any Affiliate of the Company or of such other obligor; (y) the principal amount of any Security which is denominated in a currency other than Dollars or in a composite currency that shall be deemed to be Outstanding for such purposes shall be the amount of Dollars which could have been purchased by the principal amount of such currency or composite currency evidenced by such Security, in each such case certified to the Trustee in an Officer's Certificate, based (I) on the average of the mean of the buying and selling spot rates quoted by three banks which are members of the New York Clearing House Association selected by the Company in effect at 11:00 A.M. (New York time) in The City of New York on the fifth Business Day preceding any such determination or (II) if on such fifth Business Day it shall not be possible or practicable to obtain such quotations from such three banks, on such other quotations or alternative methods of determination which shall be as consistent as practicable with the method set forth in (I) above; provided, further, that, in the case of any Security the principal of which is payable from time to time without presentment or surrender, the principal amount of such Security that shall be deemed to be Outstanding at any time for all purposes of this Indenture shall be the original principal amount thereof less the aggregate amount of principal thereof theretofore paid.

"Paying Agent" means any Person, including the Company, authorized by the Company to pay the principal of, and premium, if any, or interest, if any, on any Securities on behalf of the Company.

-6-

"Person" means any individual, corporation, partnership, joint venture, trust or unincorporated organization or any Governmental Authority.

"Place of Payment", when used with respect to the Securities of any series, means the place or places, specified as contemplated by Section 301, at which, subject to Section 602, principal of and premium, if any, and interest, if any, on the Securities of such series are payable.

"Predecessor Security" of any particular Security means every previous Security evidencing all or a portion of the same debt as that evidenced by such particular Security; and, for the purposes of this definition, any Security authenticated and delivered under Section 306 in exchange for or in lieu of a mutilated, destroyed, lost or stolen Security shall be deemed (to the extent lawful) to evidence the same debt as the mutilated, destroyed, lost or stolen Security, and any Security authenticated and delivered in exchange pursuant to Sections 304, 406 or 1206 but not involving any transfer shall be deemed (to the extent lawful) to evidence the same debt as the Security for which the exchange was made.

"Preferred Securities" means any preferred trust interests issued by a Trust or similar securities issued by permitted successors to such Trust in accordance with the Trust Agreement pertaining to such Trust.

"Property Trustee" has the meaning specified in Section 610.

"Redemption Date", when used with respect to any Security to be redeemed, means the date fixed for such redemption by or pursuant to this Indenture.

"Redemption Price", when used with respect to any Security to be redeemed, means the price at which it is to be redeemed pursuant to this Indenture.

"Regular Record Date" for the interest payable on any Interest Payment Date on the Securities of any series means the date specified for that purpose as contemplated by Section 301.

"Required Currency" has the meaning specified in Section 311.

"Responsible Officer", when used with respect to the Trustee, means any officer of the Trustee assigned by the Trustee to administer its corporate trust matters.

"Securities" has the meaning stated in the first recital of this Indenture and more particularly means any securities authenticated and delivered under this Indenture.

"Security Register" and "Security Registrar" have the respective meanings specified in Section 305.

-7-

"*Senior Indebtedness*" means all obligations (other than non-recourse obligations and the indebtedness issued under this Indenture) of, or guaranteed or assumed by, the Company for borrowed money, including both senior and subordinated indebtedness for borrowed money (other than the Securities), or for the payment of money relating to any lease which is capitalized on the consolidated balance sheet of the Company and its subsidiaries in accordance with generally accepted accounting principles as in effect from time to time, or evidenced by bonds, debentures, notes or other similar instruments, and in each case, amendments, renewals, extensions, modifications and refundings of any such indebtedness or obligations, whether existing as of the date of this Indenture or subsequently incurred by the Company unless, in the case of any particular indebtedness, obligation, renewal, extension or refunding, the instrument creating or evidencing the same or the assumption or guarantee of the same expressly provides that such indebtedness, obligation, renewal, extension or refunding is not superior in right of payment to or is pari passu with the Securities; provided that the Company's obligations under any Guarantee shall not be deemed to be Senior Indebtedness.

"*Special Record Date*" for the payment of any Defaulted Interest on the Securities of any series means a date fixed by the Trustee pursuant to Section 307.

"*Stated Maturity*", when used with respect to any obligation or any installment of principal thereof or interest thereon, means the date on which the principal of such obligation or such installment of principal or interest is stated to be due and payable (without regard to any provisions for redemption, prepayment, acceleration, purchase or extension).

"*Successor Corporation*" has the meaning set forth in Section 1101.

"*Trust*" means Montana Power Capital I, a statutory business trust formed under the laws of the State of Delaware, or any other trust designated pursuant to Section 301 hereof or any permitted successor under the Trust Agreement pertaining to such Trust.

"*Trust Agreement*" means the Amended and Restated Trust Agreement, dated as of November 1, 1996, relating to Montana Power Capital I or a trust agreement relating to a Trust designated pursuant to Section 301 hereof, in each case, among the Company, as Depositor and the trustees named therein as they may be amended from time to time.

"*Trust Indenture Act*" means, as of any time, the Trust Indenture Act of 1939, or any successor statute, as in effect at such time.

"*Trustee*" means the Person named as the "Trustee" in the first paragraph of this Indenture until a successor Trustee shall have become such with respect to one or more series of Securities pursuant to the applicable provisions of this Indenture, and thereafter "Trustee" shall mean or include each Person who is then a Trustee hereunder, and, if at any time there is more than one such Person, "Trustee" as used with respect to the Securities of any series shall mean the Trustee with respect to Securities of that series.

-4-

"United States" means the United States of America, its Territories, its possessions and other areas subject to its political jurisdiction.

SECTION 102. Compliance Certificates and Opinions.

Except as otherwise expressly provided in this Indenture, upon any application or request by the Company to the Trustee to take any action under any provision of this Indenture, the Company shall, if requested by the Trustee, furnish to the Trustee an Officer's Certificate stating that all conditions precedent, if any, provided for in this Indenture relating to the proposed action (including any covenant compliance with which constitutes a condition precedent) have been complied with and an Opinion of Counsel stating that in the opinion of such counsel all such conditions precedent, if any, have been complied with, except that, in the case of any such application or request as to which the furnishing of such documents is specifically required by any provision of this Indenture relating to such particular application or request, no additional certificate or opinion need be furnished.

Every certificate or opinion with respect to compliance with a condition or covenant provided for in this Indenture shall include:

(a) a statement that each Person signing such certificate or opinion has read such covenant or condition and the definitions herein relating thereto;

(b) a brief statement as to the nature and scope of the examination or investigation upon which the statements or opinions contained in such certificate or opinion are based;

(c) a statement that, in the opinion of each such Person, such Person has made such examination or investigation as is necessary to enable such Person to express an informed opinion as to whether or not such covenant or condition has been complied with; and

(d) a statement as to whether, in the opinion of each such Person, such condition or covenant has been complied with.

SECTION 103. Form of Documents Delivered to Trustee.

In any case where several matters are required to be certified by, or covered by an opinion of, any specified Person, it is not necessary that all such matters be certified by, or covered by the opinion of, only one such Person, or that they be so certified or covered by only one document, but one such Person may certify or give an opinion with respect to some matters and one or more other such Persons as to other matters, and any such Person may certify or give an opinion as to such matters in one or several documents.

Any certificate or opinion of an officer of the Company may be based, insofar as it relates to legal matters, upon a certificate or opinion of, or representations by, counsel,

-9-

unless such officer knows, or in the exercise of reasonable care should know, that the certificate or opinion or representations with respect to the matters upon which such Officer's Certificate or opinion are based are erroneous. Any such certificate or Opinion of Counsel may be based, insofar as it relates to factual matters, upon a certificate or opinion of, or representations by, an officer or officers of the Company stating that the information with respect to such factual matters is in the possession of the Company, unless such counsel knows, or in the exercise of reasonable care should know, that the certificate or opinion or representations with respect to such matters are erroneous.

Where any Person is required to make, give or execute two or more applications, requests, consents, certificates, statements, opinions or other instruments under this Indenture, they may, but need not, be consolidated and form one instrument.

Whenever, subsequent to the receipt by the Trustee of any Board Resolution, Officer's Certificate, Opinion of Counsel or other document or instrument, a clerical, typographical or other inadvertent or unintentional error or omission shall be discovered therein, a new document or instrument may be substituted therefor in corrected form with the same force and effect as if originally filed in the corrected form and, irrespective of the date or dates of the actual execution and/or delivery thereof, such substitute document or instrument shall be deemed to have been executed and/or delivered as of the date or dates required with respect to the document or instrument for which it is substituted. Anything in this Indenture to the contrary notwithstanding, if any such corrective document or instrument indicates that action has been taken by or at the request of the Company which could not have been taken had the original document or instrument not contained such error or omission, the action so taken shall not be invalidated or otherwise rendered ineffective but shall be and remain in full force and effect, except to the extent that such action was a result of willful misconduct or bad faith. Without limiting the generality of the foregoing, any Securities issued under the authority of such defective document or instrument shall nevertheless be the valid obligations of the Company entitled to the benefits of this Indenture equally and ratably with all other Outstanding Securities, except as aforesaid.

SECTION 104. Acts of Holders.

(a)    Any request, demand, authorization, direction, notice, consent, election, waiver or other action provided by this Indenture to be made, given or taken by Holders may be embodied in and evidenced by one or more instruments of substantially similar tenor signed by such Holders in person or by an agent duly appointed in writing or, alternatively, may be embodied in and evidenced by the record of Holders voting in favor thereof, either in person or by proxies duly appointed in writing, at any meeting of Holders duly called and held in accordance with the provisions of Article Thirteen, or a combination of such instruments and any such record. Except as herein otherwise expressly provided, such action shall become effective when such instrument or instruments or record or both are delivered to the Trustee and, where it is hereby expressly required, to the Company. Such instrument or instruments and any such record (and the action embodied therein and evidenced

-10-

thereby) are herein sometimes referred to as the "Act" of the Holders signing such instrument or instruments and so voting at any such meeting. Proof of execution of any such instrument or of a writing appointing any such agent, or of the holding by any Person of a Security, shall be sufficient for any purpose of this Indenture and (subject to Section 901) conclusive in favor of the Trustee and the Company, if made in the manner provided in this Section. The record of any meeting of Holders shall be proved in the manner provided in Section 1306.

(b)  The fact and date of the execution by any Person of any such instrument or writing may be proved by the affidavit of a witness of such execution or by a certificate of a notary public or other officer authorized by law to take acknowledgement of deeds, certifying that the individual signing such instrument or writing acknowledged to him the execution thereof or may be proved in any other manner which the Trustee and the Company deem sufficient. Where such execution is by a signer acting in a capacity other than his individual capacity, such certificate or affidavit shall also constitute sufficient proof of his authority.

(c)  The principal amount and serial numbers of Securities held by any Person, and the date of holding the same, shall be proved by the Security Register.

(d)  Any request, demand, authorization, direction, notice, consent, election, waiver or other Act of a Holder shall bind every future Holder of the same Security and the Holder of every Security issued upon the registration of transfer thereof or in exchange therefor or in lieu thereof in respect of anything done, omitted or suffered to be done by the Trustee or the Company in reliance thereon, whether or not notation of such action is made upon such Security.

(e)  Until such time as written instruments shall have been delivered to the Trustee with respect to the requisite percentage of principal amount of Securities for the action contemplated by such instruments, any such instrument executed and delivered by or on behalf of a Holder may be revoked with respect to any or all of such Securities by written notice by such Holder or any subsequent Holder, proven in the manner in which such instrument was proven.

(f)  Securities of any series authenticated and delivered after any Act of Holders may, and shall if required by the Trustee, bear a notation in form approved by the Trustee as to any action taken by such Act of Holders. If the Company shall so determine, new Securities of any series so modified as to conform, in the opinion of the Trustee and the Company, to such action may be prepared and executed by the Company and authenticated and delivered by the Trustee in exchange for Outstanding Securities of such series.

(g)  If the Company shall solicit from Holders any request, demand, authorization, direction, notice, consent, waiver or other Act, the Company may, at its option, fix in advance a record date for the determination of Holders entitled to

-11-

give such request, demand, authorization, direction, notice, consent, waiver or other Act, but the Company shall have no obligation to do so. If such a record date is fixed, such request, demand, authorization, direction, notice, consent, waiver or other Act may be given before or after such record date, but only the Holders of record at the close of business on the record date shall be deemed to be Holders for the purposes of (i) determining whether Holders of the requisite proportion of the Outstanding Securities have authorized or agreed or consented to such request, demand, authorization, direction, notice, consent, waiver or other Act, and for that purpose the Outstanding Securities shall be computed as of the record date, or (ii) determining which Holders may revoke any such Act (notwithstanding Section 104(e)).

SECTION 105.  Notices, etc. to Trustee and Company.

Any request, demand, authorization, direction, notice, consent, election, waiver or Act of Holders or other document provided or permitted by this Indenture to be made upon, given or furnished to, or filed with, the Trustee by any Holder or by the Company, or the Company by the Trustee or by any Holder, shall be sufficient for every purpose hereunder (unless otherwise herein expressly provided) if in writing and delivered personally to an officer or other responsible employee of the addressee, or transmitted by facsimile transmission or other direct written electronic means to such telephone number or other electronic communications address as the parties hereto shall from time to time designate, or transmitted by certified or registered mail, charges prepaid, to the applicable address set opposite such party's name below or to such other address as either party hereto may from time to time designate:

If to the Trustee, to:

The Bank of New York
101 Barclay Street, 21 West
New York, New York 10286

Attention:     Vice President, Corporate Trust Administration
Telephone:    (212) 815-3806
Telecopy:     (212) 815-3915

If to the Company, to:

The Montana Power Company
40 East Broadway
Butte, Montana 59701

Attention: Treasurer
Telephone: (406) 497-2374
Telecopy: (406) 497-3018

-12-

Any communication contemplated herein shall be deemed to have been made, given, furnished and filed if personally delivered, on the date of delivery, if transmitted by facsimile transmission or other direct written electronic means, on the date of transmission, and if transmitted by registered mail, on the date of receipt.

SECTION 106. Notice to Holders of Securities; Waiver.

Except as otherwise expressly provided herein, where this Indenture provides for notice to Holders of any event, such notice shall be sufficiently given, and shall be deemed given, to Holders if in writing and mailed, first-class postage prepaid, to each Holder affected by such event, at the address of such Holder as it appears in the Security Register, not later than the latest date, if any, and not earlier than the earliest date, if any, prescribed for the giving of such notice.

In case by reason of the suspension of regular mail service or by reason of any other cause it shall be impracticable to give such notice to Holders by mail, then such notification as shall be made with the approval of the Trustee shall constitute a sufficient notification for every purpose hereunder. In any case where notice to Holders is given by mail, neither the failure to mail such notice, nor any defect in any notice so mailed, to any particular Holder shall affect the sufficiency of such notice with respect to other Holders.

Any notice required by this Indenture may be waived in writing by the Person entitled to receive such notice, either before or after the event otherwise to be specified therein, and such waiver shall be the equivalent of such notice. Waivers of notice by Holders shall be filed with the Trustee, but such filing shall not be a condition precedent to the validity of any action taken in reliance upon such waiver.

SECTION 107. Conflict with Trust Indenture Act.

If any provision of this Indenture limits, qualifies or conflicts with another provision hereof which is required or deemed to be included in this Indenture by, or is otherwise governed by, any of the provisions of the Trust Indenture Act, such other provision shall control; and if any provision hereof otherwise conflicts with the Trust Indenture Act, the Trust Indenture Act shall control.

SECTION 108. Effect of Headings and Table of Contents.

The Article and Section headings in this Indenture and the Table of Contents are for convenience only and shall not affect the construction hereof.

SECTION 109. Successors and Assigns.

All covenants and agreements in this Indenture by the Company and Trustee shall bind their respective successors and assigns, whether so expressed or not.

-13-

SECTION 110. Separability Clause.

In case any provision in this Indenture or in the Securities shall for any reason be held to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

SECTION 111. Benefits of Indenture.

Nothing in this Indenture or the Securities, express or implied, shall give to any Person (other than the parties hereto, their successors hereunder, the Holders and, so long as the notice described in Section 1513 hereof has not been given, the holders of Senior Indebtedness, and the holders of Preferred Securities in accordance with Section 610 hereof) any benefit or any legal or equitable right, remedy or claim under this Indenture.

SECTION 112. Governing Law.

This Indenture and the Securities shall be governed by and construed in accordance with the laws of the State of New York, except to the extent that the law of any other jurisdiction shall be mandatorily applicable.

SECTION 113. Legal Holidays.

In any case where any Interest Payment Date, Redemption Date or Stated Maturity of any Security shall not be a Business Day at any Place of Payment, then (notwithstanding any other provision of this Indenture or of the Securities other than a provision in Securities of any series, or in the Board Resolution or Officer's Certificate which establishes the terms of the Securities of such series, which specifically states that such provision shall apply in lieu of this Section) payment of interest or principal and premium, if any, need not be made at such Place of Payment on such date, but may be made on the next succeeding Business Day at such Place of Payment, except that if such Business Day is in the next succeeding calendar year, such payment shall be made on the immediately preceding Business Day, in each case with the same force and effect, and in the same amount, as if made on the Interest Payment Date or Redemption Date, or at the Stated Maturity, as the case may be, and, if such payment is made or duly provided for on such Business Day, no interest shall accrue on the amount so payable for the period from and after such Interest Payment Date, Redemption Date or Stated Maturity, as the case may be, to such Business Day.

-14-

## ARTICLE TWO

### Security Forms

SECTION 201. Forms Generally.

The definitive Securities of each series shall be in substantially the form or forms thereof established in the Indenture supplemental hereto establishing such series or in a Board Resolution establishing such series, or in an Officer's Certificate pursuant to such supplemental indenture or Board Resolution, in each case with such appropriate insertions, omissions, substitutions and other variations as are required or permitted by this Indenture, and may have such letters, numbers or other marks of identification and such legends or endorsements placed thereon as may be required to comply with the rules of any securities exchange or as may, consistently herewith, be determined by the officers executing such Securities, as evidenced by their execution of the Securities. If the form or forms of Securities of any series are established in a Board Resolution or in an Officer's Certificate pursuant to a Board Resolution, such Board Resolution and Officer's Certificate, if any, shall be delivered to the Trustee at or prior to the delivery of the Company Order contemplated by Section 303 for the authentication and delivery of such Securities.

Unless otherwise specified as contemplated by Section 301, the Securities of each series shall be issuable in registered form without coupons. The definitive Securities shall be produced in such manner as shall be determined by the officers executing such Securities, as evidenced by their execution thereof.

SECTION 202. Form of Trustee's Certificate of Authentication.

The Trustee's certificate of authentication shall be in substantially the form set forth below:

This is one of the Securities of the series designated therein referred to in the within-mentioned Indenture.

Dated:

_____
as Trustee

By: _____
Authorized Signatory

-15-

## ARTICLE THREE

### The Securities

*SECTION 301. Amount Unlimited; Issuable in Series.*

The aggregate principal amount of Securities which may be authenticated and delivered under this Indenture is unlimited; provided, however, that all Securities shall be issued to a Trust in exchange for securities of the Company or to evidence loans by a Trust of the proceeds of the issuance of Preferred Securities of such Trust plus the amount deposited by the Company with such Trust from time to time.

The Securities may be issued in one or more series. Prior to the authentication and delivery of Securities of any series there shall be established by specification in a supplemental indenture or in a Board Resolution, or in an Officer's Certificate pursuant to a supplemental indenture or a Board Resolution:

(a) the title of the Securities of such series (which shall distinguish the Securities of such series from Securities of all other series);

(b) any limit upon the aggregate principal amount of the Securities of such series which may be authenticated and delivered under this Indenture (except for Securities authenticated and delivered upon registration of transfer of, or in exchange for, or in lieu of, other Securities of such series pursuant to Section 304, 305, 306, 406 or 1206 and except for any Securities which, pursuant to Section 303, are deemed never to have been authenticated and delivered hereunder);

(c) if other than as provided in Section 307, the Person or Persons (without specific identification) to whom interest on Securities of such series shall be payable on any Interest Payment Date;

(d) the date or dates on which the principal of the Securities of such series is payable or any formula or other method or other means by which such date or dates shall be determined, by reference to an index or other fact or event ascertainable outside this Indenture or otherwise (without regard to any provisions for redemption, prepayment, acceleration, purchase or extension);

(e) the rate or rates at which the Securities of such series shall bear interest, if any (including the rate or rates at which overdue principal shall bear interest, if different from the rate or rates at which such Securities shall bear interest prior to Maturity, and, if applicable, the rate or rates at which overdue premium or interest shall bear interest, if any), or any formula or other method or other means by which

-16-

such rate or rates shall be determined, by reference to an index or other fact or event ascertainable outside this Indenture or otherwise; the date or dates from which such interest shall accrue; the Interest Payment Dates on which such interest shall be payable and the Regular Record Date, if any, for the interest payable on such Securities on any Interest Payment Date; the right of the Company, if any, to extend the interest payment periods and the duration of any such extension as contemplated by Section 312; and the basis of computation of interest, if other than as provided in Section 310;

(f) the place or places at which or methods by which (1) the principal of and premium, if any, and interest, if any, on Securities of such series shall be payable, (2) registration of transfer of Securities of such series may be effected, (3) exchanges of Securities of such series may be effected and (4) notices and demands to or upon the Company in respect of the Securities of such series and this Indenture may be served; the initial Security Registrar and Paying Agent or Agents for such series; and if such is the case, and the Trustee does not object, that the principal of such Securities shall be payable without presentment or surrender thereof;

(g) the period or periods within which, or the date or dates on which, the price or prices at which and the terms and conditions, if other than as provided in Article Four, upon which the Securities of such series may be redeemed, in whole or in part, at the option of the Company and any restrictions on such redemptions, including but not limited to a restriction on a partial redemption by the Company of the Securities of any series that would result in the delisting of such Securities from any national exchange;

(h) the obligation or obligations, if any, of the Company to redeem or purchase the Securities of such series pursuant to any sinking fund or other mandatory redemption provisions or at the option of a Holder thereof and the period or periods within which or the date or dates on which, the price or prices at which and the terms and conditions upon which such Securities shall be redeemed or purchased, in whole or in part, pursuant to such obligation, and applicable exceptions to the requirements of Section 404 in the case of mandatory redemption or redemption at the option of the Holder;

(i) the denominations in which Securities of such series shall be issuable if other than denominations of $25 and any integral multiple thereof;

(j) the currency or currencies, including composite currencies, in which payment of the principal of and premium, if any, and interest, if any, on the Securities of such series shall be payable (if other than in Dollars);

(k) if the principal of or premium, if any, or interest, if any, on the Securities of such series are to be payable, at the election of the Company or a Holder thereof, in a coin or currency other than that in which the Securities are stated to be

-17-

payable, the period or periods within which and the terms and conditions upon which such election may be made;

(l) if the principal of or premium, if any, or interest, if any, on the Securities of such series are to be payable, or are to be payable at the election of the Company or a Holder thereof, in securities or other property, the type and amount of such securities or other property, or the formula or other method or other means by which such amount shall be determined, and the period or periods within which, and the terms and conditions upon which, any such election may be made;

(m) if the amount payable in respect of principal of or premium, if any, or interest, if any, on the Securities of such series may be determined with reference to an index or other fact or event ascertainable outside this Indenture or otherwise, the formula or other method or other means by which such amounts shall be determined to the extent not established pursuant to clause (e) of this paragraph;

(n) if other than the principal amount thereof, the portion of the principal amount of Securities of such series which shall be payable upon declaration of acceleration of the Maturity thereof pursuant to Section 802;

(o) any Events of Default, in addition to those specified in Section 801, with respect to the Securities of such series, and any covenants of the Company for the benefit of the Holders of the Securities of such series, in addition to those set forth in Article Six, and whether such covenants may be waived pursuant to Section 607;

(p) the terms, if any, pursuant to which the Securities of such series may be converted into or exchanged for shares of capital stock or other securities of the Company or any other Person;

(q) the obligations or instruments, if any, which shall be considered to be Government Obligations in respect of the Securities of such series denominated in a currency other than Dollars or in a composite currency, and any additional or alternative provisions for the reinstatement of the Company's indebtedness in respect of such Securities after the satisfaction and discharge thereof as provided in Section 701;

(r) if the Securities of such series are to be issued in global form, (i) any limitations on the rights of the Holder or Holders of such Securities to transfer or exchange the same or to obtain the registration of transfer thereof, (ii) any limitations on the rights of the Holder or Holders thereof to obtain certificates therefor in definitive form in lieu of global form and (iii) any and all other matters incidental to such Securities;

-13-

(s) if the Securities of such series are to be issuable as bearer securities, any and all matters incidental thereto which are not specifically addressed in a supplemental indenture as contemplated by clause (g) of Section 1201;

(t) to the extent not established pursuant to clause (r) of this paragraph, any limitations on the rights of the Holders of the Securities of such Series to transfer or exchange such Securities or to obtain the registration of transfer thereof; and if a service charge will be made for the registration of transfer or exchange of Securities of such series the amount or terms thereof;

(u) any exceptions to Section 113, or variation in the definition of Business Day, with respect to the Securities of such series;

(v) the designation of the Trust to which Securities of such series are to be issued; and

(w) any other terms of the Securities of such series not inconsistent with the provisions of this Indenture.

The Securities of each series shall be subordinated in right of payment to Senior Indebtedness as provided in Article Fifteen.

SECTION 302. Denominations.

Unless otherwise provided as contemplated by Section 301 with respect to any series of Securities, the Securities of each series shall be issuable in denominations of $25 and any integral multiple thereof.

SECTION 303. Execution, Authentication, Delivery and Dating.

Unless otherwise provided as contemplated by Section 301 with respect to any series of Securities, the Securities shall be executed on behalf of the Company by an Authorized Officer and may have the corporate seal of the Company affixed thereto or reproduced thereon attested by any other Authorized Officer or by the Secretary or an Assistant Secretary of the Company. The signature of any or all of these officers on the Securities may be manual or facsimile.

Securities bearing the manual or facsimile signatures of individuals who were at the time of execution Authorized Officers or the Secretary or an Assistant Secretary of the Company shall bind the Company, notwithstanding that such individuals or any of them have ceased to hold such offices prior to the authentication and delivery of such Securities or did not hold such offices at the date of such Securities.

-19-

The Trustee shall authenticate and deliver Securities of a series, for original issue, at one time or from time to time in accordance with the Company Order referred to below, upon receipt by the Trustee of:

(a) the instrument or instruments establishing the form or forms and terms of such series, as provided in Sections 201 and 301;

(b) a Company Order requesting the authentication and delivery of such Securities and, to the extent that the terms of such Securities shall not have been established in an indenture supplemental hereto or in a Board Resolution, or in an Officer's Certificate pursuant to a supplemental indenture or Board Resolution, all as contemplated by Sections 201 and 301, establishing such terms;

(c) the Securities of such series, executed on behalf of the Company by an Authorized Officer;

(d) an Opinion of Counsel to the effect that:

(i) the form or forms of such Securities have been duly authorized by the Company and have been established in conformity with the provisions of this Indenture;

(ii) the terms of such Securities have been duly authorized by the Company and have been established in conformity with the provisions of this Indenture; and

(iii) such Securities, when authenticated and delivered by the Trustee and issued and delivered by the Company in the manner and subject to any conditions specified in such Opinion of Counsel, will have been duly issued under this Indenture and will constitute valid and legally binding obligations of the Company, entitled to the benefits provided by this Indenture, and enforceable in accordance with their terms, subject, as to enforcement, to laws relating to or affecting generally the enforcement of creditors' rights, including, without limitation, bankruptcy and insolvency laws and to general principles of equity (regardless of whether such enforceability is considered in a proceeding in equity or at law).

. . If the form or terms of the Securities of any series have been established by or pursuant to a Board Resolution or an Officer's Certificate as permitted by Sections 201 or 301, the Trustee shall not be required to authenticate such Securities if the issuance of such Securities pursuant to this Indenture will materially or adversely affect the Trustee's own rights, duties or immunities under the Securities and this Indenture or otherwise in a manner which is not reasonably acceptable to the Trustee.