## CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

FRANKFURT  MUSCAT
HOUSTON    LONDON
MEXICO CITY PARIS
MILAN      STAMFORD
           WASHINGTON

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
VOICE MAIL 212-696-6028
E-MAIL info@cm-p.com
INTERNET www.cm-p.com

April 4, 2006

*VIA ECF AND FEDERAL EXPRESS*

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

Re:  *In Re NorthWestern Corporation*

Dear Judge Farnan:

This firm is co-counsel to NorthWestern Corporation ("NorthWestern"), along with the firm of Greenberg Traurig, LLP, in connection with the action pending before this Court styled *Magten Asset Management Corp., et al. v. NorthWestern Corp.*, Civil Action No. 04-1389-JJF.

We write this letter pursuant to Your Honor's March 21, 2006 Order requesting a status report on the actions and appeals currently pending before this Court (the "Pending Actions") which have arisen out of NorthWestern's Chapter 11 bankruptcy case, commenced in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), No. 03-12872 (KFC) (the "Bankruptcy Case"). As directed by Your Honor, this letter is jointly submitted on behalf of all parties in the Pending Actions described below. While this letter sets forth the current status of each of the Pending Actions, given the number of matters and the apparent confusion that has ensued, the parties believe it would be beneficial to have an in-person status conference on all of the matters described below.

First, we would like to clarify the status of the parties' efforts at mediation of the various Pending Actions. Pursuant to this Court's Order dated October 24, 2005, a number of the Pending Actions were referred to mediation. The actions which were captioned in the October 24, 2005 Order pertaining to mediation were Civil Actions Nos: 04-1256; 04-1494; 04-1279; 04-1389; 05-209; 05-398; and 05-499. However, the scope of the parties' discussions in the context of the mediation, which took place in December 2005, included all of the actions and appeals listed below which were pending as of that time. As we advised the Court by letter dated November 10, 2005, the parties selected Alan Miller, Esq. as mediator, who agreed to serve after clearing potential conflicts. The parties thereafter provided Mr. Miller with extensive documentary background materials regarding the Pending Actions. On November 28, 2005, the

2778151v2

Hon. Joseph J. Farnan, Jr.
April 4, 2006

Page 2

parties submitted their Confidential Mediation Statements to Mr. Miller. On December 13, 2005, all parties and their counsel attended a mediation meeting with Mr. Miller in New York (the "December 2005 Mediation"). Unfortunately, as reported to the Court by Magten Asset Management Corporation ("Magten") in its letter of December 16, 2005, and as reported in NorthWestern's letter to the Court of December 19, 2005, the parties failed to reach a settlement through mediation. As of the date of this letter, none of the Pending Actions are in mediation.

As requested by the Court, we are providing herein a status and brief description of each of the actions specifically identified in Your Honor's Order (items (a) through (f), below). In the interests of providing the Court with a complete report, we have also included a discussion of the four additional actions which are currently pending before this Court (items (g) through (j), below).

(a) **Magten Asset Management Corp. v. Paul, Hastings, Janofsky & Walker LLP,** Civil Action No. 04-1279-JJF *(Disqualification Appeal)*

This is an appeal, filed by Magten on September 17, 2004, seeking a reversal of the Bankruptcy Court's Order dated July 23, 2004, which denied Magten's motion to disqualify Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings") from serving as Debtor's Counsel in connection with NorthWestern's Bankruptcy Case (the "Disqualification Appeal"). The Disqualification Appeal was fully briefed on the merits by the parties as of August 15, 2005.

As noted above, efforts to reach a settlement of this appeal at the December 2005 Mediation proved unsuccessful. No oral argument has been scheduled by the Court in connection with this action, and the Disqualification Appeal is pending decision by this Court.

(b) **Magten Asset Management Corp. v. NorthWestern Corp.,** Civil Action No. 04-1389-JJF *(Consolidated Appeals of Confirmation Order and MOU)*

This is a consolidated appeal by Magten of: (1) the Bankruptcy Court's October 19, 2004 Order (the "Confirmation Order"), which confirmed NorthWestern's Chapter 11 Plan of Reorganization (the "Plan"); and (2) the Bankruptcy Court's Order of October 14, 2004, approving the Memorandum of Understanding ("MOU")[1] which settled certain securities class actions filed against NorthWestern (collectively, the "Consolidated Appeals").

NorthWestern filed a motion to dismiss the Consolidated Appeals on March 10, 2005 on the grounds of equitable mootness (the "Motion to Dismiss"), which was fully briefed as of July 12, 2005. By Order dated March 28, 2006, this Court denied without prejudice and with leave to renew the Motion to Dismiss and the Plan Committee's Joinder in Support of the Motion

---

[1] Magten's appeal of the order approving the MOU was originally assigned Civ. Action No. 04-1508 (JJF); however, this Court consolidated the appeal with Civ. Action No. 04-1389 under Civ. No. 04-1389 on December 30, 2004.

to Dismiss, apparently because of uncertainty regarding the status of the parties' mediation efforts. NorthWestern will be seeking to renew the Motion to Dismiss shortly.

The parties also filed briefs on the merits of the Consolidated Appeals, which were fully briefed as of August 26, 2005. Oral argument has been requested but not yet scheduled, and the Consolidated Appeals of the Confirmation Order and MOU remain pending decision by this Court.

As noted above, efforts to reach a settlement of the Consolidated Appeals at the December 2005 Mediation proved unsuccessful

    (c)    **Magten Asset Management Corp. & Law Debenture Trust Co. of N.Y. v. NorthWestern Corp., Civil Action No. 05-0209-JJF** *(9019 Appeal)*

This is an appeal of the Bankruptcy Court's March 10, 2005 decision denying the motion filed by Magten and Law Debenture Trust Co. of New York ("Law Debenture") pursuant to Bankruptcy Rule 9019, which sought approval and enforcement of a rescinded proposed settlement agreement which had been negotiated with NorthWestern and which contemplated a global settlement of all the various actions and appeals commenced by Magten and/or Law Debenture at that time in connection with NorthWestern's Bankruptcy Case.

As noted above, efforts to reach a settlement of this appeal at the December 2005 mediation proved unsuccessful. This appeal was fully briefed by the parties as of September 7, 2005, and remains pending decision by this Court.

    (d)    **Magten Asset Management Corp. v. Paul Hastings Janofsky & Walker, LLP, C.A. No. 05-398-JJF**
*(Appeal of Paul Hastings Fee Award)*

This is an appeal by Magten of the Bankruptcy Court's Order of May 9, 2005, which approved the final fee application of Paul Hastings in connection with its services as Debtor's Counsel in NorthWestern's Bankruptcy Case.

This appeal was referred to mediation under this Court's standing mediation order, and a Special Master/Mediator, Louis C. Bechtle, Esq., was appointed by order of this Court dated June 29, 2005. However, the parties have agreed that, given the relationship of this appeal to all of the other matters described herein, a separate mediation of this individual appeal would not be fruitful. On August 9, 2005, this Court approved a Stipulation and Order submitted by Magten and Paul Hastings deferring mediation of this appeal until after the Court rendered a decision concerning Civil Action No. 04-1279-JJF, the Disqualification Appeal, described in (a), above.

A potential settlement of this appeal was included in the discussions at the December 2005 Mediation, which was unsuccessful.

Hon. Joseph J. Farnan, Jr.
April 4, 2006

Page 4

The parties have submitted designations of record and statement of issues on appeal, but have not yet filed briefs on the merits of this appeal. To the extent that this appeal is not rendered moot by the Court's decision with respect to the Disqualification Appeal, the Consolidated Appeals, or the 9019 Appeal, the parties intend to submit to the Court an agreed upon briefing schedule.

(e) **Magten Asset Management Corp. v. NorthWestern Corp.,**
Civil Action No. 05-548-JJF *(Appeal of Denial of Magten's Fees)*

This is an appeal by Magten of the Bankruptcy Court's Order of June 6, 2005, which denied Magten's application for fees incurred in connection with its defense of an Adversary Proceeding brought against it by NorthWestern during the course of NorthWestern's Bankruptcy Case, which was subsequently dismissed voluntarily by NorthWestern.

This appeal was referred to mediation under this Court's standing mediation order, and a Special Master/Mediator, Louis C. Bechtle, Esq., was appointed by order of this Court dated August 25, 2005. However, the parties have agreed that, given the relationship of this appeal to all of the other matters described herein, a separate mediation of this individual appeal would not be fruitful.

A potential settlement of this appeal was included in the discussions at the December 2005 Mediation, which was unsuccessful.

The parties have submitted designations of record and statement of issues on appeal, but have not yet filed briefs on the merits of this appeal. To the extent that this appeal is not rendered moot by the Court's decisions on the Consolidated Appeals and the 9019 Appeal, the parties intend to submit to the Court an agreed upon briefing schedule.

(f) **Law Debenture Trust Company of New York v. NorthWestern Corp.,**
Civil Action No. 05-603-JJF *(Appeal of Denial of Law Debenture Fees)*

This is an appeal by Law Debenture of the Bankruptcy Court's Order of July 5, 2005, which denied, in part, Law Debenture's application for fees incurred in connection with its role as Indenture Trustee on behalf of the holders of certain securities known as "QUIPS," who filed claims against NorthWestern in the Bankruptcy Case and on whose behalf the Adversary Proceeding against NorthWestern described in (g), below, (Civil Action No. 04-1494-JJF), was commenced.

This appeal was referred to mediation under this Court's standing mediation order, and a Special Master/Mediator, Louis C. Bechtle, Esq., was appointed by Order of this Court dated August 31, 2005. However, the parties have agreed that, given the relationship of this appeal to all of the other matters described herein, a separate mediation of this individual appeal would not be fruitful.

Hon. Joseph J. Farnan, Jr.
April 4, 2006

Page 5

A potential settlement of this appeal was included in the discussions at the December 2005 Mediation, which was unsuccessful.

The parties have submitted designations of record and statement of issues on appeal, but have not yet filed briefs on the merits of this appeal. To the extent that this appeal is not rendered moot by the Court's decisions on the Consolidated Appeals and the 9019 Appeal, the parties intend to submit to the Court an agreed upon briefing schedule.

(g) **Magten Asset Management Corp. and Law Debenture Trust Co. of N.Y. v. NorthWestern Corp., Civil Action No. 04-1494-JJF** (*Fraudulent Conveyance Action*)

Magten and Law Debenture ("Plaintiffs") originally commenced this action as an Adversary Proceeding in NorthWestern's Bankruptcy Case in April 2004, asserting that a November 2002 transfer of assets and liabilities from a NorthWestern subsidiary, Clark Fork & Blackfoot LLC ("Clark Fork") to NorthWestern (the "Going Flat Transaction") was a fraudulent conveyance, and seeking to avoid the transfer. The Adversary Proceeding was assigned Adv. Pro. No. 04-53324 in the Bankruptcy Case. By Order dated December 7, 2004, the Bankruptcy Court stayed the Fraudulent Conveyance Action, pending this Court's decision on the appeal of the Confirmation Order (Civil Action No. 04-1389-JJF, described in (b), above), due to the fact that the Fraudulent Conveyance Action involves issues which are presented in Magten's appeal of the Confirmation Order.

On September 22, 2005, this Court withdrew the reference in this action and the case was assigned Civil Action No. 04-1494-JJF.

As noted above, efforts to reach a settlement of this action at the December 2005 Mediation proved unsuccessful. Thereafter, on January 4, 2006, counsel for NorthWestern, Magten, Law Debenture, Hanson and Kindt, and Paul Hastings held a telephonic Rule 26(f) conference. Plaintiffs submitted a report to the Court with a proposed discovery scheduling order on January 9, 2006, and a separate report and proposed discovery schedule was submitted to the Court on behalf of defendants NorthWestern, Paul Hastings, and Hanson and Kindt on January 10, 2006. The Court has not yet approved a scheduling order. Plaintiffs served their first discovery requests upon NorthWestern on January 24, 2006. Magten also served discovery requests upon Paul Hastings on January 23, 2006, upon defendants Hanson and Kindt on January 24, 2006, and subpoenas *duces tecum* upon a number of third parties on January 27, 2006, in the related actions described in items (h) and (i), below.

NorthWestern filed a Motion for a Protective Order with this Court on February 2, 2006 in connection with Civil Action Nos. 04-1494, 04-1256, and 05-0499 (the "Motion for a Protective Order"), seeking to limit discovery to issues involving the Bank of New York, the indenture trustee for the QUIPS at the time of the Going Flat Transaction. The Motion was joined by Paul Hastings and Hanson and Kindt, defendants in Civil Action Nos. 04-1256 and 05-0499, respectively, and opposed by Magten and Law Debenture, and was fully briefed as of

Hon. Joseph J. Farnan, Jr.
April 4, 2006

Page 6

February 21, 2006. Oral argument has been requested, but not yet been scheduled by the Court, and the Motion for a Protective Order is currently pending decision by this Court.

On February 1, 2006, the Plan Committee appointed under NorthWestern's Chapter 11 Plan of Reorganization filed a motion to intervene in this action (the "Intervention Motion"), either in its own right as a party in interest or pursuant to an Order substituting the Plan Committee for the Official Committee of Unsecured Creditors which served during NorthWestern's Bankruptcy Case.[2] The Intervention Motion has been opposed by NorthWestern, Magten and Law Debenture. The motion was fully briefed as of February 21, 2006, and oral argument has been requested by the Plan Committee but has not yet been scheduled. The Intervention Motion is currently pending decision by this Court.

By Order dated February 8, 2006, this Court appointed John James, Esq., as Special Master to oversee discovery matters in connection with this action and the two related actions described below, *i.e.*, Civil Action Nos. 04-1494, 04-1256 and 05-0499.

**(h)     Magten Asset Management Corp. v. Paul Hastings Janofsky & Walker, LLP, Civil Action No. 04-1256-JJF**
*(Aiding and Abetting Action)*

This action was brought by Magten against Paul Hastings in Montana state court on May 20, 2004, for allegedly aiding and abetting breaches of fiduciary duty by corporate officers while serving as counsel to NorthWestern and Clark Fork in connection with the Going Flat Transaction. The action was removed to the United States District Court for the District of Montana, which then transferred the case to this Court on September 14, 2004.

As noted above, efforts to reach a settlement of this action at the December 2005 Mediation proved unsuccessful. On January 4, 2006, counsel for NorthWestern, Magten, Law Debenture, Hanson and Kindt, and Paul Hastings held a telephonic Rule 26(f) conference. As noted above, these parties submitted reports to the Court, with proposed Discovery Scheduling Orders, on January 9 and 10, 2006. The Court has not yet approved a scheduling order. Magten served its first discovery requests upon Paul Hastings on January 23, 2006. Paul Hastings served its written responses and objections to those requests on February 22, 2006.

Paul Hastings has joined in NorthWestern's Motion for a Protective Order to limit discovery, filed on February 2, 2006. Magten and Law Debenture have opposed the Motion for a Protective Order, and the motion is currently pending decision by this Court.

As noted above, by Order dated February 8, 2006, this Court appointed John James, Esq., as Special Master to oversee discovery matters in connection with Civil Action Nos. 04-1494, 04-1256 and 05-0499.

---

[2] The Plan Committee also filed a motion to expedite consideration of the Intervention Motion on February 1, 2006, which is currently pending decision by this Court.

2778151v2

Hon. Joseph J. Farnan, Jr.
April 4, 2006

Page 7

On March 31, 2006, Paul Hastings filed a Motion pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings in this action.

### (i) Magten Asset Management Corp. v. Mike J. Hanson and Ernie J. Kindt, Civil Action No. 05-0499-JJF *(Hanson and Kindt Action)*

Magten commenced this action in Montana state court in April 2004, alleging that certain officers of Clark Fork breached their fiduciary duties to creditors in connection with the Going Flat Transaction. The action was removed to the United States District Court for the District of Montana, which then transferred the action to this Court on July 11, 2005. Before transferring the action, the Montana District Court issued an order staying all discovery. It is defendants' position that the discovery stay entered by the Montana District Court remains in effect because no order has been entered by any court lifting the stay. It is Magten's position that, in light of the status conference held before the Court in October 2005, the request for a second round of mediation and the appointment of a Special Master, the stay is no longer in effect.

As noted above, efforts to reach a settlement of this action at the December 2005 Mediation proved unsuccessful. On January 4, 2006, counsel for NorthWestern, Magten, Law Debenture, Hanson and Kindt, and Paul Hastings held a telephonic Rule 26(f) conference. As noted above, these parties submitted reports to the Court, with proposed Discovery Scheduling Orders, on January 9 and 10, 2006. The Court has not yet approved a scheduling order. Magten served its first discovery requests upon Hanson and Kindt on January 24, 2006.

Defendants Hanson and Kindt have joined in NorthWestern's Motion for a Protective Order to limit discovery, filed on February 2, 2006. Magten and Law Debenture have opposed the Motion for a Protective Order, and the motion is currently pending decision by this Court.

As noted above, by Order dated February 8, 2006, this Court appointed John James, Esq., as Special Master to oversee discovery matters in connection with Civil Action Nos. 04-1494, 04-1256 and 05-0499.

### (j) The Plan Committee of NorthWestern Corp. v. NorthWestern Corp., Civil Action No. 06-157 (JJF) *(Appeal of Surplus Distribution Motion)*

This is an appeal of the Bankruptcy Court's Order entered on February 7, 2006, which denied the Plan Committee's Motion in Aid of Consummation and Implementation of the Plan for Order Authorizing and Directing NorthWestern Corporation to Distribute Surplus Distributions. After the Plan Committee, Magten and Law Debenture filed their designations of record and statement of issues, the notice of the appeal was docketed in this Court on March 9, 2006 by the Clerk of Court. Per the Clerk of Court's notice of docketing in accordance with this Court's Standing Order dated July 23, 2004, the appeal was referred to the Appellate Mediation Panel and briefing has been deferred. As a result, the parties have not filed briefs on the merits of this appeal. A mediator has not been appointed.

Hon. Joseph J. Farnan, Jr.
April 4, 2006

Page 8

On March 9, 2006, the Plan Committee filed its Motion for Relief from the Standing Order on Mediation and for Expedited Briefing and Oral Argument ("Motion to Expedite Appeal"). NorthWestern has joined in the Motion to Expedite Appeal and supports the relief requested including the request to bypass mediation for this appeal. Magten and Law Debenture filed a joint response to the Motion to Expedite Appeal in which they also support bypassing mediation, but oppose an expedited briefing schedule. On March 24, 2006, the Plan Committee filed a notice of completion of briefing. The Motion to Expedite Appeal is currently pending decision by this Court.

We hope the foregoing is helpful to the Court in providing an overview and status of the actions currently pending before it. As noted above, all the parties are available for an in-person status conference to address all of the outstanding issues before the Court.

Respectfully submitted,

Joseph D. Pizzurro

cc: Clerk of Court (Via ECF)
Dale R. Dube, Esq. (Via E-Mail: dube@blankrome.com)
Bonnie Steingart, Esq. (Via E-Mail: steinbo@friedfrank.com)
Gary L. Kaplan, Esq. (Via E-Mail: kaplaga@friedfrank.com)
John W. Brewer, Esq. (Via E-Mail: brewejo@friedfrank.com)
Kathleen M. Miller, Esq. (Via E-Mail: kmiller@skfdelaware.com)
Bijan Amini, Esq. (Via E-Mail: bamini@samlegal.com)
Amanda Darwin, Esq. (Via E-Mail: adarwin@nixonpeabody.com)
John V. Snellings, Esq. (Via E-Mail: jsnellings@nixonpeabody.com)
Stanley T. Kaleczyc, Esq. (Via E-Mail: stan@bkbh.com)
Kimberly Beatty, Esq. (Via E-Mail: kim@bkbh.com)
Denise Seastone Kraft, Esq. (Via E-Mail: dkraft@edwardsangell.com)
Paul Spagnoletti, Esq. (Via E-Mail: paul.spagnoletti@dpw.com)
Steven J. Reisman, Esq. (Via E-Mail: sreisman@cm-p.com)
Victoria Counihan, Esq. (Via E-Mail: counihanv@gtlaw.com)
Alan W. Kornberg, Esq. (Via E-Mail: akornberg@paulweiss.com)
Kelley A. Cornish, Esq. (Via E-Mail: kcornish@paulweiss.com)
Neil B. Glassman, Esq. (Via E-Mail: nglassman@bayardfirm.com)
Charlene Davis, Esq. (Via E-Mail: cdavis@bayardfirm.com)

2778151v2