Case 1:04-cv-01494-JJF   Document 88   Filed 10/03/06   Page 1 of 9 PageID #: 976

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : |
| NORTHWESTERN CORPORATION, | : Chapter 11 |
| | : |
| Reorganized Debtor. | : Case No. 03-12872 (JLP) |
| | : |
| | : |
| MAGTEN ASSET MANAGEMENT | : |
| CORPORATION and LAW DEBENTURE | : |
| TRUST COMPANY OF NEW YORK | : |
| | : |
| Plaintiffs, | : Adversary No. 04-53324 |
| | : |
| v. | : Civil Action No. 04-1494-JJF |
| | : |
| NORTHWESTERN CORPORATION | : |
| | : |
| | : |
| Defendant. | : |

Bonnie Steingart, Esquire, Gary L. Kaplan, Esquire, and John J.
Brewer, Esquire, of FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP,
New York, New York.
Dale Dubé, Esq., and Elip Battista, Jr., Esq., of BLANK ROME LLP,
Wilmington, Delaware.
Attorneys for Plaintiff Magten Asset Management Corporation.


John V. Snellings, Esquire, Francis C. Morrissey, Esquire, and
Lee Harrington, Esquire, of NIXON PEABODY LLP, Boston,
Massachussets.
Kathleen M. Miller, Esquire, of SMITH, KATZENSTEIN & FURLOW, LLP,
Wilmington, Delaware.
Attorneys for Plaintiff Law Debenture Trust Company of New York.


Joseph D. Pizzuro, Esquire, Steven J. Reisman, Esquire, Nancy E.
Delaney, Esquire, and Miriam K. Harwood, Esquire, of CURTIS,
MALLET-PREVOST, COLT & MOSLE LLP, New York, New York.
Victoria Counihan, Esquire, and Dennis A. Meloro, Esquire, of
GREENBERG TRAURIG, LLP, Wilmington, Delaware.
Attorneys for Defendant.

Alan W. Kornberg, Esquire, Margaret A. Phillips, Esquire, and
Ephraim I. Diamond, Esquire, of PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP, New York, New York.
Neil Glassman, Esquire, Charlene D. Davis, Esquire, and Eric M.
Sutty, Esquire, of THE BAYARD FIRM, Wilmington, Delaware
Attorneys for The Plan Committee.

**MEMORANDUM OPINION**

October 3, 2006
Wilmington, Delaware

Farnan, District Judge

Presently before the Court is the Motion of the Plan
Committee for an Order Substituting the Plan Committee for the
Official Committee, or in the Alternative, to Intervene in
Adversary Proceeding.  (D.I. 53.)  Both the Plaintiffs and the
Debtor/Defendant have filed objections.  (D.I. 68 and D.I. 69.)
For the reasons set forth below, the Court has denied the Plan
Committee's Motion.

## BACKGROUND

The Debtor petitioned the United States Bankruptcy Court for
the District of Delaware for Chapter 11 relief on September 14,
2003.  On September 30, 2003, the Official Committee of Unsecured
Creditors (the "Official Committee") was appointed by the Office
of the United States Trustee to protect the interests of the
Debtor's unsecured creditors pursuant to 11 U.S.C. § 1102.  On
April 16, 2004, Plaintiffs Magten Asset Management Corporation
and Law Debenture Trust Company of New York filed a complaint
against the Debtor in the Bankruptcy Court, alleging that the
Debtor had received fraudulently transferred assets from its
subsidiaries and seeking to reclaim those assets.  Any judgment
in this Adversary Proceeding will be satisfied from the Disputed
Claims Reserve established in the Debtor's Plan of
Reorganization, and any remaining funds in the reserve will then

1

be distributed to certain unsecured creditors (holders of Allowed Class 7 and Class 9 claims) on a pro rata basis.

The Bankruptcy Court permitted the Official Committee to intervene as of right in the Adversary Proceeding (D.I. 53 Ex. A), but the Official Committee has since been effectively dissolved, with all of its members having resigned. The Plan Committee, which filed the instant Motion, was created by the Debtor's Plan of Reorganization "to assist, advise and monitor the Reorganized Debtor's claims reconciliation and settlement process." (D.I. 68, Ex. A at 2.)

## ANALYSIS

## I. Whether the Plan Committee Should be Substituted for the Official Committee in the Adversary Proceeding

By its Motion, the Plan Committee contends that it is entitled to take the place of the Official Committee in this Adversary Proceeding under the "transfer of interest" provision of Fed. R. Civ. P. 25(c), because "as a practical matter," it is the successor to the Official Committee. (D.I. 53 at 7.) The Plan Committee urges the Court to allow the substitution pursuant to its authority under 11 U.S.C. § 105(a), in order "to ensure that the interests of the constituents of the Official Committee and the Plan Committee are fully protected." (Id. at 8.)

2

Rule 25(c) provides that "[i]n case of any transfer of interest, the action may be continued by or against the original party . . . ." Fed. R. Civ. P. 25(c). Courts have held that a transfer of interest occurs when, for example, "one corporation becomes the successor to another by merger or other acquisition of the interest the original party had in the lawsuit," <u>Luxliner P/L Export, Co. v. RDI/Luxliner, Inc.</u>, 13 F.3d 69, 72 (3d Cir. 1993), or when the new party is the transferee of a patent-in-suit. <u>Hazeltine Corp. v. Kirkpatrick</u>, 165 F.2d 683, 685 (3d Cir. 1948). "Although granting substitution of one party in litigation for another under Rule 25(c) is a discretionary matter for the trial court . . . such discretion may not be abused by allowing substitution in the absence of a transfer of interest." <u>State Bank of India v. Chalasani</u>, 92 F.3d 1300, 1312 (2d Cir. 1996). Furthermore, as the above cases suggest, Rule 25(c) contemplates the "transfer or assignment <u>of a tangible interest</u>." <u>Id.</u> (emphasis added).

The Plan Committee has not presented any evidence to indicate that it was the recipient of a transfer or assignment of a tangible interest, except to say that it has taken over the Official Committee's duties "for all practical purposes," including participating in litigation to protect the interests of unsecured creditors, (D.I. 53 at 7), and to point out that one of

3

the members of the Plan Committee was a member of the Official
Committee.  (D.I. 53, n.2.)  In the Court's view, the Plan
Committee's reasons for substitution are insufficient.  The
Official Committee was created pursuant to statute for the
express purpose of representing the interests of creditors
holding unsecured claims.  11 U.S.C. § 1102.  There is no
indication that the Plan Committee, created by the Plan of
Reorganization for a narrower purpose, has in any way inherited
the Official Committee's statutory duty.  Thus, the Court is not
persuaded that the reasoning underlying the Bankruptcy Court's
decision to allow the Official Committee to intervene applies
here.  Because the Plan Committee is not the transferee of any
relevant interest under Rule 25(c), the Court concludes that it
should not be substituted for the Official Committee as an
intervenor in this Adversary Proceeding.

## II.  Whether the Plan Committee May Intervene as of Right

Alternatively, the Plan Committee argues that it is entitled
to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(1),
which permits a party to intervene in an action "when a statute
of the United States confers an unconditional right to
intervene."  According to the Plan Committee, 11 U.S.C. § 1109(b)
is a statute meeting that description.  Section 1109(b) provides
that "[a] party in interest, including the debtor, the trustee, a

4

creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and appear to be heard on any issue in any case under this chapter." 11 U.S.C. § 1109(b). The Plan Committee contends that, despite not belonging to any of the enumerated categories in Section 1109(b), it nonetheless meets the definition of "a party in interest." It argues that the combination of Rule 24(a)(1) and 11 U.S.C. § 1109(b), along with Bankruptcy Rule 7024 (making Rule 24 applicable to bankruptcy adversary proceedings) and 11 U.S.C. § 105(a), gives it the right to intervene.

The Third Circuit has held that Section 1109(b), Rule 24 and Bankruptcy Rule 7024 give parties in interest the unconditional right to intervene in both adversary proceedings "arising under" Chapter 11 and ones "related to" Chapter 11. Phar-Mor v. Coopers & Lybrand, 22 F.3d 1228, 1230 (3d Cir. 1994). There is no dispute here that this case is at least "related to" Chapter 11, and therefore, the decision turns on whether the Plan Committee is a "party in interest" within the meaning of Section 1109(b) so as to allow for the Plan Committee's full intervention in this action.

The Plan Committee correctly points out that the enumeration of various possible entities meeting the definition of "party in interest" in § 1109(b) is not exclusive given the use of the word

5

"including." The Plan Committee is also correct that the section is applied and interpreted broadly in order to ensure that those whose interests are being adjudicated are heard. In re Amatex Corp., 755 F.2d 1034, 1042 (3d Cir. 1985). "Courts must determine on a case by case basis whether the prospective party in interest has a sufficient stake in the proceeding so as to require representation." Id.

In this case, a reading of the Plan Committee's purpose as set out in its own by-laws reveals that the Committee does not have a sufficient stake in this litigation to be considered a party in interest for purposes of successfully intervening in this action.[1] The Plan Committee's purpose is "to assist, advise and monitor the Reorganized Debtor's claims reconciliation and settlement process." (D.I. 68, Ex. A at 2.) The Committee's procedures, as set out in the by-laws, concern only the Plan Committee's right to review proposed settlements. (D.I. 68, Ex.

---

[1]    In an appeal related to Northwestern's bankruptcy proceedings, the Court stated that the Plan Committee was, at least a party in interest, for purposes of allowing the Plan Committee's joinder brief, which reiterated arguments already advanced by the Debtor, to be considered by the Court. Magten Asset Management Corp. v. Northwestern Corp., Civil Action No. 04-1389-JJF. However, the Court did not consider the more precise question here related to the Plan Committee's ability to not just join in briefing on an appeal, but to fully participate in an adversary proceeding as an intervenor. Accordingly, the Court does not construe its previous decision to be dispositive of the issues here.

6

B at 3-4.)  With regard to this litigation, it appears that not
only has the Plan Committee exercised its right to review
proposed settlements, but it has also been able to successfully
object to them.  (D.I. 71, Ex. A and B.)  Furthermore, the Plan
Committee has been permitted to participate in Court-ordered
mediations.  Though the Plan Committee argues that it has a more
general duty to represent unsecured creditors' interests in this
Adversary Proceeding, the Court concludes that the Plan
Committee's requested involvement in this litigation would fall
far outside the limited purpose for which it was established.

The Plan Committee may review and object to any proposed
settlements related to this Adversary Proceeding, in accordance
with its stated purpose.  However, the Court concludes that the
Plan Committee is not a "party in interest" within the meaning of
Section 1109(b) for the purposes of intervening in this
proceeding, and that a decision to grant the Plan Committee the
right to intervene would unnecessarily complicate the proceedings
and escalate the costs of the litigation for the parties.

## CONCLUSION

For the reasons discussed, the Court has denied the Plan
Committee's Motion for an Order Substituting the Plan Committee
for the Official Committee, or in the Alternative, to Intervene
in Adversary Proceeding.