# TAB 1
# AFFIDAVIT AND SUBPOENA

Case 1:04-cv-01494-JJF  Document 97-2  Filed 11/30/2006  Page 1 of 4

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**AFFIDAVIT OF SERVICE**

Eric Lappegard, being duly sworn, on oath says: that on the 31st day of January, 2006, at 2:11 PM (s)he served the attached Subpoena and Exhbits upon Deloitte & Touche, LLP therein named, personally at 120 South 6th Street, #400, Minneapolis, County of Hennepin, State of Minnesota, by handing to and leaving with Patrick Prunty, Partner, a true and correct copy thereof.

Patrick Prunty is a white male, approximately 55 years old, 180 #, 5'10" with gray hair.

Subscribed and sworn to before me,
February 3, 2006.

_____
Notary Public

ROSE BATSELL
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

Re: Magten Asset Mgmt.

AO 88 (Rev. 7/00) Subpoena in a Civil Case

## Issued by the
# United States District Court
DISTRICT OF __MINNESOTA__

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION,<br>　　　　　Plaintiff,<br>v.<br>PAUL HASTINGS JANOFSKY & WALKER LLP<br>　　　　　Defendant. | **SUBPOENA IN A CIVIL CASE -** *DUCES TECUM*<br><br>Case Number: 04-1256 (JJF)<br>(Case pending in the United States District Court for the District of Delaware) |

TO:　DELOITTE & TOUCHE LLP
　　　120 SOUTH 6ᵀᴴ STREET
　　　SUITE 400
　　　MINNEAPOLIS, MN 55402

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.*

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Metro Legal Services, Inc.<br>330 2ⁿᵈ Avenue South, Suite 150<br>Minneapolis, MN 55401-2217 | FEBRUARY 13, 2006 AT 10:00 A.M.* |

■ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):**All documents identified on the attached Exhibit A**
**Attendance at the deposition will be waived if the deponent produces the requested documents before February 13, 2006.*

| PLACE | DATE AND TIME |
|---|---|
| Metro Legal Services, Inc.<br>330 2ⁿᵈ Avenue South, Suite 150<br>Minneapolis, MN 55401-2217 | FEBRUARY 13, 2006 AT 10:00 A.M.* |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>/s/ David A. Jenkins (ID No. 932)<br>Attorney for Defendant | DATE<br><br>January 27, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Smith, Katzenstein & Furlow LLP, 800 Delaware Avenue, P.O. Box 410, Wilmington, DE 19899
(302) 652-8400

cc: Magten Litigation Service List

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on next page)

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                    DATE                                           SIGNATURE OF SERVER

                                                                     _____

                                                                     ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place with the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

10010652.WPD