IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORP. and LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWESTERN CORPORATION,<br><br>Defendant. | Civil Action No. 04-1494-JJF |
| MAGTEN ASSET MANAGEMENT CORP.,<br><br>Plaintiff,<br><br>v.<br><br>MIKE J. HANSON and ERNIE J. KINDT,<br><br>Defendants. | Civil Action No. 05-499-JJF |
| MAGTEN ASSET MANAGEMENT CORP. Suing individually and derivatively on behalf of CLARK FORK and BLACKFOOT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PAUL HASTINGS JANOFSKY & WALKER LLP,<br><br>Defendant. | Civil Action No. 04-1256-JJF |

**MOTION OF MAGTEN ASSET MANAGEMENT CORPORATION
AND LAW DEBENTURE TRUST COMPANY OF NEW YORK TO COMPEL
<u>PRODUCTION OF DOCUMENTS AND FOR EXPENSES</u>**

Plaintiffs Magten Asset Management Corporation ("Magten") and Law Debenture Trust Company of New York[1] ("Law Debenture" and together with Magten, the "Plaintiffs"), by and through their counsel, pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure, move for the entry of an order compelling defendants Northwestern Corporation ("NorthWestern"), Mike J. Hanson ("Hanson") and Ernie J. Kindt ("Kindt" and together with NorthWestern and Hanson, the "NorthWestern Defendants") to produce documents and pay expenses.[2] In support of this Motion, Plaintiffs state as follows:

### Background

1. On or about January 24, 2006, Plaintiffs[3] served each of the NorthWestern Defendants with a First Request for Production of Documents (collectively, the "First Requests"). See Declaration of Bonnie Steingart dated December 15, 2006 filed contemporaneously herewith (the "Steingart Decl."), Ex. A.

2. On February 2, 2006, NorthWestern filed a Motion for a Protective Order ("Motion for Protective Order") with respect to the First Requests. See Steingart Decl. Ex. B. While NorthWestern, through the Motion for Protective Order, sought to substantially limit the scope of the First Requests, NorthWestern did not make a blanket refusal to produce any responsive documents. Nevertheless, NorthWestern relied on Local Rule 30.2 and refused to produce any documents while the Motion for Protective Order was pending with the Court.

---

[1] Law Debenture, as a co-plaintiff in the action *Magten and Law Debenture v. NorthWestern*, CA 04-1494, joins in the relief sought herein only with respect to defendant NorthWestern and not with respect to the relief sought against Hanson and Kindt.

[2] Magten and the NorthWestern Defendants have agreed that NorthWestern may make a joint production on behalf of itself and Hanson and Kindt, former officers of Clark Fork (a wholly owned subsidiary of NorthWestern). However, Hanson and Kindt are subject to the relief sought in this Motion, as Hanson and Kindt's own obligations to respond to discovery demands will only be discharged if, and when, NorthWestern makes an adequate production of documents. In addition, discussions between Magten and defendant Paul Hastings Janofsky & Walker LLP in the action captioned, *Magten v. Paul Hastings*, CA 04-1256, regarding the timing and scope of document production are currently ongoing and discovery related issues in that action do not, at this time, require the intervention of the Court.

Hanson and Kindt joined in the relief sought in the Motion for Protective Order. See Steingart Decl. Ex. C.

3.      By Order dated September 29, 2006, this Court denied the Motion for Protective Order in its entirety. See Steingart Decl. Ex. D.

4.      On October 13, 2006, the parties held a meet and confer teleconference. See Steingart Decl. Para. No. 6.

5.      On or about October 27, 2006, the NorthWestern Defendants served their Responses and Objections to the First Requests (the "Responses"). See Steingart Decl. Ex. F. The NorthWestern Defendants indicated that, subject to certain general objections, they would produce responsive documents to more than half of the requests.

6.      Approximately 10 days prior to service of the Responses, NorthWestern had advised Magten's counsel and this Court that "NorthWestern is prepared to begin shortly production of documents on a rolling basis." See Steingart Decl. Ex. E.

7.      Notwithstanding NorthWestern's representations regarding document production, no documents were produced by the NorthWestern Defendants in October 2006.

8.      Because the NorthWestern Defendants did not actually produce any documents, nor did they give any indication of when they intended to do so, by letters dated November 2 and 3, 2006, counsel for Magten requested that the NorthWestern Defendants provide dates certain for the commencement and completion of the production of documents responsive to those requests that they already indicated they would produce. See Steingart Decl. Ex. G and H.

9.      Again, no documents were produced and no schedule for production was provided by the Defendants.

---

[3] The document requests served on Hanson and Kindt were served only by Magten, as plaintiff in the action captioned *Magten v. Hanson and Kindt, CA 05-499.*

10.     By letter dated November 7, 2006, counsel for NorthWestern stated that the production of documents would begin on November 9, 2006. Counsel estimated the production on November 9 would consist of "in excess of 20,000 pages of documents." See Steingart Decl. Ex. J. Instead, approximately 10,300 pages of documents were produced. This production was woefully inadequate, particularly in light of the fact that NorthWestern indicated that there will likely be hundreds of thousands of pages responsive to the First Requests. See Steingart Decl. Ex. E.

11.     Since November 9, in a series of telephone calls and written correspondence between the parties, Plaintiffs have been negotiating in good faith with the NorthWestern Defendants' with respect to their specific objections to the First Requests. While all of the First Requests are relevant to the allegations in the actions, the parties hope that certain of NorthWestern's objections can be resolved in a cost effective manner by entering into a mutually agreeable stipulation whereby the parties will agree to facts that will eliminate the need for the NorthWestern Defendants to respond to specific requests related to such facts.

12.     On Monday, November 20, 2006, at the request of Magten's counsel, the parties held a teleconference aimed at narrowing differences with respect to objections to the First Requests. See Steingart Decl. Para. No. 15. On the call, Magten asked for a date by which production of documents would be complete. Once again, the NorthWestern Defendants declined to commit to a date certain, stating that they were not in a position to provide a production date at that time.

13.     On November 27, 2006, NorthWestern's counsel sent a letter to Magten's counsel following up on a number of the issues addressed in the November 20 call. See Steingart Decl. Ex. M. The letter, however, failed to provide a date by which NorthWestern would produce a

second tranche of responsive documents, let alone a date by which production would be complete.

14. Having heard nothing further in the interim and no other documents having been produced, on Monday, December 4, 2006, Magten's counsel sent a letter to NorthWestern calling their attention to their failure to produce further documents and demanding that they commit to a deadline for the completion of production. See Steingart Decl. Ex. O. The December 4 letter requested that NorthWestern provide a response by Friday, December 8, 2006. No response came by December 8.

15. Late on the day of Monday, December 11, counsel for NorthWestern sent Magten a letter in which, yet again, NorthWestern refused to a commit to a date for the completion of production. See Steingart Decl. Ex. P. To the extent that this most recent letter appears to couple the timing of further production with a final agreement on withdrawing certain requests in exchange for a mutually agreeable stipulation that would stipulate to facts being sought through the requests, this is a new position that NorthWestern never previously raised. Moreover, NorthWesten failed to provide a schedule for the production of documents to requests as to which the parties had already reached agreement on the scope of production.

16. As the correspondence between the parties makes clear, this is not a situation in which a defendant claims that it requires yet another month to complete production while plaintiffs believe that, with reasonable diligence, it can be completed sooner. Rather, this a case in which the defendants have failed to even provide a position on when they expect to complete production. While NorthWestern has recently indicated that a further installment of its production will be coming in the near term, it has not indicated when the production will be coming or whether it will be of a significant volume. Specifically, there is no good reason why

NorthWestern has not already produced documents that were produced to the Securities and Exchange Commission (the "SEC") in connection with its investigation of the restatement of NorthWestern's financials – the threshold fraud issue in these litigations. It is inconceivable that any documents produced or shared with the SEC would not be relevant to Plaintiffs' litigations. Moreover, NorthWestern has not denied that these documents have long since been assembled in a form in which they could readily be produced to Plaintiffs and do not require privilege review before production. See Steingart Decl. Ex. P.

17. Indeed, the SEC recently filed a lawsuit charging five current and former NorthWestern employees with violating the federal securities laws by causing NorthWestern to issue materially false financial statements during the period relevant to this action -- false financial statements which are directly relevant to the threshold fraud issue in Plaintiffs' action against NorthWestern. See Steingart Decl. Exh. N. Four of the defendants immediately settled, agreeing not to dispute the SEC's charges; a fifth defendant remains employed by NorthWestern as a Vice President despite the SEC's serious charges against him. We understand from NorthWestern's own public disclosures that the SEC's investigation is ongoing and further charges may be brought.

18. Accordingly, following up on NorthWestern's continuing failure to cooperate with Magten's requests, on December 14, 2006, Magten sent a letter to NorthWestern further expressing its disappointment with NorthWestern's continued delay and advising NorthWestern that its actions leave Plaintiffs with no choice but to seek the Court's intervention. See Steingart Decl. Ex. Q.

19. As of the date of this Motion, the NorthWestern Defendants have failed to (a) produce the documents which are responsive to the First Requests; (b) agree to a deadline for the

completion of the document production; and (c) provide a date certain by which a second or further installment of a rolling production might be received.

### Argument

20. Rule 34 of the Federal Rules of Civil Procedure provides, in pertinent part:

> (a) Any party may serve on any other party a request (1) to produce and permit the party making the request . . . to inspect and copy any designated documents . . .
>
> (b) The request shall specify a reasonable time, place and manner of making the inspection. . .The party upon whom the request is served shall serve a written response within 30 days after the service of the request. . .The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. . .The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any thereof, or any failure to permit inspection as requested.

21. Rule 37(a) provides in pertinent part:

> (2)(b) If a party, in response to a request for inspection submitted under Rule 34, fails to . . . permit inspection as requested, the discovering party may move for an order. . .compelling inspection in accordance with the request.
>
> (4) If the motion is granted . . .the Court shall, after affording an opportunity to be heard, require the party. . .whose conduct necessitated the motion or the party or attorney advising such conduct or both of them, to pay to the moving party the reasonable expenses incurred in making the motion, including attorneys fees. . .

22. The First Requests were served by Plaintiffs on the NorthWestern Defendants in accordance with Rule 34 on January 24, 2006. The First Requests asked for responsive documents to be produced for examination, inspection and copying at the offices of Magten's counsel in New York on February 23, 2006.

23. Almost 11 months have passed since the First Requests were served. Rather than produce the responsive documents, the NorthWestern Defendants have engaged in a concerted effort to delay producing documents to Plaintiffs.

24. In this Court's memorandum decision and order denying the Motion for Protective Order, the Court expressly found that "Defendant has not demonstrated that it will suffer any annoyance embarrassment or oppression if it complies with [the] pending discovery requests." See Steingart Decl. Ex. D, p. 5. The Court further held that "Defendant has not overcome Plaintiffs' contention that the information sought in its discovery requests is relevant and necessary." See Steingart Decl. Ex. D, p. 5. In that regard, while Plaintiffs have engaged in a good faith effort to address NorthWestern's specific objections to the First Requests, NorthWestern's lack of cooperation and complete failure to assure Plaintiffs that production will be complete by a date certain, is both unacceptable and prejudicial to Plaintiffs.

25. This Court has ordered that all fact discovery must be completed by May 2, 2007. See Steingart Decl. Ex. I.

26. In order to have a fair opportunity to review what all parties agree is a large volume of documents, Plaintiffs require all responsive documents to be produced immediately.

27. To allow the NorthWestern Defendants to continue their delay tactics will only serve to prejudice Plaintiffs. Plaintiffs are being effectively deprived of a reasonable period of time to review the documents in advance of depositions which will soon have to be scheduled so as to be completed by May 2, 2007.

28. In light of the NorthWestern Defendants' failure to comply with Rule 34, which has necessitated the filing of this Motion, Rule 37 of the Federal Rules of Civil Procedure allows

this Court to award Plaintiffs their reasonable expenses, including attorneys fees, incurred in making this Motion.

29. Counsel for Plaintiffs hereby certify that they have made reasonable and good faith efforts to reach agreement with the NorthWestern Defendants' counsel on the matters set forth in this Motion and have been unable to do so.

30. As a result of the NorthWestern Defendants' dilatory tactics and obvious failure to cooperate with their obligation to produce documents, Plaintiffs are constrained to seek this Court's intervention by filing this Rule 37 Motion. Under the Court's scheduling order in these actions, Plaintiffs are presumptively limited to two Rule 37 motions during the course of discovery. Accordingly, Plaintiffs respectfully request that the Court grant Plaintiffs relief from the scheduling order to permit Plaintiffs to submit more than two Rule 37 motions during the course of discovery.

31. Because this Motion presents no novel issues of law and the legal predicates relied upon by Plaintiffs are set forth herein, Plaintiffs are not filing a brief in support of this Motion. Plaintiffs reserve the right to file a brief in reply to any objection or other response to this Motion, or as otherwise deemed necessary by Plaintiffs in accordance with the applicable rules of this Court.

WHEREFORE, Plaintiffs requests the entry of an order in the form attached hereto.

Dated: Wilmington, Delaware
December 15, 2006

BLANK ROME LLP

*/s/ Mark J. Packel*
Mark J. Packel (DE No. 4048)
Dale R. Dubé (DE No. 2863)
1201 Market Street, Suite 800

Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

- and -

**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
Bonnie Steingart
Gary Kaplan
John W. Brewer
One New York Plaza
New York, NY 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

Counsel for Magten Asset Management Corporation

Dated: Wilmington, Delaware
December 15, 2006

**SMITH KATZENSTEIN & FURLOW LLP**

_____
Kathleen M. Miller (2898)
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899
Telephone: (302) 652-8400
Facsimile: (302) 652-8405

- and -

**NIXON PEABODY LLP**
John V. Snellings
Amanda D. Darwin
100 Summer Street
Boston, MA 02110-2131
Telephone: (617) 345-1000
Facsimile: (617) 345-1300

Counsel for Law Debenture Trust Company of New York

10