# **Exhibit J**

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

FRANKFURT   MUSCAT
HOUSTON    PARIS
LONDON     STAMFORD
MEXICO CITY  WASHINGTON, D.C.
MILAN

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
E-MAIL info@cm-p.com
INTERNET www.cm-p.com

WRITER'S DIRECT:
TEL.: 212-696-6196

November 7, 2006

Bonnie Steingart, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004-1980

Re: *Magten Asset Management Corp. and Law Debenture Trust Co. v. NorthWestern Corp.*;
C.A. No. 04-1494-JJF

Dear Bonnie:

We write in response to your letter of November 2, 2006, regarding NorthWestern Corporation's Responses and Objections to Plaintiff's First Request for Document Production.

First, NorthWestern will commence its production on Thursday, November 9, 2006. At that time we expect to produce in excess of 20,000 pages of documents. As we have told you on prior occasions, NorthWestern will continue to produce documents on a rolling basis as those documents become available and are reviewed. We are not in a position at this time to provide you with a date upon which production will be completed.

We do not believe that is necessary to produce documents that relate to the time period subsequent to the date of NorthWestern's filing for Chapter 11. For example, in Request No. 14, Magten has requested documents relating to NorthWestern's financial condition " at any time between 2001 and the present." Clearly, NorthWestern's financial condition post filing is irrelevant to any issue in the case. However, to the extent that non-privileged documents which are otherwise responsive may have been generated after the filing date but refer or relate back to the going-flat transaction or the financial condition of NorthWestern during the relevant time, our objection would not apply.

With respect to those Requests where NorthWestern has objected to the production of any documents (Nos. 3, 4, 6, 8, 12, 16, 17, 20, 26, 28-30)[1], we will withdraw our complete objection to Request No. 26 and produce responsive documents to the extent any exist, subject to our general objections. However, many of the remaining Requests seek documents which are completely irrelevant to the remaining issues in this action.

---

[1] While your letter refers to a Request 32, there is no such Request.

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 2

Bonnie Steingart, Esq.
November 7, 2006

    These Requests deal primarily with issues surrounding the valuation and fairness of the going-flat transaction (Nos. 3, 4, 6), the financial condition of Clark Fork (Nos. 16, 17, 18, 20, 28) and compensation paid to outside advisors and Clark Fork officers in connection with, and since, the going-flat transaction (Nos. 29, 30). Magten cannot ignore the impact of Judge Case's decision which makes clear that the case against NorthWestern is not a fraudulent transfer action because the QUIPS holders are not creditors of Clark Fork and so have no standing to assert such a claim. As Judge Farnan recognized in his decision denying NorthWestern's motion for a protective order, Judge Case limited the relevant inquiry in this action to whether NorthWestern knew at the time of the going-flat transaction that it could not do that transaction based on its financial condition and thus discovery should "include [NorthWestern's] knowledge and conduct in initiating and completing the Third Indenture." Based on that rationale, Judge Farnan denied NorthWestern's blanket request for a protective order. However, he never ruled that all of Magten's discovery requests were properly focused to address this one remaining issue. We believe that NorthWestern's objections are proper in light of these two decisions and urge you to reconsider your position on these issues.

    The remaining Requests to which NorthWestern has objected in their entirety are either irrelevant to any issue in the case, or could be narrowed substantially. Request No. 8, "All documents concerning the QUIPS and/or the QUIPS Indenture" is so broad as to be meaningless. If there are specific documents or categories of documents that can be identified by Magten, we will of course consider such a narrowed request. Request No. 12 relates to a third party and, in part, to a transaction unrelated to the going-flat transaction. If Magten can explain why communications with CSFB regarding the going-flat transaction have anything to do with Magten's fraud theory, we would consider such a narrowed request.

    As you will recall, in our telephone conference of October 13, 2006, we asked that Magten articulate its fraud theory with greater particularity than that set forth in the somewhat skeletal allegations of the amended complaint (paragraph 68) in an effort to streamline the discovery process. You declined. We still believe that if Magten would be willing clarify its fraud claim, any dispute relating to the outstanding requests could be narrowed.

    Finally, we seek the agreement of Magten that if a particular document is produced by NorthWestern, Hanson or Kindt, it will be deemed to have been produced by all of those defendants. We understand that most of the documents Hanson and Kindt would have are in fact NorthWestern documents and therefore this procedure will avoid not only duplication of production but will simplify the task of analyzing the documents for the assertion of privilege. Your agreement on this last point will obviate the need to apply to Judge Farnan for a protective order and will minimize the expense to all of duplicative production.

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 3

Bonnie Steingart, Esq.
November 7, 2006

      We are available by phone to discuss the above. It should be understood that this letter is an attempt by NorthWestern to resolve these discovery issues without the need for the Court's assistance. In the event we are compelled to seek the Court's assistance or to defend a motion by Magten, the above is without prejudice to any other and further objections, responses or arguments we may raise.

Yours truly,

Joseph D. Pizzurro

cc: John E. James, Esq.
    Gary L. Kaplan, Esq.
    John W. Brewer, Esq.
    Bijan Amini, Esq.
    Jesse H. Austin, III, Esq.
    Victoria W. Counihan, Esq.
    Karol K. Denniston, Esq.
    Dennis E. Glazer, Esq.
    David A. Jenkins, Esq.
    Paul Spagnoletti, Esq.
    Denise Seastone Kraft, Esq.
    Adam G. Landis, Esq.
    Dennis A. Meloro, Esq.
    Curtis S. Miller, Esq.
    Kathleen M. Miller, Esq.
    John V. Snellings, Esq.
    Dale R. Dubé
    Stanley T. Kaleczyc, Esq.
    Kimberly A. Beatty, Esq.

3238716v1