# **Exhibit K**



G. ANDREW ADAMEK
CHAD E. ADAMS
DANIEL J. AUERBACH
KIMBERLY A. BEATTY
SARA S. BERG
LEO BERRY
BRAND G. BOYAR
MARK D. ETCHART
PATRICK T. FOX
OLIVER H. GOE
AIMEE GRMOLJEZ
J. DANIEL HOVEN

BROWNING, KALECZYC,
BERRY AND HOVEN, P.C.
A T T O R N E Y S   A T   L A W

STANLEY T. KALECZYC
KATI G. KINTLI
CATHERINE A. LAUGHNER
DAVID M. MCLEAN
MARK R. TAYLOR
W. JOHN TIETZ
TREVOR L. UFFELMAN
CHAD R. VANISKO
STEVEN T. WADE
LEO S. WARD
RYAN C. WILLMORE

ED BARTLETT: Of Counsel
R. STEPHEN BROWNING: Retired

Mailing Address
POST OFFICE BOX 1697
HELENA, MONTANA 59624
TELEPHONE (406) 443-6820
bkbh@bkbh.com

Street Address
139 NORTH LAST CHANCE GULCH
HELENA, MONTANA 59601
TELEFAX (406) 443-6883
www.bkbh.com

November 8, 2006

Bonnie Steingart, Esq.                              *Via Email and First Class Mail*
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY  10004-1980

RE:  *Magten Asset Management Corp. v. Hanson and Kindt*; CA No. 05-0499-JJF

Dear Bonnie:

We write in response to your letter of November 3, 2006 regarding the Responses and Objections of Michael J. Hanson and Ernie J. Kindt to Plaintiff's First Request for Document Production.

First, all of the documents in the possession of either Mr. Hanson or Mr. Kindt are documents that belong to either NorthWestern Corporation or Clark Fork and Blackfoot, LLC and therefore must be reviewed by those entities prior to any production so that any appropriate privileges may be asserted and preserved. As a result, we understand that NorthWestern recently requested that you agree that production of documents by either NorthWestern, Hanson, or Kindt will be deemed production for all such parties. Your agreement will streamline the production and assertion of privilege process, and will avoid duplication of production or confusion in the production process. It is our understanding that NorthWestern has informed you that it will commence its rolling production on Thursday, November 9, 2006.

We do not believe that is necessary to produce documents that relate to the time period subsequent to the date of the going-flat transaction, which occurred on November 15, 2002. For example, in Request No. 14, Magten has requested documents relating to NorthWestern's financial condition "at any time between 2001 and the present." NorthWestern's financial

Bonnie Steingart, Esq.
RE: *Magten Asset Management Corp. v. Hanson and Kindt*
November 8, 2006
Page 2

condition post the going flat transaction is irrelevant to any issue in Magten's case against Hanson and Kindt. However, to the extent that non-privileged documents which are otherwise responsive may have been generated after the date of the going-flat transaction but which refer or relate back to the going-flat transaction or the financial condition of NorthWestern during the relevant time, our objection would not apply.

We will withdraw our objection to Request No. 26 and produce responsive documents to the extent any exist, subject to our general objections.

However, many of the remaining Requests to which we objected to the production of any documents, are completely irrelevant to issue in Magten's action against Hanson and Kindt which alleges that as officers of Clark Fork they breached a fiduciary duty owed to Clark Fork creditors by permitting the consummation of the going-flat transaction. The objectionable Requests deal primarily with issues surrounding the valuation and fairness of the going-flat transaction (Nos. 3, 4, 6), the financial condition of Clark Fork (Nos. 16, 17, 18, 20, 28) and compensation paid to outside advisors and Clark Fork officers in connection with, and since, the going-flat transaction (Nos. 29, 30).

Magten can not ignore the impact of Judge Case's decision which makes clear that Magten does not have a fraudulent transfer action because the QUIPS holders are not creditors of Clark Fork and so have no standing to assert such a claim. The relevant inquiry of this case is whether Hanson and Kindt, as officers of Clark Fork, breached any fiduciary duty to the creditors of Clark Fork. Thus, discovery of (a) what Hanson and Kindt knew at the time of the going flat transaction, including whether they knew at the time of the going-flat transaction that NorthWestern could not do that transaction based on its financial condition, and (b) whether NorthWestern, as the sole member-manager of the Clark Fork, directed the actions of Clark Fork, is the only permissible scope of Magten's case against Hanson and Kindt. Further, it should be noted, that while Judge Farnan denied NorthWestnern's motion for a protective order and permitted discovery to continue, he did not rule that all of Magten's discovery requests were properly focused to address this issue in this case. For all of these reasons, we believe the objections asserted by Hanson and Kindt are proper and urge you to reconsider your position on this area of document production.

The remaining Requests to which Hanson and Kindt objected in total are either irrelevant to any issue in the case, or could be narrowed substantially. Request No. 8, which seeks "All documents concerning the QUIPS and/or the QUIPS Indenture", is so broad as to be meaningless. If there are specific documents or categories of documents that can be identified by Magten, we will of course consider such a narrowed request. Request No. 12 relates to a third party and, in part, to a transaction unrelated to the going-flat transaction. If Magten can explain why communications with CSFB regarding the going-flat transaction have anything to do with Magten's fraud theory, we will consider such a narrowed request.

We are available by phone to discuss the above. Of course, this letter is an attempt by Hanson and Kindt to resolve these discovery issues without the need for the Court's assistance. In the event we are compelled to seek the Court's assistance or to defend a motion by Magten,

Bonnie Steingart, Esq.
RE: *Magten Asset Management Corp. v. Hanson and Kindt*
November 8, 2006
Page 3

the above response is without prejudice to any other and further objections, responses or arguments we may raise – and likewise for Magten.

Sincerely,

BROWNING, KALECZYC, BERRY & HOVEN, P.C.

By _Kimberly Beatty_
Kimberly A. Beatty

cc:     John E. James, Esq.
        Gary L. Kaplan, Esq.
        John W. Brewer, Esq.
        Bijan Amini, Esq.
        Jesse H. Austin, III, Esq.
        Victoria W. Counihan, Esq.
        Karol K. Denniston, Esq.
        Dennis E. Glazer, Esq.
        David A. Jenkins, Esq.
        Paul Spagnoletti, Esq.
        Adam G. Landis, Esq.
        Dennis A. Meloro, Esq.
        Curtis S. Miller, Esq.
        Kathleen M. Miller, Esq.
        John V. Snellings, Esq.
        Joseph D. Pizzurro, Esq.
        Denise Seastone Kraft, Esq.
        Dale R. Dube