# **<u>Exhibit O</u>**

Fried, Frank, Harris, Shriver & Jacobson LLP

One New York Plaza
New York, New York 10004-1980
Tel: +1.212.859.8000
Fax: +1.212.859.4000
www.friedfrank.com



Direct Line: 212.859.8004
Fax: 212.859.8583
steinbo@ffhsj.com

December 4, 2006

**VIA ELECTRONIC MAIL**

Joseph Pizzuro, Esq.
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, NY 10178

      Re:     *Magten Asset Management Corp. and Law Debenture Trust Co. v. Northwestern Corp.*; C.A. No. 04-1494-JJF

Dear Joe:

    I am writing about our various outstanding discovery issues. Your letter of November 27 indicates that we appear to be making some progress in reaching agreement on the subjects it addresses. I will follow up on a few of those issues below. However, this progress is unfortunately overshadowed by your continuing failure to even mention the crucial issue of a date for the completion of NorthWestern's document production.

    With the exception of a small first installment on November 9, almost 4 weeks ago, you have: (a) not produced documents in response to plaintiffs' first document request; (b) refused to provide any sort of commitment as to when the further production will be made and completed; and (c) failed to provide even a prediction of when second or further installments of a "rolling" production might be received. This is simply unacceptable. When we spoke on November 20, you even seemed to imply that in light of the early May cut-off for fact discovery, there was no pressing need to complete document production until sometime in April, as long as a week or two was left for depositions to be taken. We assume that you were being jocular. We cannot imagine that this is a position you would intend to defend before the special master or the court.

    To review: we served our document request on January 24, over 10 months ago. Your motion for protective order was denied in its entirety on September 29, over 2 months ago (and, of course, you had 8 months in the interim to prepare to produce

Fried, Frank, Harris, Shriver & Jacobson LLP

December 4, 2006
Page 2

those documents which would have been subject to production even if your motion had been granted). Your response to the document request was due on October 27, over 5 weeks ago. When we spoke on November 20, you said that you were still not in a position to provide any commitments as to when documents would be produced, but would let us know as soon as you had a better idea. That was two weeks ago, and we have heard nothing further. Unless we can receive an acceptable response on this issue by the end of this week, we will have no alternative but to seek appropriate relief for your failure to comply with your discovery obligations.

Meanwhile, let us make a suggestion that should at least partially expedite matters. We take it from your client's public filings that it has provided a substantial number of documents in response to the SEC's investigation. It would seem that essentially all of those documents would be relevant to the threshold fraud issues in our litigation, and presumably nearly all would be responsive to our document request. Your client presumably has those documents already assembled in a form ready for production, such that they could be provided to us very quickly, with no need to review them for privilege concerns. We do not have the information necessary to know how substantial a percentage of your total document production obligations in these cases would be satisfied by this method, but we expect that it might be significant, and could be done with minimal burden. Similarly, potentially relevant documents you may have produced to other government agencies and/or to the *McGreevy* plaintiffs (especially in the context of their challenge to the same November 2002 asset transfer) should be easy for you to provide to us quickly and with minimal burden.

Turning to the issues that were addressed in your November 27 letter, we are preparing a draft stipulation for your review, so that we can all determine quickly whether we will be able to limit discovery in the fashion discussed (just to clarify, with respect to request No. 18, the stipulation would only obviate your obligation to produce responsive documents concerning or relating to Clark Fork). We should note that it will be necessary for all of the defendants in all three actions to agree to the stipulation in order to achieve that goal. We would be interested in your views as to how to take appropriate account of the support agreements between NorthWestern and Clark Fork. Do you have a dollar amount to propose as representing the fair market value to Clark Fork of those agreements as of November 15, 2002?

Your letter did not cover request number 8, as to which we had discussed narrowing the request in return for an agreement to produce documents responsive to the request as so narrowed. This omission may have been an oversight, but please let us know immediately whether or not we have an agreement on this point. We take it, by the way, that your discussion of requests 12, 29, and 30 means that, while retaining your general objections for the record, you will nonetheless produce responsive documents. Please let us know immediately if this is not accurate.

Fried, Frank, Harris, Shriver & Jacobson LLP

December 4, 2006
Page 3

Finally, we will be sending you shortly a list of potential deposition witnesses currently or formerly affiliated with NorthWestern. The process of finalizing the list of witnesses and reaching agreement on a schedule would be facilitated if you would advise us promptly of the identity of all of the individuals who have received Wells notices, as stated on pages 21-22 of NorthWestern's 10-Q dated November 2, 2006.

Thank you for your prompt attention to these matters.

Sincerely,

Bonnie Steingart

cc: Gary L. Kaplan, Esquire
John W. Brewer, Esquire
Dale R. Dubé, Esquire
Bijan Amini, Esquire
Steven J. Reisman, Esquire
Jesse H. Austin, III, Esquire
Victoria W. Counihan, Esquire
Nancy E. Delaney, Esquire
Karol K. Denniston, Esquire
Dennis E. Glazer, Esquire
Miriam K. Harwood, Esquire
David A. Jenkins, Esquire
Paul Spagnoletti, Esquire
Stanley T. Kaleczyc, Esquire
Kimberly A. Beatty, Esquire
Denise Seastone Kraft, Esquire
Adam G. Landis, Esquire
Dennis A. Meloro, Esquire
Curtis S. Miller, Esquire
Kathleen M. Miller, Esquire
John V. Snellings, Esquire