

January 4, 2007

**VIA CM/ECF AND HAND DELIVERY**

John E. James, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

      Re:    *Magten Asset Management Corp. and Law Debenture Trust Co. v. NorthWestern Corp.*; C.A. No. 04-1494-JJF;
*Magten Asset Management Corp. v. Mike J. Hanson and Ernie J. Kindt*; C.A. No. 05-0499-JJF; and
*Magten Asset Management Corp. v. Paul Hastings Janofsky & Walker, LLP*; C.A. No. 04-1256-JJF.

Dear Special Master James:

     In answer to your email of January 2, 2007, plaintiffs Magten Asset Management Co. ("Magten") and Law Debenture Trust Company of New York (collectively, the "Plaintiffs") jointly submit the following information responsive to your inquiries, and respectfully request an initial conference with the Special Master.

**I.**    **Background**

     All three litigations pending before the district court arise out of the transfer by Clark Fork and Blackfoot LLC ("Clark Fork") – a subsidiary of NorthWestern – of utility assets valued at between $1.15 billion and $1.4 billion (the "Montana Utility Assets") to NorthWestern for no cash and the assumption of only approximately $700 million of liabilities (the "Going Flat Transaction"). Magten is the largest holder of the 8.45% Quarterly Income Preferred Securities (the "QUIPS"), the liability for which was purportedly assumed by NorthWestern in connection with the transfer of the Montana Utility Assets. Law Debenture is the Indenture Trustee on behalf of the QUIPS.

     In November 2002, NorthWestern, as the sole equity holder of Clark Fork, caused Clark Fork to transfer the Montana Utility Assets to NorthWestern at a time when NorthWestern was hopelessly insolvent. Thus, holders of the QUIPS went from being creditors of a solvent entity to being creditors of an overleveraged insolvent entity. The following spring after the Going Flat Transaction, NorthWestern publicly admitted that its public financial statements issued prior



John E. James, Esquire
January 4, 2007
Page 2

to the transfer had been false and misleading. Thereafter, NorthWestern defaulted on its obligations with respect to the QUIPS and commenced its chapter 11 cases.

## II.   Brief Description of the Actions

**(1) Magten Asset Management Corp. and Law Debenture Trust Co. of N.Y. v. NorthWestern Corp.**, Civil Action No. 04-1494-JJF (*Fraudulent Conveyance Action*)

In April 2004, Magten and Law Debenture commenced this action as an Adversary Proceeding in NorthWestern's Bankruptcy Case, asserting that the transfer of the Montana Utility Assets was a fraudulent conveyance, and seeking to avoid the transfer. NorthWestern filed a motion seeking to dismiss the action, which the Bankruptcy Court denied. By Order dated September 22, 2005, the District Court withdrew the reference in this action and the case was assigned Civil Action No. 04-1494-JJF.

**(2) Magten Asset Management Corp. v. Mike J. Hanson and Ernie J. Kindt**, Civil Action No. 05-0499-JJF (*Hanson and Kindt Action*)

Magten commenced this action in Montana state court in April 2004, alleging that certain officers of Clark Fork breached their fiduciary duties to creditors in connection with the Going Flat Transaction. Hanson and Kindt made a motion to dismiss the action and while that motion was still pending, Hanson and Kindt also made a motion for summary judgment. As with the denial of NorthWestern's motion to dismiss the Fraudulent Conveyance Action, both of these motions were denied by the Montana District Court. Upon motion of Hanson and Kindt, the action was removed to the United States District Court for the District of Montana, which then transferred the action to the District Court on July 11, 2005.

**(3) Magten Asset Management Corp. v. Paul Hastings Janofsky & Walker, LLP**, Civil Action No. 04-1256-JJF (*Paul Hastings' Action*)

This action was brought by Magten against Paul Hastings in Montana state court on May 20, 2004, alleging that Paul Hastings aided and abetted breaches of fiduciary duty by corporate officers while serving as both counsel to NorthWestern and Clark Fork in connection with the Going Flat Transaction.

On motion of Paul Hastings, the action was removed to the United States District Court for the District of Montana, which then transferred the case to the District Court on September 14, 2004. On March 31, 2006, Paul Hastings filed a motion pursuant to Fed. R. Civ. P. 12(c) for



John E. James, Esquire
January 4, 2007
Page 3

judgment on the pleadings in this action. The motion was fully briefed by the parties, but the District Court has not ruled on the motion.

### III. Procedural History of the Actions Since Transferred to the District Court

Pursuant to the District Court's Order dated October 24, 2005, the Fraudulent Conveyance Action, together with the Hanson and Kindt Action and the Paul Hastings' Action were referred to mediation. The parties failed to reach a settlement through mediation and, on January 4, 2006, counsel for NorthWestern, Magten, Law Debenture, Hanson and Kindt, and Paul Hastings held a telephonic Rule 26(f) conference to discuss a discovery schedule in the actions. Plaintiffs submitted a report to the District Court with a proposed discovery scheduling order on January 9, 2006. A separate report and proposed discovery schedule was submitted to the District Court on behalf of defendants NorthWestern, Paul Hastings, and Hanson and Kindt on January 10, 2006. While the parties did not agree on a schedule for discovery, the parties did agree that the three actions would be consolidated for purposes of discovery.

On January 24, 2006, Plaintiffs served their first discovery requests upon NorthWestern (the "First Requests"). Magten also served discovery requests upon Paul Hastings on January 23, 2006, upon defendants Hanson and Kindt on January 24, 2006, and subpoenas *duces tecum* upon a number of third parties on January 27, 2006, in the related actions described below.

On February 2, 2006, NorthWestern filed a Motion for a Protective Order with the District Court in connection with this action, the Hanson & Kindt Action and the Paul Hastings Action (the "Motion for a Protective Order"), seeking to limit discovery to issues involving the Bank of New York, the indenture trustee for the QUIPS at the time of the Going Flat Transaction. While NorthWestern did not make a blanket refusal to produce any responsive documents, NorthWestern relied on Local Rule 30.2 and refused to produce any documents while the Motion for Protective Order was pending with the District Court. On September 29, 2006, the District Court entered an order denying the Motion for Protective Order in its entirety.

On October 13, 2006, the parties held a meet and confer teleconference to discuss discovery issues, including the time by which the defendants would produce documents in response to the First Requests, which were served on January 24, 2006 and that are the subject matter of the Motion to Compel. On or about October 27, 2006, NorthWestern and Hanson and Kindt served their responses and objections to the First Requests. NorthWestern and Hanson and Kindt indicated that, subject to certain general objections, they would produce responsive documents to more than half of the requests. Notwithstanding NorthWestern's representations



John E. James, Esquire
January 4, 2007
Page 4

regarding document production, no documents were produced by NorthWestern, Hanson and Kindt in October 2006.

On November 3, 2006, the District Court entered a scheduling order, which requires that all fact discovery be completed by May 2, 2007 (copy attached at Exhibit A).

### IV. Description of Pending Discovery Motions

There is currently one discovery motion that requires the attention of the Special Master. On December 15, 2006, Magten and Law Debenture Trust filed a Motion to Compel the production of documents in Case Nos. 04-1494 and 05-499 (the "Motion to Compel").[1] D.I. 99 (Case No. 04-1494) and D.I. 126 (Case No. 05-499). A courtesy copy of the Motion to Compel is enclosed for the Special Master's convenience. By agreement of the parties, NorthWestern's response to the Motion is due to be submitted on January 5, 2007, and Hanson and Kindt's response is due on January 8, 2007.

As described in detail in Plaintiffs' Motion to Compel, since October 2006, NorthWestern has employed delay tactics and engaged in a concerted effort to delay producing documents to Plaintiffs. To date, NorthWestern has continuously refused to produce the documents which are responsive to the First Requests and have acted in a manner designed to delay the discovery process and to thwart the Scheduling Order entered by Judge Farnan. As a result, Plaintiffs are being deprived of a reasonable period of time to review the documents in advance of depositions which will soon have to be scheduled so as to be completed by May 2, 2007.

Accordingly, the Plaintiffs respectfully urge that the Special Master address the Motion to Compel at his earliest convenience. Although their First Requests were propounded almost one year ago, the Plaintiffs have received minimal or no responsive discovery from the defendants to date. As discussed, the defendants' failure to comply with their obligations under the Federal Rules of Civil Procedure places the Court-imposed May 2, 2007 discovery deadline in peril.

### V. Request for Conference with Special Master

The Plaintiffs also request an in-person conference with the Special Master, if the Special Master's calendar permits. Of the dates proposed in the Special Master's email, counsel for the

---

[1] There are currently no discovery motions pending in the Paul Hastings' Action, Case No. 04-1256. However, there are unresolved discovery issues between the parties that may necessitate motion practice in the near future.



John E. James, Esquire
January 4, 2007
Page 5

Plaintiffs can be available in Wilmington on January 9, 2007. Plaintiffs' counsel is also willing to come to Wilmington on any other date mutually convenient to the Special Master and the parties.

Plaintiffs propose that the in-person conference would provide an opportunity for the parties to become acquainted with the Special Master, and to discuss the Special Master's preferences and guidelines for any future matters that are to be brought before the Special Master. That meeting could also be used to discuss the scheduling of any proceedings, if necessary, related to the Special Master's consideration of the Motion to Compel.

### VI.  Contact Information

In response to the Special Master's request, attached at Exhibit B is an updated list of the contact information for counsel for the parties in the captioned actions.

Plaintiffs' counsel is available by telephone, should the Special Master have any questions. We look forward to having an opportunity to meet with the Special Master in person, and for the Special Master's assistance in resolving discovery issues and keeping the discovery process on track.

Respectfully submitted,

*Dale Dubé*

Dale R. Dubé
I.D. No. 2863

- and -

Bonnie Steingart
FRIED, FRANK, HARRIS, SHRIVER &
 JACOBSON LLP
One New York Plaza
New York, NY 10004

DRD/pb
Enclosure
cc:    Clerk of Court (via CM/ECF and hand delivery) (w/o enclosure)
       Bijan Amini, Esquire (via e-mail and Federal Express) (w/o enclosure)



John E. James, Esquire
January 4, 2007
Page 6

    Jesse H. Austin, III, Esquire  (via e-mail and Federal Express) (w/o enclosure)
    Kimberly A. Beatty, Esquire  (via e-mail and Federal Express) (w/o enclosure)
    John W. Brewer, Esquire (w/o enclosure)
    Brenda E. Cooke, Esquire(w/o enclosure)
    Victoria W. Counihan, Esquire  (via e-mail and hand delivery) (w/o enclosure)
    Amanda Darwin, Esquire  (via e-mail and Federal Express) (w/o enclosure)
    Robert J. Dehney, Esquire  (via e-mail and hand delivery) (w/o enclosure)
    Nancy E. Delaney, Esquire  (via e-mail and Federal Express) (w/o enclosure)
    Bonnie G. Fatell, Esquire(w/o enclosure)
    Dennis E. Glazer, Esquire  (via e-mail and Federal Express) (w/o enclosure)
    Miriam K. Harwood, Esquire  (via e-mail and Federal Express) (w/o enclosure)
    David A. Jenkins, Esquire  (via e-mail and hand delivery) (w/o enclosure)
    Stanley T. Kaleczyc, Esquire  (via e-mail and Federal Express) (w/o enclosure)
    Gary L. Kaplan, Esquire (w/o enclosure)
    Denise Seastone Kraft, Esquire  (via e-mail and hand delivery) (w/o enclosure)
    Dennis A. Meloro, Esquire  (via e-mail and hand delivery) (w/o enclosure)
    Curtis S. Miller, Esquire  (via e-mail and hand delivery) (w/o enclosure)
    Kathleen M. Miller, Esquire  (via e-mail and hand delivery) (w/o enclosure)
    Jordanna L. Nadritch, Esquire  (w/o enclosure)
    Mark J. Packel, Esquire(w/o enclosure)
    Joanna I. Palacios, Esquire  (w/o enclosure)
    Joseph D. Pizzurro, Esquire  (via e-mail and Federal Express) (w/o enclosure)
    Steven J. Reisman, Esquire  (via e-mail and Federal Express) (w/o enclosure)
    Avery Samet, Esquire  (via e-mail and Federal Express) (w/o enclosure)
    Bradley F. Silverman, Esquire (via e-mail and Federal Express) (w/o enclosure)
    Lauren Nicole Slusser, Esquire (w/o enclosure)
    John V. Snellings, Esquire  (via e-mail and Federal Express) (w/o enclosure)
    Paul Spagnoletti, Esquire  (via e-mail and Federal Express) (w/o enclosure)