## CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ATTORNEYS AND COUNSELLORS AT LAW

FRANKFURT    MUSCAT
HOUSTON      PARIS
LONDON       STAMFORD
MEXICO CITY  WASHINGTON, D.C.
MILAN

101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
E-MAIL INFO@CM-P.COM
INTERNET WWW.CM-P.COM

April 13, 2007

Special Master John E. James, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

> **Re:** ***Magten Asset Management Corp. and Law Debenture Trust Co. v.***
> ***NorthWestern Corp.; C.A. No. 04-1494-JJF;***
> ***Magten Asset Management Corp. v. Mike J. Hanson and Ernie J. Kindt;***
> ***C.A. No. 05-0499-JJF***

Dear Special Master James:

We write as counsel to defendant NorthWestern Corporation ("NorthWestern") in the above-referenced consolidated litigations. An issue has arisen which requires your immediate attention. It appears that counsel for plaintiff Magten Asset Management Corp. ("Magten") is in violation of both of the provisions of paragraph 8 of the Stipulated Protective Order entered by Judge Farnan on March 21, 2007 (the "Order") and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, both of which deal with the obligations of the parties and the procedures to be followed in the event of an inadvertent disclosure of documents asserted to be subject to the attorney-client and/or work product privileges. A copy of the Order is attached as Exhibit A.

The facts surrounding this matter are as follows. During the course of document production, counsel for NorthWestern produced to plaintiffs in excess of 485,000 pages of documents. This required a review of a much larger universe of documents for both relevance and privilege. In accordance with your Report and Recommendations dated February 2, 2007, as adopted by Judge Farnan's Order of March 1, 2007, document production was substantially completed on March 16, 2007 and counsel for NorthWestern provided plaintiffs' counsel with a privilege log on March 23, 2007.

Subsequent to the completion of these tasks we discovered that certain privileged documents had been inadvertently produced. Immediately upon discovering this on April 3, we sent a letter to all counsel informing them of the inadvertent disclosure and undertook a review of the entire production, which is still ongoing, to determine precisely what privileged documents had been inadvertently produced. On April 5, 2007, we sent a letter to all counsel listing the privileged documents which had been inadvertently turned over and asking counsel to

either return or destroy those documents in accordance with their obligations under the Order and Rule 26(b)(5)(B). This letter is attached hereto as Exhibit B[1]

      Counsel for Magten responded to this letter on April 11, 2007, by asserting that they were not satisfied that the April 5 notice was timely, that the disclosure was in fact inadvertent or that the documents were properly designated as privileged and refused to comply with their obligation to return or destroy the documents. Counsel stated that "we are under no obligation to comply with your request and will not do so absent an order of the Special Master or the Court." Further, counsel stated "We reserve the right to use the documents in question for any and all purposes relevant to the litigation." A copy of this letter is attached as Exhibit C.

      We immediately responded to this letter with a letter of the same date, making clear to Magten's counsel the following points:

- Under the terms of paragraph 8 of Judge Farnan's Order, as well as the provisions of Rule 26(b)(5)(B), any party which receives a notice of the inadvertent production of privileged documents has an immediate and absolute obligation to return or destroy those documents in accordance with that notice.

- The receiving party has no right to retain or use the designated documents in any way, regardless of whether the receiving party agrees with the terms of the notice.

- The receiving party has the burden to make a motion to compel production of the designated documents if it disagrees with the privilege designation. The only obligation of the producing party is to preserve the designated documents pending the determination of any such motion.

- Under paragraph 8 of Judge Farnan's Order, no motion to compel may assert as a ground therefore "the fact or circumstances of the inadvertent production."

A copy of this letter is attached as Exhibit D.

      As of the writing of this letter we have received no response from counsel for Magten acknowledging their obligations under the Order or the Federal Rules. Nor have the designated documents, or any copies thereof, been returned. Indeed just a short time ago we were informed by counsel for Magten that they were submitting a motion challenging the assertion of privilege but not undertaking to return or destroy those documents while the motion is pending. As set forth above, this constitutes a flagrant violation of Judge Farnan's Order and Rule 26 requiring immediate sanctions.

---

[1] Two more letters were sent to all counsel on April 12, 2007 upon our discovery of additional inadvertently produced privileged documents. As set forth above, our review of the documents to determine if this is the extent of the inadvertent disclosure is ongoing.

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 3

Special Master John E. James, Esq.
April 13, 2007

The obligations of Magten and its counsel are clear and absolute. The documents in question must be returned or destroyed, and no use may be made of them. If Magten wants to contest the privileged nature of these documents on grounds other than the fact or circumstances of the inadvertent disclosure, it may make a motion. What it cannot do is flaunt its obligations and retain, or even offer to sequester, the designated documents before there is a determination of such a motion. The terms of the Order are clear.

We request an immediate order from the Special Master directing Magten and all counsel to comply with their obligations under the Order and the Rules and immediately cease making any use of the designated documents and to destroy or return any and all copies of the designated documents, and destroy any and all notes, memoranda or other work product based upon or derived from those documents, forthwith. Further, we request that sanctions be imposed upon counsel for Magten for their refusal to return or destroy the produced material.

We are available later this afternoon or on Monday morning for a telephone conference hearing on this matter should you deem it appropriate. However, in our view, the facts and circumstances surrounding this issue are so clear, and Magten and its counsels' disregard their obligations under the Order and Federal Rules are so flagrant, that no conference is necessary.

Respectfully submitted,

Joseph D. Pizzurro

cc: Amanda D. Darwin, Esq.
    Avery Samet, Esq.
    Bijon Amini, Esq.
    Bonnie Steingart, Esq.
    Curtis S. Miller, Esq.
    Dale R. Dubé, Esq.
    David A. Jenkins, Esq.
    Denise Seastone Kraft, Esq.
    Dennis A. Meloro, Esq.
    Dennis E. Glazer, Esq.
    Elio Battista, Jr., Esq.
    Gary L. Kaplan, Esq.
    Joanna I. Palacios, Esq.
    John V. Snellings, Esq.
    John W. Brewer, Esq.
    Jordanna L. Nadritch, Esq.
    Kathleen M. Miller, Esq.
    Kimberly A. Beatty, Esq.

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 4

Special Master John E. James, Esq.
April 13, 2007

Robert J. Dehney, Esq.
Stanley T. Kaleczyc, Esq.
Victoria Counihan, Esq.

*EXHIBIT A*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION and LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWESTERN CORPORATION,<br><br>Defendant. | C.A. No. 04-1494-JJF |
| MAGTEN ASSET MANAGEMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MIKE J. HANSON & ERNIE J. KINDT,<br><br>Defendants. | C.A. No. 05-499-JJF |

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties ("the Parties") are engaged in discovery which includes the production by the Parties of information and documents solely in connection with the above-captioned actions ("the Actions");

WHEREAS, such discovery may involve the disclosure of confidential or proprietary information; and

WHEREAS, the Parties have voluntarily agreed to enter into this stipulation governing discovery and the protection of confidential information (the "Protective Order") in

order to limit the use and disclosure of confidential or proprietary information and documents provided hereunder;

IT IS HEREBY AGREED, by and between the Parties, that the following restrictions and procedures shall apply to confidential or proprietary information and documents:

1.    As used herein, "Confidential Information" shall include any materials designated by any party as "Confidential" or "Confidential – Attorneys' Eyes Only" to the extent that its counsel believes in good faith that such materials contain confidential or proprietary information. Confidential Information shall include such materials and any information derived therefrom or referring thereto.

2.    Should any party receive such Confidential Information, they shall use it and allow access to it only as allowed under this Protective Order and solely for the purpose of evaluating and/or pursuing any claims to be brought by or on behalf of that party in connection with the Actions and objecting to any such claim or lawsuit. Such Confidential Information may not be used for any other purpose or lawsuit.

3.    Confidential Information designated as "Confidential" may only be disclosed to the following categories of persons:

a.    Counsel for the Parties and employees of such counsel assigned to and necessary to assist such counsel in connection with the Actions;

b.    Nonparty experts or consultants retained in good faith to assist counsel in the Actions and who have a need for such information to assist in the Actions; provided that such expert or consultant is first provided with a copy of this Protective Order and agrees, in writing, to be bound thereby with respect to the treatment of Confidential Information;

-2-

c.  Persons who have been noticed for depositions or subpoenaed for trial testimony where necessary to the testimony of such witness; provided that such persons are first provided with a copy of this Protective Order and (except as may be otherwise directed by the Court or Special Master) agree, in writing, to be bound thereby with respect to the treatment of Confidential Information;

d.  Officers or employees of any party who may be necessary to assist its counsel in connection with the Actions; provided that such persons are first provided with a copy of this Protective Order and agree, in writing, to be bound thereby with respect to the treatment of Confidential Information;

e.  Court reporters, stenographers or video operators at depositions, court or arbitral proceedings at which Confidential Information is disclosed;

f.  Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Confidential Information, to the extent reasonably necessary to assist the other persons identified in paragraph 3 with respect to the Actions; and

g.  The Court and any other person designated by the Court, upon such terms as the Court may deem proper.

4.      a.  Confidential Information designated as "Confidential – Attorneys' Eyes Only" may only be shown to or used by persons described in paragraph 3.a., above.  In addition, such information may be shown to persons described in paragraphs 3.b.-c., 3.e., and 3.g., only upon prior notice to the designating party. Confidential Information designated as "Confidential – Attorneys' Eyes Only"

will only be used with respect to documents or information that contain highly sensitive proprietary, financial or trade secret information, or involve highly confidential, non-public proceedings.

b.  If the producing party objects to a request by counsel to show "Attorneys-Eyes-Only" documents to a non-counsel person as listed in paragraph 4(a), counsel shall promptly confer, in good faith, to resolve the dispute.  In the event counsel are unable to resolve the issue of whether documents designated "Attorneys-Eyes-Only" are being appropriately shown to such persons, counsel shall immediately submit the issue to the Special Master and agree to be bound by his decision.

5.    Any party may designate information as Confidential Information by marking or stamping documents (or the first page of a multi-page document provided that the document is securely bound), other information, or electronic media as "Confidential" or "Confidential – Attorneys' Eyes Only," or by informing the other Parties in writing of its Confidential designation. The producing party shall additionally call attention to any designation of material as "Confidential – Attorneys' Eyes Only" by specifying in the cover letter accompanying the production of documents, the Bates numbers of the documents so designated. Any party receiving information designated as Confidential Information shall treat print-outs of any data (such as e-mails) from a CD or other form of electronic media designated as Confidential Information in accordance with the terms of this Protective Order.  Failure to designate materials as Confidential Information may be remedied by supplemental written notice and, upon receiving such supplemental notice, the party shall thereafter treat the designated materials in accordance with the terms of this Protective Order.

6.      Any party may, on the record of a deposition, or within ten (10) business days after receipt of each volume of transcript of such deposition, designate any portion or portions of such transcript, including exhibits, as Confidential Information under the terms of this Protective Order.  Until such time period expires, the entire volume of deposition transcript shall be treated as Confidential Information unless otherwise specified in writing or on the record of the deposition.  All copies of deposition transcripts that contain information or material designated as Confidential Information shall be prominently marked "Confidential" or "Confidential – Attorneys' Eyes Only", as the case may be, on the cover thereof and, if filed with the Court, the portions of such transcripts so designated shall be filed under seal or the equivalent.

7.      If any party objects to the designation of any materials designated as Confidential Information or seeks to use such materials other than as permitted by this Protective Order, that party shall so state by letter to counsel for the producing party, with copies to all Parties to this Protective Order.  The producing party and the party objecting to the Confidential Information designation Parties shall promptly confer, in good faith, to resolve any dispute concerning the designation and treatment of such information pursuant to the terms of this Protective Order.  In the event they are unable to resolve any dispute concerning treatment of information as Confidential Information, the producing party shall, if it wishes to adhere to its designation, give written notice of its adherence to the designation with three (3) business days of receipt of a notice contesting such designation and, within five (5) business days thereafter, shall, upon motion made to the Court or Special Master on notice to all Parties to this Protective Order, seek an order from the Court directing that such information shall be treated as Confidential Information pursuant to this Protective Order.  Pending determination of such

motion, any information previously designated as Confidential Information shall continue to be treated in accordance with its original designation.

8.    Inadvertent production of documents subject to work-product immunity, the attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify all receiving Parties in writing of such inadvertent production. Upon reasonable notice, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during any deposition, mediation, hearing or trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. The receiving party then may move the Court for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

9.    Subject to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the District of Delaware and any other procedures that may be established or that govern the Actions, Confidential Information may be offered into evidence at any hearing in open court in the Actions provided that the party which designated the materials as Confidential Information be given sufficient advance notice so as to allow it to apply for an order that the evidence be reviewed in camera or under other conditions to prevent its disclosure.

10.    This Protective Order shall have no effect on the admissibility or discoverability of any Confidential Information. By signing this Protective Order, the Parties do

not agree that the information designated by any party as Confidential Information is in fact confidential.

      11.    The Parties intend that this Protective Order bars production of Confidential Information to third parties to the maximum extent permitted by law. In the event that any party is served with a subpoena or other notice compelling the production of Confidential Information, such party shall give prompt written notice, to the extent reasonably possible, sufficiently in advance of the requested production date, to the party which designated the information as Confidential Information so as to allow for an opportunity to object to production. The party to whom the subpoena or notice is directed shall not produce the Confidential Information until the designating party seeking to maintain confidentiality has had thirty (30) days to obtain an appropriate order.

      12.    This Protective Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information for any purpose.

      13.    Nothing herein shall prevent or prejudice any party from seeking additional or greater protection with respect to the use or disclosure of Confidential Information in connection with any hearing or other proceeding in the Actions or otherwise. Likewise, nothing herein shall prevent the Parties from seeking lesser protection with respect to the use or disclosure of Confidential Information in any hearing or other proceeding including any future litigation between or among the Parties.

      14.    In the event that counsel for any party determines to file with the Court any pleadings, motions, briefs or other papers that contain or disclose the contents of Confidential Information, such papers (or the portion that may cause such disclosure) shall be filed under seal or its equivalent. In the event that the filing party believes that Confidential

Information should not be filed under seal or its equivalent, it shall follow the objection procedure set forth in paragraph 7 above, and shall file a motion with the Court as set forth in paragraph 6 above.

15.    The provisions of this Protective Order shall not terminate at the conclusion of the Actions. Because Confidential Information may only be used for purpose of the Actions, within 120 days after final conclusion of all aspects of the Actions, Confidential Information and all copies of same shall be returned to the producing party or, at the option of the receiving party, destroyed. This includes all notes, memoranda or other documents that summarize materials produced and designated as Confidential Information. Counsel of record for each party that has received Confidential Information shall certify that it has complied with this paragraph and shall deliver such certification to counsel for each party that has produced Confidential Information not more than 150 days after final termination of the Actions.

16.    This Protective Order may be executed in counterparts.


Dated: March 16, 2007

**GREENBURG TRAURIG LLP**

Victoria W. Counihan
Dennis A. Merloro
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

– and –

Dated: March __, 2007

**CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP**
Joseph D. Pizzurro
Nancy E. Delaney
101 Park Avenue
New York, NY 10178

-8-

Telephone:    (212) 696-6000
Facsimile:    (212) 697-1559

*Attorneys for NorthWestern Corporation*

Dated: March __, 2007          **BROWNING KALECZYC BERRY**
                                    **& HOVEN, P.C.**


                               Stanley T. Kaleczyc
                               Kimberly A. Beatty
                               139 Last Chance Gulch
                               P.O. Box 1679
                               Helena, MT 59624
                               Telephone:  (406) 443-6820
                               Facsimile:  (406) 443-6883

                                   - and -

Dated: March *16*, 2007         **EDWARDS ANGELL PALMER**
                                    **& DODGE LLP**

                               Denise Seastone Kraft
                               919 North Market Street, 15th Floor
                               Wilmington, DE 19801
                               Telephone: (302) 425-7106
                               Facsimile: (888) 325-9741

                               *Attorneys for Michael J. Hanson and Ernie J.*
                               *Kindt*

Dated: March __, 2007           **BLANK ROME LLP**


                               Dale R. Dubé
                               1201 Market Street, Suite 800
                               Wilmington, DE 19801

                                   - and -

-9-

Telephone:    (212) 696-6000
Facsimile:    (212) 697-1559

*Attorneys for NorthWestern Corporation*

Dated: March __, 2007

**BROWNING KALECZYC BERRY
& HOVEN, P.C.**

Stanley T. Kaleczyc
Kimberly A. Beatty
139 Last Chance Gulch
P.O. Box 1679
Helena, MT 59624
Telephone:  (406) 443-6820
Facsimile:  (406) 443-6883

- and -

Dated: March __, 2007

**EDWARDS ANGELL PALMER
& DODGE LLP**

Denise Seastone Kraft
919 North Market Street, 15th Floor
Wilmington, DE 19801
Telephone: (302) 425-7106
Facsimile:  (888) 325-9741

*Attorneys for Michael J. Hanson and Ernie J.
Kindt*

Dated: March *16*, 2007

**BLANK ROME LLP**

Dale R. Dubé
1201 Market Street, Suite 800
Wilmington, DE 19801

- and -

-9-

Dated: March __, 2007

**FRIED, FRANK, HARRIS, SHRIVER
& JACOBSEN LLP**

Bonnie Steingart
Gary Kaplan
John Brewer
One New York Plaza
New York, NY 10004
Telephone:    (212) 859-8000
Facsimile:    (212) 859-4000

*Attorneys for Magten Asset Management
Corporation*


Dated: March __, 2007

**SMITH KATZENSTEIN
& FURLOW LLP**

Kathleen M. Miller
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899
Telephone:  (302) 652-8400
Facsimile:  (302) 652-8405

- and -

Dated: March __, 2007

**NIXON PEABODY LLP**

John Snellings
Amanda D. Darwin
100 Summer Street
Boston, MA 02110
Telephone:  (617) 345-1000
Facsimile:  (617) 345-1300

*Attorneys for Law Debenture Trust Company
of New York*


SO ORDERED:

_____
        U.S.D.J.

Dated:

*EXHIBIT B*

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

FRANKFURT    MUSCAT
HOUSTON    PARIS
LONDON    STAMFORD
MEXICO CITY    WASHINGTON, D.C.
MILAN

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
E-MAIL INFO@CM-P.COM
INTERNET WWW.CM-P.COM

WRITER'S DIRECT:
TEL.: (212) 696-8895
E-MAIL JBAGNATO@CM-P.COM

April 5, 2007

**VIA EMAIL AND FIRST CLASS MAIL**

John W. Brewer, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004

Re:    *Magten Asset Management Corp. and Law
Debenture Trust Co. v. NorthWestern Corp.;*
C.A. No. 04-1494-JJF

Dear John:

The following documents contain attorney work product and attorney client privileged information. These documents, that were listed on the privilege log delivered to you on March 23, 2007, were inadvertently produced.

| | | |
|---|---|---|
| NOR 053296-97 | NOR 184858-59 | NOR 441828-32 |
| NOR 066670-71 | NOR 185818-820 | NOR 452810-11 |
| NOR 075185-86 | NOR 187057-058 | NOR 452812 |
| NOR 086411-12 | NOR 192884-983 | NOR 452820 |
| NOR 086481-501 | NOR 193851-53 | NOR 458221-26 |
| NOR 088303-05 | NOR 240045-46 | NOR 459119-20 |
| NOR 121152-73 | NOR 265143 | NOR 458213-215 |
| NOR 131455 | NOR 275785 | NOR 463654 |
| NOR 135865-67 | NOR 371624-2806 | NOR 481063-64 |
| NOR 142061 | NOR 374782-92 | NOR 481065-66 |

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 2

Bonnie Steingart, Esq.
April 5, 2007

| | | |
|---|---|---|
| NOR 149263-64 | NOR 374829-5523 | NOR 481073 |
| NOR 160675-76 | NOR 411358-1450 | NOR 482791-93 |
| NOR 173136-38 | NOR 413446-500 | |
| NOR 184691-94 | NOR 414057-114 | |

   In addition, the following documents contain attorney client privileged and attorney work product information and were inadvertently produced.

| | | |
|---|---|---|
| NOR 063216-7 | NOR 087633-34 | NOR 368363-70 |
| NOR 067845-86 | NOR 117952-953 | NOR 405402-03 |
| NOR 072813-14 | NOR 119158-9 | NOR 405928-930 |
| NOR 072815-16 | NOR 124686-87 | NOR 406074-075 |
| NOR 073773-74 | NOR 160675-76 | NOR 406175-180 |
| NOR 076260-61 | NOR 366792-809 | NOR 406416-55 |
| NOR 077858-59 | NOR 367014-041 | NOR 458032-035 |
| NOR 081375-76 | NOR 367140-151 | NOR 469466 |
| NOR 088910-11 | NOR 368029-037 | NOR 479145-146 |
| NOR 092308-09 | NOR 368234-261 | NOR 481065-066 |

   Pursuant to Fed. R. Civ. P. 26(b)(5)(B), and paragraph 8 of the Stipulated Protective Order filed in the above referenced action, please destroy all of the documents listed above, or return these documents to me.

   Enclosed is an addendum to the privilege log which lists these documents, as well as documents which were withheld from production, but were not included on the log. Also enclosed is an updated names reference list. In addition, in connection with your letter of March 29, we are preparing an annotated log that notes the documents which were produced to the Securities and Exchange Commission.

Very truly yours,

Jennifer A. Bagnato

*EXHIBIT C*

**Fried, Frank, Harris, Shriver & Jacobson LLP**

One New York Plaza
New York, New York 10004-1980
Tel: +1.212.859.8000
Fax: +1.212.859.4000
www.friedfrank.com



Direct Line: 212.859.8736
Fax: 212.859.4000
brewejo@ffhsj.com

April 11, 2007

**VIA EMAIL**

Joseph Pizzurro
Nancy Delaney
Jennifer A. Bagnato
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, NY 10178

Dear Counsel:

I am responding to Jennifer Bagnato's letter dated April 5 requesting the return or destruction of approximately 70 different Bates-number sequences from your production (which letter was received by email at approximately 11 pm and not seen by me until Monday due to my absence from work for religious reasons on Good Friday through Easter Sunday) as well as Joe Pizzurro's followups thereto of yesterday.

Paragraph 8 of the Stipulated Protective Order requires us to take specified steps with respect to documents which are: (a) privileged; and (b) were inadvertently produced; when (c) written notification of the inadvertent production is made "promptly." Moreover, "reasonable" notice must be provided. Paragraph 8 does not require us to accede to whatever requests you make whenever you make them, or to accept your unsubstantiated claims as to any of the elements giving rise to an obligation to return or destroy. You must demonstrate that you have satisfied all three of these elements separately with respect to each item whose return or destruction you request before any obligations arise on our part.

To take point (c) first, the written notification you provided was not made promptly. Over half of the items were produced in January or early February. Less than a quarter were produced in the 30 days prior to the date of the request. Your several prior requests for return or destruction of allegedly inadvertently produced privileged material, all of which we voluntarily complied with, were by contrast made within much shorter periods of time after the production.

New York • Washington DC • London • Paris • Frankfurt
Fried, Frank, Harris, Shriver & Jacobson LLP is a Delaware Limited Liability Partnership

Fried, Frank, Harris, Shriver & Jacobson LLP

Joseph Pizzurro                           2                        April 11, 2007
Nancy Delaney
Jennifer A. Bagnato


     Next, you have provided no basis other than your say-so for concluding that the production of these documents was inadvertent, rather than a conscious decision being second-guessed long after the fact, and the information available to us suggests to the contrary. For example, in some instances you appear to have produced multiple copies of the same document, demonstrating consistency of treatment, rather than a single stray copy slipping through the cracks. For another example, you have requested the return of 13 items from your January 25 production as to which you previously requested return of allegedly inadvertently produced materials, demonstrating that you did not consider these documents to have been inadvertently produced even when you had already double-checked that portion of your production for just that purpose. Indeed, you have even requested the return of 7 items from your belated March 23 production, which you told us at the time had not been produced by the March 16 deadline imposed by the Special Master because they had been withheld on the basis of a privilege claim you had subsequently determined was not tenable, again demonstrating that a focused and affirmative determination to produce was made.

     Finally, we are not required to accept your representation that any much less all of these items are in fact privileged. You claim that slightly over half of them were included on your March 23 privilege log, but you have not indicated which item numbers on the log correspond with which Bates number sequences, making it impossible for us to understand the basis of your claim without unreasonable effort. In any event, that log contains hundreds of items which were not privileged and was additionally false and misleading because of its failure to disclose that additional hundreds of items had been disclosed to the SEC, thus waiving privilege. Your failure to provide the relevant cross-references to your privilege log makes it difficult to determine easily which items subject to your request should never have been on your log in the first place. As to the remainder of the items, you admit that they were not logged prior to the March 23 deadline imposed by the Special Master, which you had had almost two months notice of. Any privilege claim as to those documents was thus separately waived by failure to raise the claim prior to the passing of that deadline. Given the volume of documents you have requested the return or destruction of, we have not had an opportunity to review them thoroughly in light of your request, but we suspect that many of them will separately not appear on their face to be privileged. For example, you have demanded the return or destruction of what appears to be a copy of Mr. Hylland's resume (Bates 372615-16).

     If you wish to provide further substantiation for your request, we will consider it and respond within a reasonable time. Otherwise, we are under no obligation to comply with your request and will not do so absent an order of the Special Master or the Court. We reserve the right to use the documents in question for any and all purposes relevant to the litigation.

Fried, Frank, Harris, Shriver & Jacobson LLP

Joseph Pizzurro                    3                    April 11, 2007
Nancy Delaney
Jennifer A. Bagnato


Finally, as to Joe Pizzurro's email sent around 7 pm last night, we are disappointed by the inappropriate attempt to link NorthWestern's willingness to respond to appropriate followups on the incompleteness of its own discovery obligations with our immediate acquiescence in your as yet unsubstantiated request. If NorthWestern declines to respond on this basis, it will be proceeding at its own risk.

Sincerely,

John W. Brewer

cc:    Gary Kaplan
       Bonnie Steingart
       Dale R. Dubé
       John V. Snellings
       Victoria Counihan

Ffny02/548534

*EXHIBIT D*

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ATTORNEYS AND COUNSELLORS AT LAW
IOI PARK AVENUE
NEW YORK, NEW YORK IOI78-OO6I

FRANKFURT   MUSCAT
HOUSTON     PARIS
LONDON      STAMFORD
MEXICO CITY WASHINGTON, D.C.
MILAN

TELEPHONE 2I2-696-6000
FACSIMILE 2I2-697-I559
E-MAIL INFO@CM-P.COM
INTERNET WWW.CM-P.COM

WRITER'S DIRECT:
TEL.: 2I2-696-6939
E-MAIL JPIZZURRO@CM-P.COM

April 11, 2007

Bonnie Steingart, Esq.
John W. Brewer, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004-1980

Dear Counsel:

  We have John Brewer's letter of earlier today regarding the privileged documents which were inadvertently produced on behalf of NorthWestern. The characterization in that letter of the provisions of Judge Farnan's Protective Order is both erroneous and presumptuous. Nothing in that Order gives the receiving party the right to unilaterally determine whether the notice is reasonable, the production inadvertent or the documents privileged. The Order is clear. When the receiving party gets a notice of inadvertent production of privileged material, that party must return or destroy the material. Thereafter, the burden is on the receiving party to move for an order compelling production "but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production." And until such a motion is decided, the receiving party is absolutely prohibited from making any use of the documents in question.

  The procedures and burdens imposed by the Court's Order are fully consistent with the provisions Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, the provisions of which are conveniently omitted from Mr. Brewer's letter. Under that Rule, once the receiving party is notified of the claim of privilege with respect to documents already produced, the receiving party is under an absolute obligation to return, destroy or sequester those documents and bears the burden of bringing a motion before the Court to compel production.

  Thus, under both Federal Rules and Judge Farnan's Order, it is clear that your obligation is absolute. The designated documents must be returned or destroyed. Furthermore, you may make no use of any sort of those documents until you have made a motion and persuaded the Special Master or Court that the documents are not privileged. Furthermore, you

3570785v1

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Bonnie Steingart, Esq.
John W. Brewer, Esq.
April 11, 2007

Page 2

may not assert as a basis for such a motion the "fact or circumstances of the inadvertent production."[*]

Your attempt to shift the burden on these issues to NorthWestern as the producing party is impermissible. NorthWestern is under no obligation to seek a protective order. Plaintiffs must move, or be forever prohibited from making any use of the documents. Indeed, much of Mr. Brewer's letter suggests that a review of these documents was undertaken subsequent to our notice to you of April 5 which would itself constitute a violation of the Order and the Rule.

If Plaintiffs use any of the designated documents for any purpose whatsoever prior to a determination by the Court or Special Master that such documents are not privileged, you will not only be in violation of the Federal Rules but also in violation of Judge Farnan's Order, and we will pursue every remedy available to us, including seeking an Order that Plaintiffs and their counsel are in contempt of Court.

Yours truly,

Joseph D. Pizzurro

cc: Gary L. Kaplan, Esq.
Victoria W. Counihan, Esq.
Denise Seastone Kraft, Esq.
Dennis A. Meloro, Esq.
John V. Snellings, Esq.
Dale R. Dubé, Esq.
Stanley T. Kaleczyc, Esq.
Kimberly A. Beatty, Esq.

---

[*] While completely irrelevant to a determination of whether the documents in question are privileged, we note that Mr. Brewer's characterization of the circumstances of prior production recalls and consistent treatment of documents is either mistaken or intentionally misleading.

3570785v1