IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION and LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWESTERN CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 04-1494 (JJF)<br>)<br>)<br>)<br>)<br>) |
| MAGTEN ASSET MANAGEMENT CORP.,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. HANSON and ERNIE J. KINDT,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 05-499 (JJF)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF
NORTHWESTERN CORPORATION'S EMERGENCY CROSS MOTION FOR AN
ORDER TRUNCATING THE BRIEFING SCHEDULE UNDER LOCAL RULE 7.1.2
AND SETTING AN IMMEDIATE TELEPHONIC HEARING AND FOR AN ORDER
THAT PLAINTIFFS AND THEIR COUNSEL IMMEDIATELY COMPLY WITH
THEIR OBLIGATIONS PURSUANT TO PARAGRAPH 8 OF THE
STIPULATED PROTECTIVE ORDER OF MARCH 21, 2007**

NorthWestern Corporation ("NorthWestern") by and through its counsel, respectfully submits this memorandum of law in support of its emergency cross motion (the "Motion") pursuant to Rule 26(b)(5)(B) of the Fed. R. Civ. P. and Paragraph 8 of the Stipulated Protective Order signed by the Court on March 21, 2007 (the "Order") (i) for the entry of an order truncating the briefing schedule under Local Rule 7.1.2 and setting an immediate telephonic hearing and (ii) for an order that Plaintiffs and their counsel immediately comply with their obligations under Paragraph 8 of the Order and: (a) immediately cease making any use of

3580873v2

the documents listed on Exhibit A to the Motion (the "Designated Documents"); (b) forthwith return any and all copies of the Designated Documents to counsel for NorthWestern or destroy said documents and any and all copies thereof and provide an immediate certification that such destruction has occurred; (c) forthwith destroy any and all notes, memoranda or other work product based upon or derived from the Designated Documents and provide an immediate certification that such destruction has occurred; and (d) that Magten and its counsel be sanctioned for their prior violations of the Order in the amount of costs incurred by NorthWestern in connection with this Motion, including reasonable attorneys' fees.

This motion is not in response to Magten's Emergency Motion to Compel Production of documents [Docket No. 139] which was filed on the evening of Friday, April 13, 2007 (the "Emergency Motion"). NorthWestern will respond to that motion in due course. This Motion only addresses the continuing violations by Magten and its counsel of Paragraph 8 of the Order.

## PRELIMINARY STATEMENT

Magten and its counsel have brazenly violated the clear and unambiguous terms of the Court's Order and Rule 26(b)(5)(B) of the Fed. R. Civ. P. by refusing to return or certify the destruction of the Designated Documents which are subject to claims of privilege and were inadvertently produced by NorthWestern. Magten justifies its conduct by arguing that it has no obligation under the Order or the Rule because *it* has determined that NorthWestern's notice was untimely, *it* has determined that the production was not inadvertent and *it* has determined that the Designated Documents are not subject to a claim of privilege. It goes without saying that neither Magten nor its counsel can arrogate to themselves the right to make any such determinations.

Indeed, under the terms of the Order none of those issues are relevant in determining whether Magten has the absolute obligation to return or destroy the documents[1] in question.

Pursuant to the Order, once a receiving party gets notice of the inadvertent production of documents subject to a claim of privilege, those documents must be returned to the producing party or destroyed. The receiving party may move to compel production of the documents in question by contesting the claim of privilege, but two things are clear. First, while such a motion is pending the receiving party neither is relieved of its obligation to return or destroy the documents nor is it permitted to use those documents in any way. Second, in making such a motion the receiving party may not argue that the facts or circumstances of the inadvertent waiver is a basis for their production.

Magten has ignored both of these provisions of the Order. Magten's counsel has stated that he is not required to accept NorthWestern's representations and intends to continue to review and use the documents for any and all purposes. Further, Magten has unnecessarily gone so far as to organize, bind and provide the documents to local counsel for use in its Emergency Motion, and has argued the fact and circumstances of the inadvertent disclosure as a main, if not the main, basis for its motion to compel.

Magten and its counsel cannot be permitted to so flagrantly flaunt the Court's Order, an order which Magten itself negotiated and signed. Their conduct demands sanction and, at the very least, they should be made to pay the costs incurred by NorthWestern in connection with this Motion, including reasonable attorneys' fees.

There is no need for any further briefing of this issue. This application was initially raised before the Special Master by the letter of Joseph D. Pizzurro dated April 13, 2007.

---

[1] The documents which are the subject of this Motion are listed by bates number on Exhibit A to NorthWestern's Motion and are referred to therein and herein as the "Designated Documents".

(Pizzurro Aff. Ex. 8.)[2] Magten's counsel has already stated that it is content to rest on its Emergency Motion of that same date as a response to the application (Pizzurro Aff. Ex. 9.) It is therefore requested that the Special Master schedule an immediate telephonic hearing on this issue without further briefing.

## ARGUMENT

Paragraph 8 of the Order states:

> Inadvertent production of documents subject to work-product immunity, the attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify all receiving Parties in writing of such inadvertent production. Upon reasonable notice, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during any deposition, mediation, hearing or trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. The receiving party then may move the Court for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

D.I. 121.

NorthWestern first made this application on Friday, April 13, 2007 by letter of Joseph D. Pizzurro to the Special Master (Pizzurro Aff. Ex. 8.) Most of the material facts and circumstances necessitating the application, and the basis for it, are set forth in that letter, which is incorporated herein by reference and will not be repeated at length. After that letter was submitted, Magten made its Emergency Motion to compel NorthWestern to produce certain documents. That Emergency Motion sets forth Magten's position, at length, on why it believes it

---

[2] References in the form "Pizzurro Aff. __" are to the affidavit of Joseph D. Pizzurro, dated April 16, 2007,

-4-

3580873v2

can disregard the terms of Paragraph 8 of the Order and refuse to return or destroy the Designated Documents. Subsequently, Magten's counsel sent a letter to the Special Master stating that Magten's Emergency Motion adequately states Magten's position on this issue. (Pizzurro Aff. Ex. 9.) Thus, no further briefing on this Motion is required and the requirements of Local Rule 7.1.2 should be truncated to permit an immediate hearing on this matter.

The urgency of this matter is clear. Under the terms of the Order Magten and its counsel are, and for over ten days have been, in violation of their obligation to return or destroy the Designated Documents. Indeed, not only have they retained those documents, they have admitted that they are continuing to make use of them in connection with this litigation and have unnecessarily copied them, bound them and sent them to local counsel who have offered them to the Special Master for review. This is a clear violation of Paragraph 8.

But Magten argues it is not bound by the Order.

Magten claims that Paragraph 8 of the Order does not apply because the notice provided by NorthWestern was neither adequate nor prompt. Of course, Magten supplies no authority for this assertion and there is none. The assertion is nonsense, and is irrelevant to the obligations of Magten under the Order.

The notice letters sent to Magten's counsel identify each specific document by Bates number, the nature of the privilege asserted, and specify whether or not the document had already been included on the privilege log. (Pizzurro Aff. Exs. 4, 5, 6, 7 and 8.) And the notice was prompt. Indeed it was immediate.

Magten makes an attempt to be clever by arguing that the promptness of the notice is to be judged by the date of production. As counsel for Magten is no doubt aware, the case law in Delaware which addresses the issue of the promptness of notice in cases of

---

submitted in support of this Motion.

inadvertent disclosure makes clear that it is the date on which a party discovers the inadvertent production which governs, not the date of the production. *See Novartis Pharm. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 165 (D. Del. 2001) (Farnan, J.). *See also U. S. Surgical Corp. v. Auhll (In re Circon Corp. S'holders Litig.)*, No. Civ. A. 15223, 1998 WL 409166, at *4 (Del. Ch. 1998) (unpublished); *Monsanto Co. v. Aetna Cas. & Sur. Co.*, No. 88C-JA-118, 1994 WL 315238, at *6 (Del. Super. 1994) (unpublished); *IBM Corp. v. Comdisco, Inc.*, No. 91-C-07-199, 1992 WL 149502, at *1 (Del. Super. 1992) (unpublished).

NorthWestern gave notice within hours of the discovery of the inadvertent production. NorthWestern first discovered that certain privileged documents had been inadvertently produced on April 3, 2007 while counsel was conducting a review of the document production in preparation for upcoming depositions.[3] (Pizzurro Aff. ¶8.) Shortly thereafter this was confirmed by a coincidental letter from Magten's counsel making inquiries regarding that same document. (Pizzurro Aff. ¶9; Ex. 3.) In a letter that same day NorthWestern's counsel immediately notified Magten's counsel of the inadvertent production and began a review of NorthWestern's document production to determine whether other privileged documents had been inadvertently produced. (Pizzurro Aff. ¶10; Exs. 4.) Counsel for NorthWestern began an immediate review of the documents produced to Plaintiffs to determine if any other documents had been inadvertently produced. A second notice was sent out two days later, April 5, identifying additional inadvertently produced privileged documents and two more notices were sent out on April 12 and another on April 16. (Pizzurro Aff. ¶¶11-14; Exs. ,5 6, 7 and 8.) A review of NorthWestern's document production to determine if there are any additional inadvertently produced privileged documents is ongoing. (Pizzurro Aff. ¶11.)

---

[3] The instances where documents were recalled by NorthWestern prior to April 3 involved technical and computer errors. (Pizzurro Aff. ¶¶ 5-7; Exs. 1 and 2.)

Under Delaware law, NorthWestern's notice of the inadvertent disclosure was more than prompt. And that notice was more than clear to put Magten and its counsel on notice of its obligation to return or destroy the Designated Documents.

Magten also argues that NorthWestern's notices did not adequately substantiate the claim of an inadvertent production and goes so far as to argue that the facts and circumstances of the inadvertent production itself constitutes a waiver of the privilege. These assertions are not only completely erroneous, they fly in the face of the plain language of the Order which prohibits a receiving party from relying in any way on the fact or circumstances of the inadvertent disclosure as a waiver of any privilege. The Order is clear – once a producing party states that the production of a privileged documents was inadvertent that ends the inquiry of both whether there was an inadvertent disclosure or whether there was a waiver.

Further, the circumstances of the production here demonstrates beyond any doubt that the Designated Documents were inadvertently produced. The document production was conducted over a relatively short time, most of it during January, February and early March of 2007. (Pizzurro Aff. ¶3.) NorthWestern produced over 485,000 pages of documents, and had to undertake the review of more than a million pages of electronically formatted documents for relevance and privilege. (*Id.*) If the relevant non-privileged documents were produced in hard copy, they would have filled more than 200 boxes. The possibility that there could be the inadvertent production of privileged documents under these circumstances was clear to all concerned. It was precisely because of these circumstances that the parties included Paragraph 8 in the Order so that there could never be a claim that inadvertent production constituted a waiver of privilege, or even a challenge to the circumstances of the inadvertent production itself. This is consistent with the spirit of Rule 26(b)(5)(B) which recognizes the likelihood of inadvertent disclosures in an era of voluminous electronic discovery. Furthermore, the Advisory Committee

3580873v2

Notes to the 2006 amendment to Rule 26 adding subsection (5)(B) provides that the Rule works in tandem with agreements reached between the parties governing inadvertent disclosure and the terms of such agreements govern. Here the parties agreed, and the Court ordered, that there can be no challenge to a claim of privilege based on the fact of inadvertent disclosure or the circumstances thereof. By ignoring this clear provision of this Order, Magten simply highlights the lack of good faith in its continuing refusal to meet its obligations thereunder.[4]

Finally, Magten argues that it has no obligation to comply with Paragraph 8 of the Order because those provisions only apply to privileged documents and NorthWestern has not demonstrated that the Designated Documents are in fact privileged. This is sophistry of the worst kind. Of course, NorthWestern is under no obligation at all, either under Paragraph 8 of the Order or Rule 26, to demonstrate to Magten that the Designated Documents are privileged before Magten has an obligation to return or destroy these documents. That is entirely a matter for the Court, or potentially in the first instance for the Special Master. Once Magten received NorthWestern's notice its obligation to return or destroy the Designated Documents was engaged. It can move to compel, but it cannot retain the documents pending such a motion and it certainly may not use the documents themselves in connection with that motion.[5] Magten has done both. Its conduct is a clear violation of the Court's Order and Magten and its counsel should not only be ordered to comply with their obligations forthwith, they should be sanctioned for their violations.

---

[4] Magten's insinuation that the claim of inadvertent production is simply a disruptive litigation tactic and not in good faith has no basis. Counsel has sworn under oath that the production of the Designated Documents was inadvertent and not intentional. (Pizzurro Aff. ¶15.)

[5] Of course the inadvertently produced documents assembled in six ring binders have nothing whatsoever to do with whether NorthWestern has waived any privilege by providing certain documents to the SEC. That is a separate set of documents which also require no review in order for the Court or the Special Master to determine that issue. The SEC document issue will be addressed in NorthWestern's response to be filed later. Similarly, the issue of the Excel spreadsheets does not require a review of any documents. That issue will be briefed later. Once the above issues are resolved, the only documents that may require an *in camera* inspection, if any, are those as to which counsel cannot reach agreement.

## CONCLUSION

For the reasons set forth herein, and in the accompanying affidavit and exhibits, NorthWestern's emergency cross motion should be granted in all respects.

Dated: April 16, 2007

**GREENBERG TRAURIG LLP**

_Victoria W. Counihan_
Victoria W. Counihan (No. 3488)
Dennis A. Meloro (No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7000

and

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**
Joseph D. Pizzurro
Steven J. Reisman
Nancy E. Delaney
101 Park Avenue
New York, NY 10178
(212) 696-6000
Facsimile: (212) 697-1559

Attorneys for NorthWestern Corporation