**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION and LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWESTERN CORPORATION,<br><br>Defendant. | C.A. No. 04-1494-JJF |
| MAGTEN ASSET MANAGEMENT CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. HANSON and ERNIE J. KINDT<br><br>Defendants. | C.A. No. 05-0499-JJF |

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

       JOSEPH D. PIZZURRO, being duly sworn, deposes and says:

       1.     I have been admitted pro hac vice to the bar of this Court and am a member of the firm of Curtis, Mallet-Prevost, Colt & Mosle LLP, counsel for defendant NorthWestern Corporation ("NorthWestern") in the above-referenced action. I submit this affidavit in support of the Emergency Cross Motion of Defendant NorthWestern Corporation for an Order that the normal briefing schedule under Local Rule 7.1.2 be truncated and that an immediate telephonic hearing be scheduled and an Order that plaintiffs and their counsel

immediately comply with their obligations pursuant to paragraph 8 of the Stipulated Protective Order of March 21, 2007.

2.    The Rule 16 Scheduling Order in this action provides in part that fact discovery be completed by May 2, 2007. On February 2, 2007, Special Master John James issued his Report and Recommendations providing that NorthWestern must substantially complete its production of documents to plaintiffs by March 16, 2007. Special Master James also stated that NorthWestern must produce its privilege log by March 23, 2007. The Report and Recommendations were adopted by Order of the Court on March 1, 2007.

3.    NorthWestern has produced in excess of 485,000 pages of documents in response to plaintiffs' document requests. In order to do so, counsel for NorthWestern reviewed what we reasonably believe to be in excess of 1 million pages of documents for responsiveness and privilege, the overwhelming majority of which were in electronic format. These documents were produced on a rolling basis beginning in November 2006, but the vast majority of these documents were reviewed and produced in January, February and early March 2007. Further, NorthWestern produced a privilege log containing approximately 1746 documents withheld from its production for privilege.

4.    For all documents numbered and produced to plaintiffs, NorthWestern provided a disc containing two types of information. First, the disc contained images of the documents themselves. In order to view the documents, plaintiffs could open the images on a computer or they could print them out as hard copies. In addition, the disc contained a "load file" which allowed plaintiffs to load the documents onto a document review software program.

5.    On January 12, 2007, counsel for NorthWestern learned that the load file information associated with 6 documents on the discs delivered to plaintiffs December 18 and

21, 2006, inadvertently contained attorney client privileged information. The privileged material was redacted on the images themselves, and any hard copies printed from the images contained such redactions. However, the privileged material was not redacted on the load file. Upon learning of the error, Jennifer Bagnato, an attorney from my office, promptly notified all counsel on January 16, 2007 that the December 18 and 21 discs inadvertently contained attorney client and attorney work product information. (See Ms. Bagnato's January 16, 2007 letter, attached as Exhibit 1.) Ms. Bagnato's January 16 letter requested that all counsel return or destroy the original December 18 and 21 discs in accordance with paragraph 8 of the Stipulated Protective Order and Fed. R. Civ. P. 26(b)(5)(B). With the January 16 letter, we provided replacement discs in which the privileged material was removed from the load file.

      6.     On or around February 10, 2007, we learned that due to a technical error in Opticon, the program used to review electronic documents on a computer, approximately 4500 pages which we had determined were either: (a) nonresponsive, or (b) were not part of the universe of documents that we reviewed at all, were bates numbered and produced to plaintiffs on January 25, 2007. After determining the extent of the technical error and the affected bates number ranges, on February 12, 2007, Ms. Bagnato promptly sent a letter to all counsel notifying them of the inadvertent production. (See Ms. Bagnato's February 12, 2007 letter, attached as Exhibit 2.) The February 12 letter noted that the documents in the identified ranges were nonresponsive. And, out of an abundance of caution, since we had not even reviewed some of the documents produced as a result of the technical error, the February 12 letter stated that the inadvertently produced documents also may have contained attorney client privileged information. Ms. Bagnato's February 12 letter requested that all counsel return or destroy the original January 25 disc in accordance with paragraph 8 of the Stipulated Protective Order and

Fed. R. Civ. P. 26(b)(5)(B). With the February 12 letter, we provided replacement discs of the January 25 production from which the inadvertently produced documents were removed.

      7.    We understand that both incidents described in paragraphs 5 and 6 were the result of technical errors in the bates numbering and production of electronic documents. We did not believe a re-review of documents was required since we determined that the technical errors were discrete, identifiable and easily remedied.

      8.    On April 3, 2007, at approximately 5:30pm during a review of its production in preparation for upcoming depositions, counsel for NorthWestern determined that it had inadvertently produced a document that contains attorney client and attorney work product privileged information and was listed on NorthWestern's privilege log. Immediately, we began a review of the entire production to determine whether additional documents were inadvertently produced.

      9.    At approximately 7:00pm, we received a letter via email from John Brewer, counsel for Magten Asset Management Co. ("Magten"), stating that certain exhibits to the same document we had identified at 5:30pm as inadvertently produced, were missing from NorthWestern's production. Mr. Brewer demanded production of the full set of exhibits immediately. (See Mr. Brewer's April 3, 2007 letter, attached as Exhibit 3.)

      10.    At approximately 9:00pm on April 3, 2007, Ms. Bagnato sent a letter via email and first class mail to Mr. Brewer (copying all email recipients on Mr. Brewer's letter of earlier that evening) informing all counsel that the production of the document identified in Mr. Brewer's letter contained attorney work product and attorney client privileged material and the production of which was inadvertent. Ms. Bagnato demanded that counsel destroy or return the

documents in accordance with paragraph 8 of the Stipulated Protective Order and Fed. R. Civ. P. 26(b)(5)(B). (See Ms. Bagnato's April 3, 2007 letter, attached as Exhibit 4.)

11.     Immediately, we began a review of NorthWestern's document production to determine whether other documents on its privilege log were inadvertently produced. Further, we began an extensive review of the document production to determine what other documents were inadvertently produced. This review is on-going.

12.     After determining on April 4 and April 5, that we had inadvertently produced several other privileged documents, Ms. Bagnato sent a letter to Mr. Brewer on April 5, 2007, identifying additional inadvertently produced privileged documents and requesting their destruction and return under paragraph 8 of the Stipulated Protective Order and Fed. R. Civ. P. 26(b)(5)(B). (See Ms. Bagnato's April 5, 2007 Letter, attached as Exhibit 5.) Ms. Bagnato's letter was sent via email and hard copy to Mr. Brewer, and was also sent via email to Bonnie Steingart and Gary Kaplan, of Mr. Brewer's same law office, and local counsel for Magten, Dale Dubé. We had received no notice from Ms. Steingart nor Mr. Kaplan that they would be out of the office for an extended observance of Easter related holidays.

13.     During the week of April 9, 2007, we continued to review NorthWestern's document production for inadvertently produced privileged documents. After discovering an additional SIX privileged documents which were inadvertently produced, Ms. Bagnato sent two letters on April 12, 2007, identifying the inadvertently produced privileged documents by bates number and requesting their destruction and return under paragraph 8 of the Stipulated Protective Order and Fed. R. Civ. P. 26(b)(5)(B). (See Ms. Bagnato's April 12, 2007 Letters, attached as Exhibits 6 and 7.)

14.    On April 16, 2007, after identifying that additional attorney client privileged documents were inadvertently produced, Ms. Bagnato promptly sent a letter to all counsel identifying the inadvertently produced privileged documents by bates number and requesting their destruction and return under paragraph 8 of the Stipulated Protective Order and Fed. R. Civ. P. 26(b)(5)(B).  (See Ms. Bagnato's April 16, 2007 Letter, attached as Exhibit 8.)

15.    I state without hesitation or equivocation that all of the documents listed on Ms. Bagnato's letters of April 3, April 5, April 12 and April 16, referred to above, were inadvertently, and not intentionally, produced.

16.    Attached as Exhibit 9 is a true and correct copy of my letter, and all exhibits thereto, to Special Master John E. James, dated April 13, 2007, originally making this application.

17.    Attached as Exhibit 10 is a true and correct copy of the letter of Dale Dubé, to Special Master John E. James, dated April 13, 2007.

18.    Attached as Exhibit 11 is a true and correct copy of document that lists all of the bates numbers of the inadvertently produced privileged documents listed in Ms. Bagnato's letters of April 3, April 5, April 12 and April 16, 2007.  This document is described as Exhibit A in the Memorandum in Support of NorthWestern's Emergency Cross Motion.

Dated: April 16, 2007

                                                                                    Joseph Pizzurro

Sworn to before me
this 16th day of April, 2007

Notary Public

LINDA L. FROCCARO
Notary Public, State of New York
No. 31-6241000
Qualified in New York County
Commission Expires May 31, 2010

3580477                                                    -6-

# EXHIBIT 1

# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

| | | ATTORNEYS AND COUNSELLORS AT LAW | |
|---|---|---|---|
| FRANKFURT | MUSCAT | 101 PARK AVENUE | |
| HOUSTON | PARIS | NEW YORK, NEW YORK 10178-0061 | |
| LONDON | STAMFORD | | |
| MEXICO CITY | WASHINGTON, D.C. | | |
| MILAN | | | |

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
E-MAIL INFO@CM-P.COM
INTERNET WWW.CM-P.COM

WRITER'S DIRECT:
TEL.: (212) 696-8895
E-MAIL JBAGNATO@CM-P.COM

January 16, 2007

**VIA FEDERAL EXPRESS**

Bonnie Steingart, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004-1980

Stanley Kaleczyc, Esq.
Browning, Kaleczyc, Berry & Hoven, P.C.
139 North Last Chance Gulch
Helena, MT 59601

Paul Spangoletti, Esq.
Davis Polk & Wardwell
1600 El Camino Real
Menlo Park, CA 94025

Re:  *Magten Asset Management Corp. and Law
Debenture Trust Co. v. NorthWestern Corp.*;
C.A. No. 04-1494-JJF

Dear Counsel:

We have determined that the production CDs delivered to you on December 18
and 21, 2006, inadvertently contained attorney client privileged information.  The privileged
material was redacted on the images themselves, and any hard copies printed from the images
contain such redactions.  However, the privileged material was not redacted in a data field on the
Concordance load file.  Specifically, attorney client privileged material appears in the ALLTEXT
data field of the following documents:

NOR 014675 - 014676
NOR 016432 - 016433

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW                    Page 2

Bonnie Steingart, Esq.
January 16, 2007

NOR 020688 - 020690
NOR 024035 - 024035
NOR 029396 - 029397
NOR 034693 - 034693

Enclosed are two replacement CDs in which the privileged material has been correctly redacted in the ALLTEXT data fields. Please destroy the previous CDs, or return them to my attention.

Sincerely,

*Jen Bagnato*

Jennifer A. Bagnato

# EXHIBIT 2

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

FRANKFURT    MUSCAT
HOUSTON      PARIS
LONDON       STAMFORD
MEXICO CITY  WASHINGTON, D.C.
MILAN

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
E-MAIL INFO@CM-P.COM
INTERNET WWW.CM-P.COM

WRITER'S DIRECT:
TEL.: (212) 696-8895
E-MAIL JBAGNATO@CM-P.COM

February 12, 2007

**VIA FEDERAL EXPRESS**

Bonnie Steingart, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004-1980

Paul Spagnoletti, Esq.
Davis Polk & Wardwell
1600 El Camino Real
Menlo Park, CA 94025

Stanley Kaleczyc, Esq.
Browning, Kaleczyc, Berry & Hoven, P.C.
139 North Last Chance Gulch
Helena, MT 59601

    Re: *Magten Asset Management Corp. and Law*
       *Debenture Trust Co. v. NorthWestern Corp.;*
       <u>C.A. No. 04-1494-JJF</u>

Dear Counsel:

    It has come to our attention that the DVD produced to you on January 25, 2007, inadvertently contained attorney-client privileged and nonresponsive documents. The bates ranges affected by this error are:

      NOR177039 – NOR179214

      NOR179313 – NOR180896

      NOR179215 – NOR179301

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**
ATTORNEYS AND COUNSELLORS AT LAW                   Page 2                              February 12, 2007

NOR180897 – NOR181566.

Pursuant to Fed. R. Civ. P. 26(b)(5)(B), please destroy the DVD that was previously sent to you on or about January 25, 2007, or return it to my attention.  I enclose a replacement DVD on which these documents have been removed from the production and replaced with blank pages.  Thank you for your attention to this matter.

Sincerely,

Jennifer A. Bagnato

# EXHIBIT 3

**Fried, Frank, Harris, Shriver & Jacobson LLP**

One New York Plaza
New York, New York 10004-1980
Tel: +1.212.859.8000
Fax: +1.212.859.4000
www.friedfrank.com



Direct Line:  212.859.8736
Fax: 212.859.4000
brewejo@ffhsj.com

April 3, 2007

Jennifer A. Bagnato
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, NY   10178

Dear Jennifer:

I am writing with respect to an apparent omission in your document production.
The Special Committee Report to the rest of the Board of Directors Bates-numbered
NOR 371624 et seq. is accompanied by an index of attached exhibits (most if not all of
which are documents referenced in the body of the report) beginning at 371678.
However, as produced we appear to have gotten fewer than half of these exhibits with
this copy of the report:  only 36 out of 77.  I attach a copy of the exhibit index with the
missing items circled.  Elsewhere in your production there is what appears to be a
complete set of exhibits 1 through 29, so the circled items in that range are missing from
the set at 371624 et seq but not from the production as a whole.  There does not appear to
be much rhyme or reason as to what is present and what is missing except that the vast
majority of exhibits which were emails seem to be missing.  Given the apparently lengthy
process that culminated in the production of this report, we presume that NorthWestern
must have a complete set of exhibits somewhere in its possession.  Please provide us with
copies of the missing items immediately.  If, due to some logistical glitch you believe the
missing items were included elsewhere in your production, please advise us of the
relevant Bates-numbers.

Thank you for your prompt attention to this request.

Very truly yours,

John W. Brewer

JWB:ner
548142

New York • Washington DC • London • Paris • Frankfurt
Fried, Frank, Harris, Shriver & Jacobson LLP is a Delaware Limited Liability Partnership

## APPENDIX

| Document | Exhibit |
|---|---|
| Hylland Employment Agreement | Exhibit 1 |
| Chart of Interviewees | Exhibit 2 |
| Merle Lewis Statement | Exhibit 3 |
| Richard Hylland Statement | Exhibit 4 |
| Kipp Orme Statement | Exhibit 5 |
| Kurt Whitesel Statement | Exhibit 6 |
| Michael Nieman Statement | Exhibit 7 |
| Michael Hanson Statement | Exhibit 8 |
| David Monaghan Statement | Exhibit 9 |
| John Charters Statement | Exhibit 10 |
| Richard Fresia Statement | Exhibit 11 |
| Christopher Younger Statement | Exhibit 12 |
| Reggie Vegliante Statement | Exhibit 13 |
| Timothy Atkinson Statement | Exhibit 14 |
| Lonnie Clark Statement | Exhibit 15 |
| Martin Snella Statement | Exhibit 16 |
| Daniel Newell Statement | Exhibit 17 |
| Robert Kennedy Statement | Exhibit 18 |
| Daniel Rausch Statement | Exhibit 19 |
| Mark Toney Statement | Exhibit 20 |
| Steve Polacek Statement | Exhibit 21 |
| Clifford Hoffman Statement | Exhibit 22 |

| Document | Exhibit |
|---|---|
| Additional information which Mr. Hylland did not provide to the Special Committee | Exhibit 23 |
| Letter from Mr. Hylland's attorney | Exhibit 24 |
| Summary of Public Statements | Exhibit 25 |
| Summary of Management Financial and Information Reports | Exhibit 26 |
| Summary of the 2002 Board Materials | Exhibit 27 |
| February 4, 2002 Expanets Board materials | Exhibit 28 |
| April 26, 2002 Expanets Board materials | Exhibit 29 |
| October 25, 2002 Expanets Board materials | Exhibit 30 |
| Summary of Minute Books of Expanets and Blue Dot | Exhibit 31 |
| Code of Ethics | Exhibit 32 |
| Accountability Chart | Exhibit 33 |
| Expert Status Reports from February 20, 2002 through March 22, 2002 | Exhibit 34 |
| Mr. Hylland's Resume | Exhibit 35 |
| November 6, 2001 Minutes of Special Meeting of Expanets Board | Exhibit 36 |
| December 15, 2001 email from Mr. Hylland | Exhibit 37 |
| Inter-company ledger | Exhibit 38 |
| January 16, 2002 email from Mr. Hylland | Exhibit 39 |
| February 5-6, 2002 Board presentation | Exhibit 40 |
| Expanets Analysis of Q1 Forecast | Exhibit 41 |
| April 9, 2002 email from Mr. Walker | Exhibit 42 |
| May 8, 2002 email from Mr. Gjoraas | Exhibit 43 |
| May 10, 2002 email from Mr. Batina | Exhibit 44 |
| May 17, 2002 email from Mr. Hylland | Exhibit 45 |

| Document | Exhibit |
|---|---|
| May 20, 2002 email string between Mr. Hylland and Mr. Charters | Exhibit 46 |
| May 30, 2002 memorandum from Mr. Fresia | Exhibit 47 |
| May 30, 2002 Expanets PowerPoint presentation | Exhibit 48 |
| Ms. Clark's report on status of accruals | Exhibit 49 |
| May 31, 2002 Executive Summary | Exhibit 50 |
| June 8, 2002 email from Mr. Hylland | Exhibit 51 |
| June 11, 2002 email from Mr. Charters | Exhibit 52 |
| July 16, 2002 email from Mr. Fresia | Exhibit 53 |
| July 22, 2002 email from Mr. Smith | Exhibit 54 |
| August 2, 2002 email from Mr. Charters | Exhibit 55 |
| August 7, 2002 Expanets Power Point presentation | Exhibit 56 |
| August 12, 2002 email from Mr. Gjoraas | Exhibit 57 |
| September 1, 2002 email from Mr. Fresia to Mr. Hylland | Exhibit 58 |
| September 2, 2002 email from Mr. Smith | Exhibit 59 |
| September 3-6, 2002 email string started by Mr. Lewis | Exhibit 60 |
| September 11, 2002 email from Mr. Charters | Exhibit 61 |
| September 18, 2002 Expanets Power Point Presentation | Exhibit 62 |
| September 20, 2002 Deloitte & Touche letter | Exhibit 63 |
| October 9, 2002 email from Mr. Charters | Exhibit 64 |
| October 11, 2002 email from Ms. Vegliante | Exhibit 65 |
| Clark Memorandum | Exhibit 66 |
| Expanets September Green Book | Exhibit 67 |
| Expanets fourth quarter EBITDA targets | Exhibit 68 |
| October 22, 2002 email strings from Mr. Fresia | Exhibit 69 |

| Document | Exhibit |
|---|---|
| Expanets September Green Book (revised) | Exhibit 70 |
| Expanets journal entries | Exhibit 71 |
| October 31, 2002 memorandum from Mr. Charters | Exhibit 72 |
| November 6, 2002 Expanets Power Point presentation | Exhibit 73 |
| November 15, 2002 memorandum from the Board | Exhibit 74 |
| Authorization Memorandum | Exhibit 75 |
| November 28, 2001 Expanets Board materials | Exhibit 76 |
| Ms. Clark's report regarding reversal of accruals | Exhibit 77 |
| | |

**EXHIBIT 4**

# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

FRANKFURT   MUSCAT
HOUSTON    PARIS
LONDON     STAMFORD
MEXICO CITY  WASHINGTON, D.C.
MILAN

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
E-MAIL INFO@CM-P.COM
INTERNET WWW.CM-P.COM

WRITER'S DIRECT:
TEL.: (212) 696-8895
E-MAIL JBAGNATO@CM-P.COM

April 3, 2007

**VIA EMAIL**

John W. Brewer, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004

> Re: *Magten Asset Management Corp. and Law
> Debenture Trust Co. v. NorthWestern Corp.*;
> C.A. No. 04-1494-JJF

Dear John:

I write in response to your letter of this evening. The documents numbered NOR371624 – 372806, NOR413446 – 413500, and NOR414057 – 414114 contain attorney work product and attorney client privileged information which was inadvertently produced.

Pursuant to Fed. R. Civ. P. 26(b)(5)(B), and paragraph 8 of the Stipulated Protective Order filed in the above referenced action, please destroy the documents numbered NOR371624 – 372806, NOR413446 – 413500, and NOR414057 – 414114, and any other documents entitled "Report of the Special Committee of the Board of Directors of NorthWestern Corporation" including any exhibits referenced therein, or return these documents to me.

Very truly yours,

Jennifer A. Bagnato

**EXHIBIT 5**

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

FRANKFURT     MUSCAT
HOUSTON       PARIS
LONDON        STAMFORD
MEXICO CITY   WASHINGTON, D.C.
MILAN

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
E-MAIL INFO@CM-P.COM
INTERNET WWW.CM-P.COM

WRITER'S DIRECT:
TEL.: (212) 696-8895
E-MAIL JBAGNATO@CM-P.COM

April 5, 2007

**VIA EMAIL AND FIRST CLASS MAIL**

John W. Brewer, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004

Re:   *Magten Asset Management Corp. and Law
      Debenture Trust Co. v. NorthWestern Corp.;*
      C.A. No. 04-1494-JJF

Dear John:

The following documents contain attorney work product and attorney client
privileged information. These documents, that were listed on the privilege log delivered to you
on March 23, 2007, were inadvertently produced.

| | | |
|---|---|---|
| NOR 053296-97 | NOR 184858-59 | NOR 441828-32 |
| NOR 066670-71 | NOR 185818-820 | NOR 452810-11 |
| NOR 075185-86 | NOR 187057-058 | NOR 452812 |
| NOR 086411-12 | NOR 192884-983 | NOR 452820 |
| NOR 086481-501 | NOR 193851-53 | NOR 458221-26 |
| NOR 088303-05 | NOR 240045-46 | NOR 459119-20 |
| NOR 121152-73 | NOR 265143 | NOR 458213-215 |
| NOR 131455 | NOR 275785 | NOR 463654 |
| NOR 135865-67 | NOR 371624-2806 | NOR 481063-64 |
| NOR 142061 | NOR 374782-92 | NOR 481065-66 |

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 2

Bonnie Steingart, Esq.
April 5, 2007

| | | |
|---|---|---|
| NOR 149263-64 | NOR 374829-5523 | NOR 481073 |
| NOR 160675-76 | NOR 411358-1450 | NOR 482791-93 |
| NOR 173136-38 | NOR 413446-500 | |
| NOR 184691-94 | NOR 414057-114 | |

In addition, the following documents contain attorney client privileged and attorney work product information and were inadvertently produced.

| | | |
|---|---|---|
| NOR 063216-7 | NOR 087633-34 | NOR 368363-70 |
| NOR 067845-86 | NOR 117952-953 | NOR 405402-03 |
| NOR 072813-14 | NOR 119158-9 | NOR 405928-930 |
| NOR 072815-16 | NOR 124686-87 | NOR 406074-075 |
| NOR 073773-74 | NOR 160675-76 | NOR 406175-180 |
| NOR 076260-61 | NOR 366792-809 | NOR 406416-55 |
| NOR 077858-59 | NOR 367014-041 | NOR 458032-035 |
| NOR 081375-76 | NOR 367140-151 | NOR 469466 |
| NOR 088910-11 | NOR 368029-037 | NOR 479145-146 |
| NOR 092308-09 | NOR 368234-261 | NOR 481065-066 |

Pursuant to Fed. R. Civ. P. 26(b)(5)(B), and paragraph 8 of the Stipulated Protective Order filed in the above referenced action, please destroy all of the documents listed above, or return these documents to me.

Enclosed is an addendum to the privilege log which lists these documents, as well as documents which were withheld from production, but were not included on the log. Also enclosed is an updated names reference list. In addition, in connection with your letter of March 29, we are preparing an annotated log that notes the documents which were produced to the Securities and Exchange Commission.

Very truly yours,

*Jennifer A. Bagnato*

Jennifer A. Bagnato

# EXHIBIT 6

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

FRANKFURT   MUSCAT
HOUSTON    PARIS
LONDON     STAMFORD
MEXICO CITY WASHINGTON, D.C.
MILAN

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
E-MAIL INFO@CM-P.COM
INTERNET WWW.CM-P.COM

WRITER'S DIRECT:
TEL.: (212) 696-8895
E-MAIL JBAGNATO@CM-P.COM

April 12, 2007

**VIA EMAIL**

John W. Brewer
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004

        Re:    *Magten Asset Management Corp. and Law*
               *Debenture Trust Co. v. NorthWestern Corp.*;
               C.A. No. 04-1494-JJF

Dear John:

        The document numbered NOR 374460 through NOR374530 contains attorney work product and attorney client privileged information and was inadvertently produced. Pursuant to Fed. R. Civ. P. 26(b)(5)(B), and paragraph 8 of the Stipulated Protective Order filed in the above referenced action, please destroy NOR 374460 through NOR374530, or return this document to me.

               Very truly yours,

               Jennifer A. Bagnato

# EXHIBIT 7

# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

FRANKFURT   MUSCAT
HOUSTON   PARIS
LONDON   STAMFORD
MEXICO CITY   WASHINGTON, D.C.
MILAN

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
E-MAIL INFO@CM-P.COM
INTERNET WWW.CM-P.COM

WRITER'S DIRECT:
TEL.: (212) 696-8895
E-MAIL JBAGNATO@CM-P.COM

April 12, 2007

**VIA EMAIL**

John W. Brewer
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004

> Re:   *Magten Asset Management Corp. and Law*
> *Debenture Trust Co. v. NorthWestern Corp.*;
> C.A. No. 04-1494-JJF

Dear John:

The following documents contain attorney work product and attorney client privileged information and were inadvertently produced:

> NOR 067847-067849
> NOR 086481-086559
> NOR 367071-367073
> NOR 367124-367130
> NOR 368038-368101

Pursuant to Fed. R. Civ. P. 26(b)(5)(B), and paragraph 8 of the Stipulated Protective Order filed in the above referenced action, please destroy all of the documents listed above, or return these documents to me.

Very truly yours,

Jennifer A. Bagnato

# EXHIBIT 8

# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

FRANKFURT    MUSCAT
HOUSTON      PARIS
LONDON       STAMFORD
MEXICO CITY  WASHINGTON, D.C.
MILAN

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
E-MAIL INFO@CM-P.COM
INTERNET WWW.CM-P.COM

WRITER'S DIRECT:
TEL.: (212) 696-8895
E-MAIL JBAGNATO@CM-P.COM

April 16, 2007

**VIA EMAIL**

John W. Brewer
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004

        Re:   *Magten Asset Management Corp. and Law*
               *Debenture Trust Co. v. NorthWestern Corp.*;
               <u>C.A. No. 04-1494-JJF</u>

Dear John:

        The following documents contain attorney work product and attorney client privileged information and were inadvertently produced.

| | | |
|---|---|---|
| NOR 317953-317970 | NOR 405532-405536 | NOR 406065-406066 |
| NOR 317980-317984 | NOR 405683-405684 | NOR 406097-406099 |
| NOR 352700-352711 | NOR 405703 | NOR 406103-406104 |
| NOR 352712-352713 | NOR 405713-405718 | NOR 406165-406169 |
| NOR 352714-352722 | NOR 405789-405791 | NOR 406170-406174 |
| NOR 365676-365677 | NOR 405850-405851 | NOR 406759-406797 |
| NOR 367925-367929 | NOR 405857-405859 | NOR 440103-440107 |
| NOR 405298-405308 | NOR 405920-405923 | |

        Pursuant to Fed. R. Civ. P. 26(b)(5)(B), and paragraph 8 of the Stipulated Protective Order filed in the above referenced action, please destroy all of the documents listed above, or return these documents to me.

               Very truly yours,

               Jennifer A. Bagnato

# EXHIBIT 9

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

FRANKFURT    MUSCAT
HOUSTON      PARIS
LONDON       STAMFORD
MEXICO CITY  WASHINGTON, D.C.
MILAN

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
E-MAIL INFO@CM-P.COM
INTERNET WWW.CM-P.COM

April 13, 2007

Special Master John E. James, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

> **Re:**   *Magten Asset Management Corp. and Law Debenture Trust Co. v.*
> *NorthWestern Corp.; C.A. No. 04-1494-JJF;*
> *Magten Asset Management Corp. v. Mike J. Hanson and Ernie J. Kindt;*
> *C.A. No. 05-0499-JJF*

Dear Special Master James:

        We write as counsel to defendant NorthWestern Corporation ("NorthWestern") in the above-referenced consolidated litigations. An issue has arisen which requires your immediate attention. It appears that counsel for plaintiff Magten Asset Management Corp. ("Magten") is in violation of both of the provisions of paragraph 8 of the Stipulated Protective Order entered by Judge Farnan on March 21, 2007 (the "Order") and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, both of which deal with the obligations of the parties and the procedures to be followed in the event of an inadvertent disclosure of documents asserted to be subject to the attorney-client and/or work product privileges. A copy of the Order is attached as Exhibit A.

        The facts surrounding this matter are as follows. During the course of document production, counsel for NorthWestern produced to plaintiffs in excess of 485,000 pages of documents. This required a review of a much larger universe of documents for both relevance and privilege. In accordance with your Report and Recommendations dated February 2, 2007, as adopted by Judge Farnan's Order of March 1, 2007, document production was substantially completed on March 16, 2007 and counsel for NorthWestern provided plaintiffs' counsel with a privilege log on March 23, 2007.

        Subsequent to the completion of these tasks we discovered that certain privileged documents had been inadvertently produced. Immediately upon discovering this on April 3, we sent a letter to all counsel informing them of the inadvertent disclosure and undertook a review of the entire production, which is still ongoing, to determine precisely what privileged documents had been inadvertently produced. On April 5, 2007, we sent a letter to all counsel listing the privileged documents which had been inadvertently turned over and asking counsel to

either return or destroy those documents in accordance with their obligations under the Order and Rule 26(b)(5)(B). This letter is attached hereto as Exhibit B[1].

Counsel for Magten responded to this letter on April 11, 2007, by asserting that they were not satisfied that the April 5 notice was timely, that the disclosure was in fact inadvertent or that the documents were properly designated as privileged and refused to comply with their obligation to return or destroy the documents. Counsel stated that "we are under no obligation to comply with your request and will not do so absent an order of the Special Master or the Court." Further, counsel stated "We reserve the right to use the documents in question for any and all purposes relevant to the litigation." A copy of this letter is attached as Exhibit C.

We immediately responded to this letter with a letter of the same date, making clear to Magten's counsel the following points:

- Under the terms of paragraph 8 of Judge Farnan's Order, as well as the provisions of Rule 26(b)(5)(B), any party which receives a notice of the inadvertent production of privileged documents has an immediate and absolute obligation to return or destroy those documents in accordance with that notice.

- The receiving party has no right to retain or use the designated documents in any way, regardless of whether the receiving party agrees with the terms of the notice.

- The receiving party has the burden to make a motion to compel production of the designated documents if it disagrees with the privilege designation. The only obligation of the producing party is to preserve the designated documents pending the determination of any such motion.

- Under paragraph 8 of Judge Farnan's Order, no motion to compel may assert as a ground therefore "the fact or circumstances of the inadvertent production."

A copy of this letter is attached as Exhibit D.

As of the writing of this letter we have received no response from counsel for Magten acknowledging their obligations under the Order or the Federal Rules. Nor have the designated documents, or any copies thereof, been returned. Indeed just a short time ago we were informed by counsel for Magten that they were submitting a motion challenging the assertion of privilege but not undertaking to return or destroy those documents while the motion is pending. As set forth above, this constitutes a flagrant violation of Judge Farnan's Order and Rule 26 requiring immediate sanctions.

---

[1] Two more letters were sent to all counsel on April 12, 2007 upon our discovery of additional inadvertently produced privileged documents. As set forth above, our review of the documents to determine if this is the extent of the inadvertent disclosure is ongoing.

The obligations of Magten and its counsel are clear and absolute. The documents in question must be returned or destroyed, and no use may be made of them. If Magten wants to contest the privileged nature of these documents on grounds other than the fact or circumstances of the inadvertent disclosure, it may make a motion. What it cannot do is flaunt its obligations and retain, or even offer to sequester, the designated documents before there is a determination of such a motion. The terms of the Order are clear.

We request an immediate order from the Special Master directing Magten and all counsel to comply with their obligations under the Order and the Rules and immediately cease making any use of the designated documents and to destroy or return any and all copies of the designated documents, and destroy any and all notes, memoranda or other work product based upon or derived from those documents, forthwith. Further, we request that sanctions be imposed upon counsel for Magten for their refusal to return or destroy the produced material.

We are available later this afternoon or on Monday morning for a telephone conference hearing on this matter should you deem it appropriate. However, in our view, the facts and circumstances surrounding this issue are so clear, and Magten and its counsels' disregard their obligations under the Order and Federal Rules are so flagrant, that no conference is necessary.

Respectfully submitted,

Joseph D. Pizzurro

cc: Amanda D. Darwin, Esq.
Avery Samet, Esq.
Bijon Amini, Esq.
Bonnie Steingart, Esq.
Curtis S. Miller, Esq.
Dale R. Dubé, Esq.
David A. Jenkins, Esq.
Denise Seastone Kraft, Esq.
Dennis A. Meloro, Esq.
Dennis E. Glazer, Esq.
Elio Battista, Jr., Esq.
Gary L. Kaplan, Esq.
Joanna I. Palacios, Esq.
John V. Snellings, Esq.
John W. Brewer, Esq.
Jordanna L. Nadritch, Esq.
Kathleen M. Miller, Esq.
Kimberly A. Beatty, Esq.

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 4

Special Master John E. James, Esq.
April 13, 2007

Robert J. Dehney, Esq.
Stanley T. Kaleczyc, Esq.
Victoria Counihan, Esq.

3578837v1

*EXHIBIT A*

<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE DISTRICT OF DELAWARE</u>

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION and LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>        Plaintiffs,<br><br>    v.<br><br>NORTHWESTERN CORPORATION,<br><br>        Defendant. | C.A. No. 04-1494-JJF |
| MAGTEN ASSET MANAGEMENT CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>MIKE J. HANSON & ERNIE J. KINDT,<br><br>        Defendants. | C.A. No. 05-499-JJF |

<u>STIPULATED PROTECTIVE ORDER</u>

WHEREAS, the parties ("the Parties") are engaged in discovery which includes the production by the Parties of information and documents solely in connection with the above-captioned actions ("the Actions");

WHEREAS, such discovery may involve the disclosure of confidential or proprietary information; and

WHEREAS, the Parties have voluntarily agreed to enter into this stipulation governing discovery and the protection of confidential information (the "Protective Order") in

order to limit the use and disclosure of confidential or proprietary information and documents provided hereunder;

IT IS HEREBY AGREED, by and between the Parties, that the following restrictions and procedures shall apply to confidential or proprietary information and documents:

1.    As used herein, "Confidential Information" shall include any materials designated by any party as "Confidential" or "Confidential – Attorneys' Eyes Only" to the extent that its counsel believes in good faith that such materials contain confidential or proprietary information. Confidential Information shall include such materials and any information derived therefrom or referring thereto.

2.    Should any party receive such Confidential Information, they shall use it and allow access to it only as allowed under this Protective Order and solely for the purpose of evaluating and/or pursuing any claims to be brought by or on behalf of that party in connection with the Actions and objecting to any such claim or lawsuit. Such Confidential Information may not be used for any other purpose or lawsuit.

3.    Confidential Information designated as "Confidential" may only be disclosed to the following categories of persons:

a.  Counsel for the Parties and employees of such counsel assigned to and necessary to assist such counsel in connection with the Actions;

b.  Nonparty experts or consultants retained in good faith to assist counsel in the Actions and who have a need for such information to assist in the Actions; provided that such expert or consultant is first provided with a copy of this Protective Order and agrees, in writing, to be bound thereby with respect to the treatment of Confidential Information;

c. Persons who have been noticed for depositions or subpoenaed for trial testimony where necessary to the testimony of such witness; provided that such persons are first provided with a copy of this Protective Order and (except as may be otherwise directed by the Court or Special Master) agree, in writing, to be bound thereby with respect to the treatment of Confidential Information;

d. Officers or employees of any party who may be necessary to assist its counsel in connection with the Actions; provided that such persons are first provided with a copy of this Protective Order and agree, in writing, to be bound thereby with respect to the treatment of Confidential Information;

e. Court reporters, stenographers or video operators at depositions, court or arbitral proceedings at which Confidential Information is disclosed;

f. Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Confidential Information, to the extent reasonably necessary to assist the other persons identified in paragraph 3 with respect to the Actions; and

g. The Court and any other person designated by the Court, upon such terms as the Court may deem proper.

4. a. Confidential Information designated as "Confidential – Attorneys' Eyes Only" may only be shown to or used by persons described in paragraph 3.a., above. In addition, such information may be shown to persons described in paragraphs 3.b.-c., 3.e., and 3.g., only upon prior notice to the designating party. Confidential Information designated as "Confidential – Attorneys' Eyes Only"

will only be used with respect to documents or information that contain highly sensitive proprietary, financial or trade secret information, or involve highly confidential, non-public proceedings.

        b. If the producing party objects to a request by counsel to show "Attorneys-Eyes-Only" documents to a non-counsel person as listed in paragraph 4(a), counsel shall promptly confer, in good faith, to resolve the dispute. In the event counsel are unable to resolve the issue of whether documents designated "Attorneys-Eyes-Only" are being appropriately shown to such persons, counsel shall immediately submit the issue to the Special Master and agree to be bound by his decision.

        5.    Any party may designate information as Confidential Information by marking or stamping documents (or the first page of a multi-page document provided that the document is securely bound), other information, or electronic media as "Confidential" or "Confidential – Attorneys' Eyes Only," or by informing the other Parties in writing of its Confidential designation. The producing party shall additionally call attention to any designation of material as "Confidential – Attorneys' Eyes Only" by specifying in the cover letter accompanying the production of documents, the Bates numbers of the documents so designated. Any party receiving information designated as Confidential Information shall treat print-outs of any data (such as e-mails) from a CD or other form of electronic media designated as Confidential Information in accordance with the terms of this Protective Order. Failure to designate materials as Confidential Information may be remedied by supplemental written notice and, upon receiving such supplemental notice, the party shall thereafter treat the designated materials in accordance with the terms of this Protective Order.

6.    Any party may, on the record of a deposition, or within ten (10) business days after receipt of each volume of transcript of such deposition, designate any portion or portions of such transcript, including exhibits, as Confidential Information under the terms of this Protective Order. Until such time period expires, the entire volume of deposition transcript shall be treated as Confidential Information unless otherwise specified in writing or on the record of the deposition. All copies of deposition transcripts that contain information or material designated as Confidential Information shall be prominently marked "Confidential" or "Confidential – Attorneys' Eyes Only", as the case may be, on the cover thereof and, if filed with the Court, the portions of such transcripts so designated shall be filed under seal or the equivalent.

7.    If any party objects to the designation of any materials designated as Confidential Information or seeks to use such materials other than as permitted by this Protective Order, that party shall so state by letter to counsel for the producing party, with copies to all Parties to this Protective Order. The producing party and the party objecting to the Confidential Information designation Parties shall promptly confer, in good faith, to resolve any dispute concerning the designation and treatment of such information pursuant to the terms of this Protective Order. In the event they are unable to resolve any dispute concerning treatment of information as Confidential Information, the producing party shall, if it wishes to adhere to its designation, give written notice of its adherence to the designation with three (3) business days of receipt of a notice contesting such designation and, within five (5) business days thereafter, shall, upon motion made to the Court or Special Master on notice to all Parties to this Protective Order, seek an order from the Court directing that such information shall be treated as Confidential Information pursuant to this Protective Order. Pending determination of such

motion, any information previously designated as Confidential Information shall continue to be treated in accordance with its original designation.

8.     Inadvertent production of documents subject to work-product immunity, the attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify all receiving Parties in writing of such inadvertent production. Upon reasonable notice, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during any deposition, mediation, hearing or trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. The receiving party then may move the Court for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

9.     Subject to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the District of Delaware and any other procedures that may be established or that govern the Actions, Confidential Information may be offered into evidence at any hearing in open court in the Actions provided that the party which designated the materials as Confidential Information be given sufficient advance notice so as to allow it to apply for an order that the evidence be reviewed in camera or under other conditions to prevent its disclosure.

10.     This Protective Order shall have no effect on the admissibility or discoverability of any Confidential Information. By signing this Protective Order, the Parties do

-6-

not agree that the information designated by any party as Confidential Information is in fact confidential.

      11.    The Parties intend that this Protective Order bars production of Confidential Information to third parties to the maximum extent permitted by law. In the event that any party is served with a subpoena or other notice compelling the production of Confidential Information, such party shall give prompt written notice, to the extent reasonably possible, sufficiently in advance of the requested production date, to the party which designated the information as Confidential Information so as to allow for an opportunity to object to production. The party to whom the subpoena or notice is directed shall not produce the Confidential Information until the designating party seeking to maintain confidentiality has had thirty (30) days to obtain an appropriate order.

      12.    This Protective Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information for any purpose.

      13.    Nothing herein shall prevent or prejudice any party from seeking additional or greater protection with respect to the use or disclosure of Confidential Information in connection with any hearing or other proceeding in the Actions or otherwise. Likewise, nothing herein shall prevent the Parties from seeking lesser protection with respect to the use or disclosure of Confidential Information in any hearing or other proceeding including any future litigation between or among the Parties.

      14.    In the event that counsel for any party determines to file with the Court any pleadings, motions, briefs or other papers that contain or disclose the contents of Confidential Information, such papers (or the portion that may cause such disclosure) shall be filed under seal or its equivalent. In the event that the filing party believes that Confidential

Information should not be filed under seal or its equivalent, it shall follow the objection procedure set forth in paragraph 7 above, and shall file a motion with the Court as set forth in paragraph 6 above.

     15.     The provisions of this Protective Order shall not terminate at the conclusion of the Actions. Because Confidential Information may only be used for purpose of the Actions, within 120 days after final conclusion of all aspects of the Actions, Confidential Information and all copies of same shall be returned to the producing party or, at the option of the receiving party, destroyed. This includes all notes, memoranda or other documents that summarize materials produced and designated as Confidential Information. Counsel of record for each party that has received Confidential Information shall certify that it has complied with this paragraph and shall deliver such certification to counsel for each party that has produced Confidential Information not more than 150 days after final termination of the Actions.

     16.     This Protective Order may be executed in counterparts.

Dated: March 1/, 2007

**GREENBURG TRAURIG LLP**

Victoria W. Counihan
Dennis A. Merloro
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

– and –

Dated: March __, 2007

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

Joseph D. Pizzurro
Nancy E. Delaney
101 Park Avenue
New York, NY 10178

-8-

Telephone:    (212) 696-6000
Facsimile:    (212) 697-1559

*Attorneys for NorthWestern Corporation*

Dated: March __, 2007

**BROWNING KALECZYC BERRY
& HOVEN, P.C.**


Stanley T. Kaleczyc
Kimberly A. Beatty
139 Last Chance Gulch
P.O. Box 1679
Helena, MT 59624
Telephone:  (406) 443-6820
Facsimile:  (406) 443-6883

- and -

Dated: March 16, 2007

**EDWARDS ANGELL PALMER
& DODGE LLP**

Denise Seastone Kraft
919 North Market Street, 15th Floor
Wilmington, DE 19801
Telephone:  (302) 425-7106
Facsimile:  (888) 325-9741

*Attorneys for Michael J. Hanson and Ernie J.
Kindt*

Dated: March __, 2007

**BLANK ROME LLP**


Dale R. Dubé
1201 Market Street, Suite 800
Wilmington, DE 19801

- and -

-9-

Telephone:    (212) 696-6000
Facsimile:    (212) 697-1559

*Attorneys for NorthWestern Corporation*

Dated: March __, 2007

**BROWNING KALECZYC BERRY
& HOVEN, P.C.**

Stanley T. Kaleczyc
Kimberly A. Beatty
139 Last Chance Gulch
P.O. Box 1679
Helena, MT 59624
Telephone:  (406) 443-6820
Facsimile:  (406) 443-6883

- and -

Dated: March __, 2007

**EDWARDS ANGELL PALMER
& DODGE LLP**

Denise Seastone Kraft
919 North Market Street, 15th Floor
Wilmington, DE 19801
Telephone:  (302) 425-7106
Facsimile:  (888) 325-9741

*Attorneys for Michael J. Hanson and Ernie J.
Kindt*

Dated: March *16*, 2007

**BLANK ROME LLP**

*Dale R. Dubé*
Dale R. Dubé
1201 Market Street, Suite 800
Wilmington, DE 19801

- and -

-9-

Dated: March __, 2007

**FRIED, FRANK, HARRIS, SHRIVER**
**& JACOBSEN LLP**
Bonnie Steingart
Gary Kaplan
John Brewer
One New York Plaza
New York, NY 10004
Telephone:   (212) 859-8000
Facsimile:    (212) 859-4000

*Attorneys for Magten Asset Management*
*Corporation*

Dated:  March __, 2007

**SMITH KATZENSTEIN**
**& FURLOW LLP**
Kathleen M. Miller
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899
Telephone:  (302) 652-8400
Facsimile:   (302) 652-8405

- and -

Dated:  March __, 2007

**NIXON PEABODY LLP**
John Snellings
Amanda D. Darwin
100 Summer Street
Boston, MA 02110
Telephone:  (617) 345-1000
Facsimile:   (617) 345-1300

*Attorneys for Law Debenture Trust Company*
*of New York*

SO ORDERED:

_____
          U.S.D.J.

Dated:

3489819v2

*EXHIBIT B*

# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

FRANKFURT    MUSCAT
HOUSTON    PARIS
LONDON    STAMFORD
MEXICO CITY    WASHINGTON, D.C.
MILAN

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
E-MAIL INFO@CM-P.COM
INTERNET WWW.CM-P.COM

WRITER'S DIRECT:
TEL. (212) 696-8895
E-MAIL JBAGNATO@CM-P.COM

April 5, 2007

<u>**VIA EMAIL AND FIRST CLASS MAIL**</u>

John W. Brewer, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004

      Re:   *Magten Asset Management Corp. and Law*
            *Debenture Trust Co. v. NorthWestern Corp.*;
            <u>C.A. No. 04-1494-JJF</u>

Dear John:

        The following documents contain attorney work product and attorney client privileged information. These documents, that were listed on the privilege log delivered to you on March 23, 2007, were inadvertently produced.

| | | |
|---|---|---|
| NOR 053296-97 | NOR 184858-59 | NOR 441828-32 |
| NOR 066670-71 | NOR 185818-820 | NOR 452810-11 |
| NOR 075185-86 | NOR 187057-058 | NOR 452812 |
| NOR 086411-12 | NOR 192884-983 | NOR 452820 |
| NOR 086481-501 | NOR 193851-53 | NOR 458221-26 |
| NOR 088303-05 | NOR 240045-46 | NOR 459119-20 |
| NOR 121152-73 | NOR 265143 | NOR 458213-215 |
| NOR 131455 | NOR 275785 | NOR 463654 |
| NOR 135865-67 | NOR 371624-2806 | NOR 481063-64 |
| NOR 142061 | NOR 374782-92 | NOR 481065-66 |

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 2

Bonnie Steingart, Esq.
April 5, 2007

| | | |
|---|---|---|
| NOR 149263-64 | NOR 374829-5523 | NOR 481073 |
| NOR 160675-76 | NOR 411358-1450 | NOR 482791-93 |
| NOR 173136-38 | NOR 413446-500 | |
| NOR 184691-94 | NOR 414057-114 | |

In addition, the following documents contain attorney client privileged and attorney work product information and were inadvertently produced.

| | | |
|---|---|---|
| NOR 063216-7 | NOR 087633-34 | NOR 368363-70 |
| NOR 067845-86 | NOR 117952-953 | NOR 405402-03 |
| NOR 072813-14 | NOR 119158-9 | NOR 405928-930 |
| NOR 072815-16 | NOR 124686-87 | NOR 406074-075 |
| NOR 073773-74 | NOR 160675-76 | NOR 406175-180 |
| NOR 076260-61 | NOR 366792-809 | NOR 406416-55 |
| NOR 077858-59 | NOR 367014-041 | NOR 458032-035 |
| NOR 081375-76 | NOR 367140-151 | NOR 469466 |
| NOR 088910-11 | NOR 368029-037 | NOR 479145-146 |
| NOR 092308-09 | NOR 368234-261 | NOR 481065-066 |

Pursuant to Fed. R. Civ. P. 26(b)(5)(B), and paragraph 8 of the Stipulated Protective Order filed in the above referenced action, please destroy all of the documents listed above, or return these documents to me.

Enclosed is an addendum to the privilege log which lists these documents, as well as documents which were withheld from production, but were not included on the log. Also enclosed is an updated names reference list. In addition, in connection with your letter of March 29, we are preparing an annotated log that notes the documents which were produced to the Securities and Exchange Commission.

Very truly yours,

Jennifer A. Bagnato

*EXHIBIT C*

Fried, Frank, Harris, Shriver & Jacobson LLP

One New York Plaza
New York, New York 10004-1980
Tel: +1.212.859.8000
Fax: +1.212.859.4000
www.friedfrank.com



Direct Line: 212.859.8736
Fax: 212.859.4000
brewejo@ffhsj.com

April 11, 2007

**VIA EMAIL**

Joseph Pizzurro
Nancy Delaney
Jennifer A. Bagnato
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, NY 10178

Dear Counsel:

    I am responding to Jennifer Bagnato's letter dated April 5 requesting the return or destruction of approximately 70 different Bates-number sequences from your production (which letter was received by email at approximately 11 pm and not seen by me until Monday due to my absence from work for religious reasons on Good Friday through Easter Sunday) as well as Joe Pizzurro's followups thereto of yesterday.

    Paragraph 8 of the Stipulated Protective Order requires us to take specified steps with respect to documents which are: (a) privileged; and (b) were inadvertently produced; when (c) written notification of the inadvertent production is made "promptly." Moreover, "reasonable" notice must be provided. Paragraph 8 does not require us to accede to whatever requests you make whenever you make them, or to accept your unsubstantiated claims as to any of the elements giving rise to an obligation to return or destroy. You must demonstrate that you have satisfied all three of these elements separately with respect to each item whose return or destruction you request before any obligations arise on our part.

    To take point (c) first, the written notification you provided was not made promptly. Over half of the items were produced in January or early February. Less than a quarter were produced in the 30 days prior to the date of the request. Your several prior requests for return or destruction of allegedly inadvertently produced privileged material, all of which we voluntarily complied with, were by contrast made within much shorter periods of time after the production.

New York • Washington DC • London • Paris • Frankfurt
Fried, Frank, Harris, Shriver & Jacobson LLP is a Delaware Limited Liability Partnership

Fried, Frank, Harris, Shriver & Jacobson LLP

Joseph Pizzurro                              2                          April 11, 2007
Nancy Delaney
Jennifer A. Bagnato

        Next, you have provided no basis other than your say-so for concluding that the
production of these documents was inadvertent, rather than a conscious decision being second-
guessed long after the fact, and the information available to us suggests to the contrary.  For
example, in some instances you appear to have produced multiple copies of the same document,
demonstrating consistency of treatment, rather than a single stray copy slipping through the
cracks.  For another example, you have requested the return of 13 items from your January 25
production as to which you previously requested return of allegedly inadvertently produced
materials, demonstrating that you did not consider these documents to have been inadvertently
produced even when you had already double-checked that portion of your production for just that
purpose.  Indeed, you have even requested the return of 7 items from your belated March 23
production, which you told us at the time had not been produced by the March 16 deadline
imposed by the Special Master because they had been withheld on the basis of a privilege claim
you had subsequently determined was not tenable, again demonstrating that a focused and
affirmative determination to produce was made.

        Finally, we are not required to accept your representation that any much less all of these
items are in fact privileged.  You claim that slightly over half of them were included on your
March 23 privilege log, but you have not indicated which item numbers on the log correspond
with which Bates number sequences, making it impossible for us to understand the basis of your
claim without unreasonable effort.  In any event, that log contains hundreds of items which were
not privileged and was additionally false and misleading because of its failure to disclose that
additional hundreds of items had been disclosed to the SEC, thus waiving privilege.  Your failure
to provide the relevant cross-references to your privilege log makes it difficult to determine
easily which items subject to your request should never have been on your log in the first place.
As to the remainder of the items, you admit that they were not logged prior to the March 23
deadline imposed by the Special Master, which you had almost two months notice of.  Any
privilege claim as to those documents was thus separately waived by failure to raise the claim
prior to the passing of that deadline.  Given the volume of documents you have requested the
return or destruction of, we have not had an opportunity to review them thoroughly in light of
your request, but we suspect that many of them will separately not appear on their face to be
privileged.  For example, you have demanded the return or destruction of what appears to be a
copy of Mr. Hylland's resume (Bates 372615-16).

        If you wish to provide further substantiation for your request, we will consider it and
respond within a reasonable time.  Otherwise, we are under no obligation to comply with your
request and will not do so absent an order of the Special Master or the Court.  We reserve the
right to use the documents in question for any and all purposes relevant to the litigation.

Fried, Frank, Harris, Shriver & Jacobson LLP

Joseph Pizzurro                              3                          April 11, 2007
Nancy Delaney
Jennifer A. Bagnato


      Finally, as to Joe Pizzurro's email sent around 7 pm last night, we are disappointed by the inappropriate attempt to link NorthWestern's willingness to respond to appropriate followups on the incompleteness of its own discovery obligations with our immediate acquiescence in your as yet unsubstantiated request. If NorthWestern declines to respond on this basis, it will be proceeding at its own risk.

      Sincerely,

      John W. Brewer

cc:   Gary Kaplan
     Bonnie Steingart
     Dale R. Dubé
     John V. Snellings
     Victoria Counihan

Ffny02/548534

*EXHIBIT D*

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ATTORNEYS AND COUNSELLORS AT LAW
1O1 PARK AVENUE
NEW YORK, NEW YORK 1O178-OO61

FRANKFURT    MUSCAT
HOUSTON    PARIS
LONDON    STAMFORD
MEXICO CITY    WASHINGTON, D.C.
MILAN

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
E-MAIL INFO@CM-P.COM
INTERNET WWW.CM-P.COM

WRITER'S DIRECT:
TEL.: 212-696-6939
E-MAIL JPIZZURRO@CM-P.COM

April 11, 2007

Bonnie Steingart, Esq.
John W. Brewer, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004-1980

Dear Counsel:

　　　　　We have John Brewer's letter of earlier today regarding the privileged documents which were inadvertently produced on behalf of NorthWestern. The characterization in that letter of the provisions of Judge Farnan's Protective Order is both erroneous and presumptuous. Nothing in that Order gives the receiving party the right to unilaterally determine whether the notice is reasonable, the production inadvertent or the documents privileged. The Order is clear. When the receiving party gets a notice of inadvertent production of privileged material, that party must return or destroy the material. Thereafter, the burden is on the receiving party to move for an order compelling production "but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production." And until such a motion is decided, the receiving party is absolutely prohibited from making any use of the documents in question.

　　　　　The procedures and burdens imposed by the Court's Order are fully consistent with the provisions Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, the provisions of which are conveniently omitted from Mr. Brewer's letter. Under that Rule, once the receiving party is notified of the claim of privilege with respect to documents already produced, the receiving party is under an absolute obligation to return, destroy or sequester those documents and bears the burden of bringing a motion before the Court to compel production.

　　　　　Thus, under both Federal Rules and Judge Farnan's Order, it is clear that your obligation is absolute. The designated documents must be returned or destroyed. Furthermore, you may make no use of any sort of those documents until you have made a motion and persuaded the Special Master or Court that the documents are not privileged. Furthermore, you

3570785v1

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Bonnie Steingart, Esq.
John W. Brewer, Esq.
April 11, 2007

Page 2

may not assert as a basis for such a motion the "fact or circumstances of the inadvertent production."[*]

Your attempt to shift the burden on these issues to NorthWestern as the producing party is impermissible. NorthWestern is under no obligation to seek a protective order. Plaintiffs must move, or be forever prohibited from making any use of the documents. Indeed, much of Mr. Brewer's letter suggests that a review of these documents was undertaken subsequent to our notice to you of April 5 which would itself constitute a violation of the Order and the Rule.

If Plaintiffs use any of the designated documents for any purpose whatsoever prior to a determination by the Court or Special Master that such documents are not privileged, you will not only be in violation of the Federal Rules but also in violation of Judge Farnan's Order, and we will pursue every remedy available to us, including seeking an Order that Plaintiffs and their counsel are in contempt of Court.

Yours truly,

Joseph D. Pizzurro

cc: Gary L. Kaplan, Esq.
    Victoria W. Counihan, Esq.
    Denise Seastone Kraft, Esq.
    Dennis A. Meloro, Esq.
    John V. Snellings, Esq.
    Dale R. Dubé, Esq.
    Stanley T. Kaleczyc, Esq.
    Kimberly A. Beatty, Esq.

---

[*] While completely irrelevant to a determination of whether the documents in question are privileged, we note that Mr. Brewer's characterization of the circumstances of prior production recalls and consistent treatment of documents is either mistaken or intentionally misleading.

3570785v1

**EXHIBIT 10**



**BLANK ■ ROME** LLP
COUNSELORS AT LAW

April 13, 2007

**VIA HAND DELIVERY and EMAIL**

John E. James, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

      Re:   *Magten Asset Management Corp. and Law Debenture Trust Co. v.*
             *NorthWestern Corp.*; **C.A. No. 04-1494-JJF**;
             *Magten Asset Management Corp. v. Mike J. Hanson and Ernie J. Kindt*;
             **C.A. No. 05-0499-JJF**

Dear Special Master James:

        I write on behalf of Magten Asset Management Corporation in the response to the letter
sent to the Special Master this evening by Joseph Pizzurro, counsel for the NorthWestern
Corporation. Magten believes the issues raised by Mr. Pizzurro's letter are fully addressed in the
Memorandum of Law filed earlier in the day in support of the Motion filed by the Plaintiffs,
copies of which were delivered to your office.

        This will advise the Special Master, and the counsel copied on this letter, that electrical
construction during the weekend will necessitate closure of my office building. My firm's
telecommunications server will be taken down to accommodate that work, and I will not have
access to any email or voicemail. Should the Special Master determine that this matter requires
attention over the weekend, please feel free to contact me at my home at (856) 299-5249.

                      Respectfully submitted,

                      Dale R. Dubé
                      I.D. No. 2863

DRD/pb
Enclosure
cc:    Kimberly A. Beatty, Esquire  (via e-mail)
        John W. Brewer, Esquire
        David W. Carickhoff, Jr.



John E. James, Esquire
April 13, 2007
Page 2

Victoria W. Counihan, Esquire  (via e-mail)
Amanda Darwin, Esquire  (via e-mail)
Nancy E. Delaney, Esquire  (via e-mail)
Bonnie G. Fatell, Esquire
Miriam K. Harwood, Esquire  (via e-mail)
Stanley T. Kaleczyc, Esquire  (via e-mail)
Gary L. Kaplan, Esquire
Denise Seastone Kraft, Esquire  (via e-mail)
Dennis A. Meloro, Esquire  (via e-mail)
Kathleen M. Miller (via e-mail)
Jordanna L. Nadritch, Esquire
Sherita M. Perry, Esquire
Joseph D. Pizzurro, Esquire  (via e-mail)
Steven J. Reisman, Esquire  (via e-mail)
John V. Snellings (via e-mail)
Bonnie Steingart

**EXHIBIT 11**

**Exhibit A**

**Designated Documents**

NOR 371624-372806
NOR 413446-413500
NOR 414057-414114
NOR 053296-97
NOR 066670-71
NOR 075185-86
NOR 086411-12
NOR 086481-501
NOR 088303-05
NOR 121152-73
NOR 131455
NOR 135865-67
NOR 142061
NOR 149263-64
NOR 160675-76
NOR 173136-38
NOR 184691-94
NOR 184858-59
NOR 185818-820
NOR 187057-058
NOR 192884-893
NOR 193851-53
NOR 240045-46
NOR 265143
NOR 275785
NOR 371624-2806
NOR 374782-92
NOR 374829-5523
NOR 411358-1450
NOR 413446-500
NOR 414057-114
NOR 441828-32
NOR 452810-11
NOR 452812
NOR 452820
NOR 458221-26
NOR 459119-20
NOR 458213-215
NOR 463654
NOR 481063-64
NOR 481065-66
NOR 481073
NOR 482791-93

NOR 063216-7
NOR 067845-86
NOR 072813-14
NOR 072815-16
NOR 073773-74
NOR 076260-61
NOR 077858-59
NOR 081375-76
NOR 088910-11
NOR 092308-09
NOR 087633-34
NOR 117952-953
NOR 119158-9
NOR 124686-87
NOR 160675-76
NOR 366792-809
NOR 367014-041
NOR 367140-151
NOR 368029-037
NOR 368234-261
NOR 368363-70
NOR 405402-03
NOR 405928-930
NOR 406074-075
NOR 406175-180
NOR 406416-55
NOR 458032-035
NOR 469466
NOR 479145-146
NOR 481065-066
NOR 374460-374530
NOR 067847-067849
NOR 086481-086559
NOR 367071-367073
NOR 367124-367130
NOR 368038-368101
NOR 405532-405536
NOR 405683-405684
NOR 405703
NOR 405713-405718
NOR 405789-405791
NOR 405850-405851
NOR 405857-405859

NOR 405920-405923
NOR 317953-317970
NOR 317980-317984
NOR 365676-365677
NOR 367925-367929
NOR 352700-352711
NOR 352712-352713
NOR 352714-352722
NOR 405298-405308
NOR 406097-406099
NOR 406065-406066
NOR 406103-406104
NOR 406165-406169
NOR 406170-406174
NOR 406759-406797
NOR 440103-440107

3580481v1