# TAB 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAGTEN ASSET MANAGEMENT CORP. and LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>　　　　Plaintiffs,<br>v.<br><br>NORTHWESTERN CORPORATION,<br><br>　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 04-1494-JJF |
| MAGTEN ASSET MANAGEMENT CORP.,<br><br>　　　　Plaintiff,<br>v.<br><br>MIKE J. HANSON and ERNIE J. KINDT,<br><br>　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 05-499-JJF |

### DECLARATION OF BONNIE STEINGART

Bonnie Steingart declares under penalty of perjury as follows:

1. I am a member of the bar of the United States District Court for the Southern District of New York, admitted pro hac vice to the Bar of this Court, and a member of the firm of Fried, Frank, Harris, Shriver & Jacobson LLP, counsel to Plaintiff Magten Asset Management Corporation ("Magten") in connection with the above captioned action. I submit this declaration (the "Declaration") in support of Plaintiffs' Memorandum of Law in Opposition to NorthWestern Corporation's Emergency Cross Motion Truncating the Briefing Schedule Under Local Rule 7.1.2 and Setting an Immediate Telephonic Hearing and for an Order that Plaintiffs and Their Counsel Immediately Comply With Their Obligations Pursuant to Paragraph 8 of the Stipulated Protective Order of March 21, 2007.

2. Following receipt of the three letters written by counsel for NorthWestern

on April 5 and April 12 (See Pizzurro Decl. Exhs. 5-7) plaintiffs notified all persons working on the matter of the assertion of privilege and that there should be no further use or reference to such documents until the issue was resolved.

3. During the afternoon of Friday, April 13, 2007, I spoke with Joseph Pizzurro and advised him that Plaintiffs' counsel was filing an emergency motion to determine whether the documents NorthWestern claimed were privileged and inadvertently produced would be required to be returned. I told him that we would refrain from use of the material pending a resolution. I explained to Mr. Pizzurro that we had asked for expedited treatment so that we could get a resolution prior to a number of key depositions. I asked him whether he would join in our request to expedite and he said he would consider it.

4. Later Mr. Pizzurro called me to ask if I would immediately return all documents NorthWestern had claimed were privileged and inadvertently produced. I reminded Mr. Pizzurro that we were not using them and that we had made the emergency motion. Mr. Pizzurro stated that nonetheless he was going to write to Special Master James.

5. I have been kept informed of our document review process by my colleagues who have overseen the process. I understand that we hired outside vendors to determine the volume of illegible and fractured Excel documents that we have received from NorthWestern. According to the vendors, we possess over 3000 Excel spreadsheets that have legibility problems. These documents total more than 300,000 pages.

6. While NorthWestern indicated by email on April 10 that it would be providing replacement disks of the relevant segments of its production with the documents in dispute omitted (see Exhibit A to Plaintiffs' Motion, attaching that email to counsel's certificate), thus acknowledging that it was unreasonable for Plaintiffs to surrender the original disks absent replacements, over a week has gone by, and no replacement disks have been provided.

Dated: New York, New York
April 18, 2007

By: /s/ Bonnie Steingart
Bonnie Steingart

548891