IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION and LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWESTERN CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 04-1494-(JJF)<br>)<br>)<br>)<br>)<br>)<br>) |
| MAGTEN ASSET MANAGEMENT CORP.,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. HANSON and ERNIE J. KINDT,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. Action No. 05-499 (JJF)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
JOINT MOTION TO AMEND THE SCHEDULING ORDER**

Plaintiffs respectfully submit this Memorandum in support of its Motion seeking amendment of the current scheduling order. The relief sought is to enable four depositions of non-party witnesses which could not as a practical matter be completed before May 2 to be taken at the earliest possible time consistent with the availability of the witnesses and their counsel, and to also permit Plaintiffs to take up to 14 total depositions.

As the Court and Special Master are aware, depositions of witnesses affiliated with parties are currently on hold due to pending motions for protective order which are still in the process of being fully briefed. See D.I. 151 and 154. Moreover, Plaintiffs' pending emergency

120087.01600/40168645v.1

motion, D.I. 139, over numerous disputed document and privilege issues (which has just been fully briefed) requests an extension of the deadline for completion of depositions until a reasonable time after those issues have been ruled on. Nonetheless, out of an excess of caution Plaintiffs are filing this motion as a "belt-and-suspenders" request to make clear that they may complete certain third party depositions that, for various good reasons set forth below, have not been completed by the original May 2 cutoff.

As we have previously advised the Court, all parties have assumed since at least early April that depositions would need to extend somewhat further into May, and that more than ten depositions would be taken by Plaintiffs. See D.I. 155, Tab A, Exh. 1 (April 3 letter from NorthWestern's counsel contemplating twelve depositions taken by Plaintiffs, extending into week beginning May 7); D.I. 155, Tab A, Exh. 2 (April 5 email from Hanson and Kindt's counsel contemplating the same). However, due to the general breakdown in scheduling negotiations described in previous filings (and the difficulty of creating a firm global schedule requiring the consent of numerous separately-represented third parties not under the control of any party), the parties have not reached agreement on a stipulation that could be submitted to the Court. See Paragraph 7 of the Declaration of John W. Brewer ("Brewer Decl.") submitted herewith.

Even given scheduling difficulties and the numerous unresolved document issues, a number of third-party witnesses have already been deposed through today: Kipp Orme (former NorthWestern CFO); Gary Drook (former NorthWestern CEO); Rick Fresia (former CFO of NorthWestern's subsidiary Expanets, which gave rise to many of the material misstatements in the consolidated NorthWestern financial statements); and Richard Hylland (former NorthWestern COO); and a 30(b)(6) designee of The Bank of New York, the indenture trustee

for the relevant debt securities at the relevant time. Plaintiffs are willing to proceed expeditiously with the depositions of the remaining third-party witnesses even before the document disputes are adjudicated (subject to all parties reserving their rights about the possible need to seek further testimony in light of additional documents produced).

The situation with respect to each of the remaining third-party witnesses is as follows.

American Appraisal Associates.

This firm ("AAA") did certain appraisal and/or valuation work for NorthWestern relevant to the hundreds and hundreds of millions of writedowns in asset values it announced shortly after completing the transaction in dispute. A subpoena was served on March 26 (D.I. 124) at its Milwaukee, Wisconsin headquarters, calling for document production by April 10, with a deposition to follow. Initial discussions with in-house counsel indicated compliance on or about that date should not be a problem. Brewer Decl. ¶ 8. However, in-house counsel then learned that essentially all of the responsive files had been given several years ago by AAA to the SEC in connection with SEC's ongoing investigation of NorthWestern which has been described in other recent filings. AAA had apparently not retained copies. Brewer Decl. ¶ 8. AAA was, however, able to retrieve those files from the SEC, but this caused delay (without any fault on the part of any party). *Id.* Moreover, NorthWestern, AAA's former client, exercised its contractual right to review those documents that AAA proposed to produce in response to the subpoena before permitting them to be produced, which caused further delay (again without ascribing fault to any party). *Id.* The combination of these factors meant that the documents produced by AAA were not received by Plaintiffs until April 30. *Id.*

While some previous discussions had contemplated that AAA could make its witness available on May 3 or 4, the volume of the production (over 15,000 pages) made that impossible

120087.01600/40168645v.1

as a practical matter given the April 30 arrival of the documents. We have been advised that AAA's witness will now not be available until the week of May 21 and we are in the process of trying to confirm a specific date (May 25 has been suggested by AAA's in-house counsel). Brewer Decl. ¶ 9.

Deloitte & Touche.

Deloitte & Touche ("Deloitte") served as NorthWestern's independent public auditors during much of the relevant time period. Deloitte had originally been served with a document subpoena under the caption of case no. 04-1256, which had been consolidated for purposes of discovery with these two actions. This Court granted defendants' motion for judgment on the pleadings in that separate case (a decision which is now on appeal). After discussions regarding when it would produce documents, Deloitte indicated it would be more comfortable with a new subpoena reflecting the captions of the consolidated cases that were still pending. Accordingly, on March 26, 2007, Magten served a new subpoena in the Southern District of New York. D.I. 125. Pursuant to this subpoena, Deloitte was to produce documents by April 4, and a 30(b)(6) designee was to be deposed in New York on April 18. Deloitte, however, was not able to produce its documents on the date requested and instead produced its documents (approximately 15,000 pages) in New York on April 13. Brewer Decl. ¶ 10.

At or around that time, Plaintiffs began discussions with Deloitte's in-house counsel regarding an appropriate date for deposition, presuming that the deposition would take place in New York. Only recently did Deloitte's in-house counsel take the position that the deposition, which had been noticed in the subpoena for New York, should instead take place in Minneapolis, Minnesota (where Deloitte's office which had conducted the NorthWestern audit work was located) and that Plaintiffs would need to coordinate all scheduling with Deloitte's outside

4

counsel located in Minneapolis. In addition, Deloitte only recently informed Plaintiffs that two of the three individuals with the greatest involvement in the work done for NorthWestern at the relevant time have apparently left the firm, making scheduling even more difficult (especially as Deloitte suggested producing instead a fourth individual who appeared to have had much less contemporaneous involvement in the relevant work). We have since engaged in discussions with Deloitte's Minneapolis counsel regarding the date for deposition and the identity of the appropriate 30(b)(6) designee. We are hoping to reach agreement soon on a date during the week of May 14 or 21. Brewer Decl. ¶ 11.

Merle Lewis.

Mr. Lewis was NorthWestern's CEO until the end of 2002. We had originally noticed his deposition for April 17. D.I. 126. However, due to the unresolved document disputes and the hope that certain other witnesses' testimony might make Mr. Lewis' testimony unnecessarily cumulative, we decided to adjourn the deposition for that date, although we could not reach agreement at that time on a potential fallback date. Brewer Decl. ¶ 12. Other witnesses' testimony has thus far not been sufficient to make Mr. Lewis' knowledge unnecessary, and on April 25 Mr. Lewis entered into a settlement with the SEC in which he agreed not to contest charges of intentional securities fraud in connection with NorthWestern's 2002 quarterly financial statements, pay a $150,000 fine, and agree to be barred for five years from service as an officer or director of any public company. Brewer Decl. Exhs. 2-4. Given this, we contacted Mr. Lewis' counsel on April 27, seeking to reschedule Mr. Lewis' deposition. Brewer Decl. ¶ 12. On April 30, Mr. Lewis' counsel advised that he was authorized to accept service of a renewed subpoena on Mr. Lewis' behalf but that he was not yet in a position to commit Mr. Lewis to a specific date and that his May was very busy. *Id.* We have noticed the deposition for

May 15, with an undertaking to Mr. Lewis' counsel that this date will be subject to further good faith negotiations. Brewer Decl. Exh. 1 (subpoena with cover letter).

Eric Jacobsen.

Mr. Jacobsen was NorthWestern's Senior Vice President and General Counsel during the relevant time period, and appears to have been involved in matters of general corporate strategy as well as specifically legal issues. NorthWestern has advised us in interrogatory answers that Mr. Jacobsen has received a "Wells notice" indicating that the SEC's enforcement staff is considering recommending the formal bringing of charges that he violated the federal securities laws in connection with his tenure at NorthWestern. Given certain gaps in the recollection of witnesses already deposed, and the important development of the SEC's recent filing of charges against numerous other former top executives, we have determined that his testimony as to non-privileged matters may be helpful to key issues in the case. We contacted a lawyer whom we understood represents Mr. Jacobsen on other matters related to his tenure at NorthWestern on April 27 to inquire if he would accept service of a subpoena on Mr. Jacobsen's behalf. Brewer Decl. ¶ 13. On May 1, he advised that he was authorized to accept service but, as with Mr. Lewis' lawyer, not yet authorized to commit to a specific date or waive any other objections to the subpoena other than adequacy of service. *Id.* We have noticed the deposition for May 16 with the understanding that further negotiations may be necessary. Brewer Decl. Exh. 5.

Total Number of Depositions.

As noted above, the parties have been negotiating since at least early April on the assumption that Plaintiffs would take more than ten depositions, while defendants have consistently indicated an interest in taking only one deposition (that of Magten's principal Mr. Embry). *See* D.I. 155, Tab A, Exh. 1 (April 3 letter from NorthWestern's counsel contemplating

twelve depositions taken by Plaintiffs, extending into week beginning May 7); D.I. 155, Tab A, Exh. 2 (April 5 email from Hanson and Kindt's counsel contemplating the same). At this point, Plaintiffs contemplate a potential total of no more than 14 depositions, grouped as follows: up to five of defendants and current employees of the corporate defendant (Messrs. Hanson, Kindt, Thielbar, Kliewer, and a 30(b)(6) designee – although we believe it unlikely we will need Mr. Kliewer individually if the 30(b)(6) designee has appropriate knowledge or Mr. Kliewer is so designated); six former employees of NorthWestern (Messrs. Orme, Drook, Friesa and Hylland, who have been taken or are being taken by May 2, plus Messrs. Lewis and Jacobsen);[1] and three non-parties who did relevant work for NorthWestern (American Appraisal, Bank of New York, and Deloitte & Touche). Given the possible redundancy between Mr. Kliewer and the 30(b)(6) designee, it may be that only 13 depositions will be taken – when combined with the single deposition sought by defendants leading to a total significantly less than the total of 20 contemplated by the Scheduling Order. Moreover, since Mr. Orme invoked his Fifth Amendment right against self-incrimination at his deposition and did not answer any substantive questions, that deposition was obviously of limited use in developing the evidentiary record.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that the Scheduling Order be modified to permit Plaintiffs to complete the four depositions of the third parties set forth above

---

[1] At least six additional former employees whose depositions we are not seeking were identified to us by NorthWestern as having received Wells notices from the SEC, of whom five have already reached settlements agreeing not to dispute the SEC's charges that they violated the securities laws in connection with NorthWestern's 2002 financial statements.

as soon as practicable under the circumstances, and to permit Plaintiffs to take up to fourteen depositions in total.

Dated: Wilmington, Delaware
May 2, 2007

| **BLANK ROME LLP** | **SMITH, KATZENSTEIN & FURLOW, LLP** |
|---|---|
| /s/ Dale R. Dubé | /s/ Kathleen M. Miller |
| Dale R. Dubé (DE No. 2863) | Kathleen M. Miller (DE No. 2898) |
| David W. Carickhoff (DE No. 3715) | 800 Delaware Avenue, 7th Floor |
| 1201 Market Street, Suite 800 | P.O. Box 410 |
| Wilmington, DE 19801 | Wilmington, DE 19899 |
| Telephone: (302) 425-6400 | Telephone: (302) 652-8400 |
| Facsimile: (302) 425-6464 | Facsimile: (302) 652-8405 |
| - and - | -and- |
| **FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP** | **NIXON PEABODY LLP** |
| Bonnie Steingart | John V. Snellings |
| Gary L. Kaplan | Amanda Darwin |
| John W. Brewer | 100 Summer Street |
| One New York Plaza | Boston, MA 02110 |
| New York, NY 10004 | Telephone: (617) 345-1201 |
| Telephone: (212) 859-8000 | Facsimile: (866) 947-1732 |
| Facsimile: (212) 859-4000 | |
| | Counsel for Law Debenture Trust Company of New York |
| Counsel for Magten Asset Management Corporation | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May, 2007, I served by hand delivery and electronic filing the MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO AMEND THE SCHEDULING ORDER, using CM/ECF which will send notification of such filing(s) to the following:

### BY EMAIL AND HAND DELIVERY

Denise Seastone Kraft, Esquire
Edwards Angell Palmer & Dodge LLP
919 North Market Street, 15th Floor
Wilmington, DE 19801

Victoria Watson Counihan, Esquire
Dennis A. Meloro, Esquire
Greenberg Traurig LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

I also certify that, on this 2nd day of May, 2007, I served the aforementioned document, by e-mail and Federal Express, upon the following participants:

### BY EMAIL AND FEDERAL EXPRESS

Stanley T. Kaleczyc, Esquire
Kimberly A. Beatty, Esquire
Browning, Kaleczyc, Berry & Hoven, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, Mt 59624

Steven J. Reisman, Esquire
Joseph D. Pizzurro, Esquire
Nancy E. Delaney, Esquire
Miriam K. Harwood, Esquire
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178-0061

_Dale R. Dubé_
Dale R. Dubé (No. 2863)

9

120087.01600/40168645v.1