## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORP. and LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br>　　　　Plaintiffs,<br>　v.<br>NORTHWESTERN CORPORATION,<br>　　　　Defendant. | Civil Action No. 04-1494-JJF |
| MAGTEN ASSET MANAGEMENT CORP.,<br>　　　　Plaintiff,<br>　v.<br>MIKE J. HANSON and ERNIE J. KINDT,<br>　　　　Defendants. | Civil Action No. 05-499-JJF |

### DECLARATION OF JOHN W. BREWER

JOHN W. BREWER declares as follows:

1. I am a member of the bar of the United States District Court for the Southern District of New York, admitted pro hac vice to the Bar of this Court, and Special Counsel with the firm of Fried, Frank, Harris, Shriver & Jacobson LLP, counsel to Plaintiff Magten Asset Management Corporation ("Magten") in connection with the above captioned action. I submit this declaration (the "Declaration") in support of Plaintiffs' Motion for Amendment of Scheduling Order.

2. Attached hereto as Exhibit 1 is a true and correct copy of a subpoena dated May 1, 2007, directed to Merle Lewis, along with a cover letter to his counsel.

3. Attached hereto as Exhibit 2 is a true and correct copy of a Complaint filed on April 25, 2007 in the United States District Court for the District of South Dakota by the federal Securities and Exchange Commission against Merle Lewis.

4.  Attached hereto as Exhibit 3 is a true and correct copy of the Consent of Merle Lewis filed on April 25, 2007 in the United States District Court for the District of South Dakota.

5.  Attached hereto as Exhibit 4 is a true and correct copy of the Final Judgment as to Defendant Merle Lewis filed on April 25, 2007 in the United States District Court for the District of South Dakota.

6.  Attached hereto as Exhibit 5 is a true and correct copy of a subpoena dated May 1, 2007 (with a corrected first page faxed to his counsel on 5/2/07), directed to Eric Jacobsen, along with a cover letter to his counsel.

7.  It is my understanding that although most of the issues raised by this Motion have been under discussion between the parties for some time, the parties have been unable to reach agreement, including in a final attempt to reach agreement this morning at a deposition at which counsel for all parties were present.

8.  Beginning in early April, I had numerous discussions with in-house counsel for American Appraisal Associates ("AAA") regarding the production of documents and scheduling of a deposition. During the initial discussions, in-house counsel indicated to me that he thought the production of documents on or around April 10 (as requested in our subpoena) would not be a problem. After our initial conversations, in-house counsel for AAA learned that the only copies of virtually all of AAA's responsive files had been produced to the SEC in connection with the SEC's ongoing investigation of NorthWestern. AAA was ultimately able to retrieve these files from the SEC (after some delay) but NorthWestern then exercised its contractual right to review these documents (causing further delay) before permitting them to be produced to us. As a result, we did not receive these documents until April 30.

9.  I had earlier discussed with AAA's in-house counsel May 3 or May 4 as possible dates that a witness could be made available. However, these dates became impractical after we received their production, consisting of over 15,000 pages, on April

30. I have been advised that AAA's witness will not be available until the week of May 21 and we are now in the process of trying to confirm a specific date, with May 25 as a date suggested by AAA's in-house counsel.

10. While I have not been personally involved in discussions with Deloitte & Touche's ("Deloitte") in-house counsel, I have been kept informed by my colleagues and co-counsel, who have had direct conversations with Deloitte's in-house and outside counsel. Pursuant to a March 26, 2007 renewed subpoena (D.I. 125) (issued after Deloitte indicated it did not wish to respond to a previously issued subpoena with the caption of a now-dismissed case which had been consolidated with these cases for discovery), Deloitte was supposed to produce documents to us by April 4 and a 30(b)(6) designee was to be deposed in New York on April 18. However, Deloitte was ultimately not able to produce its documents to us until April 13.

11. After earlier discussions which contemplated the deposition in New York, Deloitte's in-house counsel informed us comparatively recently that it was now taking the position that the deposition should take place in Minneapolis, which is the location of the Deloitte office that conducted the audit work of NorthWestern. In addition, Deloitte recently told us that two of the three individuals with the greatest involvement in the work done for NorthWestern at the relevant time have apparently left the firm, making scheduling even more difficult (especially as Deloitte suggested producing a fourth individual who appeared to us to have much less contemporaneous involvement in the relevant work). We have since engaged in discussions with Deloitte's Minneapolis outside counsel regarding the date for the deposition and the identity of the appropriate 30(b)(6) designee and are hoping to reach agreement soon on a date during the week of May 14 or May 21.

12. In early April, we decided to adjourn taking the deposition of Merle Lewis because of unresolved document disputes and the hope that certain other witnesses' testimony might make Mr. Lewis' testimony unnecessarily cumulative. At the time, we

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May, 2007, I served by hand delivery the DECLARATION OF JOHN W. BREWER, using CM/ECF which will send notification of such filing to the following:

### BY EMAIL AND HAND DELIVERY

Denise Seastone Kraft, Esquire
Edwards Angell Palmer & Dodge LLP
919 North Market Street, 15th Floor
Wilmington, DE 19801

Victoria Watson Counihan, Esquire
Dennis A. Meloro, Esquire
Greenberg Traurig LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

I also certify that, on this 2nd day of May, 2007, I served the aforementioned document, by e-mail and Federal Express, upon the following participants:

### BY EMAIL AND FEDERAL EXPRESS

Stanley T. Kaleczyc, Esquire
Kimberly A. Beatty, Esquire
Browning, Kaleczyc, Berry & Hoven, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, Mt 59624

Steven J. Reisman, Esquire
Joseph D. Pizzurro, Esquire
Nancy E. Delaney, Esquire
Miriam K. Harwood, Esquire
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178-0061

*Dale R. Dubé*
Dale R. Dubé (No. 2863)

120087.01600/40168311v.1