**UNREPORTED CASES**

LEXSEE 2007 U.S. DIST. LEXIS 11735

**INTAGIO CORPORATION, Plaintiff, v. TIGER OAK PUBLICATIONS, INC., Defendant.**

**No. C-06-3592 PJH (EMC)**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

*2007 U.S. Dist. LEXIS 11735*

**February 5, 2007, Decided**

**COUNSEL:** [*1] For Intagio Corporation, Plaintiff: Steven J. Lewicky, Steven John Lewicky, LEAD ATTORNEYS, San Francisco, CA US; Alan Fairley, Russell Ira Glazer, Troy & Gould PC, Los Angeles, CA.

For Tiger Oak Publications Inc., Defendant: James M. Dombroski, LEAD ATTORNEY, Petaluma, CA; Jeffery Kenneth Perkins, LEAD ATTORNEY, Law Offices of Jeffrey K. Perkins, San Francisco, CA.

**JUDGES:** EDWARD M. CHEN, United States Magistrate Judge.

**OPINION BY:** EDWARD M. CHEN

**OPINION:**

ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE DEPOSITION NOTICES, MOTION TO COMPEL DEFENDANT TO PRODUCE DOCUMENTS, AND MOTION FOR SANCTIONS; AND DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

**(Docket Nos. 54-56, 65)**

Intagio's motions to enforce deposition notices, to compel production of documents, and for sanctions came on for hearing along with Tiger Oak's motion for protective order on January 31, 2007. Having considered the papers and argument of counsel, and good cause appearing therefor, the Court hereby **GRANTS** Intagio's motions and **DENIES** Tiger Oak's motion for the reasons stated in the record, as supplemented herein below.

**I. DISCUSSION**

A. Intagio's Motion to Enforce Deposition Notices [*2]

Although there is an initial presumption that depositions of a defendant should be taken in the district of its place of business, *see Rapoca Energy Co., L.P. v. AMCI Exp. Corp., 199 F.R.D. 191, 193 (W.D. Va. 2001)*, that presumption is not conclusive. The Court also consider factors such as the location of counsel for both parties, the size of the corporation, and the economy obtained by having the discovery occur in the forum court. *See Turner v. Prudential Ins. Co. of Am., 119 F.R.D. 381, 383 (M.D.N.C. 1988); see also 7-30 Moore's Fed. Prac. -- Civ. § 30.20[1][b][ii].* In the instant case, lead counsel for both parties are located in this District. There is no showing that Tiger Oak is so small that having its president out of the office for two or three days will have a substantial impact on its operations. Moreover, counsel for Tiger Oak stated that Ms. Coffman, who is located in Washington, frequently flies back and forth between Washington and Minnesota. Finally, a court-ordered mediation is scheduled to take place in February in this District; Mr. Bednar's participation will likely facilitate that mediation. Intagio has agreed to [*3] schedule the deposition so that Mr. Bednar need only take one trip should he attend the mediation.

As to Ms. Coffman, she is usually in the state of Washington. The trip to this District is short and will not create a great inconvenience.

The depositions of Mr. Bednar and Ms. Coffman will take place in San Francisco the first and second day prior to the mediation herein (*i.e.,* on February 12 and 13, 2007). Intagio will be responsible for reasonable travel costs of both deponents, except that, if Mr. Bednar attends the mediation, Intagio will pay one-half of his travel expenses.

B. Intagio's Motion to Compel Production of Documents

Intagio contends that documents were not timely produced and further that many documents are still owed. The Court directs Tiger Oak's counsel to go over Intagio's reply brief on this motion, which lists the sus-

pected deficiencies in production, with a responsible and knowledgeable representative of Tiger Oak and determine whether there are any more documents responsive to the requests that should be produced. By February 9, 2007, Tiger Oaks shall produce all additional documents responsive to Intagio's requests and certify that all responsive [*4] documents have been produced. That certification shall be given under oath and shall describe search efforts undertaken by Tiger Oak.

## C. Intagio's Motion for Sanctions

Intagio moves for attorney's fees and costs pursuant *Federal Rule of Civil Procedure 37(a)(4)*. The Court denies the motion with respect to Intagio's motion to enforce deposition notices because Tiger Oak's position on the merits of the location question was substantially justified. There is an initial presumption that the depositions should take place at the place of the defendant's business. However, Tiger Oak should have sought a protective order before the deposition dates rather than unilaterally refusing to appear at the depositions. Thus, although Intagio is not entitled to fees and costs in bringing this motion (since it would have incurred fees and costs in opposition to a timely motion for protective order), Intagio is entitled to the court reporter fees incurred and for one hour of counsel's time in attending each of the depositions at which Tiger Oak did not appear (*i.e.,* total fees of $ 700).

As to the motion to compel production of documents, Tiger Oak's [*5] failure to promptly provide documents identified in its response to the production request was not substantially justified. There was no need to await stipulation on a protective order before producing the vast majority of documents which were not designated confidential. Lead counsel's busy schedule does not constitute substantial justification for failing to comply with the Federal Rules. Moreover, as counsel stated at the hearing, Tiger Oak had local counsel in Minnesota that could have facilitated a timely production of documents. The documents were not produced until after this motion was filed. Accordingly, Intagio is entitled to reasonable fees and costs incurred in making this motion.

Intagio seeks $ 8,750 in fees and costs in bringing the motion to compel production of documents. As the Court indicated at the hearing, counsel from both parties have engaged in gross inefficiencies in connection with the instant discovery motions, filing massive amounts of

papers and numerous briefs, much of which contained irrelevant or marginal issues or were repetitive. The issue is a simple one that could have been briefed in a few pages. Accordingly, the Court concludes that *reasonable* [*6] fees for the motion to compel production of documents, including efforts to meet and confer, should not exceed $ 2,000. The Court therefore awards $ 2,000 for fees and costs in connection with this motion.

## D. Tiger Oak's Motion for Protective Order

In view of the above, Tiger Oak's motion for protective order is denied.

## E. Future Discovery Matters

The inefficiencies of both counsel in this case and their failure to resolve the discovery disputes herein are particularly troubling because the underlying dispute involves only slightly more than $ 70,000, and the current proceedings before Judge Hamilton only involve arbitrability, not the ultimate question of liability on the merits. The conduct of the litigation thus far violates the spirit of *Federal Rule of Civil Procedure 1*, which is designed to secure the "just, speedy, and inexpensive determination" of every action as well as the proportionality requirements of *Rule 26(b)(2)*. If this manner of litigation is not arrested, counsel will likely force their respective clients to incur attorney's fees far exceeding the amount in controversy.

Accordingly, should any future discovery [*7] dispute arise, the parties shall meet and confer in earnest and in good faith to resolve the dispute. If necessary, they will then file a joint letter not exceeding three pages in length describing the precise dispute(s) and stating their respective positions as to each such dispute(s). The Court will then decide whether additional briefing or hearing is needed. Counsel is warned that the Court may also require counsel to attend an in-person meet and confer at the courthouse and, if circumstances warrant, require the attendance by the clients.

This order disposes of Docket Nos. 54-56 and 65.

IT IS SO ORDERED.

Dated: February 5, 2007

EDWARD M. CHEN

United States Magistrate Judge

LEXSEE 2006 US DIST LEXIS 18794

**GARY WILLIS, Plaintiff, vs. JOSEPH MULLINS, et al., Defendant.**

**CASE NO. CV-F-04-6542 AWI LJO**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

*2006 U.S. Dist. LEXIS 18794*

**April 3, 2006, Decided**
**April 4, 2006, Filed**

**SUBSEQUENT HISTORY:** Motion to strike granted by *Willis v. Mullins, 2006 U.S. Dist. LEXIS 73728 (E.D. Cal., Sept. 26, 2006)*

**PRIOR HISTORY:** *Willis v. Mullins, 2006 U.S. Dist. LEXIS 11442 (E.D. Cal., Feb. 24, 2006)*

**COUNSEL:** [*1] For Gary -- Willis, Plaintiff: Stephen Yagman -- OPT OUT ATTORNEY, Yagman & Reichmann, Venice, CA.

For Joseph Mullins, -- Silvius, Defendants: Jacob J. Rivas, Michael George Marderosian, Ovidio Oviedo, Jr., Marderosian Runyon Cercone and Lehman & Armo, Fresno, CA; Virginia Gennaro, City Attorney's Office, Bakersfield, CA.

For Diane Mora, Defendant: James Edmund Flynn, Attorney General of the State of California, Sacramento, CA; Michael George Marderosian, Marderosian Runyon Cercone and Lehman & Armo, Fresno, CA; Virginia Gennaro, City Attorney's Office, Bakersfield, CA.

For Bakersfield City Counsel, Defendant: Ovidio Oviedo, Jr., Marderosian Runyon Cercone and Lehman & Armo, Fresno, CA.

For Mark Salvaggio, Jacqueline Sullivan, Mike Maggard, Sue Benham, Defendants: Michael George Marderosian, Marderosian Runyon Cercone and Lehman & Armo, Fresno, CA.

For Harold Hanson, David Couch, Irma Carson, Defendants: Michael George Marderosian, Ovidio Oviedo, Jr., Marderosian Runyon Cercone and Lehman & Armo, Fresno, CA.

For Jeanne S. Woodford, Cal A Terhune, Arnold Schwarzenegger, Gov Pete Wilson, Defendants: James Edmund Flynn, Attorney General of the State of California, [*2] Sacramento, CA.

**JUDGES:** Lawrence J. O'Neill, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** Lawrence J. O'Neill

**OPINION:**

**ORDER ON PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER RE PLACE OF DEPOSITION**

In this *42 U.S.C. § 1983* action alleging unlawful search and arrest, plaintiff Gary Willis seeks a protective order for the location of his noticed deposition. The parties filed various papers and a joint statement re discovery disagreement pursuant to *Local Rule 37-251* on March 28, 2006. This matter is submitted on the pleadings without oral argument. Having considered the moving and opposition papers and the joint statement, as well as the Court's file, the Court issues the following order.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Gary Willis proceeds on his first amended complaint alleging that Officer Mullins falsely told defendant California Parole Officer Diane Mora that Mr. Willis was on parole and that Officer Mora arranged for several officers, including Officers Mullins and Silvius, to search a motel room which Mr. Willis occupied on March 27, 1996. Based on evidence collected from the search, Mr. Willis was convicted of a felony and was incarcerated more [*3] than six years before his conviction was overturned. Mr. Willis' first amended complaint alleges Officers Mullins and Silvius unlawfully entered Mr. Willis' motel room, unlawfully arrested Mr. Willis and searched him and his property, and falsely charged him with crimes.

Defendant City of Bakersfield noticed the deposition of plaintiff for April 26, 2006 in Fresno.

## ANALYSIS & DISCUSSION

### A. Protective Orders

Under *F.R.Civ.P. 26(c)*, this Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including:

      1. Prohibiting disclosure or discovery;

      2. Conditioning disclosure or discovery on specified terms, "including a designation of the time or the place";

      3. Permitting discovery be had by a method other than selected by the party seeking discovery; or

      4. Limiting the scope of disclosure or discovery to certain matters.

To enforce the limit on discovery, a parties may seek a protective order under *Fed.R.Civ.P.26(c)* or the court may act upon its own initiative.

To obtain [*4] a protective order, the party resisting discovery or seeking limitations must show "good cause" for its issuance. *F.R.Civ.P. 26(c)*; *Jepson, Inc. v. Makita Elec. Works, Ltd, 30 F.3d 854, 858 (7th Cir. 1994)*. Generally, a party seeking a protective order has a "heavy burden" to show why discovery should be denied and a strong showing is required before a party will be denied the right to take a deposition. *Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)*. "If the motion for protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery." *F.R.Civ.P. 26(c)*.

### B. Place Of Depositions

Generally, noticing parties have discretion where to set depositions. "Usually, a party seeking discovery may set the place where the deposition will take place, subject to the power of the courts to grant a protective order designating a different location." *Philadelphia Indemnity Ins. v. Federal Ins. Co., 215 F.R.D. 492, 495 (E.D. Pa. 2003)* [*5] (citing several cases); *see Turner v. Prudential Ins. Co. of America, 119 F.R.D. 381, 383 (M.D. N.C. 1988)* (generally, the deposition of a party or its officers may be noticed wherever the deposing party designates, subject to a court's power to grant a protective order).

"The Court has considerable discretion in determining the place of a deposition, may consider the relative expenses of the parties and may order that expenses be paid by the opposing party." *Generale Bank Nederland N.V. v. First Sterling Bank, 1997 U.S. Dist. LEXIS 20040, No. Civ. A. 07-2273,1997 WL 778861, at 2 (E.D. Pa. 1997)*. "The Court is permitted to exercise a broad discretion in determining the appropriate place for examination and may attach conditions such as payment of expenses." *Turner, 119 F.R.D. at 383*. Factors which a court may consider include:

      1. The parties' convenience and relative hardships to attend the designated location;

      2. Cost of transportation and lost work to defendant;

      3. Expense and inconvenience to move voluminous documents;

      4. Whether the parties' counsel are located in the forum district;

      5. Whether the defendant is a large corporation whose employees often [*6] travel;

      6. Whether significant discovery disputes may arise and judicial economy favors resolution by the forum court or other similar concerns; and

      7. Whether the parties' claims and parties' relationship are such that appropriate adjustment of the equities favors a deposition site in the forum district.

*Turner, 119 F.R.D. at 383* (citing several cases); *Wisconsin Real Estate Inv. Trust v. Weinstein, 530 F.Supp. 1249, 1254 (E.D. Wis. 1982)*.

In making its order, the court considers convenience of the parties and relative hardships in attending at the location designated. Only "*undue* burden or expense" provides a potential basis for relief from legitimate discovery demands. *United States v. $ 160,066.98 from Bank of America, 202 F.R.D. 624, 626 (S.D.Cal.2001)*. "Undue" burden requires parties to show more than expense or difficulty. *U.S. v. $ 160,066.98 from Bank of America, 202 F.R.D. 624, 628*, citing *Dart Indus. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir.1980)*. A district court has wide discretion to establish the time and place of depositions. See *Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir. 1994)* [*7] (Hong Kong plaintiffs who had filed suit in Calif, ordered to appear for depositions in Calif, after having disregarded

2006 U.S. Dist. LEXIS 18794, *

prior order to appear in Hong Kong.) In *Hyde & Drath v. Baker*, the court found no abuse of discretion in ordering the depositions in California, on facts that the corporation does business in California, and filed suit in California.

Here, plaintiff presents evidence that he is financially unable to travel to Fresno for his deposition. However, the expense to plaintiff has been minimized by the offer to pay up to $ 1,000 for travel and lodging. There is no showing that a payment of up to $ 1,000 will not cover all of the related travel expense.

Next, plaintiff argues the deposition should be by video conference. The party opposing a telephonic deposition to make a particularized showing why converting the depositions to telephonic would be prejudicial to its case. *U.S. v. $ 160,066.98 from Bank of America, 202 F.R.D. at 629.* In *U.S. v. $ 160,066.98,* the court refused to order a telephonic deposition for deponents in Pakistan. The underlying facts involved fraud and the deposition required authentication of documents and a handwriting exemplar. [*8] A telephonic deposition would preclude these components, in addition, "[c]ounsel would be further disadvantaged without the opportunity to see the witness and to evaluate the witness' demeanor, facial reactions and expressions." *U.S. v. $ 160,066.98 from Bank of America, 202 F.R.D. at 629.*

Defendants have presented some evidence that upon inquiry of their reporting service, the service is unable to arrange a video conferencing deposition in Kingman, AZ., and were it to find the means of doing so, the costs would be substantial. (Exh. A to Joint Statement.) Defendants argue that they are unwilling to assume the logistical and technical risk of video conferencing. Further, defendants argue that documents will have to be reviewed and documents have been requested for production at the deposition. Plaintiff does not argue how the issue of documents may be adequately addressed in video conferencing.

Plaintiff's main argument is that he is required to register as a sex offender in California, fears arrest and fears police in California.

Here, plaintiff has chosen California as the forum to address his claims. The proper venue for resolution of his claims is Fresno, [*9] California. Plaintiff has chosen to secure the benefits of a California forum, yet seeks to disregard personal obligations of proceeding here. The obligation of complying with California law is not good cause for issuance of a protective order.

In light of the following: (1) defendant's willingness to pay the travel expenses of up to $ 1,000, (2) the economic difference in requiring defense counsel to travel to Arizona, (3) the unreasonable restraints on the defendants for the Court to require video conferencing, especially concerning the review and use of documents, and (4) the concern of penal code registration requirements having nothing to do with the opposing defendants, plaintiff has failed to show good cause. Even if good cause had been shown, defendants have shown that, on balance, the discovery should be permitted in Fresno, California. *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation, 669 F.2d 620, 623 (10th Cir. 1982)* ("we are concerned with the burden imposed upon the responding party if a protective order is not granted as compared with the burden imposed upon the requesting party if a protective order imposing conditions [*10] is granted.")

**CONCLUSION**

For the forgoing reasons, plaintiff's motion for a protective order as to the place of his deposition is DENIED.

IT IS SO ORDERED.

**Dated: April 3, 2006**

/s/Lawrence J. O'Neill

UNITED STATES MAGISTRATE JUDGE

LEXSEE

**TAILIFT USA, INC., Plaintiff, v. TAILIFT CO., LTD., Defendant and Counter-Plaintiff, v. TAILIFT USA, INC., ROWAN CORNIL, INC., d/b/a SUNBELT INDUSTRIAL TRUCKS, and WARREN CORNIL, Counter-Defendants.**

Civil Action No. 3:03-CV-0196-M

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION**

*2004 U.S. Dist. LEXIS 28648*

**March 26, 2004, Decided
March 26, 2004, Filed**

**COUNSEL:** [*1] For Tailift USA Inc, Plaintiff: Robert B Cousins, Jr, Lawrence S Fischman, Glast Phillips & Murray, Dallas, TX.

For Tailift Co Ltd, Defendant: Randal C Shaffer, Jeffrey C Mateer, Mateer & Shaffer -- Dallas, Dallas, TX.

For Earl F Hale, Jr, Arbitrator: Pro se, Dallas, TX.

For Warren Cornil, ThirdParty Defendant: Robert B Cousins, Jr, Lawrence S Fischman, Glast Phillips & Murray, Dallas, TX.

For Rowan Cornil Inc, d/b/a Sunbelt Industrial Trucks, ThirdParty Defendant: Robert B Cousins, Jr, Lawrence S Fischman, Glast Phillips & Murray, Dallas, TX.

For Tailift Co Ltd, Counter Claimant: Randal C Shaffer, Mateer & Shaffer -- Dallas, Dallas, TX.

**JUDGES:** IRMA CARRILLO RAMIREZ, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** IRMA CARRILLO RAMIREZ

**OPINION:**

**ORDER**

Before the Court are *Defendant and Counter-Plaintiff's Motion for Protective Order and Brief in Support*, filed January 20, 2004, and *Tailift USA, Inc., Rowan Cornil, Inc., and Warren Cornil's Response to Tailift Co., Ltd.'s Motion for Protective Order and Brief in Support*, filed January 27, 2004. The preceding filings were referred to the undersigned United States Magistrate Judge for hearing, if necessary, and for [*2] deter-

mination pursuant to the District Court's Order Referring Motion, filed January 22, 2004. Based on the motion, the response, the evidence submitted therewith, and the applicable law, the Court is of the opinion that the motion should be **GRANTED**.

**I.**

This is a declaratory judgment action filed by Tailift USA, Inc. ("Plaintiff") against Tailift Co., Ltd. ("Defendant") to clarify the parties' duties and obligations under an agreement to distribute forklifts throughout the United States, Mexico, and Canada. Plaintiff is a Texas corporation, with its principal place of business in Dallas, Texas. (Compl. at 1.) Defendant is an entity created and existing under the laws of the Republic of China, and its principal place of business is located in Ta Ya Hsiang, Taichung Hsien, Taiwan, R.O.C. *See id.* Plaintiff claims that Defendant anticipatorily breached an agreement to maintain Plaintiff as the exclusive distributor of forklifts in the United States, Mexico, and Canada. *See id.* On March 14, 2003, Defendant filed its Original Answer, Counterclaim and Third-Party Complaint seeking relief through several causes of action against Plaintiff's president, Rowan Cornil, Inc. [*3] , d/b/a Sunbelt Industrial Trucks and Warren Cornil. (Resp. at 3.)

On January 13, 2004, Plaintiff served a Notice of Deposition to depose Defendant in Dallas, Texas, on January 21, 2004. (Resp. at Ex. A.) Counsel for Defendant had previously informed Plaintiff's counsel that a deposition of Defendant's corporate representative "must occur in Taiwan, at their place of business" via letter dated January 7, 2004. (Mot. at Ex. B.) Defendant objects to the time and location of the deposition and filed the instant motion to quash the deposition notice and obtain a protective order requiring that the deposition

occur only at Defendant's principal place of business in Taiwan, R.O.C.

## II.

Defendant moves for a protective order under *FED. R. CIV. P. 26(c)* on the grounds that its corporate representative should be deposed at the location of its principal place of business in Taiwan, R.O.C. *Rule 26(c)* requires that the movant establish "good cause" to obtain a protective order. This court has broad discretion to determine the appropriate place for examination. *See Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp., 147 F.R.D. 125, 127 (N.D. Tex. 1992).* [*4] This discretion is guided by the presumption that "'the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business,' especially when . . . the corporation is the defendant." *Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979); see also Resolution Trust Corp., 147 F.R.D. at 127 (citing Turner v. Prudential Ins. Co., 119 F.R.D. 381, 383 (M.D.N.C. 1988); Moore v. Pyrotech Corp., 137 F.R.D. 356, 357 (D. Kan. 1991); Farquhar v. Shelden, 116 F.R.D. 70 (E.D. Mich. 1987)).* This presumption is based on the concept that it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum. *See Payton v. Sears, Roebuck & Co., 148 F.R.D. 667, 669 (N.D. Ga. 1993) (citing Farquhar, 116 F.R.D. at 72).* Courts have determined that this presumption satisfies the *Rule 26(c)* requirement of good cause. *See, e.g., Chris-Craft Indus. Prods., Inc. v. Kuraray Co., 184 F.R.D. 605, 607 (N.D. Ill. 1999)* ("the purposes underlying the general rule that the depositions should proceed at the [*5] corporation's principal place of business create a presumption that the corporation has good cause for a protective order.") (quoting *Sears v. American Entm't Group, Inc., 1995 U.S. Dist. LEXIS 1754, 1995 WL 66411, at *1 (N.D. Ill. Feb. 13, 1995)).*

A party may overcome the presumption, however, by showing that peculiar circumstances justify conducting the deposition at a location other than the corporation's principal place of business. *See Salter, 593 F.2d at 652* (noting that the deposing party failed to show "peculiar circumstances" to rebut the presumption); *see also Chris-Craft Indus. Prods., Inc., 184 F.R.D. at 607* (noting that the corporation's objection to a deposition elsewhere should be sustained unless there are "unusual circumstances"); *accord Zuckert v. Berkliff Corp., 96 F.R.D. 161, 162 (N.D. Ill. 1982)* (same) (citing *Salter, 593 F.2d at 652).* In *Resolution Trust Corp.,* a court in this District enumerated five factors for consideration when determining whether sufficient circumstances had been shown to overcome the presumption:

1. Counsel for the parties are located in the forum district;

2. The [*6] deposing party is seeking to depose only one corporate representative;

3. The corporation chose a corporate representative that resides outside the location of the principal place of business and the forum district;

4. Significant discovery disputes may arise and there is an anticipated necessity of the resolution by the forum court; and

5. The claim's nature and the parties' relationship is such that "an appropriate adjustment of the equities favors a deposition site in the forum district."

*Resolution Trust Corp., 147 F.R.D. at 127* (quoting *Turner, 119 F.R.D. at 383-84*). The court concluded that it "must ultimately consider each case on its own facts and the equities of the particular situation." *Id.*

In this case, Plaintiff alleges that Defendant's motion "sets forth no facts that favor taking its deposition in Taiwan." However, the burden to show sufficient circumstances to overcome the presumption that Defendant's corporate representative should be deposed at its principal place of business is on Plaintiff. *See Salter, 593 F.2d at 652* (finding that *plaintiff* did not show peculiar circumstances to [*7] overcome the presumption); *see also Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp., 203 F.R.D. 98, 107 (S.D.N.Y. 2001)* (same); *Payton, 148 F.R.D. at 669* (finding that *plaintiffs* produced no compelling reason to depart from the general rule).

In support of its position that the deposition should take place in this District, Plaintiff notes that all counsel of record are located here, which is the first factor cited in *Resolution Trust Corp.* This assertion assumes that Defendant does not have counsel at its principal place of business in Taiwan, and that its local counsel in this District would also have to travel to Taiwan for the deposition. Even if this assumption is correct, "the convenience of counsel is less compelling than any hardship to the witnesses." *Six West Retail Acquisition, Inc., 203 F.R.D. at 108* (quoting *Devlin v. Transportation Communs. Int'l Union, 2000 U.S. Dist. LEXIS 264, 2000 WL 28173, at *4 (S.D.N.Y. Jan. 14, 2000).* Plaintiff has not presented evidence that its counsel would incur hardship by traveling to Taiwan. Courts have held that plaintiffs normally cannot complain if they must take discovery [*8] at

great distances from the forum. *See Payton, 148 F.R.D. at 669* (citing *Farquhar, 116 F.R.D. at 72*).

Plaintiff also alleges that it seeks to depose only one witness, which is the second factor considered in *Resolution Trust Corp.* However, Plaintiff's deposition notice was issued pursuant to *FED. R. CIV. P. 30(b)(6)* and seeks the deposition of "one or more officers, directors, or managing agents, or other persons" regarding thirty-three different topics. There has been no showing that only one witness will be designated for deposition on all thirty-three topics. Having the deposition at the Defendant's principal place of business will be more efficient to the extent that additional witnesses are needed for some of the listed topics.

As to the fourth factor, although Plaintiff argues that the deposition should be conducted in this forum in order to have ready resort to the Court to resolve discovery disputes, there have been no previous discovery disputes in this case. The mere possibility of such disputes does not necessarily weigh in favor of conducting the deposition here. *See Rapoca Energy Co., L.P. v. AMCI Exp. Corp., 199 F.R.D. 191, 193 (W.D. Va. 2001)* [*9] (finding that this factor did not weigh against the presumption because the court had "no reason to anticipate the likelihood of additional discovery disputes which would necessitate the court's intervention.").

Regarding the fifth factor, both parties in this case are corporations, and Plaintiff has not alleged that it would suffer financial hardship if its counsel traveled to Taiwan. *See Turner, 119 F.R.D. at 384* (finding that financial hardship favored the plaintiff who was "a small employer" and the defendant was "a large company whose officers may be expected to travel with minimal inconvenience."); *see also Rapoca Energy Co., 199 F.R.D. at 193* (noting that the case involved two corporate parties, and the deposing party showed no evidence that paying for its counsel's travel would be a hardship). Although Plaintiff generally alleges that it would be more efficient and inexpensive to secure a deposition location and court reporter in this District, Plaintiff fails to provide any evidence that it would be inefficient or costly to secure these matters in Taiwan. In this case, both corporations appear equally "well-equipped to bear the costs associated [*10] with the deposition" *See Six West Retail Acquisition, Inc., 203 F.R.D. at 107.*

In addition to the foregoing *Resolution Trust Corp.* factors, Plaintiff alleges that the one presumed deponent, the sole owner and chief executive officer who resides in Taiwan, has traveled to Dallas on a number of occasions in furtherance of his company's business. (Resp. at Ex. C.) Whether the persons sought to be deposed often engage in travel for business purposes is another factor that some courts have considered. *See Rapoca Energy Co.,*

*199 F.R.D. at 193*; *Armsey v. Medshares Mgmt. Servs., Inc., 184 F.R.D. 569, 571 (W.D. Va. 1998).* Even assuming *arguendo* that the owner will be the lone witness, the fact that he has traveled to the United States only seven times since 1998, and only for a few days each time, hardly presents a frequency of presence in the United States that weighs in favor of overcoming the presumption. *See Six West Retail Acquisition, Inc., 203 F.R.D. at 108* (rejecting the plaintiff's argument that the witness regularly traveled to forum district on business and that scheduling deposition on one of the trips would lessen [*11] disruption to the witness's schedule and the defendant's business).

Plaintiff further contends that Defendant should be treated as a plaintiff in this action because it asserts permissive counterclaims. (Mot. at 4-5.) Courts in other districts have considered the filing of counterclaims, including whether the counterclaims are permissive or compulsory, when determining the location of a defendant's deposition. *See Rapoca Energy Co., 199 F.R.D. at 193*; *Chris-Craft Indus. Prods., Inc., 184 F.R.D. at 607-08*; *Armsey, 184 F.R.D. at 571*; *Zuckert, 96 F.R.D. at 162-63.* This Court find the reasoning in *Rapoca Energy Co.* persuasive. Whether or not Defendant's counterclaims are permissive or compulsory, it would be unfair to require Defendant's corporate representatives to travel here "simply because it made the determination that economy would be served by the same court hearing" its counterclaims, in light of the above factors. *See Rapoca Energy Co., 199 F.R.D. at 194.* "Clearly the parties' dispute can be resolved far more easily, more expeditiously, less expensively and with far more efficient use of [*12] judicial resources if all aspects of the dispute are consolidated before the same court." *Id.* (citing *Zelenkofske Axelrod Consulting, L.L.C. v. Stevenson, 1999 U.S. Dist. LEXIS 12137, 1999 WL 592399 (E.D. Pa. Aug. 5, 1999)).*

Finally, Plaintiff also contends that Defendant should be treated as a plaintiff in this action based on its filing of a third party action. (Mot. at 4-5.) This factor was considered by the court in *Chris-Craft Indus. Prods., Inc., 184 F.R.D. at 608.* As in *Chris-Craft Industrial Products, Inc.*, the Court notes that this deposition was noticed by Plaintiff, not the third-party defendant. Further, a review of the thirty-three topics listed in the deposition notice reveals issues that appear to be primarily related to Plaintiff's complaint and the answer thereto. Under these circumstances, and for the same reasons as the counterclaims, the third-party complaint does not weigh in favor of overcoming the presumption. *See id.* (finding that the fact that the defendants filed a third-party action did not require deviation from the general rule favoring the corporation's place of business where

2004 U.S. Dist. LEXIS 28648, *

requested deposition was noticed by plaintiff and did [*13] not pertain to third-party complaint).

**III.**

After considering all of the foregoing factors, the Court finds that Plaintiff has failed to overcome the presumption that Defendant's corporate representative should be deposed at its principal place of business in Taiwan, R.O.C. Consequently, *Defendant and Counter-Plaintiff's Motion for Protective Order and Brief in Support* is hereby **GRANTED**. It is therefore

**ORDERED** that the deposition of Defendant's corporate representative shall be conducted at Defendant's principal place of business in Taiwan, R.O.C. on a mutually agreeable date and time within 30 days from the date of this Order, unless otherwise agreed by the parties.

**SO ORDERED** on this 26th day of March 2004.

IRMA CARRILLO RAMIREZ

UNITED STATES MAGISTRATE JUDGE

LEXSEE 1998 U.S. DIST. LEXIS 13124

**STARLIGHT INTERNATIONAL, INC., Plaintiff, v. JOSEPH B. HERLIHY, JR., et al., Defendant.**

**CIVIL ACTION No: 97-2329-GTV**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**

*1998 U.S. Dist. LEXIS 13124*

**August 13, 1998, Decided**
**August 13, 1998, Filed, Entered on the Docket**

**NOTICE:** [*1] FOR ELECTRONIC PUBLICATION ONLY

**DISPOSITION:** Miller Group Defendants' Motion for Protective Order (doc. 118) sustained in part and overruled in part.

**LexisNexis(R) Headnotes**

*Civil Procedure > Discovery > Protective Orders*
[HN1] *Fed. R. Civ. P. 26(c)* provides that the court, upon a showing of good cause, may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The party seeking a protective order carries the burden of persuasion to show good cause for it. To establish good cause, that party must submit a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.

*Civil Procedure > Discovery > Methods > Oral Depositions*
[HN2] Motions to relocate a deposition address the discretion of the court. The court has wide discretion to establish the time and place of depositions. In the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party. Depositions of corporate representatives, furthermore, are ordinarily taken at the corporation's principal place of business unless justice requires otherwise.

*Civil Procedure > Discovery > Methods > Oral Depositions*
[HN3] The following general rules are applicable to the location for party depositions. Certain general principles apply in selecting the place to conduct a deposition. A party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the court pursuant to *Fed. R. Civ. P. 26(c)(2)*, designating a different place. The court is permitted to exercise a broad discretion in determining the appropriate place for examination and may attach conditions such as payment of expenses. Although there is an initial presumption that a defendant should be examined at his residence or the principal place of business, a number of factors serve to dissipate the presumption and may persuade the court to require the deposition to be conducted in the forum district or some other place. Ultimately the court must consider each case on its own facts and the equities of the particular situation.

*Civil Procedure > Discovery > Privileged Matters > General Overview*
*Civil Procedure > Discovery > Relevance*
[HN4] The United States Supreme Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials. To accomplish that purpose the Federal Rules of Civil Procedure provide that parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. *Fed. R. Civ. P. 26(b)(1)*. Courts, furthermore, broadly construe relevancy at the discovery stage.

*Constitutional Law > Bill of Rights > Fundamental Rights > Procedural Due Process > Self-Incrimination Privilege*

1998 U.S. Dist. LEXIS 13124, *

*Evidence > Privileges > Attorney-Client Privilege > General Overview*
*Evidence > Privileges > Government Privileges > General Overview*

[HN5] The court assumes that a corporate representative will be prepared to testify, consistent with the requirements of *Fed. R. Civ. P. 30(b)(6)*, and not invoke privileges which the corporation does not have.

**COUNSEL:** For STARLIGHT INTERNATIONAL INC., plaintiff: Stanley D. Davis, Sean W. Colligan, Stinson, Mag & Fizzell, P.C., Kansas City, MO.

For STARLIGHT INTERNATIONAL INC., plaintiff: Eric Alan Kuwana, Charles E Talisman, David A Colodny, Michael T Wood, Ronald S Liebman, Patton Boggs, L.L.P., Washington, DC.

For JOSEPH B HERLIHY, JR, defendant: Robert H. Gardner, Mark D. Murphy, Jackson & Murphy, L.L.C., Overland Park, KS.

For 21ST CENTURY ENTERPRISES LIMITED, MILLER GROUP, THE, MILLER/21ST CENTURY GROUP, THE, defendants: Robert H. Gardner, Mark D. Murphy, R Mark Nasteff, Jackson & Murphy, L.L.C., Overland Park, KS.

David J Dawes, defendant, Pro se, Belgium.

For VERKRUISEN TRADING, MARNIX C VERKRUISEN, DAVID HOLLAND, CHRISTIAN HEYSSE, defendants: Gregory L Lyons, Moss & Rocovich, Roanoke, VA.

For DAVID HOLLAND, defendant: Thomas E. Ruzicka, Norton, Hubbard, Ruzicka & Kreamer, L.C., Olathe, KS.

For ALAN J BRUCE, defendant: Mark D. Murphy, R Mark Nasteff, Jackson & Murphy, L.L.C., Overland Park, KS.

For 21ST [*2] CENTURY ENTERPRISES LIMITED, MILLER GROUP, THE, MILLER/21ST CENTURY GROUP, THE, JOSEPH B HERLIHY, JR, cross-claimants: Robert H. Gardner, Mark D. Murphy, Jackson & Murphy, L.L.C., Overland Park, KS.

For VERKRUISEN TRADING, MARNIX C VERKRUISEN, CHRISTIAN HEYSSE, DAVID HOLLAND, cross-claimants: Gregory L Lyons, Moss & Rocovich, Roanoke, VA.

For ALAN J BRUCE, cross-claimant: Mark D. Murphy, Jackson & Murphy, L.L.C., Overland Park, KS.

For DAVID HOLLAND, cross-claimant: Thomas E. Ruzicka, Norton, Hubbard, Ruzicka & Kreamer, L.C., Olathe, KS.

For 21ST CENTURY ENTERPRISES LIMITED, MILLER GROUP, THE, MILLER/21ST CENTURY GROUP, THE, cross-claimants: R Mark Nasteff, Jackson & Murphy, L.L.C., Overland Park, KS.

For JOSEPH B HERLIHY, JR, 21ST CENTURY ENTERPRISES LIMITED, MILLER GROUP, THE, MILLER/21ST CENTURY GROUP, THE, cross-defendants: Robert H. Gardner, Mark D. Murphy, Jackson & Murphy, L.L.C., Overland Park, KS.

For VERKRUISEN TRADING, MARNIX C VERKRUISEN, DAVID HOLLAND, CHRISTIAN HEYSSE, cross-defendants: Gregory L Lyons, Moss & Rocovich, Roanoke, VA.

For 21ST CENTURY ENTERPRISES LIMITED, MILLER GROUP, THE, MILLER/21ST CENTURY GROUP, THE, cross-defendants: [*3] R Mark Nasteff, Jackson & Murphy, L.L.C., Overland Park, KS.

For ALAN J BRUCE, cross-defendant: Mark D. Murphy, R Mark Nasteff, Jackson & Murphy, L.L.C., Overland, KS.

For DAVID HOLLAND, cross-defendant: Thomas E. Ruzicka, Norton, Hubbard, Ruzicka & Kreamer, L.C., Olathe, KS.

**JUDGES:** Gerald L. Rushfelt, United States Magistrate Judge.

**OPINION BY:** Gerald L. Rushfelt

**OPINION:**

### MEMORANDUM AND ORDER

The court has under consideration Miller Group Defendants' Motion for Protective Order (doc. 118). Pursuant to *Fed. R. Civ. P. 26(c)* and D.Kan. Rule 26.2, defendants 21st Century Enterprises Limited (21st Century), The Miller Group a.k.a. The Miller Group/21st Century Enterprises Limited (Miller Group), Joseph B. Herlihy, Jr. (Herlihy), and Alan J. Bruce (collectively referred to as Miller Group Defendants) seek an order to limit the scope of the depositions of 21st Century and Miller Group. They also seek an order to re-locate the depositions of Alan Bruce, 21st Century, and Miller Group. Plaintiff opposes the motion. In their reply brief the Miller Group Defendants request oral argument. The

court denies the request, as unnecessary. The parties have adequately briefed [*4] the issues.

Plaintiff unilaterally noticed depositions for the Miller Group Defendants at the offices of its attorneys in Kansas City, Missouri. The corporate defendants have designated defendant Alan Bruce (Bruce) as their Rule 30(b)(6) corporate representative. Movants propose that he appear for deposition in London, England. He resides in London. Plaintiff desires an order that it is entitled to depose him in Kansas, if necessary. It suggests that the corporate defendants maintain offices in Overland Park, Kansas. It further suggests that these defendants cannot escape a deposition in Kansas City by designating a representative who resides in London. By reply brief, the Miller Group Defendants unambiguously assert that 21st Century has its principal place of business in London; Miller Group in Malaysia; and Bruce and his company in London. Plaintiff has filed a surreply without seeking or receiving prior approval of the court. The court will not consider it.

[HN1] *Fed. R. Civ. P. 26(c)* provides that the court, upon a showing of good cause, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The [*5] party seeking a protective order carries the burden of persuasion to show good cause for it. *Sentry Ins. v. Shivers, 164 F.R.D. 255, 256 (D. Kan. 1996).* To establish good cause, that party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16, 68 L. Ed. 2d 693, 101 S. Ct. 2193 (1981).*

[HN2] Motions to relocate a deposition address the discretion of the court. The "court has wide discretion to establish the time and place of depositions." *Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir. 1994); see also, Sheftelman v. Standard Metals Corp. (In re Standard Metals Corp.), 817 F.2d 625, 628 (10th Cir. 1987).* "In the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." *Metrex Research Co. v. United States, 151 F.R.D. 122, 124 (D. Colo. 1993); see* [*6] *also, Composite Marine Propellers, Inc. v. Van der Woude,* No. 89-2304-V, unpublished op. at 1 (D. Kan. Apr. 30, 1990) (holding that "in the absence of exceptional circumstances a deposition should proceed where the deponent resides"). Depositions of corporate representatives, furthermore, "are ordinarily taken at the corporation's principal place of business unless justice requires otherwise." *Moore v. Pyrotech Corp., 137 F.R.D. 356, 357 (D.*

*Kan. 1991).* [HN3] The following general rules are applicable to the location for party depositions:

> Certain general principles apply in selecting the place to conduct a deposition. A party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the Court pursuant to *Rule 26(c)(2), Fed.R.Civ.P.,* designating a different place. The court is permitted to exercise a broad discretion in determining the appropriate place for examination and may attach conditions such as payment of expenses. . . .
>
> Although there is an initial presumption that a defendant should be examined at his residence or the principal place of business, a number of factors serve to dissipate the presumption [*7] and may persuade the Court to require the deposition to be conducted in the forum district or some other place. Ultimately the court must consider each case on its own facts and the equities of the particular situation.

*Turner v. Prudential Ins. Co. of Am., 119 F.R.D. 381, 383 (M.D.N.C. 1988)* (citations omitted).

With these legal principles in mind, the court declines to require the depositions of 21st Century, Miller Group, and Bruce to proceed in Kansas City, Missouri. They may proceed in London. If 21st Century and Miller Group have offices in the Kansas City area, that factor of itself does not trump the general rule that their depositions proceed at their principal place of business. Bruce and 21st Century have their principal place of business in London -- Miller Group in Malaysia.

The Miller Group Defendants suggest that many of the proposed areas of inquiry of plaintiff delve into irrelevant, privileged, and confidential areas. They seek to preclude inquiry into these areas. n1 [HN4] "The [United States Supreme] Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose [*8] of adequately informing litigants in civil trials." *Herbert v. Lando, 441 U.S. 153, 176, 60 L. Ed. 2d 115, 99 S. Ct. 1635 (1979).* To accomplish that purpose the Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." *Fed. R. Civ. P. 26(b)(1).* Courts, furthermore, broadly construe relevancy at the discovery stage.

1998 U.S. Dist. LEXIS 13124, *

*Caldwell v. Life Ins. Co. of N. Am., 165 F.R.D. 633, 638 (D. Kan. 1996).* "[A] request for discovery should be considered relevant if there is *any possibility* that the information sought may be relevant to the subject matter of the action." *Id.* (emphasis added). Parties are, nevertheless, "entitled to request a protective order to preclude any inquiry into areas that are clearly outside the scope of appropriate discovery." *Id. at 637.*

n1 Plaintiff requests that the court address a deposition topic not included in its notices of deposition. It contends that it intends to amend its notices to include such topic and the Miller Group Defendants have indicated that they will refuse to answer questions on the topic. The court declines to address a topic not presently at issue. It is not the function of this court to grant advisory opinions.

[*9]

Plaintiff alleges that the Miller Group Defendants conspired to defraud it. (Compl. PP 100-03, doc. 1.) It also alleges they engaged in fraudulent or negligent misrepresentation; fraudulent omission and concealment; conversion; and securities fraud in violation of the Security and Exchange Act of 1934 and securities law of Kansas. *Id.* PP 67-99.) It further alleges in the alternative that they violated the Racketeer Influenced Corrupt Organizations Act (RICO), *18 U.S.C. §§ 1961-1968* RICO. (*Id.* PP 112-30.) In addition it alleges breach of contract against Miller/21st Century Group and/or 21st Century. (*Id.* PP 134-36.) The areas of inquiry appear reasonably calculated to lead to the discovery of admissible evidence with regards to the allegations against the Miller Group Defendants. The Miller Group Defendants have not persuaded the court that the proposed discovery is irrelevant to this action. Indeed, the argument of plaintiff more persuasively suggests the proposed areas of inquiry are relevant. Accordingly, the court will not limit the scope of the depositions on grounds of irrelevancy.

The Miller Group Defendants also contend the areas of inquiry [*10] infringe upon confidential and privileged matters. Their blanket assertion of privilege demonstrates no good cause for limiting the scope of the depositions. If a specific question infringes upon a legitimate privilege, the deponent may assert it in response. Confidential matters, furthermore, fall within the permissible scope of discovery. Confidentiality does not equate with privilege.

The Miller Group Defendants suggest that in the event the court finds the areas of inquiry proper the court enter an order limiting the discovery to this litigation only and order plaintiff not to disclose any obtained information to any other parties in other civil or criminal matters. They have shown no good cause for such a protective order. They have shown no applicable privilege. They have not shown the areas of inquiry to touch upon confidential matters. Nor have they shown any significant harm which would result from dissemination of the information.

Plaintiff expresses a concern that the designated representative of 21st Century and Miller Group, Alan Bruce, may not be prepared to testify as a corporate representative. It fears that he may invoke the attorney-client privilege to thwart the [*11] depositions. It also fears that, as an individual under investigation, he will invoke the privilege against self-incrimination granted by the Fifth Amendment of the United States Constitution. [HN5] The court assumes that a corporate representative will be prepared to testify, consistent with the requirements of Rule 30(b)(6), and not invoke privileges which the corporation does not have. The court declines to speculate, however, that the designated witness will not be so prepared. If 21st Century or Miller Group fail to provide an adequate representative, plaintiff may move for appropriate sanctions.

For the foregoing reasons, the court sustains in part and otherwise overrules Miller Group Defendants' Motion for Protective Order (doc. 118). Plaintiff may not depose defendants 21st Century, Miller Group, or Bruce in Kansas City, Missouri. Their depositions should proceed in London, as suggested by the Miller Group Defendants. The motion is otherwise overruled. Each party shall be responsible for its own costs and expenses incurred upon the motion and subsequent briefing. The court finds no reason to otherwise apportion the expenses. The parties, furthermore, took a legitimate position on [*12] at least part of the motion.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 13th day of August, 1998.

Gerald L. Rushfelt

United States Magistrate Judge

LEXSEE 1990 U.S. DIST. LEXIS 1506

### AARON SHAPIRO v. DELTA BOATS INCORPORATED v. AQUA-AIR MARINE AIR CONDITIONING DIVISION of JAMES NALL COMPANY, INC.

**Civil Action No. 89-4267**

### UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*1990 U.S. Dist. LEXIS 1506; 1990 AMC 2036*

**February 9, 1990, Decided; February 12, 1990, Filed and Entered**

**COUNSEL:** [*1]

Peter G. Rossi, Esq., Philadelphia, Pennsylvania.

Robert Keller, Philadelphia, Pennsylvania.

AQUA-AIR MARINE AIR CONDITIONING, BY: James F. Zaccari, Esquire, Philadelphia, Pennsylvania.

**OPINION BY:**

VanARTSDALEN

**OPINION:**

MEMORANDUM AND ORDER

DONALD W. VanARTSDALEN, SENIOR UNITED STATES DISTRICT JUDGE

Plaintiff in the above-captioned action has noticed the deposition of defendant Delta Boats Incorporated (Delta) by its president or other corporate representatives for January 23, 1990 n1 at the office of plaintiff's counsel in Philadelphia, Pennsylvania. Delta now moves this court for a protective order pursuant to *Federal Rule of Civil Procedure 26(c)* to have the deposition held in the State of Florida, rather than in Philadelphia. I will grant Delta's motion.

n1 It has since been stipulated by the parties that the deposition will not take place until after my decision on this motion.

*Federal Rule of Civil Procedure 26(c)* provides, inter alia, that upon motion by a party and for good cause shown, the court may order that discovery be had only in a designated place. *Fed. R. Civ. P. 26(c)(2).* The court on such a motion has broad discretion in selecting the place of examination of a deponent. [*2] See C. Wright & A.

Miller, Federal Practice and Procedure § 2112 at 404-05 (1970).

As a general rule, a defendant is usually entitled to insist that he be deposed in the place where he resides. See *Mill Run Tours v. Khashoggi, 124 F.R.D. 547, 550 (S.D.N.Y. 1989); Work v. Bier, 107 F.R.D. 789, 792 n.4 (D.D.C. 1985).* It is the plaintiff who brings the lawsuit and chooses the forum, while the defendant is not before the court by choice. Therefore, courts have held that plaintiffs cannot complain if they are required to take discovery at a great distance from the forum. See *Khashoggi, 124 F.R.D. at 550; Farquhar v. Sheldon, 116 F.R.D. 70, 72 (E.D. Mich. 1987); Work, 107 F.R.D. at 792 n.4.*

In the case of a corporate defendant, courts have established a presumption that the deposition of the corporation by its agents and officers should ordinarily be taken at its principal place of business. See *Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979)* (citing C. Wright & A. Miller, supra, § 2112 at 410). This presumption may give way in the presence of exceptional or unusual circumstances. See *Turner v. Prudential Ins. Co. of America, 119 F.R.D. 381,* [*3] *383-84 (M.D.N.C. 1988); Farquhar, 116 F.R.D. at 72.* Ultimately, however, the Court must consider each case on its own facts and on the equities of the particular situation. *Turner, 119 F.R.D. at 383.* In the instant case, I find that the balance of equities favors that the deposition of defendant Delta Boats Incorporated by its president or corporate representatives be held in Florida.

One of the factors a court should consider in addressing this issue is the extent to which the witnesses' affairs would be disrupted if the individual were required to travel to attend a deposition. See *Khashoggi, 124 F.R.D. at 551.* Delta's president, H. Gene Smith, has submitted an affidavit averring that Delta's sole place of

Case 1:04-cv-01494-JJF    Document 186-2    Filed 05/10/2007    Page 16 of 21

Page 2
1990 U.S. Dist. LEXIS 1506, *; 1990 AMC 2036

business is in Cape Canaveral, Florida; that he and other individuals associated with Delta who are competent to testify will be representing Delta at a series of boat shows in Florida in January and February of 1990; that the vast majority of Delta's business is generated through these boat shows; and that any requirement that he and/or other Delta senior personnel travel to Philadelphia in order to participate in a deposition in January or February of 1990 would [*4] pose a significant hardship with respect to Delta's representation in the boat shows and, consequently, in Delta's business. From these statements, it is evident that to require Delta's corporate representative to answer a deposition in Philadelphia would significantly disrupt the representative's, and Delta's, affairs. n2

n2 Plaintiff disputes some of the assertions in Mr. Smith's affidavit, e.g., the extent to which taking Delta's corporate representative's deposition in Philadelphia would disrupt Delta's business. However, since plaintiff has not presented any competent proof in the way of affidavits which would cast doubt on Mr. Smith's assertions, I will accept Mr. Smith's statements as true for present purposes.

Plaintiff, on the other hand, has not made out a convincing case why the deposition should be held in this district. In Turner v. Prudential Ins. Co. of America, the court listed various factors which support holding the deposition in the forum district. These factors included: (1) financial hardship on behalf of the plaintiff; (2) counsel for the parties are located in the forum district; (3) the defendant is a large corporation whose employees often engage [*5] in travel, only one or two employees will be required to travel to the deposition, and the document production is not oppressive; (4) significant discovery disputes may arise and judicial economy favors resolution by the forum court; and (5) the nature of the claim and the relationship of the parties are such that an appropriate adjustment of the equity favors a deposition site in the forum district. *Turner, 119 F.R.D. at 383.*

It is true that all counsel in the present case are located in Philadelphia (factor two). However, as to the first factor, plaintiff has presented no competent evidence by way of affidavit that the taking of Delta's deposition in Florida would impose a financial hardship on him. Nor has plaintiff presented any affidavit evidence that Delta is a large corporation whose employees often engage in travel (factor three). n3

n3 Even if I accept as true that Delta is a large corporation whose employees often engage in travel, defendant's affidavit shows that travel

outside of Florida by the president and/or key employees of the corporation during the months of January and February will result in financial hardship upon the company. Therefore, even if it could be shown that Delta is a large corporation whose employees frequently travel, this would be of little weight in the present context.

[*6]

As to the fourth factor, there is no indication that significant discovery disputes are likely to arise in this matter such that judicial economy compels the deposition of Delta be held in this forum. Nor is there anything special in the nature of the claim here as in the relationship of the parties so as to favor the deposition be taken in this forum (factor five). n4

n4 Plaintiff claims that because Delta is a "worldwide" corporation and allegedly included in the sale of the boat a warranty for repair or replacement of the product, Delta "must be prepared to defend lawsuits in various forums such as Pennsylvania." Although these are matters that affect whether Delta is amenable to suit in this forum, i.e., whether Delta is subject to this court's exercise of personal jurisdiction, I do not find them compelling reasons to order that discovery take place only in this forum.

Upon a weighing of the various factors on both sides, I conclude that plaintiff has not met his burden in overcoming the presumption that Delta's deposition through its corporate officers should take place in the state of Delta's place of business, i.e., Florida. I will therefore grant Delta's motion [*7] for a protective order.

ORDER

Upon consideration of the motion of defendant Delta Boats Incorporated for a protective order pursuant to *Federal Rule of Civil Procedure 26(c)(2)* and plaintiff's response thereto, it is ORDERED:

1. Defendant's motion is granted;

2. The deposition of defendant Delta Boats Incorporated by its president and/or other corporate representatives shall be held in the State of Florida at a time and location to be mutually agreed upon by the parties; and

3. This order shall not otherwise affect the discovery scheduling order filed by the court on November 21, 1989.

February 9, 1990

LEXSEE 1994 US DIST LEXIS 4118

**ANNIE WHITE v. CHRYSLER CORP., et al.**

**CIVIL ACTION NO. 93-5535**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

*1994 U.S. Dist. LEXIS 4118*

**April 4, 1994, Decided
April 4, 1994, Filed**

**LexisNexis(R) Headnotes**

*Civil Procedure > Discovery > Methods > General Overview*
*Civil Procedure > Discovery > Protective Orders*
*Civil Procedure > Remedies > Costs & Attorney Fees > Costs > Depositions & Transcripts*
[HN1] *Fed. R. Civ. P. 26* provides that, upon motion and for good cause shown, a court may order that discovery be taken at a designated time and location. *Fed. R. Civ. P. 26(c)(2)*. The court has broad discretion to determine the location of a deposition, and may consider the relative expenses of the parties, and may order that expenses be paid by the opposing party.

*Business & Corporate Law > Agency Relationships > Types > General Overview*
*Civil Procedure > Discovery > Methods > Oral Depositions*
[HN2] The deposition of a corporate officer or agent should be taken at the corporation's principal place of business. However, based on equitable considerations, the rule may be altered.

**COUNSEL:** [*1] For ANNIE WHITE, PLAINTIFF: HERBERT MONHEIT, PHILADELPHIA, PA. LOUIS T. SILVERMAN, HERBERT MONHEIT, P.C., PHILA, PA. BRUCE L. SOBEL, PHILA, PA.

For CHRYSLER CORPORATION, T/A AND D/B/A RENAULT AND AMC, DEFENDANT: BRETT L. MESSINGER, MANNINO, WALSH & GRIFFITH, P.C., PHILA, PA. For BAKER AMC, JEE, RENAULT, DEFENDANT: DONALD M. DAVIS, MARGOLIS, EDELSTEIN, SCHERLIS, SAROWITZ & KRAEMER, PHILA, PA.

**JUDGES:** Padova

**OPINION BY:** JOHN R. PADOVA

**OPINION:**

MEMORANDUM

Padova, J.

On March 21, 1994, Plaintiff served notice to take the deposition of two corporate officials of Defendant, Chrysler Corporation ("Chrysler"), at the office of Plaintiff's counsel in Philadelphia, Pennsylvania. Pursuant to *Federal Rule of Civil Procedure 26(c)*, Chrysler now moves for a protective order to have the depositions taken near Chrysler's offices located in Highland Park, Michigan. For the reasons set forth below, I shall grant Chrysler's motion, but require that Chrysler pay one-half of Plaintiff's reasonable transportation expenses.

DISCUSSION

[HN1] Rule 26 provides that, upon motion and for good cause shown, a court may order that discovery be taken at a designated time and location. *Fed. R. Civ. P. 26(c)(2)*. The court has broad discretion [*2] to determine the location of a deposition, and may consider the relative expenses of the parties, and may order that expenses be paid by the opposing party. See 8 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2112 (1970).

[HN2] The deposition of a corporate officer or agent should generally be taken at the corporation's principal place of business. See, e.g., *Trans Pacific Ins. Co. v. Trans-Pacific Ins. Co., 136 F.R.D. 385, 392 (E.D. Pa. 1991); Shapiro v. Delta Boats Inc., No. 89-4267, 1990 WL 11629,* at *1 (E.D. Pa. Feb. 9, 1990). However, based on equitable considerations, this general rule may

1994 U.S. Dist. LEXIS 4118, *

be altered. In this case, Plaintiff's entire contact with Defendant took place in Pennsylvania. In addition, Chrysler is a large corporation whose employees often must travel for company business. Plaintiff, by contrast, is an individual, upon whom travel expenses will necessarily create a greater financial hardship. Further, Plaintiff has noticed the deposition of only two Chrysler employees. Based on these factors, I conclude that the depositions shall be taken in Highland Park, Michigan, but Chrysler shall pay one-half of Plaintiff's [*3] reasonable transportation expenses incurred to conduct the depositions outside Philadelphia, Pennsylvania.

An appropriate order follows.

ORDER

AND NOW, this 1st day of April 1994, it is hereby ORDERED that Defendant, Chrysler Corporation's motion for a protective order (Document No. 20) is granted and that the depositions shall be conducted in Highland Park, Michigan;

it is further hereby ordered that Defendant shall reimburse one-half of Plaintiff's reasonable transportation expenses incurred to conduct the depositions outside Philadelphia, Pennsylvania.

BY THE COURT:

JOHN R. PADOVA, J.

LEXSEE 1994 US DIST LEXIS 483

**DAHLSTROM MANUFACTURING COMPANY, INC., Plaintiff, v. STORAGE TECHNOLOGY CORPORATION, Defendant.**

**93-CV-0509E(F)**

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK**

*1994 U.S. Dist. LEXIS 483*

**January 18, 1994, Decided
January 19, 1994, Filed**

### LexisNexis(R) Headnotes

*Civil Procedure > Venue > Federal Venue Transfers > General Overview*
*Civil Procedure > Venue > Multidistrict Litigation*
[HN1] In general, a first-commenced suit has priority over later-filed suits absent a showing of an imbalance of convenience or of some other special circumstances in favor of proceeding in and with the later suit, with such left to the sound discretion of the district courts. Such presumed priority, as a principle of sound judicial administration, helps to prevent a multiplicity of actions and to achieve resolution of all disputes arising out of common matters in a single lawsuit, by giving a court -- some single court -- precedence over another court.

*Civil Procedure > Judicial Officers > General Overview*
*Civil Procedure > Discovery > General Overview*
*Civil Procedure > Appeals > Standards of Review > Clearly Erroneous Review*
[HN2] Magistrate judges are afforded broad discretion in resolving discovery disputes and their decisions in such matters are not subject to reconsideration unless they are shown to be "clearly erroneous or contrary to law." *28 U.S.C.S. § 636*(b)(1)(A).

**COUNSEL:** [*1]  For Plaintiff: Michael E. Ferdman, Esq., Darryl J. Colosi, Esq., Buffalo, NY.

For Defendant: Ann W. Herman, Esq., Buffalo, NY.

**JUDGES:** Elfvin

**OPINION BY:** JOHN T. ELFVIN

### OPINION:

MEMORANDUM and ORDER

In this suite for wrongful termination of a contract, defendant Storage Technology Corporation ("Storage") presently moves for an order transferring this action to the United States District Court for the District of Colorado so that it may there be joined with Civil No. 93-M-1372, *Storage Technology Corporation* v. *Dahlstrom Manufacturing Corporation, Inc.,* a pending and earlier-filed declaratory judgment action which involves identical parties and issues as the instant suit. The motion will be granted.

[HN1] In general, the first-commenced suit has priority over later-filed suits absent a showing of an imbalance of convenience or of some other special circumstances in favor of proceeding in and with the later suit, with such left to the sound discretion of the district courts. *William Gluckin Co. v. International Playtex Corp., 407 F.2d 177-178 (2d Cir. 1969).* Such presumed priority, as a principle of sound judicial administration, helps to prevent a multiplicity of actions and [*2] to achieve resolution of all disputes arising out of common matters in a single lawsuit, by giving a court -- some single court -- precedence over another court. *Cf., Asset Allocation & Mgt. v. Western Employers Ins., 892 F.2d 566, 572 (7th Cir. 1989).* Here, not only was the suit in Colorado filed first, but the Colorado court has already asserted its priority by denying on October 4, 1993 the motion by Dahlstrom Manufacturing Company, Inc. ("Dahlstrom") to stay the action pending therein. Therefore, the principle of comity, as well as that of judicial economy as manifested by the "first-filed" rule, counsels transfer of this suit to Colorado.

Dahlstrom opposes the transfer, claiming that a "special circumstance" exists in this case, rendering the first-filed rule inapplicable. Dahlstrom's supporting

1994 U.S. Dist. LEXIS 483, *

memorandum described the purported circumstance as follows:

"At [a May 27, 1993 settlement] meeting, Dahlstrom advised StorageTek that it had prepared a draft complaint which it did not wish to file and which it did not intend to file at that time. Dahlstrom wanted to settle this matter out of court. Richard Bland, StorageTek's attorney, requested [*3] to see a copy of the complaint. He explained that he would use the complaint to assist him in convincing StorageTek management to settle this matter.

"On the day after the settlement meeting, Dahlstrom's attorney delivered the draft complaint to Mr. Bland by telefax and by mail. In advising StorageTek about the draft complaint and in making it available to StorageTek, Dahlstrom was attempting to avoid litigation. The cover letter which accompanied the draft complaint stated, in relevant part:

'However, at the same time I provide this courtesy copy of the Summons and Complaint to you, it is Dahlstrom's hope that litigation in this matter can be avoided, as we explained in yesterday's meeting with you and Andy Dodd at Dahlstrom.'

"(Please see Exhibit 1 to the Affidavit of Michael E. Ferdman.)

"Upon receipt of the draft complaint [on the next business day], StorageTek responded by filing a declaratory action of its own in Colorado State Court, without the benefit of notice to Dahlstrom." Memorandum of Law on Behalf of Dahlstrom Manufacturing Company, Inc. in Opposition to Motion to Stay and Transfer Action (filed November 5, 1993); *see also* Affidavit of Michael E. Ferdman, [*4] Esq. (sworn to November 5, 1993).

Dahlstrom argues that, under such circumstance, not only should the first-filed rule be afforded no weight, *Gibbs &*

*Hill, Inc. v. Harbert International Inc., 745 F. Supp. 993, 996 (S.D.N.Y. 1990),* but the equities should mandate proceeding with the present suit, *Factors, Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 219 (2d Cir. 1978), cert. denied, 440 U.S. 908 (1979).* Dahlstrom also maintains that StorageTek has failed to meet its burden of establishing that there should be a change of forum "for the convenience of parties and witnesses, in the interest of justice" under *28 U.S.C. § 1404*(a).

Those considerations raised by Dahlstrom indeed are plausible and equitable bases for denying StorageTek's motion. The Colorado court's denial of stay has no binding effect on this Court which is not precluded from denying the instant motion and asserting in return the priority of this suit over the Colorado action. *National Equipment Rental, Ltd. v., Fowler, 287 F.2d 43 (2d Cir. 1961).* [*5] The conduct of StorageTek prior to the commencement of the Colorado suit can well be an equitable basis for proceeding in this suit. Further, while the Colorado court is more familiar with the governing law of this case -- *i.e.,* the Colorado law --, New York is the locus of one of the operative facts herein -- *i.e.,* the May 28, 1991 meeting, in which StorageTek had allegedly agreed not to terminate its contractual relationship with Dahlstrom prematurely. Moreover, contrary to the Colorado court's observations that "there is little to distinguish the posture of the two suits" and that "no scheduling order has been entered in either proceeding," this Court had already presided over a preliminary hearing and had issued a scheduling order by the time of the filing of the Colorado magistrate judge's recommendation making the above observations.

However, not to mention the unseemliness of the conflict between the coordinating federal courts, should this Court decide to assert priority over the Colorado court, such determination would hardly serve the overriding purpose of the priority rules -- *i.e.,* prevention of duplicative litigations. Short of an injunction prohibiting the [*6] parties from proceeding in Colorado, this Court's determination can be expected to have no tangible, effect upon the proceedings in Colorado and, therefore, this Court's denial of a stay would result in two identical lawsuits in separate districts proceeding simultaneously and asserting precedence over each other. Such wasteful "yo-yoing" of legal actions must be avoided.

In determining Dahlstrom's motion to stay, the Colorado court was faced with essentially the same issues this Court now faces which were addressed to its discretion and, after a full-hearing, the Colorado court decided not to stay its proceeding, having exercised its discretion in determining its priority over the within action. In this connection, it is of no little moment that Dahlstrom, despite the opportunity it had, chose not to challenge such exercise of discretion by the magistrate judge in Colo-

1994 U.S. Dist. LEXIS 483, *

rado when it was expressed in his recommendation. Under the circumstances, there is no sufficient reason for this Court now to ignore the Colorado court's unchallenged discretionary determination.

Also before the Court is StorageTek's motion objecting to and seeking review of the Decision and Order of the Honorable [*7] Leslie G. Foschio, United States Magistrate Judge for the Western District of New York, filed October 26, 1993. In the said Decision and Order, Judge Foschio denied Dahlstrom's motion to compel depositions of three StorageTek employees to take place in Buffalo, rather than in StorageTek's principal place of business in Colorado, subject to the requirement that StorageTek reimburse Dahlstrom for the reasonable travel and accommodation expenses of its counsel, as well as for its representative, in conducting the depositions in Colorado. StorageTek claims that such allowance of expense was not warranted because Dahlstrom had failed to demonstrate the special circumstances needed to justify such award. However, [HN2] magistrate judges are afforded broad discretion in resolving discovery disputes and their decisions in such matters are not subject to reconsideration unless they are shown to be "clearly erroneous or contrary to law." *28 U.S.C. § 636*(b)(1)(A). Dahlstrom is in a dire financial condition and it had argued strenuously in front of Judge Foschio that it could afford neither the expenses of depositions in

Colorado nor having its President spend his [*8] time away from this area, assisting depositions in Colorado, during the period of sensitive management activities. In denying Dahlstrom's motion, Judge Foschio struck a delicate balance between the parties' divergent positions by requiring the reimbursement of expenses. It cannot be said that such determination was clearly erroneous or contrary to law. *See, e.g., Fischer & Porter Co. v. Sheffield Corp., 31 F.R.D. 534 (D.Del. 1962)* (requiring defendant to pay plaintiff's and its attorneys' travelling expenses and maintenance incurred in their participation in depositions taking place in defendants' principal place of business).

Accordingly, it is hereby **ORDERED** that the defendant's motion in objecting to and seeking review of the Decision and Order of Judge Foschio is denied and that the defendant's motion to transfer this suit to the United States District Court for the District of Colorado is granted.

DATED: Buffalo, N.Y.
January 18, 1994

John T. Elfvin

U.S.D.J.