IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION and LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWESTERN CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 04-1494 (JJF)<br>)<br>)<br>)<br>)<br>) |
| MAGTEN ASSET MANAGEMENT CORP.,<br><br>Plaintiff,<br><br>v.<br><br>MIKE J. HANSON and ERNIE J. KINDT,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 05-499 (JJF)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW ON BEHALF OF NORTHWESTERN CORPORATION
REGARDING THE PRINCIPLES OF THE LAW OF PRIVILEGE
AND WAIVER IN MONTANA AND SOUTH DAKOTA**

Defendant NorthWestern Corporation ("NorthWestern") respectfully submits this memorandum of law pursuant to the order of Special Discovery Master John E. James at the hearing on May 18, 2007.

In their opening brief in support of their emergency motion, Plaintiffs Magten Asset Management and Law Debenture ("Plaintiffs") relied upon one case – *Westinghouse* – for the proposition that NorthWestern waived the attorney-client and work product privileges when it produced documents to the SEC under the protection of a confidentiality agreement. Faced with the overwhelming authority compelling the application of Delaware state law to the privilege issue, Plaintiffs abandon *Westinghouse* and now argue that either Montana or South Dakota state law

should apply to the issue because Plaintiffs' substantive law claims are governed by Montana law. Finding no case law in either jurisdiction on the issue of waiver, Plaintiffs conclude that both states would follow the majority rule embodied in *Westinghouse*. Plaintiffs are wrong on both issues.

With respect to the choice of law principles that should apply to the question of privilege, as the Supreme Court has held, in a diversity case arising in Delaware federal court, "[t]he conflict of laws rules to be applied by the federal court in Delaware must conform to those prevailing in Delaware's state courts." *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Delaware choice of law principles point to the application of the law of the state which has the most significant interest in the issue of the privilege asserted, not the state whose law governs the underlying cause of action. Thus, the fact that Plaintiffs' underlying claim for a fraudulent conveyance may be based on Montana state law has no bearing on the law to be applied to the issue of privilege. And, as NorthWestern has pointed out, Delaware's application of the "most significant relationship test" most often results in the application of the forum state's law on privilege, even where nearly all of the contacts were with the non-forum state. *See In re Best Lock Corp. S'holder Litig.*, No. Civ. A. 16281, 2000 WL 1876460, at *6 (Del. Ch. Dec. 18, 2000) (applying Delaware privilege law to a Delaware corporation in Indiana).

But even assuming that the law of Montana or South Dakota governs the issue of waiver, the absence of controlling law in those states does not lead to the application of *Westinghouse*. In such a case the court must predict how the highest court in those states would decide the issue by examining all relevant data including analogous decisions in those states. *Remington Arms Co. v. Liberty Mutual Ins. Co.*, 810 F. Supp. 1406, 1409 (D. Del. 1992).[1] When the case law of those jurisdictions is examined, the likely conclusion is that both Montana and South Dakota would follow Delaware in applying the selective waiver rule to NorthWestern's disclosure of privileged material to the SEC.

---

[1] The issue in *Remington Arms* was the proper construction to be given pollution exclusion clauses. *Id.* at 1408. The case does not involve privilege or waiver.

## ARGUMENT

I.  **Based on the Montana State Court Decisions, It Is Likely That the Montana Supreme Court Would Follow Delaware's Selective Waiver Rule**

Under Montana law, any waiver of the attorney-client privilege is to be narrowly and strictly construed. *Downard v. Montana Rail Link, Inc.*, Case No. ADV-2003-568, 2005 Mont. Dist. LEXIS 1158, at 14 (D. Mont. Aug. 22, 2005). The fact that otherwise privileged materials may have been produced to a third party does not lead to an automatic finding of waiver. Rather the courts consider two elements when evaluating waiver of the attorney-client privilege: "(1) the element of a client's implied intention and (2) the element of fairness and consistency." *St. Peter & Warren, P.C. v. Purdom*, 140 P.3d 478, 482 (Mont. 2006). "The burden of establishing waiver of the privilege is on the party seeking to overcome the privilege." *Id.*[2]

While the Montana Supreme Court has not addressed the issue of limited or selective waiver on its face, several cases provide insight as to how the Court might deal with the issue. In *State v. Statczar*, 743 P.2d 606, 610 (Mont. 1987) the issue was whether a criminal defendant waived the attorney-client privilege by failing to object to his attorney's testimony regarding privileged discussions. The Court refused to find a waiver holding that the burden was on the party seeking to overcome the privilege.

> An implied waiver must be supported by evidence showing that defendant, by words or by conduct, has impliedly forsaken his privilege of confidentiality with respect to the communication in question . . .

---

[2] Under Montana law "the work-product doctrine protects materials prepared in anticipation of litigation, even though litigation is not in progress." *Palmer by Diacon v. Farmers Ins. Exch.*, 861 P.2d 895, 909 (Mont. 1993). Montana has followed Fed. R. Civ. P 26 and only allows discovery of work product "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Id.* at 910. A party can waive work product protection, however, by disclosure to third parties. *See e.g., Sherner v. Conoco, Inc.*, Cause No. DV.97-626, 2001 Mont. Dist. LEXIS 2579, at 48 (Mont. Dist. 2001) (waiver of work product protection by disclosure of materials at a deposition with the opponent).

*Id.* (internal citations omitted). Based on its reasoning, the Court demonstrated its willingness to provide substantial protections for the attorney client privilege.

The case of *Pacificorp. v. Dept. of Revenue*, 838 P.2d 914 (Mont. 1992) is particularly instructive on Montana's treatment of attorney-client privilege and waiver regarding documents produced to a state agency. In *Pacificorp*, a taxpayer inadvertently disclosed several privileged documents in discovery to the Montana Department of Revenue. *Id.* at 917. The State Tax Appeals Board denied the taxpayer's motion to exclude the documents finding that the production of the documents waived the attorney-client privilege. *Id.* at 915. The district court subsequently reversed the Appeals Board's decisions and remanded the case. Upon review, the Montana Supreme Court affirmed the district court's decision that the taxpayer had not waived its right to assert the attorney-client privilege based on the inadvertent disclosure relying on the same two-part test: (1) the element of implied intention; and (2) the element of fairness and consistency. *Id.* at 919. In determining the implied intention, the Court considered whether the party claiming the privilege had taken legal action to protect against wide dissemination of the materials and whether the party had taken reasonable steps to protect the privilege. *Id.* The Court also reiterated the standard for waiver – an intentional relinquishment of a known right. *Id.*. Finding no implied intention to waive, the Court further considered the element of fairness and consistency. This element also weighed in favor of the taxpayer given the opposing party's knowledge "well in advance of trial that use of the documents was an issue, and therefore, should not be surprised or unprepared because of their exclusion." *Id.* at 920.

In *St. Peter & Warren, P.C.*, 140 P.3d at 479, a law firm pursued a claim against certain trustees in a collection action. By some means unclear in the record, the firm came into possession of a letter from the trustees' counsel to the trustees. *Id.* at 480. Holding that the privileged communication was not voluntarily disclosed and the attorney-client privilege was not waived, the Court referenced the same two-part test applied in *Pacificorp*. *Id.* at 482. The Court noted: "An

implied waiver must be supported by evidence showing that [the client], by words or by conduct, has impliedly forsaken his privilege of confidentiality with respect to the communication in question." *Id*. Five of the Supreme Court Justices joined in this opinion with no dissent.

Applying this two-part test to the instant case leads to the conclusion that a Montana court would find that NorthWestern did not waive its attorney-client privilege or work product protection by producing documents to the SEC.

NorthWestern produced its privileged material to the SEC under a confidentiality agreement which states that NorthWestern "does not intend to waive the protection of the attorney work product doctrine, attorney/client privilege, or any other privilege applicable as to third parties by its disclosures to the SEC." NorthWestern entered into the confidentiality agreement with the full and reasonable expectation that it would operate to protect its privileged documents from discovery by outside parties. NorthWestern was also aware of the SEC's own policy that such production does not operate to waive any privilege with respect to third parties.

NorthWestern's implied intention with respect to its privileged material is also revealed by its request that all information be maintained in confidence, not be made part of any public record and not be disclosed to any person in response to a request under the Freedom of Information Act ("FOIA"). Thus, it is clear that NorthWestern's actions with respect to its production of documents to the SEC satisfies Montana's first element of clearly establishing NorthWestern's intention to maintain the confidentiality of the material.

A finding of no waiver also satisfies Montana's second element of fairness and consistency. As in *Pacificorp*, NorthWestern has consistently taken the position, since the inception of discovery, that no privilege was waived as a result of its production to the SEC. Plaintiffs can claim no surprise or lack of preparedness as a result of NorthWestern's position.

II. **South Dakota Would Also Likely Find that NorthWestern's Production of Documents to the SEC Did Not Result in a Waiver**

Under South Dakota Codified Laws (SDCL) §19-13-3 (2007), communications between attorney and client for the purposes of rendering professional advice are privileged. A communication is confidential "if not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." S.D.C.L. 19-13-2(5) (2007). Generally, "communications between client and lawyer are to be liberally construed in favor of being within the scope of the lawyer-client privilege." *State v. Catch the Bear*, 352 N.W. 2d 640, 646 (S.D. 1984). The privilege can be waived if the "holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the privileged matter." *Hogg v. First Nat'l Bank*, 386 N.W. 2d 921, 925-926 (S.D. 1986). However, as in Montana, waiver of the privilege is to be strictly construed.

In *State v. Rickabaugh*, 361 N.W. 2d 623, 625 (S.D. 1985), the Supreme Court of South Dakota held that a defendant in a criminal proceeding had not waived the attorney-client privilege for statements he made to an independent polygraph tester. Defendant's attorney had hired a polygraph tester and told defendant that the statements defendant made during the examination would not be used as evidence. *Id.* at 625. The court held that, based on these assurances, the defendant "had an expectation that anything he said to [the polygraph tester] would not be disclosed to third persons other than those to whom disclosure is made in the furtherance of rendition of legal services." *Id.* The court further held that no waiver had occurred because "[t]he record is void of any statements or actions taken by [defendant] which indicate that he consented to a waiver." *Id.*[3]

---

[3] *See also Kaarup v. St. Paul Fire & Marine Ins. Co.*, 436 N.W. 2d 17, 21 (S.D. 1989) where the court refused to follow cases finding a broad and unconditional waiver of all attorney-client communications based on an assertion of the defense of advice of counsel and limited the waiver to the advise relied upon.

The same reasoning applies to the instant matter. As in *Rickabaugh*, the record is void of any indication that NorthWestern intended to waive, or consented to a waiver of, the privilege. To the contrary, it took every means available to maintain the confidentiality of its privileged communications.

Both Montana and South Dakota's treatment of the issue of waiver is consistent with that of Delaware. In Delaware, like Montana and South Dakota, waiver of the attorney-client and work product privileges is "narrowly construed." *Hercules, Inc. v. Exxon Corp.*, 434 F.Supp. 136, 156 (D. Del. 1977). Like Montana, Delaware courts have adopted a two-part test for waiver of privilege: "the client's intent to waive the privilege, which may be implied from the circumstances, and considerations of fairness and consistency." *General Elec. Co. v. Hoechst Celanese Corp.*, Civil Action No. 87-458-JRR, 1990 U.S. Dist. LEXIS 14106 at *21 (D. Del. May 8, 1990). See also, *Tackett v. State Farm Fire & Casualty Ins. Co.*, 653 A.2d 254, 259 (Del. 1995). Under this standard, "[r]egard must be had to the double elements that are predicated in every waiver, i.e. not only the element of implied intention, but also the element of fairness and consistency." *Id*. Furthermore, the convergence of Delaware law and the law of Montana (and South Dakota) is illustrated by the decision of the court in *Saito v. McKesson HBOC, Inc.*, Civil Action No. 18553, 2002 Del. Ch. LEXIS 125 (Del. Ch. Oct. 25, 2002). Key to the determination by the *Saito* court that there was no waiver was the fact that, because the defendant had a confidentiality agreement with the SEC, it had a reasonable expectation that the privacy of its documents would be maintained. *Id*. at *6-7. This focus on the intent of the party in making a limited disclosure, which is a key element in both Montana and South Dakota law, makes it most likely that those states would apply the doctrine of selective waiver established in Delaware by *Saito*. Thus, while Delaware should be the rule of decision on this procedural issue, there is no conflict between the law of Delaware and the law of Montana and South Dakota. The Court should apply the doctrine of selective waiver.

Dated: May 25, 2007

**GREENBERG TRAURIG LLP**

_____
Victoria W. Counihan (No. 3488)
Dennis A. Meloro (No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7000

and

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**
Joseph D. Pizzurro
Steven J. Reisman
Nancy E. Delaney
101 Park Avenue
New York, NY 10178
(212) 696-6000
Facsimile: (212) 697-1559

Attorneys for NorthWestern Corporation

Dated: May 25, 2007

**EDWARDS ANGELL PALMER & DODGE LLP**

/s/ Denise Seastone Kraft
Denise Seastone Kraft (No. 2778)
919 North Market Street
15th Floor
Wilmington, DE 19801
Telephone: (302) 425-7106

and

Stanley T. Kaleczyc
Kimberly A. Beatty
**BROWNING, KALECZYC, BERRY & HOVEN, P.C.**
139 North Last Chance Gulch
P.O. Box 1697
Helena, Mt 59624
Telephone: (406) 443-6820

Attorneys for Michael J. Hanson And Ernie J. Kindt

## CERTIFICATE OF SERVICE

    I, Dennis A. Meloro, being duly sworn according to law, deposes and says that I am employed by Greenberg Traurig, LLP, which is counsel for the NorthWestern Corporation, and that on the 16th of April 2007, I caused to be served copies of the foregoing upon the parties listed below via Electronic Mail, Hand Delivery upon Local Counsel and via First Class, United States Mail upon the remaining parties.

| | |
|---|---|
| Dale Dube, Esq.<br>David Carickhoff, Esq.<br>Blank Rome LLP<br>1201 Market Street, Suite 800<br>Wilmington DE 19801<br>(Magten) | Bonnie Steingart, Esq.<br>Gary L. Kaplan, Esq.<br>Fried Frank Harris Shriver & Jacobson LLP<br>One New York Plaza<br>New York NY 10004<br>(Magten) |
| Kathleen M. Miller, Esquire<br>Smith Katzenstein & Furlow LLP<br>800 Delaware Avenue, 7th Floor<br>Wilmington, DE 19801<br>(Law Debenture) | John V. Snellings, Esq.<br>Amanda Darwin, Esq.<br>Nixon & Peabody LLP<br>100 Summer Street<br>Boston, Massachusetts 02100<br>(Law Debenture) |
| Neil Glassman, Esq.<br>Charlene Davis, Esq.<br>Eric Sutty, Esq.<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>Wilmington DE 19801<br>(NW Plan Committee) | Alan Kornberg, Esq.<br>Margaret Phillips, Esq.<br>Ephraim Diamond, Esq.<br>Paul Weiss Rifkind Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York NY 10019<br>(NW Plan Committee) |
| Stanley T. Kaleczyc<br>Kimberly A. Beatty<br>Browning, Kaleczyc, Berry & Hoven, P.C.<br>139 North Last Chance Gulch<br>P.O. Box 1697<br>Helena, Mt 59624<br>(M Hanson/E Kindt) | Denise Seastone Kraft<br>Edwards Angell Palmer & Dodge LLP<br>919 North Market Street, 15th Floor<br>Wilmington, DE 19801<br>(M Hanson/E Kindt) |
| John E. James, Esquire<br>Potter Anderson & Corroon LLP<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19801<br>(Special Master) | |

-11-

Date: May 25, 2007

GREENBERG TRAURIG, LLP

*/s/ Dennis A. Meloro*

Dennis A. Meloro (No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Telephone: 302-661-7000