# Exhibit 5

LIMITED LIABILITY COMPANY OPERATING AGREEMENT

OF

THE MONTANA POWER L.L.C.

This Limited Liability Company Operating Agreement (this "Agreement") of MPC The Montana Power L.L.C. is entered into by Touch America Holdings, Inc., as a member (the "Member").

The Member hereby forms a limited liability company pursuant to and in accordance with the Montana Limited Liability Company Act (§35-8-101 et. seq. M.C.A.), as amended from time to time (the "Act"), and hereby agrees as follows:

   1.   Name. The name of the limited liability company formed hereby is The Montana Power L.L.C. (the "Company").

   2.   Purpose. The Company is formed for the object and purpose of, and the nature of the business to be conducted and promoted by the Company is, engaging in any lawful business, purpose or activity for which limited liability companies may be formed under the Act and engaging in any and all activities necessary or incidental to the foregoing.

   3.   Principal Office. The address of the principle office of the Company in the State of Montana is 40 E Broadway, Butte, Montana 59701.

   4.   Registered Agent. The name and address of the registered agent of the Company for service of process on the Company in the State of Montana is Corporation Service Company, 6 West Sixth Avenue, Helena, Montana 59601.

   5.   Member. The name and mailing address of the Member is as follows:

   | Name | Mailing Address |
   |---|---|
   | Touch America Holdings, Inc. | 40 E. Broadway Street Butte, Montana 59701-9394 |

   6.   Management. The business and affairs of the Company shall be managed by the Member, who shall serve as its manager (the "Manager"). The Manager shall have the authority to exercise all powers necessary and convenient for the purposes of the Company in the name and on behalf of the Company and shall be authorized in the name and on behalf of the Company to approve, execute and deliver any and all agreements, instruments, certificates or other documents. Without limiting the foregoing grant of authority, the Manager is hereby designated as an authorized person, within the meaning of the Act, to execute, deliver and file the Articles of Organization of the Company (and any amendments or restatements thereof) and any other certificates (and any amendments or restatements thereof) necessary for the Company to qualify to do business in any jurisdiction in which the Company may desire to conduct business.

R:\G-Ivs-All\INV\Companies\holdco\pkma7.con.doc

7. <u>Capital Contributions</u>. The Member of the LLC be, and hereby is, authorized and directed to issue to Touch America Holdings, Inc. a certificate for 10 Units upon receipt of the capital contribution of $500. The form of certificate of Units of the LLC, submitted to the Members, is adopted as the certificate to represent the Units of the corporation, and that a specimen thereof be annexed to the minutes of this meeting.

8. <u>Maintenance of Capital Accounts</u>. A capital account shall be established and maintained in the Company's books for the Member.

9. <u>Allocation of Profits and Losses</u>. All of the profits and losses of the Company shall be allocated to the Member.

10. <u>Allocation and Making of Distributions</u>. All distributions of cash or assets of the Company shall be allocated to the Member. Subject to any applicable requirements of the Act, distributions shall be made to the Member at the times and in the aggregate amounts determined by the Member.

11. <u>Assignments</u>. The Member may sell, transfer, pledge or otherwise assign in whole or in part the Member's limited liability company interest in the capital, profits, losses, and distributions of cash or assets of the Company and in the Member's other rights as a member of the Company under this Agreement and under the Act. Upon the assignment of the entire record and beneficial limited liability company interest of the Member, the Member shall cease to be a member of the Company.

12. <u>Admission of Additional Members</u>. One or more additional members may be admitted to the Company by means of one or more amendments of this Agreement.

13. <u>Liability of Members</u>. The members of the Company shall not have any liability for the obligations or liabilities of the Company except to the extent provided in the Act.

14. <u>Exculpation and Indemnification</u>. (a) Notwithstanding any other terms of this Agreement, whether express or implied, or obligation or duty at law or in equity, neither the members of the Company, the Manager, nor (if any) any of their respective officers, directors, shareholders, partners, employees, representatives or agents nor any officer, employee, representative or agent of the Company or any of its affiliates (individually, a "<u>Covered Person</u>" and collectively, the "<u>Covered Persons</u>") shall be liable to the Company or any member thereof for any act or omission taken or omitted in good faith by a Covered Person and in the reasonable belief that such act or omission is in or is not contrary to the best interests of the Company and is within the scope of authority granted to such Covered Person; <u>provided</u> that such act or omission does not constitute fraud, willful misconduct, bad faith or gross negligence.

(b) To the fullest extent permitted by law, the Company shall indemnify and hold harmless each Covered Person from and against any and all losses, claims, demands, liabilities, expenses, judgments, fines, settlements and other amounts arising from any and all claims, demands, actions, suits or proceedings, civil, criminal, administrative or investigative, in which the Covered Person may be involved, or threatened to be involved, as a party or otherwise, by reason of the Covered Person's management of the affairs of the Company or which relates to or arises out of the Company, its property, its business or its affairs. A Covered Person shall not

be entitled to indemnification under this Section 14 with respect to any claim, issue or matter in which it has engaged in fraud, willful misconduct, bad faith or gross negligence. To the fullest extent permitted by law, expenses (including legal fees) incurred by a Covered Person in defending any such claim, demand, action, suit or proceeding shall, from time to time, be advanced by the Company prior to the final disposition of such claim, demand, action, suit or proceeding upon receipt by the Company of an undertaking by or on behalf of the Covered Person to repay such amount if it shall be determined that the Covered Person is not entitled to be indemnified as authorized in this Section 14.

15. <u>Separability of Provisions</u>. Each provision of this Agreement shall be considered separable and if for any reason any provision or provisions herein are determined to be invalid, unenforceable or illegal under any existing or future law, such invalidity, unenforceability or illegality shall not impair the operation of or affect those portions of this Agreement which are valid, enforceable and legal.

16. <u>Governing Law</u>. This Agreement shall be governed by, and construed under, the law of the State of Montana (without regard to conflict of laws principles).

17. <u>Amendments</u>. This Agreement may not be modified, altered, supplemented or amended except pursuant to a written agreement executed and delivered by all of the then existing members of the Company.

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, has duly executed this Agreement as of September 28, 2000.

Touch America Holdings, Inc.

By: *[signature]*
Jerrold P. Pederson
Vice President, Chief Financial Officer and Treasurer

Confidential      NOR200852

<u>EXHIBIT A</u>

## AMENDMENT NO. 1 TO
## LIMITED LIABILITY COMPANY
## OPERATING AGREEMENT

This **AMENDMENT NO. 1 TO LIMITED LIABILITY COMPANY OPERATING AGREEMENT** (this "<u>Amendment</u>") of THE MONTANA POWER, L.L.C., a Montana limited liability company (the "<u>Company</u>"), dated as of February 13, 2002, is entered into by Touch America Holdings, Inc., as the sole member (the "<u>Member</u>") of the Company.

**WHEREAS**, the Member previously entered into that certain Limited Liability Company Operating Agreement, dated September 28, 2000 (the "<u>Operating Agreement</u>") (terms used herein but not defined herein shall have the meanings assigned in the Operating Agreement); and

**WHEREAS**, the Member desires to amend the Operating Agreement in accordance with its terms;

**NOW, THEREFORE**, it is hereby agreed as follows:

1. Section 6 of the Operating Agreement is hereby amended by adding the following paragraph thereto:

    "The Company may, from time to time, have officers, as appointed by the Manager in the Manager's sole discretion. The officers of the Company shall have such authority as may be designated by the Manager and shall exercise such powers and perform such duties as are prescribed by the Manager. The Manager shall evidence any such appointment and/or designation by written instrument filed with the records of the Company. Any number of offices may be held by the same person, as the Manager may determine. The officers shall hold office for the term for which they were appointed and until their successors are appointed; provided, <u>however</u>, that any officer may be removed at any time with or without cause by the Manager."

2. Section 7 of the Operating Agreement is amended by deleting it in its entirety and replacing it with the following:

    "7.  <u>Capital Contributions: Unit Certificates and Transferability</u>.

    (a)  <u>Capital Contributions</u>. The Manager of the Company shall be, and hereby is, authorized and directed to issue to Touch America Holdings, Inc., as the sole member, a certificate for ten (10) Units (as

1

1-406-496-5240   MT POWER 6TH FLR. EX   073 F23   FEB 13 '02 18:35

defined herein) upon receipt by the Company of the capital contribution of Five Hundred Dollars ($500.00).

(b) <u>Unit Certificates</u>. The membership interests ("<u>Units</u>") of the Company shall be represented by certificates which shall constitute securities governed by Article 8 of the Uniform Commercial Code. Certificates representing ownership of Units ("<u>Certificates</u>") will be in the form as determined by the Manager. Such Certificates shall be signed by any Manager or any authorized officer of the Company. Any or all of the signatures on a Certificate may be a facsimile. In case any Manager, officer, transfer agent or registrar who has signed or whose facsimile signature has been placed upon a Certificate shall have ceased to be such Manager, officer, transfer agent or registrar before such Certificate is issued, it may be issued by the Company with the same effect as if such person were such officer, transfer agent or registrar at the date of the issue.

(c) <u>Registration of Transfer of Units</u>. Registration of transfer of Units shall be made on the books of the Company.

3. <u>Original Document</u>. Except as expressly set forth in this Amendment, the terms and conditions of the Operating Agreement shall continue in full force and effect without any change or modification. In the event of a conflict between the terms of the Operating Agreement and the terms of this Amendment, the terms of this Amendment shall govern.

4. <u>Counterparts</u>. This Amendment may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument.

5. <u>Entire Agreement</u>. This Amendment and the Operating Agreement constitute the entire agreement between the parties and supersede all prior understandings, agreements, or representations by or between the parties, written or oral, to the extent they related in any way to the subject matter hereof or thereof.

6. <u>Succession and Assignment</u>. This Amendment shall be binding upon and inure to the benefit of the parties and their respective successors and permitted assigns.

7. <u>Severability</u>. The invalidity or unenforceability of any term or provision of this Amendment or any related agreement shall not affect the validity or enforceability of the remaining terms and provisions hereof or thereof.

8. <u>Governing Law</u>. This Amendment is entered into under and shall be governed by and construed in accordance with the internal laws of the State of Montana, without regard to its conflict of laws provisions.

2

Confidential                                                                                          NOR200854

1-406-496-5240   MT POWER ETH FLR. EX                     073 P29   FEB 13 '02  18:25

**IN WITNESS WHEREOF**, the undersigned has executed this Amendment as of the day and year first above written.

Touch America Holdings, Inc.

By: _/s/ Patrick T. Fleming_
Name: PATRICK T. FLEMING
Title: V.P. General Counsel and Secretary

3

Confidential                                                    NOR200855