# Exhibit 31a

**Westlaw.**

Not Reported in B.R. Page 1
Not Reported in B.R., 2004 WL 1661016 (Bkrtcy.D.Del.), 43 Bankr.Ct.Dec. 93
**(Cite as: Not Reported in B.R.)**


In re Northwestern Corp.
Bkrtcy.D.Del.,2004.

United States Bankruptcy Court,D. Delaware.
In re: NORTHWESTERN CORPORATION, Debtor.
**No. 03-12872(CGC).**

July 23, 2004.

Jess H. Austin, III, Karol K. Denniston, Paul, Hastings, Janofsky & Walker LLP, Atlanta, GA, David L. Finger, Charles Slanina, Finger & Slanina, LLC, Wilmington, DE, and Dennis E. Glazer, D. Scott Tucker, Catherine Lifeso, David Polk & Wardwell, New York, NY, for Paul, Hastings, Janofsky & Walker LLP.
Kathleen M. Miller, Smith, Katzenstein & Furlow LLP, Wilmington, DE, and Bijan Amini, Storch Amini & Munves PC, New York, NY, for Magten Asset Management Corporation.
Scott D. Cousins, William E. Chipman, Jr., Charles Michael Terribile, Greenberg Traurig, LLP, Wilmington, DE, for Debtors and Debtors-in-Possession.

*MEMORANDUM DECISION*
CASE, Bankruptcy J.
**\*1** Magten Asset Management Corporation ("Magten") has filed a motion to disqualify Debtor's counsel, Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings") [Docket No. 1502]. A hearing was held on July 15, 2004, after which the matter was taken under advisement. For the reasons set forth below, the motion will be denied.

*I. BACKGROUND FACTS*

In 2002, certain power and distribution assets owned by Montana Power Company were transferred to Montana Power LLC, now known as Clark Fork and Blackfoot, LLC ("Clark Fork"). The Debtor acquired the equity ownership in Clark Fork. Thereafter, the energy assets were transferred from Clark Fork to the Debtor; the Debtor assumed certain obligations of Clark Fork and Montana Power, including approximately sixty-seven million dollars in 8.45% junior subordinated deferrable interest debentures due 2036. Paul Hastings represented the Debtor and Clark Fork, its wholly owned subsidiary, in connection with this transfer of assets and assumption of liabilities, referred to in these proceedings as the "going flat" transaction. The Debtor has consistently alleged, and Magten has never disputed, that Magten did not own any of the debentures prior to the time the assets were transferred to the Debtor. Rather, Magten acquired the debentures after the transaction was complete. Therefore, the Debtor asserts and Magten has not disputed, that Magten was never a creditor of Clark Fork at a time when Clark Fork held the disputed energy assets. Rather, Magten became a holder of the debentures only after the transaction was completed and was a matter of public record.

On September 14, 2003, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An application to employ Paul Hastings as counsel for the Debtor and Debtor-in-Possession was filed soon thereafter, accompanied by an affidavit of Jesse H. Austin III, lead counsel for Paul Hastings. An order approving the application was entered in due course thereafter.

On January 14, 2004, (Docket No. 686), Magten filed a notice of appearance and request for service of papers. This motion was filed by Magten on June 18, 2004.

A hearing on confirmation of the Debtor's plan is currently scheduled for August 25, 2004.

Boiled to its essence, Magten argues that Paul Hastings should be disqualified for two reasons:
1. Paul Hastings did not adequately disclose that it represented both the Debtor and Clark Fork in the "going flat" transaction. It therefore violated its obligations under section 327 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure to disclose "all connections" that it has with all parties in interest.[FN1] Because of this inadequate disclosure, Magten argues that Paul Hastings should now be disqualified.

> FN1. Paul Hastings filed a supplemental affidavit disclosing this dual representation on July 7, 2004.

2. Whether the disclosure was adequate or not, Paul

Not Reported in B.R.    Page 2
Not Reported in B.R., 2004 WL 1661016 (Bkrtcy.D.Del.), 43 Bankr.Ct.Dec. 93
**(Cite as: Not Reported in B.R.)**

Hastings should be disqualified because it has an actual and irreconcilable conflict of interest resulting from its dual representation of the Debtor and Clark Fork. The basis for this assertion is Magten's contention that the interests of Clark Fork (and its creditors, to whom Magten argues Paul Hastings owed a fiduciary obligation) were harmed because the assets were transferred for virtually no consideration. Magten argues that it is a creditor of Clark Fork because it holds debt instruments, the junior subordinated debentures, on which Clark Fork was obligated at the time the assets were transferred.

II. *ANALYSIS*

A. *The Disclosure Issue*

**\*2** It is clear that the initial disclosure by Paul Hastings was inadequate. Although Paul Hastings now argues that there was no conflict because the transaction benefitted both parties, that is not the test for disclosure. Section 327 and Rule 2014 make it clear that *all connections* must be disclosed whether they give rise to an actual conflict of interest or not. Paul Hastings failed to do this.

At the hearing, the attorney for the United States Trustee advised the Court and other parties that he had thoroughly vetted the dual representation with Paul Hastings at the beginning of the case and that he was satisfied with the explanations given. While he stated that he believed the dual representation was a matter of public record, he did not share that information with others nor did he request that Paul Hastings file a supplemental affidavit of disclosure. In retrospect, he acknowledged that this was a mistake. Nevertheless, these representations by the attorney for the United States Trustee support the conclusion that there was no conscious effort by Paul Hastings to conceal its dual representation. This fact is relevant to what remedy, if any, should be imposed for the inadequate disclosure.

As noted above, following a hearing at which counsel for Magten asked the Court to direct Paul Hastings to file a supplement disclosure, and the Court so ordering, Paul Hastings did file the July 7, 2004 affidavit. Therefore, as of this time, the matter has been fully and adequately disclosed. The issue presented is whether the previous failure to disclose justifies disqualification at this point.

The answer is no. Inadequate disclosure does not mandate disqualification of counsel. Rather, the appropriate remedy is left to the broad discretion of the court. *See, e.g., In re Best Craft Gen. Contractor and Design Cabinet, Inc.,* 239 B.R. 462 (Bankr.E.D .N.Y.1999). In this case, the disclosure was made at the outset of the case to the United States Trustee and formal disclosure was later made. Also, as noted, the prior disclosure to the United States Trustee is indicative of a lack of intent to conceal. Further, as discussed in the next session, this is not a case where full disclosure would have revealed an actual conflict. Rather, full disclosure would have alerted all parties to facts that should have been known but which, in the end, do not bear upon Paul Hastings' qualification to serve as counsel. For these reasons, the Court will not now disqualify Paul Hastings for its previous failure to disclose.

B. *Is There a Conflict?*

A primary purpose of the disclosure rules is to allow parties in interest, and the Court, to determine whether the proposed counsel is disinterested and whether such counsel holds or represents an interest adverse to the estate. The question presented here, therefore, is whether Paul Hastings prior dual representation meets either of those standards. It does not.

This motion has been brought solely by Magten; no other creditor has joined. As noted above, Magten was not a creditor of Clark Fork at the time the transaction took place. Rather, it only became a creditor of the Debtor after the Debtor assumed the liability associated with the junior subordinated debenture initially issued by Montana Power Company. Thus, Magten is not only not a party directly affected by the transaction-such as Clark Fork itself-but it was also not an indirect party at the time the transaction took place. Thus, its relationship to the transaction for the purposes of asserting a disqualification motion is tenuous at best.

**\*3** Here, neither the Debtor nor Clark Fork, the two parties directly involved, have complained. Indeed, the transaction was approved by the boards of directors of each company and was perceived by them to be in the best interests of those companies.

At bottom, Magten's argument is that Paul Hastings must be disqualified for its dual representation because Magten, as a third party who claims to have been injured by the transaction, is now challenging it. This is a novel theory that does not withstand

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in B.R.  Page 3
Not Reported in B.R., 2004 WL 1661016 (Bkrtcy.D.Del.), 43 Bankr.Ct.Dec. 93
**(Cite as: Not Reported in B.R.)**

scrutiny. First, as noted, even if third party creditors were injured by the transaction, Magten was not one of them. Second, there is no present proof of injury in any event; while that issue has been asserted in Adversary Proceeding No. 04-53324, captioned *Magten Asset Management Corporation v. NorthWestern Corporation,* pending before this Court, no such finding has yet been made. Thus, there is no basis for asserting actual injury that may create an actual conflict. Finally, even if actual injury were eventually proven, the fact that Paul Hastings represented the injured party, Clark Fork, would not necessarily mean that it holds an interest adverse to this estate or any class of its creditors. Clark Fork is not a debtor; therefore, the test is not whether Paul Hastings holds an interest adverse to a class of Clark Fork's creditors but whether it holds an interest adverse to a class of Northwestern's creditors. Yes, Magten is a member of a class of the Debtor's creditors-the subordinated debenture holders-but it asserts it has been injured not in that capacity (after all, the Debtor assumed its debt), but in its non-existent capacity as a creditor of Clark Fork.[FN2] The prohibition against counsel holding an "adverse interest" does not stretch so far.

> [FN2.] The gist of the fraudulent conveyance claim asserted in Adv. Proc. 04-53324 is that the utility assets should be returned to Clark Fork to be shared only by its creditors, rather than be subject to claims of NorthWestern's other creditors whose debts did not originate with Montana Power.

### III. *CONCLUSION*

For the foregoing reasons, Magten's motion to disqualify is denied. An order is to be submitted under certification of counsel.

Bkrtcy.D.Del.,2004.
In re Northwestern Corp.
Not Reported in B.R., 2004 WL 1661016 (Bkrtcy.D.Del.), 43 Bankr.Ct.Dec. 93

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.