# APPENDIX EXHIBIT 5

1

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

MAGTEN ASSET MANAGEMENT CORPORATION,  :
                                       :
         Plaintiff,                    :
                                       :
     v                                 : Civil Action
                                       : No. 1219-N
BANK OF NEW YORK, BANK OF NEW YORK     :
(DELAWARE), and JERROLD P. PEDERSON,   :
                                       :
         Defendants.                   :

- - -

Chancery Courtroom No. 12A
New Castle County Courthouse
500 North King Street
Wilmington, Delaware
Tuesday, September 6, 2005
2:45 p.m.

- - -

BEFORE:   HON. LEO E. STRINE, JR., Vice Chancellor.

- - -

MOTION TO DISMISS

- - -

---

CHANCERY COURT REPORTERS
New Castle County Courthouse
500 North King Street - Suite 11400
Wilmington, Delaware 19801-3759
(302) 255-0526

```
 1   APPEARANCES:

 2
                DAVID A. JENKINS, ESQ.
 3              Smith, Katzenstein & Furlow, LLP
                    -and-
 4              BIJAN AMINI, ESQ.
                AVERY SAMET, ESQ.
 5              of the New York bar
                Storch, Amini, Munves, PC
 6                  On behalf of the Plaintiff

 7

 8              PETER C. CAMPBELL, ESQ.
                Stewart & Associates
 9                  -and-
                KENNETH M. BIALO, ESQ.
10              MATTHEW K. McCOY, ESQ.
                of the New York bar
11              Emmet, Marvin & Martin, LLP
                    On behalf of the Defendant Bank of
12              New York and Bank of New York (Delaware)

13

14              WILLIAM E. MANNING, ESQ.
                JAMES D. TAYLOR, JR., ESQ.
15              Klett, Rooney, Lieber & Schorling
                    On behalf of the Defendant J. Pederson

16

17

18

19                              - - -

20

21

22

23

24
```

```
 1   the people and where is the whole list of creditors
 2   who had bonds from Montana Power since 1945 in
 3   November of '01.
 4                That is not -- it is not under the
 5   agreement.  I submit, Your Honor, respectfully, it is
 6   not under the agreement an event of default, and if
 7   Your Honor considers what I'm saying, I think at
 8   least what I'm thinking about this is it is
 9   inconceivable that it's an event of default.
10   Otherwise the house would have come down.
11                There would have been no working out.
12   There would have been no re-structuring.  The company
13   would have stopped dead in its tracks.  Someone would
14   have ran to the court and said those guys are clearly
15   bankrupt.  They've admitted in writing they can't pay
16   their debts.  There's no prospect of it.  It's over.
17                So that just doesn't have an air of
18   reality to me, Your Honor.
19                THE COURT:  Thank you very much.  Thank
20   you everyone.
21                It's an interesting case.  I think from
22   the plaintiff's perspective, I would say this.  If
23   you're asking me to go forward on this, then make
24   your choice now.  If you want to dismiss without
```

1  prejudice and file again, I have resistance to that,
2  but don't come whining later on. We have a rule now,
3  and make your choice.
4          I'm sufficiently concerned that the
5  Supreme Court might say I was wrong that if I didn't
6  give you that choice if I were to dismiss it given
7  what happened in Disney, an 88-page amended complaint
8  was dismissed and the plaintiffs were given another
9  shot.
10         I find this complaint exceedingly
11 unhelpful in many ways. But I am just a practical
12 guy. Frankly, I'm not doing the Bank of New York or
13 Mr. Pederson any favors by proceeding to dismiss the
14 complaint with prejudice if the plaintiffs want the
15 opportunity to amend.
16         I think the idea is, frankly, it's gone,
17 it's dismissed, it's out of here, never going to look
18 at it again. You can file a new lawsuit if you wish
19 to do that.
20         And you will plead -- and it will be on
21 the condition that you plead the facts relating to
22 standing and that you plead this in a real way, and
23 frankly, Mr. Amini, you are a very articulate man,
24 but I would suggest you get Mr. Jenkins involved if

you really want and actually look at the way we plead things down here and that it actually address the agreements in some way, shape or form this time around.

If you don't want that option, I'll go ahead and rule and I'll write a decision, but if I decide to dismiss any or all aspects of it, it will be with prejudice.

MR. AMINI: Your Honor, could we have until Monday to give you our decision on that just so I can consult with Mr. Jenkins?

THE COURT: You can have until Friday, but I take it -- understand what I said, which is don't come back with a new complaint when you file your new lawsuit, which it will be a new lawsuit.

I don't want this hanging around and have five amended complaints. Get it off the docket. I don't expect we'll have any statute of limitations arguments if you bring it in in a reasonable period of time, but don't come back not telling me when your clients bought and not pleading real facts in a real chronologically understandable way about what you allege Bank of New York should have known or did know, and don't play cutesy by failing to mention

1  obvious transactional documents, because I don't want
2  to play those games.
3            MR. AMINI:  We'll advise the Court by
4  Friday.
5            THE COURT:  Okay.  Thank you all.  Have a
6  good evening.
7
8            (The Court adjourned at 5:05 p.m.)
9
10
11
12                      - - - - -
13
14
15
16
17
18
19
20
21
22
23
24

CERTIFICATE

I, MAUREEN M. McCAFFERY, Official Court Reporter of the Chancery Court, State of Delaware, do hereby certify that the foregoing pages numbered 3 through 105 contain a true and correct transcription of the proceedings as stenographically reported by me at the hearing in the above cause before the Vice-Chancellor of the State of Delaware, on the date therein indicated.

IN WITNESS WHEREOF I have hereunto set my hand at Dover, this 9th day of September, 2005.

Official Court Reporter
of the Chancery Court
State of Delaware

CSR No. 201-RPR
Expiration date: 1/31/08