# EXHIBIT
# 6

UNITED STATES OF AMERICA 94 FERC ¶ 62,161
FEDERAL ENERGY REGULATORY COMMISSION

The Montana Power Company and
NorthWestern Corporation

Docket No. EC01-47-000

ORDER AUTHORIZING DISPOSITION OF
JURISDICTIONAL FACILITIES

(Issued February 20, 2001)

On December 20, 2000, The Montana Power Company (Montana Power), on behalf of itself, Touch America Holdings, Inc. (Touch America Holdings) and Montana Power L.L.C. (MPC L.L.C.), and NorthWestern Corporation (NorthWestern), on behalf of itself and NorthWestern Public Service (collectively, Applicants), filed an application under section 203 of the Federal Power Act (FPA) [1] for Commission authorization for Montana Power to sell its utility business to NorthWestern in order to focus its resources entirely upon the development and operation of its telecommunication business, Touch America, Inc. (Touch America). Applicants also seek authorization of a internal reorganization of Montana Power prior to the sale of its utility business.

Montana Power, a public utility within the meaning of of the FPA, provides wholesale and retail electric and natural gas services. Montana Power is authorized by the Commission to sell electric power at market-based rates. [2]

NorthWestern, a Delaware corporation located in Sioux Falls, South Dakota, has a wholly-owned subsidiary, NorthWestern Public Service. NorthWestern Public Service, a public utility within the meaning of Section 201 of the FPA, is a local distribution company engaged in generating, transmitting, and distributing electricity and natural gas to residential, commercial, and industrial customers in South Dakota and Nebraska. NorthWestern Public Service also owns approximately 312 MW of generating capacity.

According to the application, prior to effectuating the sale of its utility business to NorthWestern, Montana Power will undertake an internal corporate restructuring. Under its current corporate structure, Montana Power owns all of its regulated utility assets

---

[1] 16 U.S.C. § 824b (1994).

[2] Montana Power was granted market-based rate authority in Montana Power Co., 78 FERC ¶ 61,005 (1997).

NOR199330

Docket No. EC01-47-000                    - 2 -

directly, as well as its subsidiaries Entech, Inc.[3] and Touch America Holdings.[4] One step of the restructuring involves the merger of Montana Power with and into MPC L.L.C., a newly formed subsidiary of Touch America Holdings.[5] Once the reorganization is completed, Touch America Holdings will become the parent entity and will directly hold all of the stock of Touch America and Tetragenics Company[6] and all interests in MPC L.L.C. and Entech LLC.

According to the application, Montana Power is selling its energy businesses in four separate business units: (1) oil and gas; (2) coal; (3) independent power; and (4) utility.[7] Pursuant to a Unit Purchase Agreement, Touch America Holdings will sell of all of its interest in MPC L.L.C. to NorthWestern. As a result, NorthWestern will own all of the interests in Montana Power's utility business. Once the sale and the restructuring is completed, Touch America Holdings will own Entech LLC, Touch America, and Tetragenics Company. None of these companies will have any interest in the energy business.

According to the application, the proposed transactions are consistent with the public interest and will not have an adverse effect on competition, rates or regulation. With respect to competition, the Applicants state that given the limited generation assets controlled by Montana Power and NorthWestern Public Service, the fact that the respective companies are in disparate geographic locations, and that the companies are

---

[3] Entech, Inc. operates primarily as a holding company for Montana Power's non-regulated businesses and holds the stock of certain subsidiaries, including Touch America.

[4] Touch America Holdings was formed for the purposes of facilitating the transformation of Montana Power.

[5] The merger effectuates via a one-for-one stock exchange between Montana Power and Touch America Holdings.

[6] Tetragenics Company develops, manufactures, and markets alarm control systems, communications monitoring and control systems, SCADA systems, intelligent remote units, and computer based products.

[7] The sale of the oil and gas and coal business units do not involve the disposition of jurisdictional facilities pursuant to the FPA. By delegated letter order issued February 13, 2001, the Commission authorized the sale of Montana Power's independent power business unit, Continental Energy Services, Inc., to CES Acquisition.

NOR199331

Docket No. EC01-47-000                        - 3 -

not current or potential competitors in common markets, the proposed transactions raise no horizontal market power concerns. Additionally, the Applicants state that they do not operate in common downstream electric power markets or in common upstream markets, and neither Applicant is able to use its assets as a barrier to entry. As such, the proposed transactions do not raise vertical competitive concerns.

With regards to rates, the Applicants commit to hold their wholesale generation and transmission customers harmless from any adverse effects of the proposed transactions. Applicants will not recover in cost-based rates any transaction-related costs, including the acquisition premium, in excess of transaction-related savings. Further, Applicants commit that in any future rate proceeding they will identify and account for all transaction costs and ascertain that any transaction-related costs included in their cost-of-service are exceeded by transcation-related savings. With respect to regulation, Applicants state that following the proposed transactions, the Commission's jurisdiction over wholesale sales and transmission rates will not be impaired. Additionally, the proposed transactions will not affect the authority of any state commission.

Notice of the application was published in the Federal Register with comments due on or before January 11, 2001. Conoco Global Power LLC and Conoco Inc. (Conoco Parties); PPL Montana, LLC and PPL EnergyPlus, LLC (PPL Parties); and Ash Grove Clement, Conoco Inc., Golden Sunlight Mines, Inc., Holman, Inc., Louisiana Pacific Corporation, Montana Refining Co., Stillwater Mining Company and Smurfit-Stone Container Corporation (collectively, the Large Customer Group) filed timely motions to intervene raising no issues. The Western Area Power Administration (WAPA) filed an untimely motion to intervene raising no issues. Pursuant to Rule 214 of the Commission's Rules of Practice and Procedure,[8] the timely unopposed motions to intervene filed by Conoco Parties, PPL Parties and the Large Customer Group and the untimely unopposed motion to intervene filed by WAPA serve to make them parties to this proceeding.

After consideration, it is concluded that the proposed transactions are consistent with the public interest and are authorized, subject to the following conditions:

(1)     The proposed transactions are authorized upon the terms and conditions and for the purposes set forth in the application;

---

[8] 18 C.F.R. § 385.214(c) (1999).

NOR199332

Docket No. EC01-47-000                    - 4 -

(2)    The foregoing authorization is without prejudice to the authority of the Commission or any other regulatory body with respect to rates, service, accounts, valuation, estimates or determinations of cost, or any other matter whatsoever now pending or which may come before the Commission;

(3)    Nothing in this order shall be construed to imply acquiescence in any estimate or determination of cost or any valuation of property claimed or asserted;

(4)    The Commission expressly reserves the right, pursuant to sections 203(b) and 309 of the Federal Power Act, to place further conditions on the transfer for good cause shown;

(5)    Applicants shall make appropriate filings under section 205 of the FPA, as necessary, to implement the transaction; and

(6)    Applicants shall promptly notify the Commission of the date the disposition of the jurisdictional facilities are consummated.

Authority to act on this matter is delegated to the Director, Division of Corporate Applications, pursuant to 18 C.F.R. § 375.307. This order constitutes final agency action. Requests for rehearing by the Commission may be filed within thirty (30) days of the date of issuance of this order, pursuant to 18 C.F.R. § 385.713.

Michael C. McLaughlin, Director
Division of Corporate Applications

Confidential

NOR199333