**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORPORATION and LAW DEBENTURE TRUST COMPANY OF NEW YORK, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHWESTERN CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) C.A. No. 04-1494 (JJF) ) ) ) ) ) |
| MAGTEN ASSET MANAGEMENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> MIKE J. HANSON and ERNIE J. KINDT, <br><br> Defendants. | ) ) ) ) ) ) ) C.A. No. 05-499 (JJF) ) ) ) ) ) |

**NORTHWESTERN'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
*IN LIMINE* TO EXCLUDE THE TESTIMONY OF KIPP ORME**

CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP
Joseph D. Pizzurro
Nancy E. Delaney
Myles K. Bartley
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559

GREENBERG TRAURIG, LLP
Victoria W. Counihan (No. 3488)
Dennis A. Meloro (No. 4435)
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 661-7000
Facsimile:  (302) 661-7360
counihanv@gtlaw.com
Melorod@gtlaw.com

Attorneys for NorthWestern Corporation
Dated: January 31, 2008

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.    Orme's Silence Cannot Supply The Link Between The Misstated Financials And The Going Flat Transaction ....................................................................................... 2

CONCLUSION ............................................................................................................................... 3

## TABLE OF AUTHORITIES

                                                        **Page**

**Cases**

*Baxter v. Palmigiano,*
  425 U.S. 308 (1976) ................................................................................................. 2

*In re: Winstar Commc'ns, Inc.,*
  348 B.R. 234 (Bankr. D. Del. 2005) ........................................................................ 2

*RAD Servs., Inc. v. Aetna Cas. & Sur. Co.,*
  808 F.2d 271 (3d Cir. 1986) .................................................................................... 2

*United States v. Local 560 of the Int'l Bhd. of Teamsters,*
  780 F.2d 267 (3d Cir. 1985) .................................................................................... 2

*United States v. Stelmokas,*
  100 F.3d 302 (3d Cir. 1996) .................................................................................... 2

In accordance with the Court's January 18, 2008 Order, Defendant NorthWestern Corporation ("NorthWestern"), respectfully submits this motion *in limine* to exclude the deposition testimony of Kipp Orme and deny Plaintiffs' request for an adverse inference based upon Orme's invocation of his Fifth Amendment privilege at his deposition. For the reasons set forth below, this evidence should be excluded.

## PRELIMINARY STATEMENT

On April 12, 2007, Plaintiffs conducted the deposition of Kipp Orme, the former Chief Financial Officer of NorthWestern. Orme invoked his Fifth Amendment privilege against self-incrimination in response to all questions. In their opposition to NorthWestern's motion for summary judgment, Plaintiffs asserted that Orme's invocation of his Fifth Amendment privilege in response to questions concerning the accuracy of NorthWestern's original financial statements permitted an inference that NorthWestern's 2002 financials were intentionally misstated. [D.I. 251 at p. 9-10 , Case No. 04-1494.] In addition, Plaintiffs contended that Orme's invocation of the privilege against self incrimination when asked whether the Going Flat Transaction would have been able to go forward had NOR's true financial condition been disclosed, permitted the inference that the inaccurate financials were causally linked to the Going Flat Transaction. [D.I. 251 at p. 26, Case No. 04-1494.] In the Pre-Trial Order Plaintiffs have listed Orme as a witness by deposition and state that they will seek an adverse evidentiary inference. (Pl. Pre-Trial Order Ex. 5 at ¶ 9, Ex. 11.) The request for an adverse inference based upon Orme's invocation of his Fifth Amendment privilege should be denied because Plaintiffs have no independent corroborating evidence, other than Orme's silence, to link the misstated financials to the Going Flat Transaction.

# ARGUMENT

## Orme's Silence Cannot Supply The Link
## Between The Misstated Financials And The Going Flat Transaction

Plaintiffs point to no evidence to support their contention that the misstated financials facilitated the Going Flat Transaction. In fact, Plaintiffs implicitly admit that they have no independent corroborating evidence on these issues when they assert in their opposition to NorthWestern's summary judgment motion that Orme's silence "is likewise sufficient by itself to establish the causal link between the fraud and the Transfer." [D.I. 251 at p. 27, Case No. 04-1494].

In *Baxter v. Palmigiano,* 425 U.S. 308, 319 (1976) the Supreme Court held that in a civil case the finder of fact may draw an adverse inference from a party's invocation of his Fifth Amendment right against self-incrimination. The Court recognized, however, that there must be sufficient independent evidence—besides the mere invocation of the privilege—upon which to base the privilege. *Baxter*, 425 U.S. at 319; *see also In re: Winstar Commc'ns, Inc.*, 348 B.R. 234, 281 (Bankr. D. Del. 2005) ("[l]iability should not be imposed based solely upon the adverse inference") (internal quotations omitted); *United States v. Stelmokas*, 100 F.3d 302, 311 (3d Cir. 1996); *RAD Servs., Inc. v. Aetna Cas. & Sur. Co.*, 808 F.2d 271, 277 (3d Cir. 1986); *United States v. Local 560 of the Int'l Bhd. of Teamsters*, 780 F.2d 267, 292 (3d Cir. 1985).

In the instant case, there is not a sufficient evidentiary foundation which can support Plaintiffs' request for a negative inference. Indeed there is no evidence to support Plaintiffs' theory that financial statements were intentionally falsified in order to accomplish the Going Flat Transaction. Plaintiffs are not entitled to infer the causal link they cannot prove by relying on Orme's invocation of the Fifth Amendment. Plaintiffs' request for a negative inference should be denied and Orme's testimony should be precluded.

**CONCLUSION**

For the foregoing reasons, it is respectfully submitted that NorthWestern's motion *in limine* to exclude the deposition testimony of Kipp Orme and deny Plaintiffs' request for an adverse inference based upon Orme's invocation of his Fifth Amendment privilege at his deposition be granted.

Dated: Wilmington, Delaware
January 31, 2008

        GREENBERG TRAURIG, LLP

By: /s/ Dennis A. Meloro
Victoria W. Counihan (No. 3488)
Dennis A. Meloro (No. 4435)
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
counihanv@gtlaw.com
melorod@gtlaw.com

-and-

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
Joseph D. Pizzurro
Nancy E. Delaney
Myles K. Bartley
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559

Attorneys for NorthWestern Corporation

-3-