## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGTEN ASSET MANAGEMENT CORP. and LAW DEBENTURE TRUST COMPANY OF NEW YORK,   :<br><br>      Plaintiffs,   :<br><br>    v.   :<br><br>NORTHWESTERN CORPORATION,   :<br><br>      Defendant.   : | Civil Action No. 04-1494-JJF |
| MAGTEN ASSET MANAGEMENT CORP.,   :<br><br>      Plaintiff,   :<br><br>    v.   :<br><br>MICHAEL J. HANSON and ERNIE J. KINDT,   :<br><br>      Defendants.   : | Civil Action No. 05-499-JJF |

## DECLARATION OF JOHN W. BREWER

JOHN W. BREWER declares as follows:

1.    I am a member of the bar of the United States District Court for the Southern District of New York, admitted pro hac vice to the Bar of this Court, and Special Counsel with the firm of Fried, Frank, Harris, Shriver & Jacobsen LLP ("Fried Frank"), counsel to Magten Asset Management Corporation ("Magten") and Law Debenture Trust Company of New York ("Law Debenture") in connection with the above captioned actions. I submit this declaration (the "Declaration") in support of Magten and Law Debenture's Motion to Exclude the Testimony of Charles A. Patrizia pursuant to Rule 37(c) of the Federal Rules of Civil Procedure.

2.      A true and correct copy of the Preliminary Draft of NorthWestern's Witness List, as proposed Exhibit 12 to Proposed Pre-Trial Order, dated January 22, 2008, is attached hereto as Exhibit 1.

3.      A true and correct copy of the Preliminary Draft of Defendants' Hanson and Kindt Witness List, as proposed Exhibit 13 to Proposed Pre-Trial Order, dated January 22, 2008, is attached hereto as Exhibit 2.

4.      NorthWestern's privilege log was previously filed with this Court on April 13, 2007 as D.I. 158, Exh. 7, Casc No. 04-1494. Due to its size, I have not attached another copy hereto. After learning of defendants' intent to call Mr. Patrizia as a fact witness, I asked a colleague to review the privilege log for Mr. Patrizia's name. Based on that review, I am informed and believe that Mr. Patrizia's name appears on the log in connection with over 90 separate responsive documents that were initially logged and withheld from production. I am also informed and believe that on over 80 of those log entries, the other names associated with the document include those of one or more individuals whom plaintiffs deposed during fact discovery in these actions. There are also numerous other privilege log entries associated with other lawyers at Mr. Patrizia's law firm. (I should note that some documents included on the privilege log were subsequently belatedly produced, either because the Special Master rejected NorthWestern's privilege claims or because NorthWestern withdrew its claims in the face of a pending motion to compel before the Special Master could rule. Based on my general recollection of the typical subject matter of the items for which privilege claims were overruled or withdrawn, I do not believe the overlap with the logged documents associated with Mr. Patrizia's name is very extensive, but due to the need to prepare this motion on an expedited

basis while simultaneously finalizing the pre-trial order, we have not thus far quantified the exact scope of any overlap.)

5.    A true and correct copy of a letter I wrote to Joseph Pizzurro, Nancy Delaney, and Myles Bartley of Curtis, Mallet-Prevost, Colt & Mosle LLP and to Dennis E. Glazer and Paul Spagnoletti of Davis, Polk & Wardwell, dated January 25, 2008, is attached hereto as Exhibit 3.

6.    A true and correct copy of Plaintiffs' Fourth Request for Production of Documents to Defendant NorthWestern Corporation, dated January 25, 2008, is attached hereto as Exhibit 4.

7.    A true and correct copy of the Subpoena upon the Records Custodian of Paul, Hastings, Janofsky & Walker LLP and its attached Schedule A, dated January 25, 2008, is attached hereto as Exhibit 5.

8.    A true and correct copy of the Subpoena upon Charles A. Patrizia of Paul, Hastings, Janofsky & Walker LLP and its attached Schedule A, dated January 25, 2008, is attached hereto as Exhibit 6.

9.    During fact discovery, plaintiffs deposed six witnesses who were officers or directors of NorthWestern at the parent company level during 2002 when Mr. Patrizia was acting as NorthWestern's outside counsel:  Messrs. Drook, Hanson, Hylland, Jacobson, Lewis, and Orme.  Only one of them (Hanson) is still affiliated with the company, and to the best of my present knowledge the others neither live nor work in Delaware or within the hundred-mile radius referred to in Fed. R. Civ. P. 45(c)(3)(A)(ii).  (Several other witnesses who were deposed worked during 2002, as I understand it, for NorthWestern subsidiaries, but not at the parent company level.)

10.    A true and correct copy of Defendant NorthWestern Corporation's Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, dated January 20, 2006, is attached hereto as Exhibit 7.

11.    A true and correct copy of the Declaration of Charles A. Patrizia in Support of NorthWestern's Motion for Summary Judgment, dated November 27, 2007, which was previously filed with the Court as D.I. 245, Case No. 04-1494, is attached hereto as Exhibit 8.

12.    A true and correct copy of the Minutes from a NorthWestern Corporation Board of Directors Regular Meeting, dated August 7, 2002, which was previously filed with the Court as D.I. 247, Exh. 23, Case No. 04-1494, is attached hereto as Exhibit 9.

I declare under penalty of perjury that the above statements are true and correct.

Dated: New York, New York
       January 31, 2008

By:  _____
     John W. Brewer

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2008, I served by hand delivery and electronic filing the DECLARATION OF JOHN W. BREWER in support of Magten Asset Management Corporation and Law Debenture Trust Company of New York's Motion in Limine to Exclude the Testimony of Charles A. Patrizia Pursuant to Fed. R. Civ. P. 37(c) using CM/ECF, which will send notification of such filing(s) to the following:

Denise Seastone Kraft, Esquire
Edwards Angell Palmer & Dodge LLP
919 North Market Street, 15th Floor
Wilmington, DE 19801

Victoria Watson Counihan, Esquire
Dennis A. Meloro, Esquire
Greenberg Traurig LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

I also certify that, on this 31st day of January, 2008, I served the aforementioned document, by email and Federal Express, upon the following participants:

Stanley T. Kaleczyc, Esquire
Kimberly A. Beatty, Esquire
Browning, Kaleczyc, Berry & Hoven, P.C.
139 North Last Chance Gulch
P.O. Box 1697
Helena, Mt 59624

Steven J. Reisman, Esquire
Joseph D. Pizzurro, Esquire
Nancy E. Delaney, Esquire
Miriam K. Harwood, Esquire
Myles Bartley, Esquire
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178-0061

_____
Dale R. Dubé  (No. 2863)